Tyler R. Andrews (SBN 250686)
andrewst@gtlaw.com
Roger L. Scott (SBN 247165)
scottro@gtlaw.com
GREENBERG TRAURIG, LLP
3161 Michelson Dr., Suite 1000
Irvine, CA 92162
Tel:  (949) 732-6500
Fax:  (949) 732-6501

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of, all others similarly situated and the general public,<br><br>        Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br><br>        Defendants. | CASE NO. ___2:16-cv-8979___<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br><br><br>State Case No.:  BC 627757<br><br>State Action Filed:  July 20, 2016<br>State Action Served:  July 25, 2016 |

TO THE CLERK OF THE UNITED STATE DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:

1. PLEASE TAKE NOTICE that Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC (collectively, "Defendants"), hereby remove the state court action described below to this the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446. Defendants provide the following "short and plain statement of the grounds for removal," pursuant to 28 U.S.C. § 1446(a). *Accord Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S. Ct. 547, 554 (2014).

### THE STATE COURT ACTION

2. On July 20, 2016, Plaintiff Sevag Chalian filed an action captioned *Chalian v. CVS Pharmacy, Inc. et al.*, No. BC 627757 in the Superior Court of the State of California, County of Los Angeles. A true and correct copy of the Complaint is attached as **Exhibit A** to this Notice. The allegations of the Complaint are incorporated herein by reference without necessarily admitting the truth of any of them.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

3. On July 25, 2016, Mr. Chalian served Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc. and Garfield Beach CVS, LLC. On September 7, 2016, Defendants Answered Mr. Chalian's Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers served on Defendants are attached hereto as **Exhibit B**.

4. Removal is timely. No pleading, motion, order, or other paper shows that the case is one which is removable. Defendants have determined that the case is removable based on their own information. *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

5. Plaintiff filed the state court action in the Superior Court of the State of California, County of Los Angeles. Thus, pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a),

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

venue properly lies in the United States District Court for the Central District of California, Western Division, the district and division embracing Los Angeles County, California.

6.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

**THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)**

7.    This Court has original subject matter over this action pursuant to 28 U.S.C. § 1332(d)(2), because one or more members of the putative class defined by Plaintiff is a citizen of a state different from Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

**A. The Parties Are Diverse.**

8.    Diversity between Mr. Chalian, who is a member of the putative class defined in the Complaint, and the properly named and joined Defendants, existed at the time the Complaint was filed and continues to exist as of this removal.

9.    Defendants' records show Mr. Chalian's address as 24127 Lance Pl, West Hills, CA 91307.  Based on this information, Defendants believe that Mr. Chalian was at the time he filed the Complaint and remains now a citizen of California.

10.   Each Defendant in this action is now and was at the time Mr. Chalian filed the Complaint a citizen of a state other than California within the meaning of 28 U.S.C. § 1332.

11.   CVS Pharmacy, Inc. is now, and was at the time Mr. Chalian filed his Complaint, a corporation organized under the laws of the State of Rhode Island, with its principal place of business in Woonsocket, Rhode Island.  Thus, at all times relevant hereto, CVS Pharmacy, Inc. has been a citizen of Rhode Island, and not a citizen of California.  28 U.S.C. § 1332(c)(1).

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

12.    CVS Rx Services, Inc. is now, and was at the time Mr. Chalian filed his Complaint, a corporation organized under the laws of the State of New York, with its principal place of business in Woonsocket, Rhode Island.  Thus, at all times relevant hereto, CVS Rx Services, Inc. has been a citizen of the States of New York and Rhode Island, and not a citizen of California.  28 U.S.C. § 1332(c)(1).

13.    Garfield Beach CVS, LLC is now, and was at the time Mr. Chalian filed his Complaint, a limited liability company organized under the laws of the State of California.  For purposes of diversity jurisdiction, however, a limited liability company takes on the same citizenship as its owners/members.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Garfield Beach CVS, LLC's sole member is CVS Pharmacy, Inc.  As set forth above, CVS Pharmacy, Inc. is a citizen of the State of Rhode Island.  Accordingly, Garfield Beach CVS, LLC is also a citizen of the State of Rhode Island, and not a citizen of the State of California.  *See Johnson*, 437 F.3d at 899.

14.    In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names.  28 U.S.C. § 1441(b)(1).  The citizenship of "Does 1-100" named in the Complaint is therefore immaterial with respect to removal.

15.    Because Mr. Chalian is, and was at the time he filed the Complaint, a citizen of California; because CVS Pharmacy, Inc. is, and was at the time Mr. Chalian filed the Complaint, a citizen of Rhode Island; because CVS Rx Services, Inc. is, and was at the time Mr. Chalian filed the Complaint, a citizen of Rhode Island and New York; and because Garfield Beach CVS, LLC is, and was at the time Mr. Chalian filed the Complaint, a citizen of Rhode Island, diversity of citizenship exists between the parties and existed at the time the Complaint was filed.  *Accord* 28 U.S.C. § 1332(d)(2)(A).

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

### B. The Amount In Controversy Exceeds $5 Million.

16.    Mr. Chalian claims he worked as a pharmacist for Defendants in Regions 65 and 72.  (Compl. ¶ 7).  He asserts his claims on behalf of himself and all other non-exempt pharmacists in those regions.  (Compl. ¶ 14).

17.    Defendants' records show that approximately 1,764 individuals worked as a non-exempt pharmacist in Regions 65 and 72 at some point in time between four years prior to the filing of the Complaint through present.[1]

18.    According to the Complaint, Mr. Chalian and putative class members were required to complete mandatory training modules.  (Compl. ¶ 19).

19.    Mr. Chalian asserts off-the-clock claims.  He alleges Defendants failed to compensate him and putative class members for all of the time they spent completing mandatory training modules.  (Compl. ¶¶ 20-24).

### C. Wage/Overtime Claims, Counts I and II.

20.    Mr. Chalian claims he and putative class members are entitled to unpaid wages and overtime pursuant to Cal. Labor Code § 1194, and penalties pursuant to Cal. Labor Code § 558.  (Compl. ¶¶ 27-28, 32-33).

21.    According to company records, Mr. Chalian ceased working for CVS Pharmacy, Inc. on August 27, 2013.  Mr. Chalian filed his complaint July 20, 2016. Thus, Mr. Chalian only worked for approximately one month (or four weeks) within the time period relevant to his wage and overtime claims.[2]

---

[1] The longest statute of limitations applicable to any of the claims Mr. Chalian asserts is four years (applicable to his Unfair Business Practices Act claim, Count V).  *Accord* Cal. Bus. & Prof. Code § 17208.

[2] Mr. Chalian's wage and overtime claims, Counts I and II, are subject to a three-year statute of limitations with respect to unpaid wages and a one-year statute of limitations with respect to statutory penalties.  Cal. Civ. Proc. Code § 338(a); Cal. Civ. Proc. Code § 340(a); *see also Bain v. Tax Reducers, Inc.*, 219 Cal. App. 4th 110, 161 Cal. Rptr. 3d 535, 549 (2013).

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

22.     During the relevant time period – from July 20, 2013 through August 27, 2013 – company records show that Mr. Chalian completed four training modules:  an "Immunization Scheduler" module, an "Offsite Flu Clinic Scheduler" module, an "Enhanced Return to Stock Process" module, and a "Bi-Annual Training: Pharmacist/Grad Intern Version" module.

23.     According to company records, employees are expected to be able to complete the "Immunization Scheduler" module within 15 minutes, the "Offsite Flu Clinic Scheduler" module within 5 minutes, the "Enhanced Return to Stock Process" module within 15 minutes, and the ""Bi-Annual Training:  Pharmacist/Grad Intern Version" module within 90 minutes.

24.     If Mr. Chalian only spent, on average, an additional three minutes on each of the four training modules he completed during the time period relevant to his wage and overtime claims – an additional three minutes for which he was not compensated, as alleged in Paragraphs 21-22 of his Complaint – then the time he allegedly worked "off-the-clock" would amount to 12 minutes.

25.     Mr. Chalian alleges he is entitled to one and one half his regular rate as a result of the additional time he worked "off-the-clock."  (*See* Compl. ¶ 31).

26.     According to company records, the average base hourly rate of putative class members over the course of the relevant time period was around $60.[3]

27.     Thus, a very low estimate of Mr. Chalian's wage and overtime claims puts the amount of $18 in controversy for Mr. Chalian himself ($60 regular rate * 1.5 * .2 hours).

---

[3] Mr. Chalian's base hourly rate in August 2013 was $62.90 per hour, above the $60.00 per hour average rate.  For the sake of simplicity and in the interest of making every inference in favor of a *lower* amount in controversy, Defendants utilize the $60.00 per hour average rate in calculating Mr. Chalian's alleged damages.

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

28.     Even assuming all other putative class members' wage and overtime claims are as small as Mr. Chalian's, Mr. Chalians's wage and overtime claims allege damages in the amount of $31,752 ($18 per person * 1,764 individuals).

**D. Wage Statement Claim, Count III.**

29.     Mr. Chalian alleges he and putative class members are entitled to the greater of actual damages or a maximum of $4,000 in statutory damages for Defendants' alleged knowing and intentional failures to provide them with accurate and itemized wages statements.  (Compl. ¶ 38).

30.     Statutory damages for inaccurate wage statements are imposed at a rate of $50.00 per pay period for the first violation, and $100.00 per pay period for each subsequent violation.  Cal. Lab. Code § 226(e).  There is a one-year statute of limitations for statutory damages, *see Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1025 (E.D. Cal. 2015).  Thus, each class member would be entitled to $2,550 in statutory damages (26 bi-weekly pay periods per year; $50 * 1 + $100 * 25 = $2,550).

31.     Accordingly, Mr. Chalian's wage statement claim puts $4,498,200 at issue ($2,250 * 1,764 individuals).

**E. Waiting Time Penalties, Count IV.**

32.     Mr. Chalian alleges that he and putative class members are entitled to "waiting-time penalties at their daily rate of pay multiplied by the number of days the wages went unpaid, up to a maximum of 30 days in an amount to be proven at trial." (Compl. ¶ 43).

33.     Cal. Labor Code §§ 201, 202 and 203 require timely payment of wages upon termination of employment (immediately for fired employees, and within 72 hours if an employee quits).

34.     If an employer willfully violates these requirements, Cal. Labor Code § 203 states that the employer must pay a "penalty" to the employee of the employee's regular wage rate for each day the wages remain unpaid up to 30 days.

7

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

35.     According to company records, the average base hourly rate of putative class members over the course of the relevant time period was around $60.

36.     According to company records, 766 individuals who fall within Mr. Chalian's class definitions are former employees, *i.e.*, potentially entitled to waiting time penalties pursuant to Cal. Labor Code § 203.

37.     Thus, Mr. Chalian's waiting-time claim (Count IV) puts approximately $11,030,400 at issue.  ($60 per hour * 8 hours per day * 30 days * 766 individuals).

### F. Total Amount In Controversy.

38.     In sum, assuming the truth of Mr. Chalian's allegations, after an investigation of company records, it is clear that the amount in controversy in this case far exceeds $5,000,000.  Mr. Chalian's wage and overtime claims, together with his wage statement and waiting time claims, put over $15,607,980 at issue:

| | | |
|---|---|---|
| Wage/Overtime Claims (Counts I and II) | $60 hourly rate * 1.5 * .2 hours * 1,764 putative class members | $31,752 |
| Wage Statement Claim (Count III) | ($50 * 1 week + $100 * 25 weeks = $2,550) * 1,764 putative class members | $4,498,200 |
| Waiting Time Penalties (Count IV) | $60 average hourly rate * 8 hours per day * 30 days * 766 individuals | $11,030,400 |
| TOTAL: | | $15,607,980 |

39.     This amount does not include additional amounts for Mr. Chalian's Unfair Business Practices Act claim or reasonable attorneys' fees and costs.

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

40.    Thus, it is abundantly clear that the amount in controversy threshold has been met.

41.    The removal of this action to the Central District of California does not waive Defendants' ability to assert any defense in this action.  If any question arises regarding the propriety of removal, Defendants respectfully request the opportunity to present a brief and oral argument on this issue.

DATED:  December 5, 2016              Respectfully submitted,

                                     GREENBERG TRAURIG, LLP


                              By:    /s/  Roger L. Scott
                                     Tyler R. Andrews
                                     Roger L. Scott
                                     Attorneys for Defendants
                                     CVS Pharmacy, Inc., CVS Rx Services, Inc., and
                                     Garfield Beach CVS, LLC

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446