# EXHIBIT A

# EXHIBIT A

1   Thomas W. Falvey (SBN 65744)
    Michael H. Boyamian (SBN 256107)
2   Armand R. Kizirian (SBN 293992)
    LAW OFFICES OF THOMAS W. FALVEY
3   550 N. Brand Blvd., Suite 1550
    Glendale, CA 91203
4   Telephone:    (818) 547-5200
    Facsimile:    (818) 500-9307
5
    Attorneys for PLAINTIFF SEVAG CHALIAN
6   and the Proposed Class

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

JUL 20 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION

10  SEVAG CHALIAN, an Individual,           CASE NO.    BC 6 27 75 7
    Individually and on behalf of, all others
11  similarly situated and the general public,   **CLASS ACTION COMPLAINT**

12                  PLAINTIFFS,             1.  **Unpaid Wages (Cal. Labor Code §
                                                1194);**
13
            v.                              2.  **Failure to Pay Overtime Compensation
14                                              (Cal. Labor Code § 1194);**
    CVS PHARMACY, INC., a Rhode Island
15  corporation; CVS RX SERVICES, INC., a   3.  **Failure to Provide Accurate Itemized
    New York corporation; GARFIELD BEACH        Wage Statements (Cal. Labor Code
16  CVS, LLC, a California limited liability     § 226);**
    company; and DOES 1 thru 100, inclusive,
17                                          4.  **Waiting Time Penalties (Cal. Labor
            Defendants.                         Code §§ 201-203;**
18
                                            5.  **Unfair Business Practices (Cal. Bus. &
19                                              Prof. Code § 17200, *et seq.*)**

20

21

22

23

24

25

26

27

28

                        **CLASS ACTION COMPLAINT**

**GENERAL ALLEGATIONS**

PLAINTIFF SEVAG CHALIAN, as an individual, and on behalf of himself, all others similarly situated, and the general public, complains and alleges on information and belief the following against DEFENDANTS CVS PHARMACY, INC.; CVS RX SERVICES, INC.; GARFIELD BEACH CVS, LLC; and Does 1-100:

**INTRODUCTION**

1.      This is a class action, under Code of Civil Procedure section 382, arising out of the unlawful practice of DEFENDANTS CVS PHARMACY, INC., CVS RX SERVICES INC., GARFIELD BEACH CVS, LLC, and Does 1 through 100 (collectively, "DEFENDANTS") in causing PLAINTIFF SEVAG CHALIAN ("PLAINTIFF"), and other certain pharmacists in DEFENDANTS' Region 65 and Region 72 of the State of California to work off-the-clock while completing mandatory training modules for DEFENDANTS.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California. No part of this complaint is preempted by federal law or challenges conduct within any federal agency's exclusive domain, and adjudication thereof has not been statutorily assigned to any other court or jurisdiction.

3.      This Court has personal jurisdiction over DEFENDANTS because DEFENDANTS have caused injuries in the County of Los Angeles and State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq.*

4.      Venue as to DEFENDANTS is proper in this judicial district, pursuant to Code of Civil Procedure section 395(a). DEFENDANTS either reside, maintain offices, transact business, and/or have agents in Los Angeles County and DEFENDANTS are otherwise within this Court's

1

**CLASS ACTION COMPLAINT**

1   jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct

2   effect on PLAINTIFF, those similarly situated, and the general public within the State of

3   California and within Los Angeles County.

4       5.    This case should be classified as complex according to Rule 3.400 of the

5   California Rules of Court and Local Rule 7.3(k) of the Los Angeles County Superior Court, and

6   assigned to a complex litigation judge and department, as it will involve substantial documentary

7   evidence, a large number of witnesses, and is likely to involve extensive motion practice raising

8   difficult or novel issues that will be time-consuming to resolve and would require substantial

9   postjudgment judicial supervision.

10      6.    On information and belief, the aggregate claims of the Class do not exceed

11  $5,000,000 and the individual claims of PLAINTIFF do not exceed $75,000.

12                         **THE PARTIES**

13      7.    PLAINTIFF SEVAG CHALIAN at all relevant times was employed by

14  DEFENDANTS as a pharmacist at DEFENDANTS' stores in Region 65 and Region 72 of

15  DEFENDANTS' California retail stores and operations.

16      8.    Defendant CVS RX SERVICES, INC. ("CVS RX") is a corporation organized

17  under the laws of the State of New York and is engaged in the business of providing pharmacy

18  services throughout the State of California.

19      9.    Defendant CVS PHARMACY, INC. ("CVS PHARMACY") is a corporation

20  organized under the laws of the State of Rhode Island and is engaged in the business of operating

21  retail stores that sell pharmaceuticals and general merchandise and provide pharmacy services

22  throughout the State of California.

23      10.    Defendant GARFIELD BEACH CVS, LLC ("GARFIELD BEACH CVS" and

24  collectively with Defendants CVS RX and CVS PHARMACY, "CVS") is a limited liability

25  company organized under the laws of the State of California and is engaged in business as a

26  pharmacy and medical supplier to CVS retail stores located throughout the State of California.

27  ///

28  ///

2

**CLASS ACTION COMPLAINT**

11.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues Defendants by such fictitious names under California Code of Civil Procedure section 474.  PLAINTIFF is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein.   PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as Does when such identities become known.

12.   PLAINTIFF is informed and believes, and based thereon alleges, that each of the DEFENDANTS acted in all respects pertinent to this action as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DEFENDANT are legally attributable to the other DEFENDANTS.

13.   PLAINTIFF is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.  PLAINTIFF is informed and believes, and thereon alleges, that at all times material hereto DEFENDANTS were and are the agents of each other.

## CLASS ACTION ALLEGATIONS

14.   PLAINTIFF brings this action on behalf of himself individually and all others similarly situated as a class action pursuant to California Code of Civil Procedure section 382, on behalf of the class composed of and defined as follows (herein referred to as the "Class" and its putative members as the "Class Members"):

Region 65 Class:

All persons who are or were employed by DEFENDANTS as non-exempt pharmacists in DEFENDANTS' Region 65 in the State of California, and who completed mandatory training modules for DEFENDANTS outside of their shifts.

Region 72 Class:

All persons who are or were employed by DEFENDANTS as non-exempt pharmacists in DEFENDANTS' Region 72 in the State of California, and who completed mandatory training modules for DEFENDANTS outside of their shifts.

15.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable:

a.    Numerosity:    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not yet been determined, PLAINTIFF is informed and believes that DEFENDANTS employ 1,000 or more pharmacists in the State of California and that DEFENDANTS routinely cause a significant number of such pharmacists to complete training modules without compensation.

b.    Commonality:    There are questions of law and fact common to the PLAINTIFF and the Class as defined that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include without limitation:

(i)    Whether DEFENDANTS violated Wage Order Number 7-2001, section 3 and Labor Code sections 510 and 1194 by failing to pay minimum wages and/or overtime compensation, for mandatory training not required by the California Board of Pharmacy or any other regulatory agency, to Class Members who so worked and should have been entitled to such compensation under California law;

4

**CLASS ACTION COMPLAINT**

        (ii)    Whether DEFENDANTS violated Labor Code section 226 by failing to provide accurate itemized wage statements for all Class Members;

        (iii)   Whether DEFENDANTS violated Labor Code sections 201 through 203 by willfully failing to pay Class Members all compensation due promptly upon the termination of the employment relationship;

        (iv)   Whether DEFENDANTS violated Business and Professions Code sections 17200, *et seq.* by violating the labor laws and regulations noted herein;

   c.   Typicality: PLAINTIFF'S wage and hour claims are typical of the claims of the Class. PLAINTIFF and all Class Members sustained injuries arising out of actions or inactions of DEFENDANTS' common course of conduct in violation of law as alleged herein.

   d.   Adequacy of Representation: PLAINTIFF is qualified to, and will fairly and adequately protect the interests of each Class Member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. PLAINTIFF has no interest that is adverse to the interests of the other Class Members. PLAINTIFF acknowledges that they have an obligation to make known to the Court any relationship, conflicts or differences with any Class Member. PLAINTIFF'S attorneys and proposed Class counsel are versed in the rules governing class action discovery, certification, and settlement. PLAINTIFF has incurred, and during the pendency of this action, will continue to incur, costs and attorney fees, that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

   e.   Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual

**CLASS ACTION COMPLAINT**

1   joinder of all Class Members is not practicable, and common questions of

2   law and fact affecting the Classes predominate over any questions affecting

3   only individual members of the Class.  Each Class Member has been

4   damaged and is entitled to recover by reason of DEFENDANTS' illegal

5   policies and/or practices.  Class action treatment will allow those similarly

6   situated persons to litigate their claims in the manner that is most efficient

7   and economical for the parties and the judicial system.  This is particularly

8   true given the challenges facing the California Superior Court and the

9   statewide reach of the DEFENDANTS.

10      f.   Public Policy Consideration:  California employers violate wage and hour

11          laws every day.  Current employees are often afraid to assert their rights

12          out of fear of direct or indirect retaliation.  Former employees are fearful of

13          bringing actions because they believe their former employers can damage

14          their future endeavors through negative references and other means.

15          California has a stated public policy in favor of class actions in this context

16          for the vindication of employee rights and enforcement of the Labor Code.

17          Class actions provide the Class Members who are not named in the

18          Complaint with a type of anonymity that allows for the vindication of their

19          rights.

20              **FACTS COMMON TO ALL CAUSES OF ACTION**

21      16.   PLAINTIFF SEVAG CHALIAN is a pharmacist who has worked for

22   DEFENDANTS as a pharmacist in Region 65 and Region 72 of DEFENDANTS' California retail

23   operations during the Class Period.

24      17.   As a pharmacist-employee of CVS, PLAINTIFF was properly classified as a non-

25   exempt employee.

26      18.   PLAINTIFF and other Class Members should be classified as "non-exempt"

27   employees.  They are not engaged primarily in exempt duties nor do they perform work which

28   requires the exercise of discretion and independent judgment as contemplated by the Wage

6

**CLASS ACTION COMPLAINT**

1   Orders.   PLAINTIFF and other Class Members should not be classified as "independent
2   contractors" exempt from the Wage Orders because they did not have the degree of independence
3   and control over their time and direction as required of independent contractors.  PLAINTIFF and
4   other Class Members should not be classified as inside or outside salespersons exempt from any
5   part of the Wage Order because, typically, none of their wages come from commission.
6   DEFENDANTS concede this point by already paying and classifying all pharmacists as "non-
7   exempt" employees.

8          19.     During his employment by DEFENDANTS as a pharmacist, PLAINTIFF and
9   Class Members were required to complete mandatory training modules.   These mandatory
10  training modules were required by CVS, and were not part of any certification or licensure
11  requirement imposed by the California Board of Pharmacy or any other regulatory agency.

12         20.     DEFENDANTS have failed and refused to compensate PLAINTIFF and Class
13  Members properly for their time spent completing CVS'S mandatory training modules when the
14  training was completed by PLAINTIFF and Class Members while not on a shift.

15         21.     If PLAINTIFF or Class Members had already clocked-out for the day, or if it was
16  not yet time for PLAINTIFF or Class Members to clock into their shift, DEFENDANTS would
17  compensate PLAINTIFF and Class Members for a fixed amount of time for their time spent
18  completing these mandatory training module, even though PLAINTIFF and Class Members
19  regularly spent more time on the mandatory training module than what was allocated to them by
20  DEFENDANTS.

21         22.     Moreover, DEFENDANTS gave remote access to the mandatory training modules
22  to PLAINTIFF and Class Members such that PLAINTIFF and Class Members would complete
23  some mandatory training modules at home.  When PLAINTIFF and Class Members would report
24  the time they spent completing a mandatory training module at home DEFENDANTS would
25  refuse to fully compensate them for their time.

26         23.     On information and belief, CVS knew when PLAINTIFF or a Class Member first
27  viewed the notification of a pending mandatory training module, when PLAINTIFF or a Class
28  Member began working on it, and when PLAINTIFF or a Class Member completed it.

7

**CLASS ACTION COMPLAINT**

24.     Each mandatory training module came with an estimated amount of time that CVS believed it would take PLAINTIFF and Class Members to complete.  DEFENDANTS refused to pay Plaintiff and Class Members for the actual time that they spent completing CVS'S mandatory training modules.  On information and belief, DEFENDANTS would compensate PLAINTIFF and Class Members only for the estimated amount of time that DEFENDANTS believed the mandatory training module should take to complete.  PLAINTIFF and Class Members would not receive the full compensation that they were due, whether at their regular rate of pay or their overtime rate of pay, as applicable, for the actual time that they spent completing these mandatory training modules for CVS.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE

#### (Cal. Labor Code § 1194)

**By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS**

25.     As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

26.     DEFENDANTS routinely required PLAINTIFF and Class Members to complete mandatory training modules without full compensation for the time actually spent on such modules.  As a result, DEFENDANTS failed to pay PLAINTIFF and Class Members at their regular rate of pay for all hours worked.

27.     PLAINTIFF is informed and believes, and thereon alleges that the failure of DEFENDANTS to fully compensate PLAINTIFF and Class Members all of their wages due and their regular rate of pay was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

28.     As a proximate cause of the aforementioned violations, PLAINTIFF and Class Members have been damaged in an amount according to proof at time of trial.  PLAINTIFF and Class Members are entitled to recover the unpaid balance of wages owed, penalties, including

8

CLASS ACTION COMPLAINT

1    penalties available pursuant to California Labor Code section 558, plus interest, reasonable

2    attorney fees and costs of suit according to the mandate of California Labor Code §§ 1194, *et.*

3    *seq.*

4        29.   WHEREFORE, PLAINTIFF requests relief as hereafter provided.

5                              **SECOND CAUSE OF ACTION**

6                    **FAILURE TO PAY OVERTIME COMPENSATION**

7                              **(Cal. Labor Code § 1194)**

8    **By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS**

9        30.   As a separate and distinct cause of action, PLAINTIFF realleges and incorporates

10   by reference, as though fully set forth herein, all the allegations contained in the preceding

11   paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause

12   of action.

13       31.   DEFENDANTS routinely required PLAINTIFF and Class Members to complete

14   mandatory training modules without full compensation for the time actually spent on such

15   modules. As a result, DEFENDANTS failed to pay PLAINTIFF and Class Members at their

16   overtime rate for all such hours worked that were in excess of their eighth (8th) hour of work per

17   day, or fortieth (40th) hour per week.

18       32.   PLAINTIFF is informed and believes, and thereon alleges that the failure of

19   DEFENDANTS to fully compensate PLAINTIFF and Class Members for overtime work was

20   willful, purposeful, and unlawful and done in accordance with the policies and practices of

21   DEFENDANTS' operations.

22       33.   As a proximate cause of the aforementioned violations, PLAINTIFF and Class

23   Members have been damaged in an amount according to proof at time of trial. PLAINTIFF and

24   Class Members are entitled to recover the unpaid balance of wages owed, penalties, including

25   penalties available pursuant to California Labor Code section 558, plus interest, reasonable

26   attorney fees and costs of suit according to the mandate of California Labor Code §§ 1194, *et.*

27   *seq.*

28       34.   WHEREFORE, PLAINTIFF requests relief as hereafter provided.

9

**CLASS ACTION COMPLAINT**

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Cal. Labor Code § 226)

### By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS

35.     As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

36.     California Labor Code section 226 requires all employers to provide accurate itemized wage statements to each employee for wages earned during that pay period.

37.     DEFENDANTS failed to provide PLAINTIFF and Class Members with accurate itemized wage statements as required by California Labor Code section 226.  In particular, by virtue of the foregoing policies and practices, DEFENDANTS knowingly and intentionally did not state on PLAINTIFF'S and Class Members' payroll records the time that they had actually worked including the regular wages or overtime that they had earned.

38.     PLAINTIFF is informed and believes, and based thereon alleges that DEFENDANTS knowingly and intentionally provided inaccurate payroll records in order to conceal their unlawful payment practices.  As a result, PLAINTIFF and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee, and are entitled to an award of costs and reasonable attorney fees.

39.     WHEREFORE, PLAINTIFF requests relief as hereafter provided.

### FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Cal. Lab. Code §§ 201-203)

### By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS

10

CLASS ACTION COMPLAINT

40. As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

41. At the time of resignation or termination of PLAINTIFF and all other former employee class members, DEFENDANTS owed PLAINTIFF and all other former-employee Class Members wages that had not been paid to them when they became due.

42. DEFENDANTS willfully failed to pay PLAINTIFF and all other former-employee Class Members all wages due and owing them immediately upon termination or resignation, or within 72 hours of resignation, in violation of California Labor Code sections 201 and 202.

43. DEFENDANTS never tendered payment of all wages due and owing to PLAINTIFF or any other former-employee Class Members at any time. Based on DEFENDANTS' conduct as alleged herein, PLAINTIFF and all other former-employee Class Members are entitled to recover waiting-time penalties at their daily rate of pay multiplied by the number of days the wages went unpaid, up to a maximum of 30 days in an amount to be proven at trial.

44. WHEREFORE, PLAINTIFF requests relief as hereafter provided.

### FIFTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

**By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS**

45. As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

46. The Unfair Competition Law, Business & Professions Code sections 17200 *et seq.*, defines unfair competition to include any "unfair," "unlawful" or "deceptive" business practice, and provides for restitutionary relief for violations.

11
CLASS ACTION COMPLAINT

47.     DEFENDANTS have committed numerous unfair, unlawful, or deceptive business practices including but not limited to: (1) failing to compensate PLAINTIFF and other non-exempt pharmacists properly for time spent completing mandatory training modules for DEFENDANTS; (2) willfully failing to pay PLAINTIFF and other non-exempt pharmacists all compensation due promptly upon the termination of their employment relationships with DEFENDANTS; and (3) knowingly and intentionally providing inaccurate payroll records to PLAINTIFF and other non-exempt pharmacists.

48.     The actions of DEFENDANTS detailed herein against PLAINTIFF and Class Members constitute unfair, unlawful and deceptive business practices, and further, constitute actions for which restitutionary relief is available.

49.     As a proximate result of DEFENDANTS' actions, PLAINTIFF has suffered injury in fact and lost money or property.

50.     PLAINTIFF is informed and believes that DEFENDANTS continue to engage in the practices described herein and are continuing and will continue to benefit financially from these unlawful and unfair practices unless enjoined by this court from doing so.

51.     Under Business and Professions Code sections 17200, *et seq.*, PLAINTIFF and other current and former aggrieved employees of DEFENDANTS are entitled to restitution of all funds, which lawfully should have been paid as wages and/or overtime to any and all current or former employees and wrongfully withheld by DEFENDANTS, for the last four years, together with interest thereon.

52.     Under Business and Professions Code sections 17200, *et seq.*, PLAINTIFF and other current and former aggrieved employees of DEFENDANTS are entitled to restitution of all funds which should have been paid as premium wages, civil penalties, or other penalties to any and all current or former employees for the last four years, as well as costs and reasonable attorneys fees pursuant to statute.

53.     Under Business and Professions Code sections 17200, *et seq.*, DEFENDANTS should be enjoined from any and all unfair, unlawful and deceptive business practices as these practices are harmful to the general public.

12

54.     WHEREFORE, PLAINTIFF requests relief as hereafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment against all DEFENDANTS, jointly and severally, as follows:

1.     For an order determining that this action may be maintained as a class action under Code of Civil Procedure section 382;

2.     For an order appointing PLAINTIFF as the representative of the Class as indicated and defined herein;

3.     For an order appointing counsel for PLAINTIFF counsel as Class counsel;

4.     For general and compensatory damages according to proof;

5.     For restitution of all monies due to PLAINTIFF and the Class from the unlawful business practices;

6.     For exemplary and punitive damages due to PLAINTIFF and the Class due to the unlawful conversion;

7.     For interest accrued to date;

8.     For costs of the suit incurred;

9.     For disgorgement of profits garnered as a result of DEFENDANTS' unlawful failure to pay wages, including overtime wages earned;

10.     For attorneys' fees and costs pursuant to statute and all other applicable law; and

11.     For such other and further relief as this Court may deem appropriate.

Dated: July 20, 2016

Respectfully submitted,

LAW OFFICES OF THOMAS W. FALVEY

By: _____

Thomas W. Falvey
Michael H. Boyamian
Armand R. Kizirian

Attorneys for PLAINTIFF SEVAG CHALIAN
and the Proposed Class

13

**CLASS ACTION COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFF SEVAG CHALIAN and the Proposed Class hereby demand a trial by jury on

3   all issues so triable.

4   Dated: July 20, 2016                    Respectfully submitted,

5                                           LAW OFFICES OF THOMAS W. FALVEY

6

7                                           By: _____
                                                Thomas W. Falvey
8                                               Michael H. Boyamian
                                                Armand R. Kizirian
9
                                            Attorneys for PLAINTIFF SEVAG CHALIAN
10                                          and the Proposed Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**