# EXHIBIT B

# EXHIBIT B

1  Tyler R. Andrews (SBN 250686)
   andrewst@gtlaw.com
2  Roger L. Scott (SBN 247165)
   scottro@gtlaw.com
3  GREENBERG TRAURIG, LLP
   3161 Michelson Dr., Suite 1000
4  Irvine, CA 92162
5  Tel: (949) 732-6500
   Fax: (949) 732-6501
6
7  Attorneys for Defendants,
   CVS Pharmacy, Inc., CVS Rx Services, Inc., and
8  Garfield Beach CVS, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 07 2016

Sherri R. Carter, Executive Officer/Clerk
By: Isabel Arellanes, Deputy

9
10            SUPERIOR COURT OF CALIFORNIA

11            FOR THE COUNTY OF LOS ANGELES

12 | SEVAG CHALIAN, an individual, individually    CASE NO.: BC 627757
      and on behalf of, all others similarly situated and
13   the general public,                           [Assigned to Hon. John Shepard Wiley, Jr.,
                                                    Dept. 311]
14            Plaintiff,
                                                    **DEFENDANTS' ANSWER TO**
15   vs.                                            **PLAINTIFF'S UNVERIFIED**
                                                    **COMPLAINT**
16   CVS PHARMACY, INC., a Rhode Island
      corporation; CVS RX SERVICES, INC., a New
17   York corporation; GARFIELD BEACH CVS,
      LLC, a California limited liability company; and
18   DOES 1 thru 100, inclusive,                    ACTION FILED: July 20, 2016

19            Defendants.

20
21
22
23
24
25
26
27
28

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF SEVAG CHALIAN'S CLASS ACTION COMPLAINT

1   CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC (collectively
2   "Defendants") answer the Complaint of Plaintiff Sevag Chalian individually, and on behalf of all others
3   similarly situated, as follows:

4                                                **I.**

5                                    **GENERAL DENIAL**

6       Pursuant to California Code of Civil Procedure §431.30(d), Defendants deny, generally and
7   specifically, each and every allegation contained in the Complaint, and deny that Plaintiff has suffered
8   damages of any kind, nature, or description, or is otherwise entitled to any relief whatever.

9                                    **AFFIRMATIVE DEFENSES**

10      In further response to Mr. Chalian's Complaint, Defendants allege the following separate and
11  distinct affirmative defenses, without conceding that they bear the burden of proof or persuasion as to
12  any of them.

13                               **First Affirmative Defense**

14                           **(Failure to State a Cause of Action)**

15      Neither Plaintiff's Complaint nor any purported cause of action alleged therein states facts
16  sufficient to state a cause of action against Defendants.

17                              **Second Affirmative Defense**

18                              **(Statute of Limitations)**

19      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations,
20  including, but not limited to, Code of Civil Procedure §§ 335.1, 338, 340(a), Cal. Gov. Code §§ 12960
21  and 12965(b).

22                               **Third Affirmative Defense**

23                              **(Equitable Doctrines)**

24      Plaintiff's Complaint, and each purported cause of action set forth therein, is barred by the
25  equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

26                              **Fourth Affirmative Defense**

27                              **(Failure to Mitigate)**

28      To the extent Plaintiff failed to mitigate or avoid his damages, if any, his recovery under the

                                                 1
                  DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
                  PLAINTIFF SEVAG CHALIAN'S CLASS ACTION COMPLAINT

1  Complaint, and each purported cause of action therein, should be barred or decreased.

2  <u>**Fifth Affirmative Defense**</u>

3  **(Penalties Excessive or Otherwise Unconstitutional)**

4  The prayer in the Complaint for an award of punitive damages and/or penalties is barred in

5  whole or in part by the Eighth and Fourteenth Amendment to the United States Constitution; as such

6  damages constitute excessive fines, which are not authorized by the statute under which the claim is

7  brought.  An award of punitive damages and/or penalties would be grossly excessive in relation to the

8  State of California's legitimate interest in punishment and deterrence, if any.   The prayer in the

9  Complaint for an award of penalties is also barred in whole or in part because the procedures for

10 awarding penalties do not comport with the constitutional requirements set forth in *BMW of N. Am., Inc.*

11 *v. Gore*, 517 U.S. 559 (1996), and its progeny, including *State Farm Auto. Ins. Co. v. Campbell*, 538

12 U.S. 408 (2003).

13 <u>**Sixth Affirmative Defense**</u>

14 **(Compliance with Laws)**

15 Plaintiff's claims are barred because the conduct alleged complies, or at least substantially

16 complies, with applicable laws and regulations.

17 <u>**Seventh Affirmative Defense**</u>

18 **(Unconstitutionality of Monetary Relief)**

19 An award of monetary relief, other than restitution, to Plaintiff under California Business &

20 Professions Code Sections 17200, et seq., including but not limited to penalties of any type, would

21 violate the due process provisions of the Constitution of the State of California and the Constitution of

22 the United States of America.

23 <u>**Eighth Affirmative Defense**</u>

24 **(Prudential Standing)**

25 Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing as to some or

26 all claims alleged including, but not limited to, his cause of action under Cal. Bus. & Prof. Code § 17200

27 *et seq.* (the "UCL"), in that he has not sustained a cognizable loss of money or property.

28

2

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF SEVAG CHALIAN'S CLASS ACTION COMPLAINT

1

**Ninth Affirmative Defense**

2

**(Good Faith)**

3      Plaintiff's claims, and entitlement to monetary recovery, are barred, in whole or in part, because

4  Defendants acted in good faith, in conformity with and in reliance on any applicable written

5  administrative regulation, order, ruling, approval, or interpretation of relevant regulatory agencies, and

6  Defendants acted with a good faith belief that they had not violated any law, rule or regulation as is

7  alleged in the Complaint.

8

**Tenth Affirmative Defense**

9

**(Offset)**

10      Plaintiff's claims, and entitlement to monetary recovery, are barred, in whole or in part, to the

11  extent that Plaintiff, or putative class members, received compensation in amounts greater than that to

12  which they were entitled thus permitting any monetary recovery to be offset by those overpayments.

13

**Eleventh Affirmative Defense**

14

**(Unauthorized Acts)**

15      Plaintiff's claims are barred, in whole or in part, to the extent that Defendants' employees or

16  agents acted contrary to Defendants' express or generally understood policies and procedures, such that

17  those actions were not authorized and were outside the scope of the employees' or agents' employment

18  or agency.

19

**Twelfth Affirmative Defense**

20

**(Prior Agreements)**

21      Plaintiff's claims are barred, in whole or in part, to the extent they are prohibited by Plaintiff's

22  prior release of claims against Defendants.

23

**Thirteenth Affirmative Defense**

24

**(Agreements of Putative Class Members)**

25      Plaintiff's claims are barred, in whole or in part, to the extent they are prohibited by the separate

26  agreements of putative class members, including agreements to arbitrate.

27  ///

28  ///

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF SEVAG CHALIAN'S CLASS ACTION COMPLAINT

**Fourteenth Affirmative Defense**

**(Reservation of Rights)**

Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on other applicable affirmative defenses as may later become available or apparent.  Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.  Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

**RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

A.   That Plaintiff takes nothing by his Complaint on file herein;

B.   That Plaintiff's request for restitution, penalties, and injunctive relief be denied;

C.   That class certification as to any of the alleged classes or sub-classes be denied;

D.   That the Court reject Plaintiff's attempt to proceed in a representative capacity in any manner;

E.   That judgment be entered in favor of Defendant's and against Plaintiff on all causes of action;

F.   That Defendants be awarded reasonable attorneys' fees according to proof;

G.   That Defendants be awarded the costs of suit incurred herein; and

H.   That Defendants be awarded such other relief as the Court may deem just and proper.

DATED:   September 7, 2016                    Respectfully submitted,

GREENBERG TRAURIG, LLP

By:   /s/  Roger L. Scott
Tyler R. Andrews
Roger L. Scott
Attorneys for Defendants, CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC

4

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF SEVAG CHALIAN'S CLASS ACTION COMPLAINT

## PROOF OF SERVICE

**STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

On September 7, 2016, I served the **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**, on the interested party, addressed as follows:

| | |
|---|---|
| Thomas W. Falvey, Esq. | Attorneys for Plaintiff |
| Michael H. Boyamian, Esq. | |
| Armand R. Kizirian, Esq. | |
| LAW OFFICES OF THOMAS W. FALVEY | |
| 550 North Brand Blvd. | |
| Suite 1550 | |
| Glendale, CA  91203 | |
| Tel:  818.547.5200 | |
| Fax: 818.500.9307 | |

☒ **[BY MAIL]**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☒ **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 7, 2016 at Irvine, California.

_Cynthia Aros_
Cynthia Aros

1
PROOF OF SERVICE

PHI 317653669v1

7/25/16 1:30

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** CVS PHARMACY, INC., a Rhode
*(AVISO AL DEMANDADO):* Island corporation; CVS RX
SERVICES, INC., a New York Corporation; GARFIELD
BEACH CVS, LLC, a California limited liability
company; and DOES 1 thru 100, inclusive

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

JUL 20 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** SEVAG CHALIAN, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual,
Individually and on behalf of, all other similarly
situated and the general public

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

 You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

 There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

 *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

 *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* BC 6 27 7 5 7 |

Stanley Mosk Courthouse
111 North Hill Street   Same as Above
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Thomas W. Falvey, SBN 65744       818-547-5200
Michael H. Boyamian, SBN 256107
LAW OFFICES OF THOMAS W. FALVEY
550 North Brand Blvd., Suite 1500, Glendale, CA 91203

| DATE: | Clerk, by | Judi Lara | , Deputy |
|---|---|---|---|
| *(Fecha)* 7-20-16 | SHERRI R. CARTER *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: CVS Pharmacy, INC, a Rhode Island Services, Inc

 under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
  ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
  ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
  ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Thomas W. Falvey, SBN 65744<br>Michael H. Boyamian, SBN 256107<br>LAW OFFICES OF THOMAS W. FALVEY<br>550 North Brand Boulevard, Suite 1500<br>Glendale, CA 91203<br>TELEPHONE NO.: 818-547-5200   FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiffs | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 20 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CASE NAME: Chalian, et al. v. CVS Pharmacy, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 6 27 75 7 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify)*: 5

5. This case [X] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 20, 2016

Michael H. Boyamian
(TYPE OR PRINT NAME)                          ►          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of :

| SHORT TITLE: Chilian, et al. v. CVS Pharmacy, Inc., et al.. | CASE NUMBER BC 6 27 7 5 7 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Chilian, et al. v. CVS Pharmacy, Inc., et al.. | | CASE NUMBER | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | ①, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Chilian, et al. v. CVS Pharmacy, Inc., et al.. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: | Chilian, et al. v. CVS Pharmacy, Inc., et al.. | CASE NUMBER |
|---|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: **07/20/2016**

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

MICHAEL H. BOYAMIAN

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____     BC 6 27 7 57

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
|  | 307 | 1402 |
| OTHER |  |  |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on **JUL 2 0 2016**     SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
     (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.      The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                                                         (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.      The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.      References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                                            (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____ )
Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____ )
Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | | |
| ATTORNEY FOR (Name): | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:               FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a **Request for Informal Discovery Conference**, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an **Answer to Request for Informal Discovery Conference**, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____       ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____       ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____       ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____       ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____       ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

Date:

_____       ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

Date:

_____       ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:  _____

_____
JUDICIAL OFFICER

1    **ALEXANDER KRAKOW + GLICK LLP**
     Michael S. Morrison (State Bar No. 205320)
2    401 Wilshire Boulevard, Suite 1000
     Santa Monica, California 90401
3    T: 310 394 0888 | F: 310 394 0811
     E: mmorrison@akgllp.com
4
     Thomas W. Falvey (SBN 65744)
5    Michael H. Boyamian (SBN 256107)
     Armand R. Kizirian (SBN 293992)
6    LAW OFFICES OF THOMAS W. FALVEY
     550 N. Brand Blvd., Suite 1550
7    Glendale, California 91203
     Telephone: (818) 547-5200
8    Facsimile:   (818) 500-9307

9    Attorneys for Plaintiff SEVAG CHALIAN
     and the Proposed Class
10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12        FOR THE COUNTY OF LOS ANGELES–UNLIMITED JURISDICTION

13

14

15   SEVAG CHALIAN, an Individual, Individually    ) CASE NO. BC 627757
     and on behalf of all others similarly situated ) 
     and the general public,                       ) Filed: July 20, 2016
16                                                  )
                      Plaintiff,                    )
17                                                  ) **NOTICE OF ASSOCIATION OF**
             vs.                                    ) **COUNSEL**
18                                                  )
     CVS PHARMACY, INC., a Rhode Island             )
19   coporation; CVS RX SERVICES, INC., a New       )
     York corporation; GARFIELD BEACH CVS,          )
20   LLC, a California limited liability company;   )
     and DOES 1 through 100, inclusive,             )
21                                                  )
                      Defendants.                   )
22                                                  )
     _____       )
23

24         TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

25   PLEASE TAKE NOTICE that Thomas W. Falvey, Esq., and the LAW OFFICE OF LAW

26   OFFICES OF THOMAS W. FALVEY attorneys for record herein, hereby associate with

27   Michael S. Morrison, Esq. of ALEXANDER KRAKOW + GLICK, 401 Wilshire Blvd.,

28   Suite 1000, Santa Monica, CA, 90401, phone: (310) 394-0888, facsimile: (818) 394-

     Association of Counsel

1  0811; Email: mmorrison@akgllp.com, as attorneys for plaintiff.

2          Copies of all future notices, communications, and/or pleadings should be

3  forwarded to **both** law firms, and Mr. Morrison should be added to the official proof of

4  service for this matter.

5

6  Dated:     October 14, 2016     LAW OFFICE OF THOMAS FALVEY

7

8                  By:     _A.R._____

9                     ~~THOMAS FALVEY~~ Armand R. Kizirian
                   Attorneys for Plaintiffs
                   SEVAG CHALIAN, et al.

10          The undersigned hereby agrees to be associated with the LAW OFFICES

11  OF THOMAS FALVEY, as attorneys of record for plaintiff in this action.

12

13  Dated:     October 14, 2016     ALEXANDER KRAKOW + GLICK

14

15                  By:

16                     MICHAEL S. MORRISON,
                   Attorneys for Plaintiff

17                     SEVAG CHALIAN, et al.

18

19

20

21

22

23

24

25

26

27

28

Association of Counsel            -2-

## PROOF OF SERVICE

I am over the age of 18 years, not a party to this action, and am employed in the County of Los Angeles, State of California.  My business address is ALEXANDER KRAKOW + GLICK LLP, 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401.

On, October 17, 2016, following the ordinary business practices of ALEXANDER KRAKOW + GLICK LLP as set forth below, I served a true and correct copies of the foregoing documents described as **NOTICE OF ASSOCIATION OF COUNSEL** in a sealed envelope, with postage fully prepaid, addressed as follows:

## [PLEASE SEE ATTACHED SERVICE LIST]

( )    BY MAIL.  I am readily familiar with ALEXANDER KRAKOW + GLICK LLP's practice for collection and processing of correspondence for mailing with the U.S. Postal Service.  Under that practice, in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the same day with postage fully prepaid at ALEXANDER KRAKOW + GLICK LLP, 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401. The above envelope was placed for collection and mailing on the above date following our firm's ordinary business practice.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposition for mailing.

(X)    BY MAIL.  I deposited such envelope in the mail at 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401.

(X)    VIA ELECTRONIC FILING SERVICE. Complying with CCP § 1010.6, my electronic business address is kconstante@akgllp.com and I caused such document(s) to be electronically served through CaseAnywhere system for the above-entitled case to those parties on the Service List maintained on its website for this case.  The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office.

( )    VIA FACSIMILE.  I sent said document(s) via facsimile.

( )    VIA FEDEX. I sent said documents by overnight mail, via FedEx.

( )    BY PERSONAL SERVICE.  I caused delivery of such envelope by hand to the offices of the addressee(s).

(X)    (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( )    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated:        October 17, 2016

Michael P. Vazquez

SERVICE

1

## SERVICE LIST

2  *CO-COUNSEL FOR PLAINTIFFS:*

3  Thomas W. Falvey, Esq.
Michael H. Boyamian, Esq.
Armand R. Kizirian, Esq.

4  Law Offices of Thomas W. Falvey
550 N. Brand Blvd., Suite 1550

5  Glendale, California 91203
Tel: 818 547 5200

6  Fax: 818 500 9307

7

8  *COUNSEL FOR DEFENDANT:* *CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beaches CVS, LLC*

9  Tyler R. Andrews, Esq.
Roger L. Scott, Esq.

10  GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000

11  Irvine, California 92162
Tel: 949 732 6500

12  Fax: 949 732 6501
Email: andrewst@gtlaw.com

13  scottro@gtlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SERVICE

-2-

1  LAW OFFICES OF THOMAS W. FALVEY
   THOMAS W. FALVEY, SBN 65744
2  MICHAEL H. BOYAMIAN, SBN 256107
   ARMAND R. KIZIRIAN, SBN 293992
3  550 N. Brand Blvd., Suite 1500
   Glendale, California 91203
4  Telephone:    (818) 547-5200
   Facsimile:    (818) 500-9307
5  E-mail:       thomaswfalvey@gmail.com,
                 mike.falveylaw@gmail.com,
6                armand.falveylaw@gmail.com

7  Attorneys for Plaintiff SEVAG CHALIAN
   and the Proposed Class
8
9  Tyler R. Andrews (SBN 250686)
   andrewst@gtlaw.com
10 Roger L. Scott (SBN 247165)
   scottro@gtlaw.com
11 GREENBERG TRAURIG, LLP
   3161 Michelson Dr., Suite 1000
12 Irvine, CA 92162
   Tel: (949) 732-6500
13 Fax: (949) 732-6501
14
   Attorneys for Defendants,
15 CVS Pharmacy, Inc., CVS Rx Services, Inc., and
   Garfield Beach CVS, LLC
16
17 *(Counsel for additional parties listing on following page)*

18                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

19                       FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 20  SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public, | Case No. BC627757 |
| 21 | [CLASS ACTION] |
| 22                           Plaintiff, | **JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE INITIAL STATUS CONFERENCE** |
| 23        vs. | |
| 24  CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive, | Case Assigned for All Purposes to Hon. Judge John Shepard Wiley, Jr. |
| 25 | Department: 311 |
| 26 | Date: December 1, 2016 Time: 10:00 a.m. |
| 27                           Defendants. | |

28

-i-

**JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE INITIAL STATUS CONFERENCE**

1  ALEXANDER KRAKOW + GLICK LLP
   Michael S. Morrison (State Bar No. 205320)
2  401 Wilshire Boulevard, Suite 1000
   Santa Monica, California 90401
3  T: 310 394 0888 | F: 310 394 0811
   E: mmorrison@akgllp.com
4
5  Attorneys for Plaintiff SEVAG CHALIAN
   and the Proposed Class
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-ii-
**JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE INITIAL STATUS CONFERENCE**

1       Plaintiff Sevag Chalian, on behalf of himself and the putative class ("Plaintiff"), and

2   Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC

3   ("Defendants", together, the "Parties"), by and through their respective counsel of record,

4   HEREBY STIPULATE AND AGREE to entry of an Order Continuing the Initial Status

5   Conference as follows:

6       WHEREAS, the Initial Status Conference for this suit is set for December 1, 2016, at

7   10:00 a.m.;

8       WHEREAS, Plaintiff's Counsel have an unavoidable conflict on that date and seek a brief

9   continuance of the Initial Status Conference;

10      WHEREAS, Defendants do not oppose Plaintiff's request to continue the Initial Status

11  Conference;

12      WHEREAS, the Parties are in the process of working through the issues outlined in the

13  Court's Initial Status Conference Order (Complex Litigation Program), and will be better able to

14  address the items outlined in this order through a brief continuance of the Initial Status

15  Conference.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-1-

**JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE INITIAL STATUS CONFERENCE**

1   THEREFORE, IT IS HEREBY STIPULATED by and between the Parties that the Initial

2   Status Conference be continued from December 1, 2016 at 10:00 a.m., to December 12, 2016, at

3   10:00 a.m., or another date which is convenient for the Court, with the Joint Initial Status

4   Conference Class Action Response Statement due five court days in advance.

5

6   DATED: November 22, 2016                LAW OFFICES OF THOMAS W. FALVEY

7                                           ALEXANDER KRAKOW + GLICK LLP

8

9                                           By:  _A.R.K_____

10                                               ARMAND R. KIZIRIAN
                                            Attorneys for Plaintiff SEVAG CHALIAN and the
11                                          Proposed Class

12
    DATED: November 22, 2016                GREENBERG TRAURIG, LLP
13

14                                          By: _____

15                                               ROGER L. SCOTT
                                            Attorneys for Defendants, CVS Pharmacy, Inc.,
16                                          CVS Rx Services, Inc., and Garfield Beach CVS,
                                            LLC
17

18

19

20

21

22

23

24

25

26

27

28

-2-

**JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE INITIAL STATUS
CONFERENCE**

1                                **[PROPOSED] ORDER**

2         The Court, having fully considered the Parties' Stipulation to continue the December 1,

3 2016, Initial Status Conference, HEREBY ORDERS as follows:

4         The Initial Status Conference currently for set for December 1, 2016, at 10:00 a.m. shall be

5 continued to _____ [December 12, 2016, at 10:00 a.m.], with the Joint

6 Initial Status Conference Class Action Response Statement due five court days in advance.

7

8 Dated: _____              _____

9                                          HON. JOHN SHEPARD WILEY, JR.
                                         JUDGE OF THE SUPERIOR COURT

**JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE INITIAL STATUS CONFERENCE**

Chalian v. CVS Pharmacy, et al.
BC 627757

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 550 North Brand Boulevard, Suite 1500, Glendale, California 91203.

     On November 22, 2016, I served, in the manner indicated below, the foregoing document described as:

**JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE INITIAL STATUS CONFERENCE**

on all interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED MAILING LIST**
(SERVICE BY MAIL UNLESS OTHERWISE INDICATED)

__X__  BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Glendale, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)(3)).

____  BY FACSIMILE:  caused such document to be transmitted via facsimile to the offices of the addressee(s).  (C.C.P. § 1013(a)(e)(f)).

____  BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. §1013(c)(d)).

____  BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressee(s).  (C.C.P. § 1011(a)(b)).

____  BY ELECTRONIC SERVICE: I served said document(s) to be transmitted electronically on counsel of record by transmission through File & ServeXpress. Said service was made pursuant to the Court's Order on the parties' agreement to receive service in this manner and pursuant to Rule 2.251 of the California Rules of Court. When available, a true and correct copy of the File & ServeXpress Transaction Receipt will be attached to this declaration with court filed copy of said document(s) or, in the case of any discovery related document(s), retained by the undersigned.

____  BY ELECTRONIC SERVICE: Submitting an electronic version of the document(s) via file transfer protocol (FTP) to the Court of Appeal, Second Appellate District, 300 South Spring Street, Division 5, Los Angeles, California 90012.

__X__  STATE: I declare under penalty of perjury under the laws of the State of California that

1    the foregoing is true and correct.

2
     —    FEDERAL: I declare that I am employed in the office of a member of the bar of this
3         Court at whose direction the service was made.

4         Executed on November 22, 2016, at Glendale, California.

5

6

7

8                                        Delmy Sanchez

9                                     **MAILING LIST**

10   Tyler R. Andrews, Esq.                    **Attorneys for Defendant**
     Roger L. Scott, Esq.                      **CVS Pharmacy, Inc., CVS Rx Services,**
11   GREENBERG TRAURIG, LLP                    **Inc., and Garfield Beach CVS, LLC**
     3161 Michelson Dr., Suite 1000
12   Irvine, CA 92162                          PH: (949) 732-6500
     email: andrewst@gtlaw.com                 FX: (949) 732-6501
13          scottro@gtlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          - 2 -