# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 16-08979-AB (AGRx) | Date: April 11, 2017 |

| | |
|---|---|
| Title: | *Sevag Chalian v. CVS Pharmacy, Inc., et al* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|
| Ingrid Valdes | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order **DENYING** Plaintiff's Motion for Remand (Dkt. No. 10)

Before the Court is Sevag Chalian's ("Plaintiff") Motion for Remand. ("Motion," Dkt. No. 10.) Defendants CVS Pharmacy, Inc., CVS RX Services, Garfield Beach CVS, LLC ("Defendants") filed an opposition and Plaintiff filed a reply. (Dkt. Nos. 13, 14.) Having considered the parties' submissions, the Court hereby **DENIES** Plaintiff's motion.

## I.   BACKGROUND

Plaintiff is a pharmacist who once worked for Defendants at its pharmacy in Regions 65 and 72. (Complaint (Dkt. 1-1) ¶ 7.) While employed with Defendants, Plaintiff and other pharmacists in Region 65 and 72 were denied pay after attending training sessions as required by the California Labor Code Section 1194. ("Section 1194"). (Compl. ¶¶19, 20, 26.)

On July 20, 2016, Plaintiff filed a class action lawsuit against Defendants in the Los Angeles Superior Court for unpaid wages, failure to pay overtime, failure to provide

| CV-90 (12/02) | CIVIL MINUTES - GENERAL | Initials of Deputy Clerk CB |
|---|---|---|
| | 1 | |

accurate itemized wage statements, waiting time penalties, and unfair business practices. (*See* Compl.) Plaintiff alleges the Defendants did not pay him for all of the time he spent completing required training. (Compl. ¶¶ 19, 20.) On December 5, 2016, nearly five months after being served, Defendants removed the case under the Class Action Fairness Act ("CAFA"), alleging that the parties are diverse and the amount in controversy exceeds $5,000,000. (Notice of Removal, "Removal" ¶ 7.)

## II. Legal Standard

### A. Removal

Generally, a state civil action may be removed to federal court by a defendant only if it could have been originally brought in federal court. *See* 28 U.S.C. § 1441(a). The defendant has the burden of proving the case is removable. *See Dunn v. Gaiam, Inc.*, 166 F.Supp.2d 1273, 1278 (C.D. Cal. 2001). There is a "strong presumption" against removal and courts must "strictly construe the removal statute against removal jurisdiction." *Id.* "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Under rule 1446(b), a defendant has thirty days to remove if the complaint reveals a basis for removal. If the plaintiff amends its complaint and the amended complaint presents grounds for removal then a defendant must remove within thirty-days of receipt of the amended complaint. *Id.* If the complaint or any other paper on its face does not provide the basis for removal and the defendant's own investigation discovered grounds for removal, the defendant can remove the case up to one year after the commencement of the action. *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). If the defendant untimely removes then its right to removed has been waived. *Dunn*, 166 F.Supp.2d at 1278.

### B. Class Action Fairness Act

CAFA allows federal courts to exercise jurisdiction over state law class actions when the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). As is with all removal cases, "the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

There are two exceptions to jurisdiction under CAFA: (1) home-state controversy and (2) local controversy. 28 U.S.C. § 1332(d)(4). Under the home-state controversy there is no jurisdiction if two-thirds or more of the plaintiff class and the primary defendants are citizens of the State where the action was originally filed. 28 U.S.C. § 1332(d)(4)(B). Under the local controversy, there is no jurisdiction if (1) more than

two-thirds of the proposed plaintiff class are citizens of the state in which the action was originally filed, (2) a significant defendant is from the State, (3) principal injuries occurred in the State, and (4) no other class action "asserting the same or similar factual allegations against any of the defendants" has been filed within three years prior to the present action. 28 U.S.C. § 1332(d)(4)(A). The Plaintiff has the burden to prove an exception to CAFA. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007).

### III. Discussion

Plaintiff argues that Defendants did not timely remove and that there is no basis for federal jurisdiction on many grounds, so the case must therefore be remanded. The Court will address Plaintiff's arguments in turn.

#### A. Removal Was Timely.

Plaintiff argues that the removal was untimely because Defendants removed the case more than 30 days after they received the Complaint. Plaintiff argues that Defendants could tell from the face of the complaint that the case was removable, so they were required to remove within 30 days of receipt of the Complaint. (Mot. at 13-16.) Defendants contend that they did not waive their right to remove because "[n]o pleading, motion, order, or other paper shows that the case is one which is removable." (Removal ¶ 4.)

As *Roth* explains, a defendant can remove a case on the basis of diversity within a year of receiving it if the complaint does not on its face reveal diversity jurisdiction. *Roth*, 720 F.3d at 1125 (discussing 28 U.S.C. § 1446(c)(1)). Thus, removal is proper within a year of receipt of the original complaint if the defendant finds on its own investigation that the case is removable. *See Roth*, 720 F.3d at 1123. Here, diversity jurisdiction is not evident from the face of Plaintiff's complaint. To the contrary, Plaintiff's complaint alleges that claims of the class do not exceed $5,000,000 and Plaintiffs individual claims do not exceed $75,000. (Compl. ¶¶ 3, 6.) Similar to the defendants in *Roth*, the Defendants had to conduct their own investigation to calculate that the amount in controversy to exceeds $5,000,000 since Plaintiff alleged it did not. Because the complaint did not reveal on its face that the case is removable, Defendants did not have to remove within the two 30 day periods. Defendants did remove within the one-year time limit, so it was timely.

#### B. There is Jurisdiction Under the Class Action Fairness Act.

Defendants argue that there is jurisdiction under CAFA because the amount in controversy exceeds $5,000,000 and neither CVS nor RX Services are California ciizens. (Opp'n. at 12.) In response, Plaintiff insists that removal is improper under CAFA

because Defendants' calculations of the amount in controversy are speculative and Garfield Beach CVS, LLC,("Garfield Beach") is a citizen of California.  (Mot. at 7-8.)  Plaintiff argues both the home exception and local controversy prevents removal.  *Id.*

### 1. The Amount in Controversy is Satisfied.

Under CAFA, the amount in controversy must exceed $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).  The Defendants contend the amount in controversy is close to $15,607,980.  (Removal ¶ 38.)  They came to this conclusion by multiplying the estimated average value of each claim by the number of purported class members.  *Id.*  The Defendants did not calculate an exact amount for the Unfair Business Practices Act claim or for attorneys' fees and costs but estimate those would add $2,309,386.18.  *Id.*  In response, Plaintiff argues the amount in controversy is unsupported and speculative.  (Mot. at 12.)

A moving party must prove by a preponderance of evidence the amount in controversy exceed $5,000,000.  *See Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F.Supp 932, 976 (C.D. Cal. 2014) (holding defendants' assumption of the amount in controversy exceeding $5,000,000 was speculative and was not supported by summary judgement-type evidence).  Here, the Defendants offered sufficient evidence that the amount in controversy exceeds $5,000,000 and in fact exceeds $15,607,980.  First, for the unpaid wages claims, Defendants reviewed their records to make a conservative estimate of the number of hours Plaintiff worked allegedly without pay, multiplied that by his hourly rate, then multiplied that by the number of class members.  (*See* Removal ¶¶ 20-28.)  The total class-wide damages for this claim are $31,752.  Id. ¶ 28.  The wage statement claims trigger statutory damages readily calculated to equal $4,498,200.  *Id.* ¶¶ 29-31.  Similarly, the waiting time penalties are readily calculated by a statutory formula based on an estimated hourly rate to equal $11,030.400.  *Id.* ¶ 32-37.  The total of these amounts of damages is $15,607,980.  *Id.* ¶ 38.  While the calculations may not be exact, they are reasonable estimates and establish by a preponderance that the amount in controversy exceeds $5,000,000.

### 2. The Home-State Exception Does Not Apply.

The burden to prove an exception to CAFA is on the party seeking remand.  *Serrano*, 478 F.3d at 1022.  Plaintiff contends the home state exception to CAFA jurisdiction is met because (1) more than two-thirds of the proposed class are citizens of California and (2) Garfield Beach, a primary defendant, is a citizen of California.  (Mot. at 7-8.)  In response, Defendants argue that in this case the "primary defendants" include all defendants and since CVS and RX Services are domiciled in Rhode Island and New York and are not citizens of California, the home exception does not apply.  (Opp'n at 12.)

The Court agrees. Under the home-state exception there is no jurisdiction when "the primary defendants are citizens of the state in which the original action was filed." *Harrington v. Mattel, Inc.*, WL 4556920, at *5 (N.D. Cal. Dec. 20, 2007). The court in *Harrington* defined primary defendants as the "real targets" of the lawsuit, any defendant that would incur the biggest loss if found liable and anyone "who has a substantial exposure to a significant portion of the proposed class in the action." *Id.* Here, Defendants CVS and RX Services are primary defendants because they are the real targets of the suit. Both CVS and RX Services employed the Plaintiff and the proposed class and if found liable would incur a substantial financial loss. Because CVS is domiciled in Rhode Island and RX Services is domiciled in New York, the primary defendants are not California citizens and the home-state exception does not apply.

### 3. The Local Controversy Exception Does Not Apply.

Plaintiff argues that the local controversy exception applies because (1) CVS, RX Services and Garfield Beach CVS, LLC, are citizens of California, (2) Garfield Beach's conduct forms a significant basis of class member's claims, (3) principle injuries occurred in California and (4) no other class actions with similar legal claims have been filed against Defendants. (Remand at 7-11.) Defendants answer every argument in the negative.

All four elements of the local controversy exception must be established for the exception to apply. If one element fails, then the exception does not apply. Here, the Court finds that similar lawsuits have been filed against Defendants within the last three years. In California alone, CVS was sued twelve times since August 2012, and once in the District Court of Massachusetts and New York. (*See* Request for Judicial Notice Exhs.1-14.)[1] Nine of these suits were filed within the three years immediately preceding this one, and some involve claims of unpaid wages and overtime for pharmacist training, unfair business practices, conversion, and wage statement claims for pharmacist employees, which are similar or the same as the claims Plaintiff alleges.

Therefore, the local controversy exception doesn't apply so removal was proper.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Remand.

**IT IS SO ORDERED.**

---

1  The Court hereby **GRANTS** the Request for Judicial Notice as it seeks notice of court records noticeable under Fed. Rule Evid. 201.