1  Tyler R. Andrews (SBN 250686)
2  andrewst@gtlaw.com
3  Roger L. Scott (SBN 247165)
   scottro@gtlaw.com
4  GREENBERG TRAURIG, LLP
5  3161 Michelson Dr., Suite 1000
   Irvine, CA 92162
6  Tel: (949) 732-6500
7  Fax: (949) 732-6501

8  Attorneys for Defendants CVS Pharmacy, Inc.,
   CVS Rx Services, Inc., and Garfield Beach CVS, LLC
9

10  (*Additional counsel listed on the following page*)

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of, all others similarly situated and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-08979-AB-AGR<br><br>[CLASS ACTION]<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**<br><br>*Assigned to Hon. André Birrote Jr.*<br><br>**NOTE CHANGES MADE BY THE COURT** |

James N. Boudreau (PA 77891), *pro hac vice*
boudreauj@gtlaw.com
Christiana L. Signs (PA 317851), *pro hac vice*
signsc@gtlaw.com
GREENBERG TRAURIG, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel: (949) 732-6500
Fax: (949) 732-6501

Attorneys for Defendants CVS Pharmacy, Inc.,
CVS Rx Services, Inc., and Garfield Beach CVS, LLC

Michael S. Morrison (SBN 205320)
mmorrison@akgllp.com
ALEXANDER KRAWKOW + GLICK LLP
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Tel: (310) 394-0888
Fax: (310) 394-0811

Thomas W. Falvey (SBN 65744)
thomaswfalvey@gmail.com
Michael H. Boyamian (SBN 256107)
mike.falveylaw@gmail.com
Armand R. Kizirian (SBN 293992)
armand.falveylaw@gmail.com
LAW OFFICES OF THOMAS W. FALVEY
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Tel: (818) 547-5200
Fax: (818) 500-9307

Attorneys for Plaintiff Sevag Chalian and the Putative
Class

---

**STIPULATED CONFIDENTIALITY AGREEMENT AND
[PROPOSED] PROTECTIVE ORDER**

The parties to this action, by and through their respective counsel, hereby stipulate to the entry of this agreed protective order (the "Order"), for the reasons set forth below.

**Proceedings and Information Governed.**

1. This Order and any amendments or modifications hereto shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, pleadings and exhibits to pleadings, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2. For purposes of this Order, the "Confidential Information" designation shall mean that the document is comprised of non-public and proprietary company policies, non-public business plans and strategies, customer and employee lists and files, trade secrets, or other information required by law or agreement to be kept confidential. Confidential Information does not include, and this Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or

information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation, within the scope of paragraph 2 above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

## **CONFIDENTIAL**

(a) A party may designate information disclosed at a deposition as Confidential Information by requesting the court reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days of receipt of the deposition transcript to designate, in writing to the other parties and to the court reporter, whether the transcript or a portion of the transcript is to be designated as Confidential Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential Information, unless the parties agree otherwise), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody, or control, and the portions designated in such notice shall thereafter be treated in accordance with this Order.

(b)   A party may designate Confidential Information by a cover letter in situations where stamping would be impractical or impossible, such as computer data.

(c)   It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order.

**Inadvertent Failure to Designate and Inadvertent Disclosure.**

4.   The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. If documents containing Confidential Information or privileged information are inadvertently or mistakenly disclosed, the party making the inadvertent disclosure must provide written notice to the other parties that documents containing Confidential Information or privileged information have been inadvertently disclosed or produced and that the receiving party shall treat the documents as Confidential Information upon receipt of notice.

5.   A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have thirty (30) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration

of this thirty (30) day time frame, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action. Subject to paragraph 7 below, and unless otherwise ordered by the Court, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Order:

(a) Named Plaintiffs, and any putative class member;

(b) Defendant CVS, including, but not limited to, its counsel and counsel's paralegals, clerical, or other support staff or services and any officers, directors, managers, supervisors, or other employees with responsibilities related to the subject matter of this litigation;

(c) counsel of record for the party to whom such documents or materials are produced or given, including co-counsel of record and the legal associates, paralegals, clerical or other support staff or services of such counsel or co-counsel assigned to assist such counsel in the preparation of this litigation;

(d) the Court, including any Court personnel, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury, provided that the party seeking to use such Confidential Information in a filing complies with the provisions of the local rules;

(e) any person requested by counsel to furnish copying, imaging, computer services, and/or litigation support services, provided that all Confidential Information, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

(f) special masters appointed by the court to assist with this litigation;

(g) the direct staff of persons designated in paragraphs 6(c), (d), (e) and (f), subject to any conditions enumerated therein;

(h) retained consultants or experts (testimonial and non-testimonial) and employees of the Parties directly involved in the prosecution or defense of this litigation; and

(i) persons (other than Parties) preparing to give testimony, including testimony during depositions, in this litigation to the extent reasonably necessary for such purposes;

(j) Any mediator or settlement judge the Parties may utilize, as well as his or her administrative staff.

7.    Further, prior to disclosing Confidential Information to any person described in subparagraphs (h) and (i) of paragraph 6, each person shall be provided with a copy of this Order and shall sign an Acknowledgement and Agreement to Be Bound, attached as Exhibit A, stating that the person has read and understands the Order and shall be bound hereby.

8.    Confidential Information may be disclosed to a person, not already allowed access to such information under this Order, if:

    (a)    the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

    (b)    the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

    (c)    counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the court reporter, the person, his or her counsel, the judge, and persons to whom disclosure may be made, and who are bound by the Order, may be present during the disclosure or discussion of Confidential Information.

Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Filing Documents With the Court.**

9. In the event that any party wishes to submit Confidential Information to the Court, such party shall follow the procedures prescribed by Local Rule 79-5 and the Central District of California's Under Seal Guide to Electronically Filing Under Seal Documents, including making a separate and additional showing of sufficient cause as to each category of document or information and obtaining leave of Court prior to filing any documents under seal.

**No Prejudice.**

10. Producing or receiving confidential information, or otherwise complying with the terms of this Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

11. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant

to a settlement agreement, each party or other person subject to the terms of this Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party such destruction or return. Outside counsel for any party shall be entitled to retain all court papers, deposition and trial transcripts, exhibits and attorney work, however, provided that any such materials are maintained and protected in accordance with the terms of this Order.

**Other Proceedings.**

12. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Order that may be subject to a motion to disclose another party's information designated Confidential pursuant to this Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

13. It is Ordered by the Court that this Order may be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Order in contempt. All other remedies available to any person(s) injured by a violation of this Order are fully reserved.

14. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

**IT IS SO STIPULATED.**

DATED: June 21, 2017     **GREENBERG TRAURIG, LLP**

By: _____
Tyler R. Andrews
Roger L. Scott
James N. Boudreau
Christiana L. Signs
Attorneys for Defendants
CVS Pharmacy, Inc., CVS Rx Services, Inc., and
Garfield Beach CVS, LLc

DATED: June 21, 2017     **ALEXANDER KRAWKOW + GLICK LLP**
**LAW OFFICES OF THOMAS W. FALVEY**

By: _____
Michael S. Morrison
Thomas W. Falvey
Michael H. Boyamian
Armand R. Kizirian
Attorneys for Plaintiff
Sevag Chalian and the Putative Class

**SO ORDERED.**

_____
U.S. ~~District~~ Judge ~~André Birrote Jr.~~
Magistrate Alicia G. Rosenberg

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he or she has read the Protective Order entered into on behalf of the Parties to *Sevag Chalian et al. v. CVS Pharmacy, Inc., et al.*, CASE NO. 2:16-cv-08979-AB-AGR, pending in the United States District Court, Central District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.

Dated: _____

_____
Signature

_____
Printed Name

_____

_____
Address