**ALEXANDER KRAKOW + GLICK LLP**
Michael S. Morrison (State Bar No. 205320)
Jessica S. Choi (State Bar No. 312796)
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
T: 310.394.0888 | F: 310.394.0811
E: mmorrison@akgllp.com | jchoi@akgllp.com

**LAW OFFICES OF THOMAS W. FALVEY**
THOMAS W. FALVEY, SBN 65744
MICHAEL H. BOYAMIAN, SBN 256107
ARMAND R. KIZIRIAN, SBN 293992
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Telephone:   (818) 547-5200
Facsimile:    (818) 500-9307
E-mail:        thomaswfalvey@gmail.com,
                   mike.falveylaw@gmail.com,
                   armand.falveylaw@gmail.com

Attorneys for Plaintiffs SEVAG CHALIAN and
TAMARA ALEKSANDRYAN,
individually, on behalf of themselves, all others
similarly situated, and the general public.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, TAMARA ALEKSANDRYAN, an Individual, on behalf of themselves and all others similarly situated and the general public, <br><br> Plaintiff, <br><br> vs. <br><br> CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR <br><br> *Assigned to Hon. André Birotte Jr.* <br><br> State Case No.: BC 627757 <br> State Action Filed: July 20, 2016 <br> Removal Date: December 5, 2016 <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> 1. **Unpaid Wages (Cal. Labor Code § 1194);** <br><br> 2. **Failure to Pay Overtime Compensation (Cal. Labor Code § 1194);** |

3.  **Failure to Provide Accurate Itemized Wage Statements (Cal. Labor Code § 226);**

4.  **Waiting Time Penalties (Cal. Labor Code §§ 201-203);**

5.  **Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, et seq.)**

**DEMAND FOR JURY TRIAL**

## GENERAL ALLEGATIONS

Plaintiffs SEVAG CHALIAN and TAMARA ALEKSANDRYAN, as individuals, on behalf of themselves, all others similarly situated, and the general public, complain and allege on information and belief the following against DEFENDANTS CVS PHARMACY, INC.; CVS RX SERVICES, INC.; GARFIELD BEACH CVS, LLC; and Does 1-100:

## INTRODUCTION

1.     This is a class action, under Code of Civil Procedure section 382, arising out of the unlawful practice of DEFENDANTS CVS PHARMACY, INC., CVS RX SERVICES INC., GARFIELD BEACH CVS, LLC, and Does 1 through 100 (collectively, "DEFENDANTS") in causing SEVAG CHALIAN and TAMARA ALEKSANDRYAN (collectively, "PLAINTIFFS"), and other, certain pharmacists in DEFENDANTS' Region 65 and Region 72 of the State of California to work off-the-clock while completing mandatory training modules for DEFENDANTS.

## JURISDICTION AND VENUE

2.     On December 5, 2016, DEFENDANTS removed this action pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332, because: (a) the proposed class members number at least 100; (b) the amount in controversy

exceeds $5,000,000 and (c) Plaintiff Sevag Chalian and two of the DEFENDANTS are citizens of different states. The Court has supplemental jurisdiction over the state labor law and unfair competition claims pursuant to 28 U.S.C. § 1367. On April 11, 2017, Plaintiff Sevag Chalian's Motion for Remand was denied.

3.    DEFENDANTS are subject to personal jurisdiction as corporations conducting substantial and continuous commercial activities in California. This case arises from DEFENDANTS' wrongful conduct in California, where DEFENDANTS employed PLAINTIFFS and members of the proposed PLAINTIFF CLASS.

4.    Venue is proper in this district and county in accordance with 28 U.S.C. § 1391 because DEFENDANTS employed PLAINTIFFS and members of the PLAINTIFF CLASS in Los Angeles County and the harms occurred in Los Angeles County.

5.    Venue is proper pursuant to 28 U.S.C. § 1441 because the action was removed to the district court embracing the location where the state court action was pending.

6.    Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events and omissions giving rise to PLANITIFFS' and members of the PLAINTIFF CLASS' claims occurred in this district. Additionally, DEFENDANTS are deemed to reside in this district under 1391(c) because they are subject to personal jurisdiction in the district.

7.    Plaintiff SEVAG CHALIAN at all relevant times was employed by DEFENDANTS as a pharmacist at DEFENDANTS' stores in Region 65 and Region 72 of DEFENDANTS' California retail stores and operations.

8.    Plaintiff TAMARA ALEKSANDRYAN at all relevant times was employed by DEFENDANTS as a pharmacist at DEFENDANTS' stores in Region 65 of DEFENDANTS' California retail stores and operations.

9.    Defendant CVS RX SERVICES, INC. ("CVS RX") is a corporation

1    organized under the laws of the State of New York and is engaged in the business of

2    providing pharmacy services throughout the State of California.

3         10.    Defendant CVS PHARMACY, INC. ("CVS PHARMACY") is a

4    corporation organized under the laws of the State of Rhode Island and is engaged in

5    the business of operating retail stores that sell pharmaceuticals and general

6    merchandise and provide pharmacy services throughout the State of California.

7         11.    Defendant GARFIELD BEACH CVS, LLC ("GARFIELD BEACH

8    CVS" and collectively with Defendants CVS RX and CVS PHARMACY, "CVS") is

9    a limited liability company organized under the laws of the State of California and is

10   engaged in business as a pharmacy and medical supplier to CVS retail stores located

11   throughout the State of California.

12        12.    The true names and capacities, whether individual, corporate, associate,

13   or otherwise, of Defendants sued herein as Does 1 through 100, inclusive, are

14   currently unknown to PLAINTIFFS, who therefore sue Defendants by such fictitious

15   names.  PLAINTIFFS are informed and believe, and based thereon allege, that each

16   of the Defendants designated herein as a Doe is legally responsible in some manner

17   for the unlawful acts referred to herein.  PLAINTIFFS will seek leave of Court to

18   amend this Complaint to reflect the true names and capacities of the Defendants

19   designated hereinafter as Does when such identities become known.

20        13.    PLAINTIFFS are informed and believe, and based thereon allege, that

21   each of the DEFENDANTS acted in all respects pertinent to this action as the agent

22   of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all

23   respects pertinent hereto, and the acts of each DEFENDANT are legally attributable

24   to the other DEFENDANTS.

25        14.    PLAINTIFFS are informed and believe, and thereon allege, that each and

26   all of the acts and omissions alleged herein were performed by, and/or attributable to,

27   all DEFENDANTS, each acting as agents and/or employees, and/or under the

28

direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. PLAINTIFFS are informed and believe, and thereon allege, that at all times material hereto DEFENDANTS were and are the agents of each other.

15. PLAINTIFFS bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class composed of and defined as follows (herein referred to as the "Class" and its putative members as the "Class Members"):

Region 65 Class:

All persons who are or were employed by DEFENDANTS as non-exempt pharmacists in DEFENDANTS' Region 65 in the State of California, and who completed mandatory training modules for DEFENDANTS outside of their shifts.

Region 72 Class:

All persons who are or were employed by DEFENDANTS as non-exempt pharmacists in DEFENDANTS' Region 72 in the State of California, and who completed mandatory training modules for DEFENDANTS outside of their shifts.

16. This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable:

a. Numerosity: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not yet been determined, PLAINTIFFS are informed and believe that DEFENDANTS employ 1,000 or more pharmacists in the State of California and that

1  DEFENDANTS routinely cause a significant number of such
2  pharmacists to complete training modules without compensation.
3     b.  Commonality: There are questions of law and fact common to the
4  PLAINTIFFS and the Class as defined that predominate over any
5  questions affecting only individual members of the Class. These
6  common questions of law and fact include without limitation:
7       (i)  Whether DEFENDANTS violated Wage Order
8  Number 7-2001, section 3 and Labor Code sections
9  510 and 1194 by failing to pay minimum wages
10  and/or overtime compensation, for mandatory training
11  not required by the California Board of Pharmacy or
12  any other regulatory agency, to Class Members who
13  so worked and should have been entitled to such
14  compensation under California law;
15       (ii)  Whether DEFENDANTS violated Labor Code
16  section 226 by failing to provide accurate itemized
17  wage statements for all Class Members;
18       (iii)  Whether DEFENDANTS violated Labor Code
19  sections 201 through 203 by willfully failing to pay
20  Class Members all compensation due promptly upon
21  the termination of the employment relationship;
22       (iv)  Whether DEFENDANTS violated Business and
23  Professions Code sections 17200, *et seq*. by violating
24  the labor laws and regulations noted herein;
25     c.  Typicality: PLAINTIFFS' wage and hour claims are typical of the claims
26  of the Class. PLAINTIFFS and all Class Members sustained injuries
27  arising out of actions or inactions of DEFENDANTS' common course of
28

1    conduct in violation of law as alleged herein.

2    d.    Adequacy of Representation: PLAINTIFFS are qualified to, and will

3          fairly and adequately protect the interests of each Class Member, with

4          whom they have a well-defined community of interest and typicality of

5          claims, as demonstrated herein.  PLAINTIFFS have no interest that is

6          adverse to the interests of the other Class Members.   PLAINTIFFS

7          acknowledge that they have an obligation to make known to the Court

8          any relationship, conflicts or differences with any Class Member.

9          PLAINTIFFS' attorneys and proposed Class counsel are versed in the

10         rules governing class action discovery, certification, and settlement.

11         PLAINTIFFS have incurred, and during the pendency of this action, will

12         continue to incur, costs and attorney fees, that have been, are and will be

13         necessarily expended for the prosecution of this action for the substantial

14         benefit of each Class Member.

15   e.    Superiority of Class Action:  A class action is superior to other available

16         means for the fair and efficient adjudication of this controversy.

17         Individual joinder of all Class Members is not practicable, and common

18         questions of law and fact affecting the Classes predominate over any

19         questions affecting only individual members of the Class.  Each Class

20         Member has been damaged and is entitled to recover by reason of

21         DEFENDANTS' illegal policies and/or practices.  Class action treatment

22         will allow those similarly situated persons to litigate their claims in the

23         manner that is most efficient and economical for the parties and the

24         judicial system.  This is particularly true given the challenges facing the

25         statewide reach of the DEFENDANTS.

26   f.    Public Policy Consideration:   California employers violate wage and

27         hour laws every day.  Current employees are often afraid to assert their

28

rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers can damage their future endeavors through negative references and other means.  California has a stated public policy in favor of class actions in this context for the vindication of employee rights and enforcement of the Labor Code.  Class actions provide the Class Members who are not named in the Complaint with a type of anonymity that allows for the vindication of their rights.

## FACTS COMMON TO ALL CAUSES OF ACTION

17.   Plaintiff SEVAG CHALIAN is a pharmacist who has worked for DEFENDANTS as a pharmacist in Region 65 and Region 72 of DEFENDANTS' California retail operations during the Class Period.

18.   Plaintiff TAMARA ALEKSANDRYAN is a pharmacist who has worked for DEFENDANTS as a pharmacist in Region 65 of DEFENDANTS' California retail operations from approximately 2003 through December 2015 and from approximately July 2016 through the present.

19.   As pharmacist-employees of CVS, PLAINTIFFS were properly classified as non-exempt employees.

20.   PLAINTIFFS and other Class Members should be classified as "non-exempt" employees.  They are not engaged primarily in exempt duties nor do they perform work which requires the exercise of discretion and independent judgment as contemplated by the Wage Orders.  PLAINTIFFS and other Class Members should not be classified as "independent contractors" exempt from the Wage Orders because they did not have the degree of independence and control over their time and direction as required of independent contractors.  PLAINTIFFS and other Class Members should not be classified as inside or outside salespersons exempt from any part of the Wage Order because, typically, none of their wages come from

commission.  DEFENDANTS concede this point by already paying and classifying all pharmacists as "non-exempt" employees.

21.  During their employment by DEFENDANTS as pharmacists, PLAINTIFFS and Class Members were required to complete mandatory training modules.  These mandatory training modules were required by CVS, and were not part of any certification or licensure requirement imposed by the California Board of Pharmacy or any other regulatory agency.

22.  DEFENDANTS have failed and refused to compensate PLAINTIFFS and Class Members properly for their time spent completing CVS'S mandatory training modules when the training was completed by PLAINTIFFS and Class Members while not on a shift.

23.  During the period of June 2012 through the end of 2015, Plaintiff TAMARA ALEKSANDRYAN was required to complete a training module typically on a weekly basis, but she was never paid for her time spend completing these mandatory training modules.  Plaintiff TAMARA ALEKSANDRYAN was required to complete as many as four to five training modules approximately each week from mid 2016 and 2017.  Plaintiff TAMARA ALEKSANDRYAN is informed and believes, and thereupon alleges, that there are violations of failure to pay for the actual time spent completing training modules in pay periods from mid 2016 and 2017.

24.  If PLAINTIFFS or Class Members had already clocked-out for the day, or if it was not yet time for PLAINTIFFS or Class Members to clock into their shift, DEFENDANTS would compensate PLAINTIFF and Class Members for a fixed amount of time for their time spent completing these mandatory training modules, even though PLAINTIFFS and Class Members regularly spent more time on the mandatory training module than what was allocated to them by DEFENDANTS.

25.  Moreover, DEFENDANTS gave remote access to the mandatory training

modules to PLAINTIFFS and Class Members such that PLAINTIFFS and Class Members would complete some mandatory training modules at home. When PLAINTIFFS and Class Members would report the time they spent completing a mandatory training module at home DEFENDANTS would refuse to fully compensate them for their time. Irrespective of whether PLAINTIFFS and Class Members reported the time they spent completing training modules at home, DEFENDANTS' were aware that training modules were being completed outside of assigned shift times at home and should have compensated PLAINTIFFS and Class Members for this time or had procedures in place to track and record this time so that payment could be made.

26.   DEFENDANTS later changed the policy of allowing PLAINTIFFS and Class Members to have remote access to the mandatory training module. PLAINTIFFS and Class Members are required to complete all training modules at a CVS store, but are not given sufficient time to complete training modules during scheduled shifts. Supervisors of PLAINTIFFS and Class members are aware that they are unable to complete training modules during scheduled shifts, and contact PLAINTIFFS and Class Members outside of their scheduled shift to instruct them to complete training modules that were due. PLAINTIFFS and Class Members must travel to a CVS store off the clock and complete mandatory training modules without clocking in or out, without reporting the actual time spent completing the training modules, and/or without being compensated for the actual time spent completing the training modules.

27.   On information and belief, CVS knew when PLAINTIFFS or a Class Member first viewed the notification of a pending mandatory training module, when PLAINTIFFS or a Class Member began working on it, and when PLAINTIFFS or a Class Member completed it.

28.   Each mandatory training module came with an estimated amount of time

that CVS believed it would take PLAINTIFFS and Class Members to complete. DEFENDANTS refused to pay PLAINTIFFS and Class Members for the actual time that they spent completing CVS'S mandatory training modules.  On information and belief, DEFENDANTS would compensate PLAINTIFFS and Class Members only for the estimated amount of time, if at all, that DEFENDANTS believed the mandatory training module should take to complete.  PLAINTIFFS and Class Members would not receive the full compensation that they were due, whether at their regular rate of pay or their overtime rate of pay, as applicable, for the actual time that they spent completing these mandatory training modules for CVS.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE

### (Cal. Labor Code § 1194)

### By PLAINTIFFS individually and on behalf of the Class against all DEFENDANTS

29.    As a separate and distinct cause of action, PLAINTIFFS reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

30.    DEFENDANTS routinely required PLAINTIFFS and Class Members to complete mandatory training modules without full compensation for the time actually spent on such modules.  As a result, DEFENDANTS failed to pay PLAINTIFFS and Class Members at their regular rate of pay for all hours worked.

31.    PLAINTIFFS are informed and believe, and thereon allege that the failure of DEFENDANTS to fully compensate PLAINTIFFS and Class Members all of their wages due and their regular rate of pay was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

32.     As a proximate cause of the aforementioned violations, PLAINTIFFS and Class Members have been damaged in an amount according to proof at time of trial.  PLAINTIFFS and Class Members are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code section 558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code §§ 1194, et. seq.

33.     WHEREFORE, PLAINTIFFS request relief as hereafter provided.

### SECOND CAUSE OF ACTION

**FAILURE TO PAY OVERTIME COMPENSATION**

**(Cal. Labor Code § 1194)**

**By PLAINTIFFS individually and on behalf of the Class against all**

**DEFENDANTS**

34.     As a separate and distinct cause of action, PLAINTIFFS reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

35.     DEFENDANTS routinely required PLAINTIFFS and Class Members to complete mandatory training modules without full compensation for the time actually spent on such modules.  As a result, DEFENDANTS failed to pay PLAINTIFFS and Class Members at their overtime rate for all such hours worked that were in excess of their eighth (8th) hour of work per day, or fortieth (40th) hour per week.

36.     PLAINTIFFS are informed and believe, and thereon allege that the failure of DEFENDANTS to fully compensate PLAINTIFFS and Class Members for overtime work was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

37.     As a proximate cause of the aforementioned violations, PLAINTIFFS and Class Members have been damaged in an amount according to proof at time of

trial.  PLAINTIFFS and Class Members are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code section 558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code §§ 1194, *et. seq.*

38.    WHEREFORE, PLAINTIFFS request relief as hereafter provided.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Cal. Labor Code § 226)

### By PLAINTIFFS individually and on behalf of the Class against all

### DEFENDANTS

39.    As a separate and distinct cause of action, PLAINTIFFS reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

40.    California Labor Code section 226 requires all employers to provide accurate itemized wage statements to each employee for wages earned during that pay period.

41.    DEFENDANTS failed to provide PLAINTIFFS and Class Members with accurate itemized wage statements as required by California Labor Code section 226. In particular, by virtue of the foregoing policies and practices, DEFENDANTS knowingly and intentionally did not state on PLAINTIFFS' and Class Members' payroll records the time that they had actually worked including the regular wages or overtime that they had earned.

42.    PLAINTIFFS are informed and believe, and based thereon allege that DEFENDANTS knowingly and intentionally provided inaccurate payroll records in order to conceal their unlawful payment practices.  As a result, PLAINTIFFS and Class Members are entitled to recover the greater of all actual damages or fifty dollars

1  ($50) for the initial pay period in which a violation occurs and one hundred dollars

2  ($100) per employee for each violation in a subsequent pay period, not exceeding an

3  aggregate penalty of four thousand dollars ($4,000) per employee, and are entitled to

4  an award of costs and reasonable attorney fees.

5       43.    WHEREFORE, PLAINTIFFS request relief as hereafter provided.

6                    **FOURTH CAUSE OF ACTION**

7                    **WAITING TIME PENALTIES**

8                    **(Cal. Lab. Code §§ 201-203)**

9       **By PLAINTIFFS individually and on behalf of the Class against all**

10                   **DEFENDANTS**

11      44.    As a separate and distinct cause of action, PLAINTIFFS reallege and

12  incorporate by reference, as though fully set forth herein, all the allegations contained

13  in the preceding paragraphs of this Complaint, excepting those allegations which are

14  inconsistent with this cause of action.

15      45.    At the time of resignation or termination of PLAINTIFFS and all other

16  former employee class members, DEFENDANTS owed PLAINTIFFS and all other

17  former-employee Class Members wages that had not been paid to them when they

18  became due.

19      46.    DEFENDANTS willfully failed to pay PLAINTIFFS and all other

20  former-employee Class Members all wages due and owing them immediately upon

21  termination or resignation, or within 72 hours of resignation, in violation of

22  California Labor Code sections 201 and 202.

23      47.    DEFENDANTS never tendered payment of all wages due and owing to

24  PLAINTIFFS or any other former-employee Class Members at any time.  Based on

25  DEFENDANTS' conduct as alleged herein, PLAINTIFFS and all other former-

26  employee Class Members are entitled to recover waiting-time penalties at their daily

27  rate of pay multiplied by the number of days the wages went unpaid, up to a

28

1    maximum of 30 days in an amount to be proven at trial.

2        48.    WHEREFORE, PLAINTIFFS request relief as hereafter provided.

3                            **FIFTH CAUSE OF ACTION**

4                         **UNFAIR BUSINESS PRACTICES**

5                    **(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

6        **By PLAINTIFFS individually and on behalf of the Class against all**

7                                    **DEFENDANTS**

8        49.    As a separate and distinct cause of action, PLAINTIFFS reallege and
9    incorporate by reference, as though fully set forth herein, all the allegations contained
10   in the preceding paragraphs of this Complaint, excepting those allegations which are
11   inconsistent with this cause of action.

12       50.    The Unfair Competition Law, Business & Professions Code sections
13   17200 *et seq.*, defines unfair competition to include any "unfair," "unlawful" or
14   "deceptive" business practice, and provides for restitutionary relief for violations.

15       51.    DEFENDANTS have committed numerous unfair, unlawful, or
16   deceptive business practices including but not limited to: (1) failing to compensate
17   PLAINTIFFS and other non-exempt pharmacists properly for time spent completing
18   mandatory training modules for DEFENDANTS; (2) willfully failing to pay
19   PLAINTIFFS and other non-exempt pharmacists all compensation due promptly upon
20   the termination of their employment relationships with DEFENDANTS; and (3)
21   knowingly and intentionally providing inaccurate payroll records to PLAINTIFFS
22   and other non-exempt pharmacists.

23       52.    The actions of DEFENDANTS detailed herein against PLAINTIFFS and
24   Class Members constitute unfair, unlawful and deceptive business practices, and
25   further, constitute actions for which restitutionary relief is available.

26       53.    As a proximate result of DEFENDANTS' actions, PLAINTIFFS have
27   suffered injury in fact and lost money or property.

28

54. PLAINTIFFS are informed and believe that DEFENDANTS continue to engage in the practices described herein and are continuing and will continue to benefit financially from these unlawful and unfair practices unless enjoined by this court from doing so.

55. Under Business and Professions Code sections 17200, *et seq.*, PLAINTIFFS and other current and former aggrieved employees of DEFENDANTS are entitled to restitution of all funds, which lawfully should have been paid as wages and/or overtime to any and all current or former employees and wrongfully withheld by DEFENDANTS, for the last four years, together with interest thereon.

56. Under Business and Professions Code sections 17200, *et seq.*, PLAINTIFFS and other current and former aggrieved employees of DEFENDANTS are entitled to restitution of all funds which should have been paid as premium wages, civil penalties, or other penalties to any and all current or former employees for the last four years, as well as costs and reasonable attorneys fees pursuant to statute.

57. Under Business and Professions Code sections 17200, *et seq.*, DEFENDANTS should be enjoined from any and all unfair, unlawful and deceptive business practices as these practices are harmful to the general public.

58. WHEREFORE, PLAINTIFFS request relief as hereafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for relief and judgment against all DEFENDANTS, jointly and severally, as follows:

1. For an order determining that this action may be maintained as a class action;

2. For an order appointing PLAINTIFFS as the representatives of the Class as indicated and defined herein;

3.   For an order appointing counsel for PLAINTIFFS' counsel as Class counsel;

4.   For general and compensatory damages according to proof;

5.   For restitution of all monies due to PLAINTIFFS and the Class from the unlawful business practices;

6.   For exemplary and punitive damages due to PLAINTIFFS and the Class due to the unlawful conversion;

7.   For interest accrued to date;

8.   For costs of the suit incurred;

9.   For disgorgement of profits garnered as a result of DEFENDANTS' unlawful failure to pay wages, including overtime wages earned;

10.   For attorneys' fees and costs pursuant to statute and all other applicable law; and

11.   For such other and further relief as this Court may deem appropriate.

Dated: July 24, 2017                    Respectfully submitted,

ALEXANDER KRAKOW + GLICK LLP
LAW OFFICES OF THOMAS W. FALVEY


By: /s/ Michael S. Morrison
    Michael S. Morrison

Attorneys for Plaintiffs SEVAG CHALIAN and TAMARA ALEKSANDRYAN, and the Proposed Class

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFFS and the Proposed Class hereby demand a trial by jury on all

3  issues so triable.

4  Dated:        July 24, 2017          Respectfully submitted,

5                                        ALEXANDER KRAKOW + GLICK LLP
                                         LAW OFFICES OF THOMAS W. FALVEY
6

7

8                                        By: /s/ Michael S. Morrison
                                             Michael S. Morrison
9
                                         Attorneys for Plaintiffs SEVAG CHALIAN and
10                                        TAMARA ALEKSANDRYAN and the
                                         Proposed Class
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Michael Morrison, an employee in the City of Santa Monica, certify that on September 5, 2017, caused a true and correct copies of the foregoing be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this matter:

## FIRST AMENDED CLASS ACTION COMPLAINT

| *Counsel for Defendant:* | *Co-Counsel for Plaintiff:* |
|---|---|
| Tyler R. Andrews, Esq.<br>Roger L. Scott, Esq.<br>GREENBERG TRAURIG, LLP<br>3161 Michelson Drive, Suite 1000<br>Irvine, California 92162<br>Tel: 949 732 6500<br>Fax: 949 732 6501<br>Email: andrewst@gtlaw.com<br>scottro@gtlaw.com | Thomas W. Falvey, Esq.<br>Michael H. Boyamian, Esq.<br>Armand R. Kizirian, Esq.<br>Law Offices of Thomas W. Falvey<br>550 N. Brand Blvd., Suite 1550<br>Glendale, California 91203<br>Tel: 818 547 5200<br>Fax: 818 500 9307 |

September 5, 2017                    ALEXANDER KRAKOW + GLICK LLP

By:    s/ Michael Morrison
       MICHAEL MORRISON
       401 Wilshire Boulevard, Suite 1000
       Santa Monica, CA 90401
       Attorneys for Plaintiff,
       Sevag Chalian