James N. Boudreau (SBN PA 77891)
*Admitted pro hac vice*
Christiana L. Signs (SBN PA 317851)
*Admitted pro hac vice*
GREENBERG TRAURIG, LLP
2700 Two Commerce Square, 2001 Market Street
Philadelphia, Pennsylvania 19103
Telephone: 215.988.7800
Facsimile: 215.988.7801
boudreauj@gtlaw.com
signsc@gtlaw.com

Tyler R. Andrews (SBN CA 250686)
GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
andrewst@gtlaw.com

Attorneys for Defendants CVS Pharmacy, Inc., CVS Rx
Services, Inc., Garfield Beach CVS, LLC, and Does 1
through 100

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, on behalf of himself and all others similarly situated and the general public,<br><br>        Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California Limited Liability Company; and DOES1 through 100, inclusive,<br><br>        Defendants. | CASE NO.  2:16-cv-08979-AB-AGR<br><br>**NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE:    March 23, 2018<br>TIME:    10:00 a.m.<br>CTRM:   7B<br>JUDGE:  Hon. André Birotte Jr. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 23, 2018 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable André Birotte Jr. in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA 90012, Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC ("CVS") will and hereby do move pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 2, 2018.

Plaintiff Sevag Chalian asserts five claims in this case, all arising out of the allegation that CVS failed to pay him for all time worked. Mr. Chalian, however, previously asserted these exact five claims as a class member in no fewer than four prior lawsuits against CVS. The doctrine of res judicata bars Mr. Chalian from re-asserting these claims again in this Court. Because the pleadings reveal there is no issue of material fact that precludes judgment in CVS's favor on Mr. Chalian's already adjudicated claims, the Court should enter judgment in CVS's favor and dismiss this case in its entirety.

CVS's motion for judgment on the pleadings is and will be made based upon this Notice, the accompanying Memorandum of Points and Authorities, the attached declaration of attorney Christiana L. Signs, the Request for Judicial Notice submitted herewith, all other pleadings in this action, and such other written or oral argument as the Court may entertain.

DATED:  February 9, 2018                          GREENBERG TRAURIG, LLP


By    _/s/ James N. Boudreau_
             James N. Boudreau
             Attorneys for Defendants CVS Pharmacy, Inc.,
             CVS Rx Services, Inc., Garfield Beach CVS, LLC,
             and Does 1 through 100

## MEMORANDUM OF POINTS AND AUTHORITIES

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND .............................................................................................. 1

     A.    Mr. Chalian Worked For CVS From 2008 To 2013. ......................... 1
     B.    Mr. Chalian Files This Putative Wage And Hour Class Action. ..................... 1
     C.    Mr. Chalian Already Litigated His Wage And Hour Claims. ..................... 2

          1.    The *Stark* Lawsuit ............................................................... 2
          2.    The *Ibrahim* Lawsuit ........................................................... 3
          3.    The *Meneses* Lawsuit ........................................................... 3
          4.    The *Connell* Lawsuit ............................................................ 4
          5.    The California Pharmacists and CVS Settle Their Dispute Over CVS's Alleged Failure To Pay Pharmacists For All Time Worked ............................................................................. 5

     D.    Relevant Procedural History Of This Case .................................... 7

III.  ARGUMENT ................................................................................................... 8

     A.    Standard Of Review On Motion For Judgment On The Pleadings. .......................................................................................... 8
     B.    The Doctrine Of Res Judicata Bars Mr. Chalian's Claims. ........................ 9

          1.    Mr. Chalian Raises The Same Claims Here As The Plaintiffs In *Stark, Ibrahim, Meneses, and Connell* ................................. 10
          2.    *Stark*, *Ibrahim*, *Meneses*, and *Connell* Resulted In Final Judgments On The Merits ..................................................... 12
          3.    Mr. Chalian Is In Privity With The Named Plaintiffs In *Stark, Ibrahim*, *Meneses*, and *Connell*. .................................. 13

IV.  CONCLUSION .............................................................................................. 14

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3

*Busick v. Workmen's Comp. Appeals Bd.*,
4     500 P.2d 1386 (Ca. 1972) ............................................................................ 9, 10

5 *In re Cellphone Termination Fee Cases*,
6     104 Cal. Rptr. 3d 275 (Cal. Ct. App. 2009) ..................................................... 12

7 *Connell v. CVS Pharmacy, Inc., et al.*,
    Los Angeles Superior Court No. BC523172 ...................................................... 2

8 *Costantini v. Trans World Airlines*,
9     681 F.2d 1199 (9th Cir. 1982) ............................................................................ 9

10 *Federal Home Loan Bank of San Francisco*, 154 Cal. Rptr. 3d 873 ............................... 10

11 *Fleming v. Pickard*,
    581 F.3d 922 (9th Cir. 2009) .............................................................................. 9

12 *Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
13     896 F.2d 1542 (9th Cir. 1989) ........................................................................... 9

14 *Heliotrope Gen., Inc. v. Ford Motor Co.*,
15     189 F.3d 971 (9th Cir. 1999) ............................................................................. 9

16 *Howard v. Am. Online Inc.*,
    208 F.3d 741 (9th Cir. 2000) ............................................................................ 12

17 *Ibrahim v. CVS Pharmacy, Inc., et al.*,
18     Los Angeles County Superior Court No. BC489738 .......................................... 2

19 *Mata v. City of Los Angeles*,
    No. 07-cv-06782 GAF AJWx, 2009 WL 10670610 (C.D. Cal. Apr. 6,
20     2009) ................................................................................................................... 8

21 *Meneses v. CVS Pharmacy, Inc., et al.*,
22     Los Angeles County Superior Court Case No. BC489739 ............................... 2

23 *Moore v. Kroger Co.*,
    No. C-13-04171 DMR, 2014 WL 825428 (N.D. Cal. Feb. 28, 2014) ........................... 9

24 *Richardson v. Wells Fargo Bank, N.A.*,
25     839 F.3d 442 (5th Cir. 2016) ........................................................................... 11

26 *Stark v. CVS Pharmacy, Inc., et al.*,
    Los Angeles County Superior Court, No. BC476431 ........................................ 2

27 *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*,
28     547 F.3d 943 (9th Cir. 2008) ............................................................................. 9

*Villacres v. ABM Industries Inc.*,
 117 Cal. Rptr. 3d 398 (Cal. Ct. App. 2010)...................................................... 1, 10, 11, 13

*Weikel v. TCW Realty Fund II Holding Co.*,
 65 Cal. Rptr. 2d 25 (Cal. Ct. App. 1997)......................................................... 10

**Statutes**

Cal. Lab. Code §§ 201-203 ............................................................................... 1, 4, 12

Cal. Lab. Code § 203 ......................................................................................... 5

Cal. Lab. Code § 226 ......................................................................................... *passim*

Cal. Lab. Code § 226.7 ...................................................................................... 11

Cal. Lab. Code § 512 ......................................................................................... 11

Cal. Lab. Code § 1194 ....................................................................................... *passim*

Cal. Lab. Code § 2802 ....................................................................................... 2

**Other Authorities**

Cal. Civ. Proc. 3.7699(a) .................................................................................. 12

Fed. R. Civ. P. 10 .............................................................................................. 8

Fed. R. Civ. P. 12(c) ......................................................................................... 8

NEWBERG ON CLASS ACTIONS § 18:19 (5th ed.) ............................................ 13

iii   CASE NO.  2:16-cv-08979-AB-AGR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

## I.   __INTRODUCTION__

This is a putative wage and hour class action. But the Named Plaintiff Sevag Chalian has already brought suit and recovered on the very wage and hour claims he asserts in this case. Specifically, Mr. Chalian was a settlement class member in no fewer than *four* prior lawsuits against the same defendants, CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC ("CVS"). Each of those prior lawsuits asserted similar if not identical claims to those asserted here. Mr. Chalian was a class member in each of those cases, and he received compensation upon their settlement and dismissal. As a result, the doctrine of res judicata unequivocally bars this case. *Villacres v. ABM Industries Inc.*, 117 Cal. Rptr. 3d 398, 404 (Cal. Ct. App. 2010) ("a court-approved settlement in a prior suit precludes subsequent litigation on the same cause of action.")

## II.   __BACKGROUND__

### A.   __Mr. Chalian Worked For CVS From 2008 To 2013.__

Mr. Chalian worked for CVS Rx Services, Inc. from 2006 until August 28, 2013.[1] He worked as a non-exempt pharmacist in California in two different CVS Regions, Region 65 and Region 72.[2]

### B.   __Mr. Chalian Files This Putative Wage And Hour Class Action.__

On July 20, 2016, Mr. Chalian filed this putative class action asserting five claims: (1) unpaid wages, in violation of Labor Code § 1194, (2) unpaid overtime, in violation of Labor Code § 1194, (3) failure to provide accurate wage statements, in violation of Labor Code § 226, (4) waiting time penalties under Labor Code §§ 201-203, and (5) unfair business practices.[3] In short, Mr. Chalian alleges CVS failed to properly compensate him for all of the time he worked.[4]

---

[1] FAC ¶¶ 7, 17 ECF No. 44; Defs.' Answer to Pl.'s FAC ¶ 7, 17, ECF No. 46.
[2] FAC ¶¶ 7, 17, 19, ECF No. 44.
[3] Compl., ECF No. 1-1.
[4] *Id.*

C.     **Mr. Chalian Already Litigated His Wage And Hour Claims.**

Prior to this lawsuit, Mr. Chalian participated as a settlement class member in four other cases which alleged, among other things, that CVS failed to compensate current and former employees properly: (1) *Stark v. CVS Pharmacy, Inc., et al.*, Los Angeles County Superior Court, No. BC476431; (2) *Ibrahim v. CVS Pharmacy, Inc., et al.*, Los Angeles County Superior Court No. BC489738;[5] (3) *Meneses v. CVS Pharmacy, Inc., et al.*, Los Angeles County Superior Court Case No. BC489739; and (4) *Connell v. CVS Pharmacy, Inc., et al.*, Los Angeles Superior Court No. BC523172.[6] The same defendants Mr. Chalian names in this case— CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC—were defendants in those other cases.[7] The same law firm that represents Mr. Chalian in this case, the Law Offices of Thomas W. Falvey, also served (among others) as class counsel in those cases.[8] The four previous lawsuits spanned more than four years and together resulted in Mr. Chalian receiving $6,779.16 in settlement payments from CVS.[9]

1.     **The *Stark* Lawsuit**

The first lawsuit, *Stark*, commenced on January 5, 2012 with the filing of a complaint asserting six claims: (1) unpaid wages, in violation of Labor Code § 1194, (2) unpaid overtime, in violation of Labor Code § 1194, (3) failure to reimburse business expenses, in violation of Labor Code § 2802, (4) failure to provide accurate wage statements, in violation of Labor Code § 226, (5) conversion, and (6) unfair business

---

[5] *Stark* and *Ibrahim* ultimately settled as part of the same class action settlement.

[6] *See* Mr. Chalian's Claim Forms and Checks, Ex. 1 to Defs.' Answer to Pl.'s FAC, ECF No. 46-2 at 2-11.

[7] *See* Complaints, Exs. 2-3, 6-7, 9-10, and 13-14 to RJN.

[8] Courts awarded class counsel in those cases over $4 million in attorneys' fees. *See Meneses* Final Judgment at ¶¶ 7-8, Ex. 11 to RJN; *Stark* Final Judgment at ¶¶ 7-8, Ex. 4 to RJN; *Connell* Final Judgment at ¶¶ 7-8, Ex. 15 to RJN.

[9] *See* Settlement Checks, Ex. 1 to Defs.' Answer to Pl.'s FAC, ECF No. 46-2 at 6, 10-11.

practices.[10] The named plaintiff asserted these claims on behalf of a class of individuals who worked as non-exempt "floater" pharmacists for CVS in California in Region 65. The plaintiff alleged CVS failed to properly compensate these individuals for all of the time they worked.[11] On February 7, 2012, the named plaintiff in *Stark* amended the complaint to add a Private Attorneys General Act ("PAGA") claim.[12]

### 2. The *Ibrahim* Lawsuit

On August 7, 2012, the *Ibrahim* lawsuit was filed. The *Ibrahim* complaint asserts the same six claims as the *Stark* complaint originally did. It asserts those claims on behalf of a very similar "floater" pharmacist class; the only difference is that the putative class outlined in the *Ibrahim* complaint consists of individuals who worked in floater pharmacist positions in Region 72 (as opposed to Region 65, as in *Stark*).[13] The *Ibrahim* complaint also alleges CVS asked class members to work seven days in a row without a day's rest and without properly paying them for the work.[14]

### 3. The *Meneses* Lawsuit

The *Meneses* complaint also alleges a failure to properly compensate class members for their work on more than six consecutive days. But the *Meneses* complaint alleges this wrong on behalf of individuals who worked in *any* non-exempt pharmacist position (not just a "floater" pharmacist position) in California in CVS Region 72.[15]

The *Meneses* complaint asserts four of the claims asserted in the *Stark* and *Ibrahim* actions: (1) unpaid overtime, in violation of Labor Code § 1194, (2) failure to provide

---

[10] *Stark* Docket at Document No. 0001, Ex. 1 to RJN; *Stark* Compl., Ex. 2 to RJN.

[11] *Stark* Compl. ¶¶ 1, 14, 18, Ex. 2 to RJN.

[12] *Stark* Docket at Document No. 0004, Ex. 1 to RJN; *Stark* Am. Compl., Ex. 3 to RJN.

[13] *Ibrahim* Docket at Document No. 0001, Ex. 5 to RJN; *Ibrahim* Compl. ¶¶ 1, 15, 20, Ex. 6 to RJN. By splitting their wage and hour claims by region, plaintiffs largely avoided removal to federal court.

[14] *Ibrahim* Compl. ¶¶ 21, Ex. 6 to RJN.

[15] *Meneses* Docket at Document No. 0001, Ex. 8 to RJN; *Meneses* Compl. ¶¶ 1, 15, 20-21, Ex. 9 to RJN.

accurate wage statements, in violation of Labor Code § 226, (3) conversion, and (4) unfair business practices.[16]

Over the course of the next year, the named plaintiffs in *Ibrahim* and *Meneses* amended their complaints. On April 4, 2013, the *Meneses* complaint was amended to substitute a new named plaintiff for the original Ms. Meneses and to add two additional claims: (1) one for waiting time penalties, pursuant to Labor Code §§ 201-203, and the second (2) a PAGA claim.[17] On May 8, 2013, the named plaintiff in *Ibrahim* also amended his complaint, also adding a claim for waiting time penalties.[18]

### 4.    The *Connell* Lawsuit

On October 2, 2013, the fourth action, *Connell*, commenced with the filing of a complaint alleging five claims: (1) unpaid overtime, in violation of Labor Code § 1194, (2) failure to provide accurate wage statements, in violation of Labor Code § 226, (3) waiting time penalties, pursuant to Labor Code §§ 201-203, (4) conversion, and (5) unfair business practices.[19] The *Connell* complaint alleges CVS failed to properly compensate class members for working more than six consecutive days. But instead of defining a class of those who worked in California in a pharmacist position in *Region 72* (as the *Meneses* complaint does), the *Connell* complaint asserts claims on behalf of such individuals who worked in *Region 65*.[20]

---

[16] *Meneses* Compl., Ex. 9 to RJN.
[17] *Meneses* Docket at Document No. 0014, Ex. 8 to RJN; *Meneses* Am. Compl., Ex. 10 to RJN.
[18] *Ibrahim* Docket at Document No. 0041, Ex. 5 to RJN; *Ibrahim* Am. Compl., Ex. A to Notice of Order re: Stipulation to Allow Filing of First Amended Complaints, Ex. 7 to RJN. *See also Stark* Docket at Document No. 0039, Ex. 1 to RJN. The *Ibrahim* and *Stark* actions were ultimately consolidated.
[19] *Connell* Docket at Document No. 0001, Ex. 12 to RJN; *Connell* Compl., Ex. 13 to RJN.
[20] *Connell* Compl. ¶¶ 1, 15, 20-21, Ex. 13 to RJN. Again, by filing a different action for each region, plaintiffs were trying to skirt removal to federal court. Notably, on November 18, 2013, the named plaintiff in *Connell* amended his complaint, but his amendments did not change the claims asserted. Rather, he modified the allegations in support of his

### 5.   The California Pharmacists and CVS Settle Their Dispute Over CVS's Alleged Failure To Pay Pharmacists For All Time Worked.

The named plaintiffs in *Stark*, *Ibrahim*, *Meneses*, and *Connell* ultimately settled their claims against CVS on behalf of three different settlement classes. These settlements resulted in final judgments on the merits. The California Superior Court entered a settlement approval order and final judgment in the *Meneses* case first, on October 16, 2014.[21] It certified a settlement class of "All persons who are or were employed by DEFENDANTS as non-exempt pharmacists in DEFENDANTS' Region 72 in the State of California, and who worked more than six consecutive days of work at any time during the class period."[22]

Mr. Chalian is a member of the *Meneses* settlement class.[23] He received $3,423.57 in exchange for settling his claims.[24] By operation of the court's final approval order and entry of final judgment in the *Meneses* case, Mr. Chalian released CVS from all claims alleged in the operative *Meneses* complaint upon the effective date of the final approval order.[25] This includes "all claims for penalties and seventh-day overtime pay for any pharmacist who worked in Region 72 during the relevant class period relating to the allegation in the case that pharmacists worked more than six consecutive days without receiving a day off or overtime, and includes all such related claims (including violations under Labor Code sections 203 (waiting time) and 226 (pay stubs)) or claims arising out

conversion claim. *Connell* Docket at Document No. 0005, Ex. 12 to RJN; *compare Connell* Compl. ¶¶ 38-44, Ex. 13 to RJN, *with Connell* Am. Compl. ¶¶ 38-44, Ex.14 to RJN.

[21] *Meneses* Docket at Document No. 0082, Ex. 8 to RJN; *Meneses* Final Judgment, Ex. 11 to RJN.

[22] *Meneses* Final Judgment p. 2, Ex. 11 to RJN.

[23] *See* FAC ¶¶ 17, 19, ECF No. 44 (stating Mr. Chalian worked as a non-exempt pharmacist in Regions 65 and 72); Settlement Check, Ex. 1 to Defs.' Answer to Pl.'s FAC, ECF No. 46-2 at 6.

[24] Settlement Check, Ex. 1 to Defs.' Answer to Pl.'s FAC, ECF No. 46-2 at 6.

[25] *Meneses* Final Judgment ¶ 14, Ex. 11 to RJN.

of the allegation."[26] The release expressly excludes, however, "claims for unpaid wages related to travel or travel expenses by floaters who contend they were not compensated for travel time and expenses when traveling to different CVS stores, other than any penalties that may arise in the floater cases (to avoid potential double recovery of such penalties)."[27] In other word, the release carves out the claims asserted in the *Stark* and *Ibrahim* lawsuits.

On February 2, 2015, the California Superior Court entered a settlement approval order and final judgment in the *Connell* case.[28] The Court certified a settlement class with the same definition as that settlement class certified in *Meneses*, except that the class pertained to individuals who worked in Regions 54, 65 and/or 74, rather than Region 72.[29]

Mr. Chalian is a member of the *Connell* settlement class. He received $2,833.41.[30] Notably, *Connell* was a claims-made settlement, meaning Mr. Chalian had to return a claim form to receive his settlement check.[31] The release language in the *Connell* final judgment is the same as that in the *Meneses* final judgment, releasing CVS from all claims alleged in the operative complaint, but specifically carving out the claims asserted in the *Stark* and *Ibrahim* lawsuits.[32]

Finally, on November 30, 2016, the California Superior Court entered a settlement approval order and final judgment in the *Stark* and *Ibrahim* cases, the "floater cases" in which Mr. Chalian was involved.[33] The Court certified a settlement class consisting of "All hourly, nonexempt pharmacists who are or were employed by CVS in Regions 54,

---

[26] *Id.*

[27] *Id.*

[28] *Connell* Final Judgment, Ex. 15 to RJN.

[29] *Connell* Final Judgment p. 1, Ex. 15 to RJN.

[30] *See* FAC ¶¶ 17, 19, ECF No. 44 (stating Mr. Chalian worked as a non-exempt pharmacist in Regions 65 and 72); Settlement Check, Ex. 1 to Defs.' Answer to Pl.'s FAC, ECF No. 46-2 at 10.

[31] Executed Claim Form, Ex. Ex. 1 to Defs.' Answer to Pl.'s FAC, ECF No. 46-2 at 7-9.

[32] *Connell* Final Judgment ¶ 14, Ex. 15 to RJN.

[33] *Stark* Final Judgment, Ex. 4 to RJN.

CASE NO.  2:16-cv-08979-AB-AGR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

60, 65, 72, 73, and 74 in the State of California and who were classified as a 'floater' and/or worked in more than one CVS pharmacy in a calendar year."[34]

Mr. Chalian is a member of the *Stark* and *Ibrahim* settlement class.[35] He received $522.18 in exchange for settling his claims.[36] By operation of the court's final approval order and entry of final judgment in the *Stark* and *Ibrahim* cases, Mr. Chalian released CVS from all claims alleged in the operative complaints.[37]

The final settlement approval orders and final judgments in *Meneses*, *Connell*, and *Stark/Ibrahim* all "permanently barred and enjoined" class members from prosecuting any claims released under the terms of the settlements.[38]

## D.   Relevant Procedural History Of This Case

On July 6, 2017, CVS moved for leave to file a preliminary motion for summary judgment on the grounds that res judicata barred Mr. Chalian's claims in this case in light of his participation in the multiple settlements, described above.[39] In response, Mr. Chalian sought leave to amend his complaint to add another named plaintiff and putative class representative, Tamara Aleksandryan.[40] On August 29, 2017, the Court granted Mr. Chalian's motion, ordering him to file an amended complaint within seven days.[41] The Court denied CVS's motion for leave to file a preliminary motion for summary judgment on Mr. Chalian's claims, explaining that because CVS intended to pursue some of the

---

[34] *Stark* Final Judgment p.1, Ex. 4 to RJN.
[35] *See* FAC ¶¶ 17, 19, ECF No. 44 (stating Mr. Chalian worked as a non-exempt pharmacist in Regions 65 and 72); Settlement Check, Ex. 1 to Defs.' Answer to Pl.'s FAC, ECF No. 46-2 at 11.
[36] Settlement Check, Ex. 1 to Defs.' Answer to Pl.'s FAC, ECF No. 46-2 at 11.
[37] *Stark* Final Judgment ¶ 14, Ex. 4 to RJN.
[38] *Meneses* Final Judgment ¶ 15, Ex. 11 to RJN; *Connell* Final Judgment ¶ 15, Ex. 15 to RJN; *Stark* Final Judgment ¶ 15, Ex. 4 to RJN.
[39] Notice of Mot. and Mot. for Leave to File Mot. for Summ. J., ECF No. 31.
[40] Pl.'s Notice of Mot. and Mot. for Leave to File A First Am. Compl., ECF No. 37.
[41] Minute Order, ECF No. 43.

same defenses against Ms. Aleksandryan—namely, that her involvement in prior class action settlements precluded her wage and hour claims as well—it would not be efficient for the court or the parties to litigate Mr. Chalian's claims separately.[42]

On September 5, 2017, Mr. Chalian filed a First Amended Complaint ("FAC") adding Ms. Aleksandryan as a second named plaintiff.[43] On September 19, 2017, CVS filed an answer and affirmative and other defenses.[44] CVS asserted res judicata as its third affirmative defense and filed with its answer the claim forms and checks issued to Mr. Chalian and Ms. Aleksandryan in connection with their involvement in previous wage and hour settlements.[45]

Also on September 19, 2017, CVS moved to compel arbitration of Ms. Aleksandryan's claims.[46] On October 17, 2017, the Court granted CVS's motion, ordering Ms. Aleksandryan to proceed in arbitration and dismissing her from the case.[47] The Court's order leaves Mr. Chalian the sole plaintiff in this action, alleviating the Court's prior concern about resolving Mr. Chalian's claims based on his previous settlements.

## III.  ARGUMENT

### A.  Standard Of Review On Motion For Judgment On The Pleadings.

Federal Rule of Civil Procedure 12(c) authorizes a party to move for judgment on the pleadings after the pleadings close. In ruling on such a motion, a court considers all of the pleadings—including both the complaint and answer—and any documents attached thereto. *See, e.g.*, *Mata v. City of Los Angeles*, No. 07-cv-06782 GAF AJWx, 2009 WL 10670610, at *3 (C.D. Cal. Apr. 6, 2009) (court ruling on Rule 12(c) motion "must

---

[42] *Id.* at 2.

[43] FAC, ECF No. 44. The FAC does not otherwise change the claims asserted in this case. *Compare*, Compl., ECF No. 1-1, *with* FAC, ECF No. 44.

[44] Defs.' Answer to Pl.'s FAC, ECF No. 46.

[45] *Id.* 8; ECF No. 46-1.

[46] Notice of Mot. to Compel Arbitration, ECF No. 47.

[47] Minute Order, ECF No. 52.

consider all of the relevant pleadings, not just the complaint"); Fed. R. Civ. P. 10 (a document attached as an exhibit to a pleading is "part of the pleading for all purposes"). A court may also consider information and material of which it may take judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *see also Moore v. Kroger Co.*, No. C-13-04171 DMR, 2014 WL 825428, at *2 (N.D. Cal. Feb. 28, 2014) ("On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.").

With respect to the allegations contained in the pleadings, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party *which have been denied* are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (emphasis added). Taking all of this into consideration, "[j]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (internal citations omitted). Notably, a court may grant judgment on the pleadings with respect to both issues a plaintiff raises in a complaint and issues a defendant raises in an affirmative defense. *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 956 n. 4 (9th Cir. 2008).

**B.    The Doctrine Of Res Judicata Bars Mr. Chalian's Claims.**

Under California law,[48] the doctrine of res judicata, or claim preclusion, is broad.  It provides that a final judgment in one case bars later litigation between the same parties or their privies arising out of the same subject matter.   *E.g.*, *Busick v. Workmen's Comp. Appeals Bd.*, 500 P.2d 1386, 1390 (Ca. 1972). The public policy rationale underlying the

---

[48] As a federal court sitting in diversity, this Court applies the res judicata law of the state in which it sits. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).

CASE NO.  2:16-cv-08979-AB-AGR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

doctrine is finality. It prevents inefficient piecemeal resolution of disputes to the "harassment and vexation" of a party sued multiple times. *Id.*; *see also Weikel v. TCW Realty Fund II Holding Co.*, 65 Cal. Rptr. 2d 25, 31 (Cal. Ct. App. 1997) ("Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief.") (internal citations omitted).

The doctrine of res judicata applies with full force and effect when it comes to the finality of judgments resulting from class action settlements. *Villacres v. ABM Indus. Inc.*, 117 Cal. Rptr. 3d 398, 410 (Cal. Ct. App. 2010). It applies upon a showing of three elements: (1) that the claims in the new action either were asserted or could have been asserted in the old action; (2) that the prior action(s) resulted in a final judgment on the merits; and (3) that the parties in the new action, or their privies, were parties in the old action(s) as well. *Id.*

### 1. Mr. Chalian Raises The Same Claims Here As The Plaintiffs In *Stark, Ibrahim, Meneses, and Connell.*

With respect to the first element of res judicata, under California law, res judicata bars not only claims actually raised in a prior proceeding, but also claims a party *could have raised* in a prior proceeding. *See, e.g.*, *Busick*, 500 P.2d at 1392 (stating prior judgment is res judicata "on matters which were raised or could have been raised, on matters litigated or litigable") (internal citations omitted). For example, in *Federal Home Loan Bank of San Francisco*, the plaintiff-appellant argued res judicata did not apply to bar claims related to a fifth financial transaction never brought up in prior litigation related to four other financial transactions. 154 Cal. Rptr. 3d 873, 880. The California Court of Appeals explained that "[t]his argument misses the point." *Id.* For res judicata, the issue is not whether the plaintiff in fact raised his present claims in prior litigation. The issue is whether he *could have* raised such claims in prior litigation. *Id.* ("When a matter is within the 'scope of the [prior] action, related to the subject matter and relevant to the

issues, so that it *could have been raised*, the judgment is conclusive on it . . . .") (internal citations omitted) (emphasis in original).  *See also Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 449-54 (5th Cir. 2016) (holding res judicata barred home mortgage consultants' federal FLSA claims in misclassification case where claimants asserted and settled similar state-law claims in previous California action) (applying California law).

Thus, in *Villacres*, the California Court of Appeals held that res judicata barred a plaintiff's PAGA claim based on the plaintiff's allegations that his former employer failed to pay him for all time worked and provide proper breaks where the plaintiff had participated in the class settlement of a prior lawsuit alleging the same thing. *Villacres v. ABM Indus. Inc.*, 117 Cal. Rptr. 3d 398, 414-16 (Cal. Ct. App. 2010). The plaintiff argued the prior lawsuit alleged violations of different parts of the Labor Code (§ 1194, for failure to pay overtime, §§ 226.7 and 512, for failure to provide proper meal and rest periods, etc.) than the part of the Labor Code his new lawsuit invoked, the PAGA section for recovery of civil penalties. *Id.* at 413. Thus, he argued, the old and new lawsuits alleged different claims. *Id.* The court, however, held that it need not reach that question, because as a settlement class member, the plaintiff *could have* raised his PAGA claim in the prior lawsuit. *Id.* at 414-16. He could have objected to the proposed settlement on the grounds that the case should have included a PAGA claim, intervened making the same argument, or simply opted out of the settlement and preserved his right to assert the PAGA and other claims individually. *Id.* at 414. "Because [the plaintiff] did not raise his PAGA claims in [the prior lawsuit]—through objection, intervention, or by way of appeal—*or* opt out of the class," the California Court of Appeals held, his new lawsuit was barred by the doctrine of res judicata. *Id.* at 416.

That res judicata applies here is even more obvious. All of Mr. Chalian's current claims *actually were raised* in prior lawsuits. The pleadings in those other cases and Mr. Chalian's FAC speak for themselves. Each of the five claims Mr. Chalian asserts in this case, stemming from allegedly unpaid work time, was previously asserted by one or more

of the plaintiffs in *Stark*, *Ibrahim*, *Meneses*, and *Connell*:

| Claim Asserted by Mr. Chalian | Prior Case(s) In Which Claim Was Present |
| --- | --- |
| Unpaid wages, violation of Labor Code § 1194 | *Ibrahim*, *Stark* |
| Unpaid overtime, violation of Labor Code § 1194 | *Connell*, *Ibrahim*, *Meneses*, *Stark* |
| Failure to provide accurate wages statements, violation of Labor Code § 226 | *Connell*, *Ibrahim*, *Meneses*, *Stark* |
| Waiting time penalties, pursuant to Labor Code §§ 201-203 | *Connell*, *Meneses* |
| Unfair business practices | *Connell*, *Ibrahim*, *Meneses*, *Stark* |

It is not as if Mr. Chalian accrued new claims after he participated in the prior settlements. His employment with CVS terminated in August 2013. The final judgments in the prior lawsuits, which triggered Mr. Chalian's releases, were not entered until 2014 or later. In short, the pleadings themselves—in this case and in the prior lawsuits—establish the first element of res judicata, identity of issues.

### 2. *Stark*, *Ibrahim*, *Meneses*, and *Connell* Resulted In Final Judgments On The Merits.

The second element of res judicata is a final judgment on the merits. As the Ninth Circuit has explained, under California law, "[a] judicially approved settlement agreement is considered a final judgment on the merits." *Howard v. Am. Online Inc.*, 208 F.3d 741, 748 (9th Cir. 2000). California's procedural rules hold that a court must review and approve of any class action settlement. CA ST CIVIL RULES Rule 3.7699(a). This makes sense, as such settlements bind absent class members. The law imposes a requirement of judicial scrutiny to protect those absent class members', and indeed all of the plaintiffs', rights. *See, e.g.*, *In re Cellphone Termination Fee Cases*, 104 Cal. Rptr. 3d 275, 281 (Cal. Ct. App. 2009) (stating court must review and determine whether "settlement is fair,

adequate, and reasonable" to protect "class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties") (internal citations omitted). Because under California law, parties cannot effectuate a class settlement without judicial approval, and because judicial approval results in a final judgment on the merits, it is the final approval order in a class action settlement that satisfies the second element of res judicata. *See* NEWBERG ON CLASS ACTIONS § 18:19 (5th ed.) (describing preclusive effect of class action settlements).

Each of the four prior cases in which Mr. Chalian settled claims against CVS resulted in a final approval order, and thus a final judgment on the merits. *See* Exhibits 4, 11, and 15 to Request for Judicial Notice.

### 3.   Mr. Chalian Is In Privity With The Named Plaintiffs In *Stark*, *Ibrahim*, *Meneses*, and *Connell*.

The third and final element justifying application of res judicata is that the parties in the current action are the same, or are in privity with, the parties in the prior action. *Villacres* is controlling with respect to this element. In *Villacres*, the California Court of Appeals held that, at least for res judicata purposes, a settlement class member is in privity with the named plaintiffs who represented him in the class action. 117 Cal. Rptr. 3d at 422. Thus, so too here. Mr. Chalian is in privity with the named plaintiffs who represented him in *Stark*, *Ibrahim*, *Meneses*, and *Connell*.

///
///
///
///
///
///
///
///

**IV.    CONCLUSION**

The claims that Mr. Chalian asserts in this action, arising out of alleged unpaid wages, are the same claims that were settled in the *Stark*, *Ibrahim*, *Meneses*, and *Connell* class actions. California courts approved of the settlement of those prior class actions, by virtue of which Mr. Chalian received compensation, and entered final judgments on the merits. As a settlement class member, Mr. Chalian is in privity with the plaintiffs in those prior class actions. For all of these reasons, outlined in detail above, the doctrine of res judicata bars Mr. Chalian's claims in this lawsuit. The Court should thus grant CVS's motion for judgment on the pleadings and enter judgement in CVS's favor, dismissing this case in its entirety.

DATED: February 9, 2018                    GREENBERG TRAURIG, LLP


By _____*/s/ James N. Boudreau*_____
James N. Boudreau
Attorneys for Defendants CVS Pharmacy, Inc.,
CVS Rx Services, Inc., Garfield Beach CVS, LLC,
and Does 1 through 100