BETH A. GUNN, CA Bar No. 218889
beth@gunncoble.com
CATHERINE J. COBLE, CA Bar No. 223461
cathy@gunncoble.com
GUNN COBLE LLP
101 S. 1st Street, Suite 407
Burbank, CA 91502
Telephone:  818.900.0695
Facsimile:   818.900.0723

Attorneys for Plaintiffs-Intervenors
RYAN HYAMS and REGINE DUHON,
on behalf of themselves, and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>　　　　　Plaintiffs,<br><br>　　　　　*v.*<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br>Assigned to Hon. Andre Birotte Jr.<br>*Related Case No.:2:20-cv-02401-AB-AGR*<br><br>**DECLARATION OF BETH GUNN IN SUPPORT OF PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**<br><br>DATE:　　July 10, 2020<br>TIME:　　10:00 a.m.<br>PLACE:　　350 West First Street<br>　　　　　Courtroom 7B<br>　　　　　Los Angeles, CA 90012<br><br>Complaint Filed: July 20, 2016<br>Action Removed: December 5, 2016 |

1

## DECLARATION OF BETH GUNN

I, Beth Gunn, declare as follows:

1.      I am an attorney duly licensed to practice in this Court, and am counsel of record for the putative class and Plaintiffs Ryan Hyams and Regine Duhon ("Proposed Intervenors") in the separately pending action styled *Ryan Hyams, et al. v. CVS Health Corporation, et al.*, Northern District of California Case No. 4:18-cv-06278-HSG (the "*Hyams* action") in this matter.  I have firsthand and personal knowledge of the facts set forth in this declaration, as well as information obtained from my law firm's documents, and publicly available court documents and if called to testify regarding the facts set forth herein, I could and would do so competently and under oath.

2.      The Defendants in this action, CVS Pharmacy, Inc., CVS RX Services, Inc., and Garfield Beach CVS, LLC (collectively, "Defendants" or "CVS"), are related entities of a large, Fortune 5 company that employs tens of thousands of employees in the State of California.  CVS has been sued many times for violations of California's Labor Code and other employment laws, including wage-and-hour class actions such as those at issues here.  (ECF 74; RJN Ex. 13.)  However, CVS has successfully avoided the full consequences of most of these lawsuits by using its arbitration policy – which includes a class action waiver – to defeat them.  (*Id*.)  At the same time, CVS selectively waives its own obligation to arbitrate disputes by attempting to persuade would-be class and PAGA representatives to settle claims on a class-wide basis for an extreme discount that, while undervaluing the claims and potential recovery of thousands of CVS employee/class members, provides a windfall for the plaintiffs' counsel and class representatives who otherwise would have severely limited recovery.  (*Id*.)

3.      As part of litigating Proposed Intervenors' case  since August 2018, my firm has conducted a substantial amount of discovery, including numerous FRCP 30(b)(6) depositions and, to date, has obtained over 8,700 pages of formally produced

documents, including large data sets.  Proposed Intervenors needed to pursue this information vigorously, as Defendants did not produce substantial information until it was  compelled via court orders.  Even then, Defendants took over a year to produce information and sent discoverable documents in dribs and drabs, including informative documents withheld until the tail end of the process.  As a result, Proposed Intervenors possess information that was not informally cherry-picked by Defendants, including information that potentially conflicts with information that Plaintiff has relied upon in evaluating the risks of litigation.  Without further consideration of such material, it is impossible to determine whether the premises so severely discounting Plaintiffs' chances of prevailing in this case are correct.

4.      On June 5, 2020, I reviewed my firm's files for this case, as they are maintained in the ordinary course and scope of our business, to ascertain the discovery conducted in the *Hyams* action to date.  Based on my review of those files, as well as my own personal involvement in much of the discovery, I determined the following:

a.      Proposed Intervenors have propounded a collective four sets of Interrogatories, seeking a variety of information and data pertaining to Proposed Intervenors, the putative class, and the aggrieved employees at issue in the case.

b.      Proposed Intervenors have propounded a collective five sets of Requests for Production of Documents, broadly seeking pertinent CVS policies and practices, training materials, payroll and timekeeping records, work schedules, and other materials related to the claims in the *Hyams* action.

c.      Proposed Intervenors have propounded one set of Requests for Admission, aimed at obtaining information necessary to establish the willfulness or intentionality of CVS' wage-and-hour violations.

d.      Proposed Intervenors have conducted Federal Rule of Civil Procedure ("FRCP") 30(b)(6) depositions of eight individuals on approximately 40 topics to date—including: (1) compliance with Labor Code Sections 850, 851, and 852 and correspondence scheduling practices for failure to schedule employees who "sell

at retail drugs and medicines" within the legal limits prescribed in those provisions, including recent changes following Proposed Intervenors' July 2, 2018 PAGA exhaustion with the LWDA and August 2018 lawsuit regarding these claims; (2) CVS' policies and practices regarding Labor Code 246(i)'s requirement to list available sick and vacation time on aggrieved employees' wage statements; (3)  CVS' timekeeping policies and practices; (2) scheduling and staffing policies and practices; (3) fill time metrics/incentives and studies; (4) labor budget policies, practices, and studies; and (5) payroll policies and practices, (including those relating to meal periods and rest breaks, minimum wages, overtime, and expense reimbursements—with another approximately 12 topics to take place in the next few weeks.

e.    Defendants CVS Health Corporation, CVS Pharmacy, Inc., Garfield Beach CVS, LLC, and CVS Rx Services, Inc. (collectively, "CVS") in the *Hyams* action have deposed both of the Proposed Intervenors.

5.    Plaintiff Chalian's ("Chalian") proposed consolidated Second Amended Complaint ("Consolidated SAC") in this matter includes new allegations and claims that were not previously part of either the *Chalian* or *Cabrera* lawsuit but have always been part of Proposed Intervenors' lawsuit against the very same Defendants, ranging as far back as their letter submitted to the LWDA on July 2, 2018.  (*see* concurrently filed Request for Judicial Notice ("RJN,") Exs.  10, 11, 12.)  Specifically, the Consolidated SAC refers to violations of Labor Code section 246(i) for failure to list available sick and vacation time on aggrieved employees' wage statements.  (ECF 74, 44:17-45:17.)  It also alleges violations of Labor Code sections 850, 851, and 852, for failure to schedule employees who "sell at retail drugs and medicines" within the legal limits prescribed in those provisions.  (*Id*.)  Proposed Intervenors have been litigating these claims for years, and have conducted extensive discovery as to these and other class claims.  (*see* RJN, Exs.  10, 11, 12.)

6.    The *Hyams* action has caused CVS to make internal changes to address the Labor Code  violations, including announcing in February 7, 2020 via emails from

4

California Human Resource Directors to California Regional Directors that effective immediately,  CVS would now schedule California retail pharmacy employees for no more than 9 hours per day in a workweek and one day off for every consecutive/rolling 7 days.  These changes reflect scheduling requirements for those employed to sell at retail drugs and medicines pursuant to California Labor Code Sections 850 and 851.

7.     On June 4, 2020, at approximately 6:00 p.m., CVS informed Proposed Intervenors of the terms of the settlement agreement referred to in the *Cabrera* plaintiffs' Ninth Circuit Stipulation which led to the Cabrera case being related to this case and transferred to this Court.  In light of the settlement terms contained in that agreement compared to Proposed Intervenors' knowledge of the value of the claims at issue, Proposed Intervenors' counsel became very alarmed that the terms provided CVS with a greater benefit of the bargain than warranted based on the value of these newly tacked-on claims.

8.     On June 4, 2020 at 7:08 p.m. I emailed Chalian's counsel, Michael Morrison, requesting to speak with him as soon as possible regarding this urgent situation.  Mr. Morrison responded that he could speak the next day.  Mr. Morrison and I had two separate telephone conversations on June 5, 2020.   In those conversations, I requested that Plaintiffs withdraw the proposed Second Amended Complaint to remove the additional claims, in particular, those pursuant to Labor Code Sections 246(i), 850, 851, and 852 on the grounds that unlike Proposed Intervenors, Plaintiffs had not exhausted these claims with the LWDA and they had not proposed a Plaintiff who has standing to bring these claims.  Mr. Morrison refused to withdraw or amend the proposed Second Amended Complaint.   Given the high level of impropriety involved in attempting to add new claims that none of the related parties can conceivably pursue, recognizing it as a reverse auction,  and given the need to protect the rights of the LWDA and the aggrieved employees in this matter, I was unable to contact Chalian's counsel seven days prior to filing this motion.

9.     Attached hereto as **Exhibit A** is a copy of the proposed Complaint in

DECL. OF BETH GUNN IN SUPPORT OF PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24

Intervention (the operative Complaint on file in the Hyams action), along with the letter to the LWDA, which the *Hyams* Plaintiffs seek to have entered in intervention in the above-captioned action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2020, in Sherman Oaks, California.

_____/s/ Beth Gunn_____
Beth Gunn

# EXHIBIT A

BETH GUNN, CA Bar No. 218889
beth@gunncoble.com
CATHERINE J. COBLE, CA Bar No. 223461
cathy@gunncoble.com
DAVID Z. FEINGOLD, CA Bar No. 280194
dfeingold@gunncoble.com
GUNN COBLE LLP
101 S. 1st Street, Suite 407
Burbank, CA 91502
Telephone:      818.900.0695
Facsimile:      818.900.0723

Attorneys for Plaintiffs RYAN HYAMS
and REGINE DUHON, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN HYAMS and REGINE DUHON, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS HEALTH CORPORATION, a Rhode Island Corporation, CVS PHARMACY, INC., a Rhode Island Corporation, GARFIELD BEACH CVS, LLC, a California Corporation, and CVS RX SERVICES, INC.. a New York Corporation, DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 4:18-cv-06278-HSG<br><br>**CLASS AND REPRESENTATIVE ACTION SECOND AMENDED COMPLAINT**<br><br>1.  Failure To Provide Meal Periods;<br>2.  Failure To Authorize And Permit Rest Breaks;<br>3.  Failure To Pay Overtime;<br>4.  Failure To Pay Minimum Wages;<br>5.  Failure To Pay Timely Wages Due At Termination/Waiting Time Penalties;<br>6.  Failure To Timely Pay All Wages;<br>7.  Failure To Reimburse For Employment Related Expenses;<br>8.  Failure To Maintain Required Records;<br>9.  Failure To Furnish Accurate Itemized Wage Statements;<br>10. Failure To Provide Written Notice Of Paid Sick Leave<br>11. Failure To Provide One Day's Rest In Seven<br>12. Failure to Comply With California Labor Code Sections 850 and 851<br>13. Unfair And Unlawful Business Practices;<br>14. Penalties Under The California Labor Code Private Attorneys General Act, As Representative Action<br><br>**DEMAND FOR JURY TRIAL.** |

1

Plaintiffs RYAN HYAMS ("PLAINTIFF HYAMS"), an individual, and REGINE DUHON ("PLAINTIFF DUHON"), an individual (PLAINTIFF HYAMS and PLAINTIFF DUHON are referred to collectively as "PLAINTIFFS"), on behalf of themselves and all other persons similarly situated, hereby allege against Defendants CVS HEALTH CORPORATION, CVS PHARMACY, INC., GARFIELD BEACH CVS, LLC, AND CVS RX SERVICES, INC. ("DEFENDANTS") as follows:

## INTRODUCTION

1.     DEFENDANTS, the largest pharmacy chain in the country, a "Fortune 10" company, publicly avows its purpose as "helping people on the path to better health."  *See* CVS Health's Corporate Social Responsibility Report, https://cvshealth.com/sites/default/files/2017-csr-full-report.pdf.  This commitment is hollow in light of DEFENDANTS' continuous and intentional violation of California's wage and hour laws, which were designed specifically to protect the health and well-being of the state's citizens.  Deviating from the law-abiding practices of its competitors, DEFENDANTS unfairly compete in the marketplace by flouting the California Labor Code ("Labor Code") in multiple ways.  The most obvious of DEFENDANTS' illegal practices is their blatant scheduling of pharmacy employees to regularly work shifts far in excess of the limits imposed by California law "enacted as a measure for the protection of the public health."  *See* Labor Code § 855. This illegal conduct injures not only the pharmacy employees but DEFENDANTS' customers who depend on them "on the path to better health."

## JURISDICTION AND VENUE

2.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

3.     The United States District Court for the Northern District of California has jurisdiction of this matter pursuant to Defendants' Notice of Removal filed on October 12, 2018, alleging jurisdiction pursuant to 28 U.S.C. § 1332), 1441, and 1446 (*See* Docket #1).

4.     Venue is proper in this judicial district because PLAINTIFFS, and other persons similarly situated, performed work for DEFENDANTS in the Northern District of California, DEFENDANTS maintain offices and facilities and transact business in the Northern District of California, and DEFENDANTS' illegal practices, which are the subject of this action, were applied,

at least in part, to PLAINTIFFS, and other persons similarly situated, in the Northern District of California.  Thus, a substantial part of the events or omissions giving rise to PLAINTIFFS' claims occurred in the Northern District of California.  *See* 28 U.S.C. § 1391(b).

## **PLAINTIFF HYAMS**

5.     PLAINTIFF HYAMS is a former non-exempt employee who worked as a pharmacist for DEFENDANTS for more than two years.  At the end of his employment with DEFENDANTS, PLAINTIFF HYAMS was earning $76/hour.  PLAINTIFF HYAMS is a resident of San Francisco County, California.

6.     As a pharmacist, PLAINTIFF HYAMS' primary duties were to safely and accurately dispense approximately 250-300 prescriptions per day to DEFENDANTS' customers.  This included reviewing prescriptions provided to the pharmacy (either in writing or over the phone), checking for drug interactions and precautions, contacting physicians where appropriate, advising patients regarding the use of their prescriptions pursuant to California law, entering information in DEFENDANTS' systems, and dispensing and packaging medications to DEFENDANTS' customers.  When pharmacy technicians were unavailable, PLAINTIFF HYAMS would also work at the pharmacy cash register to ring up sales of prescriptions and other items at the pharmacy.  A pharmacist was required to be on the premises during all hours of operation, to comply with operational policies and procedures.

7.     During his employment, PLAINTIFF HYAMS would regularly work more than 9 hours per day on average, and more than 108 hours in two consecutive week periods.  DEFENDANTS utilized a centralized scheduling procedure where he and other pharmacists were routinely scheduled for 12-hour shifts.  On occasion, PLAINTIFF HYAMS would work more than 12 hours per day, for which DEFENDANTS would then pay him double-time.  There also were occasions where he worked more than 12 days in a consecutive two week period.   DEFENDANTS often failed to provide PLAINTIFF HYAMS with a rest day as required under the Labor Code.

8.     Each day, before clocking in on DEFENDANTS' computer and after clocking out at the end of the day, PLAINTIFF HYAMS would perform work for his position, as required by DEFENDANTS.

9.     As part of his job duties and responsibilities, PLAINTIFF HYAMS would receive text messages on his personal cell phone from his supervisor to discuss work-related matters.

10.    DEFENDANTS relied on PLAINTIFF HYAMS, a loyal employee, to fill in at other pharmacies to ensure their business needs were met, which required PLAINTIFF HYAMS to drive great distances, stay at a hotel, and staff a pharmacy by himself for days at a time.  At all locations, PLAINTIFF HYAMS was entitled to, but did not receive uninterrupted meal and rest breaks.

11.    PLAINTIFF HYAMS was not paid for the time he spent reviewing and responding to text messages from his supervisor relating to work for DEFENDANTS while off-the-clock. Additionally, PLAINTIFF HYAMS never received any reimbursement from DEFENDANTS for the personal use of his cell phone to conduct business for DEFENDANTS.

12.    During the course of PLAINTIFF HYAMS' employment, he accrued vacation time pursuant to DEFENDANTS' vacation policy.  When PLAINTIFF HYAMS' employment with DEFENDANTS ended, he was only paid a portion of his accrued, but unused vacation. DEFENDANTS failed to provide him with his accrued vacation time in violation of the Labor Code.

13.    For a portion of his employment, in violation of Labor Code Section 246(i), DEFENDANTS failed to provide PLAINTIFF HYAMS, or other aggrieved employees, with written notice setting forth the amount of paid sick leave available, or paid time off the Company provides in lieu of sick leave.  PLAINTIFF HYAMS did not receive all of the sick time to which he was entitled.

14.    Throughout his employment with DEFENDANTS, PLAINTIFF HYAMS was routinely unable to take his uninterrupted meal and rest breaks due to DEFENDANTS' under-staffing and fill-time metrics, and his inability to leave the work premises.  During the breaks he was able to take, after clocking out and before clocking back in, PLAINTIFF HYAMS was routinely interrupted with pharmacy questions.  PLAINTIFF HYAMS was also asked to sign a waiver, wherein, on a standing basis without regard to the actual business needs, he waived all of his second meal periods.  PLAINTIFF HYAMS was not paid any penalties for these interrupted meal and/or rest breaks.

**PLAINTIFF DUHON**

CLASS AND REPRESENTATIVE ACTION SECOND AMENDED COMPLAINT

15.     PLAINTIFF DUHON is a former non-exempt employee who worked as a pharmacy cashier and pharmacy technician for DEFENDANTS for more than two-and-a-half years.  At the end of her employment with DEFENDANTS, PLAINTIFF DUHON was earning $19/hour.  PLAINTIFF DUHON is a resident of Solano County, California.

16.     As a pharmacist technician, PLAINTIFF DUHON'S primary duties were to assist the pharmacist on duty with taking in and dispensing prescriptions to DEFENDANTS' customers.  This included receiving customers' prescriptions and inputting them into DEFENDANTS' computer system, making calls to customers to inform them their prescriptions were ready, filling prescriptions (ensuring the quantity of medications matched customers' prescriptions), and working the "out" window (giving customers their prescriptions and ringing up Sudafed products).

17.     Approximately one time per month throughout her employment, PLAINTIFF DUHON would work seven days in a row, without a rest day as required under the Labor Code.

18.     PLAINTIFF DUHON frequently worked the closing shift during her employment.  On those shifts, PLAINTIFF DUHON was required to perform work after clocking out at the end of the day.  Specifically, she was required to clock out for her shift, and then carry cash collected in DEFENDANTS' pharmacy throughout the day to the cash office in the Target store where the pharmacy was located.  DEFENDANTS did not compensate PLAINTIFF DUHON for such time worked, in violation of the Labor Code.

19.     For a portion of her employment, in violation of Labor Code Section 246(i), DEFENDANTS failed to provide PLAINTIFF DUHON, or other aggrieved employees, with written notice setting forth the amount of paid sick leave available, or paid time off the Company provides in lieu of sick leave.

20.     Throughout her employment with DEFENDANTS, PLAINTIFF DUHON routinely was unable to take her uninterrupted rest breaks due to DEFENDANTS' under-staffing, fill-time metrics, and an emphasis on servicing customers as quickly as possible to avoid negative survey responses.  PLAINTIFF DUHON routinely was interrupted with pharmacy questions.  PLAINTIFF DUHON was not paid any penalties for these interrupted rest breaks.

21.     PLAINTIFF DUHON resigned from her position with DEFENDANTS in February

5

2018.   Although she gave DEFENDANTS more than 72 hours' notice of her resignation, DEFENDANTS did not pay PLAINTIFF DUHON all of her outstanding wages within the timeframe required by the Labor Code.

## THE CLASS

22.    PLAINTIFFS bring this action on behalf of themselves and all similarly situated class of individuals ("CLASS MEMBERS" or "THE CLASS") pursuant to Federal Rule of Civil Procedure 23.   THE CLASS is defined as follows:   All current and former employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").

23.    PLAINTIFFS also seek to represent the following subclasses (collectively, "SUBCLASSES"), defined as follows:

a. "NON-EXEMPT EMPLOYEE SUBCLASS," which is defined as all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the CLASS PERIOD.

b.  "PHARMACY EMPLOYEE SUBCLASS," which is defined as all current and former employees of DEFENDANTS in the State of California at any time within the CLASS PERIOD who were employed to sell at retail drugs and medicines or to compound physicians' prescriptions.

c. "FORMER EMPLOYEE SUBCLASS," which is defined as all former employees of DEFENDANTS in the State of California at any time within the CLASS PERIOD.

d. "BUSINESS EXPENSE SUBCLASS," which is defined as all current and former employees of DEFENDANTS in the State of California at any time within the CLASS PERIOD who used personal cell phones for work-related purposes without adequate reimbursement.

e. "VACATION PAY SUBCLASS," which is defined as all current and former employees of DEFENDANTS in the State of California at any time within the

6

CLASS PERIOD who were not provided all vacation time, or wages in lieu thereof, in compliance with California law.

24.     PLAINTIFFS reserve the right to redefine the definitions of THE CLASS or SUBCLASSES as appropriate based on further investigation, discovery, and specific theories of liability.

## **DEFENDANTS**

25.     DEFENDANTS operate the largest retail pharmacy chain in the United States, with hundreds of physical locations in California, including standalone stores and locations within Target branded stores.  As part of their operations, DEFENDANTS employ pharmacists to, among other things, dispense medications, counsel patients on the use of prescription and over-the-counter medications, and advise physicians about medication therapy.  In many locations DEFENDANTS also employ pharmacy technicians to assist with the dispensation of medication to its customers, though there are CVS locations where only a pharmacist is employed to handle all pharmacy operations.

26.     At all times relevant hereto, DEFENDANTS were, and are, corporations authorized to do business in the State of California and do in fact conduct business in the State of California. Specifically, upon information and belief, DEFENDANTS maintain facilities and conduct business in the County of San Francisco, State of California. Specifically,

a.   DEFENDANT CVS HEALTH CORPORATION is a corporation organized under the laws of the State of Rhode Island that is engaged in the business of operating retail stores that sell pharmaceuticals and general merchandise and provide pharmacy services throughout the State of California.

b.   DEFENDANT CVS PHARMACY, INC. is a corporation organized under the laws of the State of Rhode Island that is engaged in the business of operating retail stores that sell pharmaceuticals and general merchandise and provide pharmacy services throughout the State of California.

c.   DEFENDANT GARFIELD BEACH CVS, LLC. (collectively with DEFENDANTS CVS RX SERVICES, INC., and CVS PHARMACY, INC.) is a

7

limited liability company organized under the laws of the State of California that is engaged in business as a pharmacy and medical supplier to CVS retail stores located throughout the State of California.

d.   DEFENDANT CVS RX SERVICES, INC.  is a corporation organized under the laws of the State of New York that is engaged in the business of providing pharmacy services throughout the State of California.

27.   The true names and capacities of DOES 1 through 25, inclusive ("DOES"), are unknown to PLAINTIFFS at this time, and PLAINTIFFS therefore sue such DOE Defendants under fictitious names.  PLAINTIFFS are informed and believe, and thereon allege, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFFS and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFFS will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE Defendants when ascertained.

28.   PLAINTIFFS are informed and believe, and based thereon allege, that each DEFENDANT acted in all respects pertinent to this action as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DEFENDANT are legally attributable to the other DEFENDANTS.

29.   PLAINTIFFS are informed and believe, and thereon allege, that CVS HEALTH CORPORATION, CVS PHARMACY, INC., GARFIELD BEACH CVS, LLC, and CVS RX SERVICES, INC each employed PLAINTIFFS, in that they exercised control over PLAINTIFFS' wages, hours or working conditions, suffered and permitted PLAINTIFFS to work, and/or engaged PLAINTIFFS to work.  *See Martinez v. Combs* (2010) 49 Cal.4th 35, 64.  Any of the three is sufficient to create an employment relationship. *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1233 (N.D. Cal. 2015).

30.   To the extent one or more of DEFENDANTS did not directly hire, fire, or supervise PLAINTIFFS, PLAINTIFFS further allege that, upon information and belief, one or more DEFENDANTS control the business enterprises of one or more of the other DEFENDANTS, thereby

8

creating an employment relationship with PLAINTIFFS.  *See Castaneda v. Ensign Group, Inc.* (2014) 229 Cal.App.4th 1015, 1017-1018; *Guerrero v. Superior Court* (2013) 213 Cal.App.4th 912, 950.

31.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

32.     All DEFENDANTS compelled, coerced, aided, and/or abetted the illegal conduct alleged in this Complaint, which conduct is prohibited under the Labor Code.  All DEFENDANTS were responsible for the events and damages alleged herein, including on the following bases: (a) DEFENDANTS committed the acts alleged; (b) at all relevant times, one or more of the DEFENDANTS was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining DEFENDANTS and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for PLAINTIFFS' damages; (c) at all relevant times, there existed a unity of ownership and interest  between or among those DEFENDANTS such  that any individuality and separateness between or among these DEFENDANTS has ceased, and DEFENDANTS are the alter egos of one another.  DEFENDANTS exercised domination and control over one another to such an extent that any individuality or separateness of DEFENDANTS does not, and at all times herein mentioned did not, exist.  Adherence to the fiction of the separate existence of DEFENDANTS would permit abuse of the corporate privilege and would sanction fraud and promote injustice.  All actions of all DEFENDANTS were taken by employees, supervisors, executives, officers, and directors during employment with all DEFENDANTS, were taken on behalf of all DEFENDANTS, and were engaged in, authorized, ratified, and approved of by all other DEFENDANTS.

33.     Finally, at all relevant times mentioned herein, all DEFENDANTS acted as agents of all other DEFENDANTS in committing the acts alleged herein.

## CLASS ACTION ALLEGATIONS

34.     DEFENDANTS employed, and continue to employ, employees throughout California during the last four (4) years.

9

35.     Based on information and belief, PLAINTIFFS believe that other members of THE CLASS and SUBCLASSES were subject to the same policies, practices and conduct that resulted in the following:

a.  Routinely working through meal and/or rest breaks without proper compensation for the same, including the payment of penalties for interrupted meal and/or rest breaks;

b.  Routinely working off-the-clock when answering work-related text messages, when transferring cash from DEFENDANTS' pharmacies to the cash office at their respective locations, and/or when forced by management to continue to work while clocked out, without receiving wages, premium pay, or minimum wages for the off-the-clock time worked;

c.  No compensation for unpaid wages and/or premium pay at the time of termination;

d.  Use of personal cell phones without adequate reimbursement;

e.  Receipt of inaccurate wage statements;

f.  Lack of receipt of adequate written notice of paid sick leave;

g.  Routinely working without receiving one day's rest in seven; and

h.  Routinely working in excess of the prescribed time limitations set forth in Labor Code sections 850 and 851.

36.     DEFENDANTS acted pursuant to common, company-wide policies and practices regarding the provision of meal and/or rest breaks; the practice of requiring employees to work off-the-clock; scheduling employees for work; the Company's payroll and wage payments to employees, including the provision of wage statements; reimbursements of necessary business expenses; time and pay recordkeeping; and notice to employees of paid sick leave.

37.     In particular, DEFENDANTS' reliance on performance and/or prescription fill-time metrics, centralized scheduling systems, managerial instructions, and operational policies and procedures applied on a class-wide basis.

38.     Upon information and belief, DEFENDANTS maintain a single, centralized Human

10

Resources department, which is responsible for the hiring of new employees, collecting and processing all new hire paperwork, and communicating and implementing DEFENDANTS' company-wide policies and practices, including timekeeping policies, meal and rest break policies, sick time policies, vacation time policies, and payroll policies and practices applicable to their employees in California.

39.     On information and belief, PLAINTIFFS and CLASS MEMBERS received the same standardized documents and/or written policies.  Upon information and belief, DEFENDANTS created uniform policies and procedures at the corporate level and implemented them companywide, regardless of the employees' location.

40.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at the regular rate when PLAINTIFFS and CLASS MEMBERS were not provided with timely, uninterrupted, thirty (30) minute meal periods and that PLAINTIFFS and CLASS MEMBERS were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rate when PLAINTIFFS and CLASS MEMBERS did not receive a timely, uninterrupted thirty (30) minute meal period.

41.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to uninterrupted rest periods in accordance with the Labor Code and Industrial Wage Order ("IWC") Wage Order 7-2001 or payment of one (1) additional hour of pay at their regular rate when PLAINTIFFS and CLASS MEMBERS were not authorized and permitted to take compliant rest periods and that PLAINTIFFS and CLASS MEMBERS were not authorized and permitted to take compliant rest periods or payment of one (1) additional hour of pay at their regular rate when PLAINTIFFS and CLASS MEMBERS were not provided a compliant rest period.

42.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to receive and did not receive overtime compensation for work that DEFENDANTS knew or should have known

11

was performed.

43.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to receive at least minimum wages for compensation and that, in violation of the Labor Code, they were not receiving at least minimum wages for work that DEFENDANTS knew or should have known was performed.

44.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to timely payment of wages upon termination of employment.  In violation of the Labor Code, DEFENDANTS did not pay PLAINTIFFS and CLASS MEMBERS all wages due, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within statutorily required time periods.

45.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to timely payment of wages during their employment.  In violation of the Labor Code, DEFENDANTS did not pay PLAINTIFFS and CLASS MEMBERS all wages, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within statutorily required time periods.

46.    PLAINTIFFS are informed and believe, and thereon allege, that at all times herein mentioned, DEFENDANTS knew or should have known that DEFENDANTS had a duty to compensate PLAINTIFFS and CLASS MEMBERS for all hours worked, and that DEFENDANTS had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in violation of the Labor Code.

47.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs in violation of the Labor Code.

48.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and IWC Wage Order 7-2001, but willfully, knowingly, and intentionally failed to do so.

49.     Upon information and belief, DEFENDANTS maintain a centralized Payroll department at their company headquarters, which processes payroll for all employees working for DEFENDANTS at their various locations in California, including PLAINTIFFS and CLASS MEMBERS.  Based upon information and belief, DEFENDANTS issue the same formatted wage statements to all employees in California, irrespective of their work location.  PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the Labor Code, DEFENDANTS did not provide PLAINTIFFS and CLASS MEMBERS with complete and accurate wage statements.

50.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to written notice of paid sick leave or paid time off available.  In violation of the Labor Code, DEFENDANTS did not provide to PLAINTIFFS and CLASS MEMBERS written notice of paid sick leave or paid time off available.

51.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were entitled to one day's rest in seven, and that they did not receive one day's rest in seven in violation of the Labor Code.

52.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS were not to perform any work in any store, dispensary, pharmacy, laboratory, or office for more than an average of nine hours per day, or for more than 108 hours in any two consecutive weeks or for more than 12 days in any two consecutive weeks, and that DEFENDANTS should not have required PLAINTIFFS and CLASS MEMBERS to do so, but that PLAINTIFFS and CLASS MEMBERS did work an average of more than nine hours per day and/or more than 108 hours in any two consecutive weeks or more

13

than 12 days in any two consecutive weeks in violation of the Labor Code at DEFENDANTS' direction.

**SATISFACTION OF CLASS ACTION CRITERIA**

53.     PLAINTIFFS bring this action on their own behalves, as well as on behalf of each and all other persons similarly situated and seeks class certification of THE CLASS and SUBCLASSES under Rule 23 of the Federal Rules of Civil Procedure.

54.     All claims alleged herein arise under California law for which PLAINTIFFS seek relief authorized by California law.

55.     There is a well-defined community of interest in litigation and the CLASS MEMBERS are readily ascertainable:

A.     <u>Numerosity</u>:  The members of THE CLASS and SUBCLASSES are so numerous that joinder of all members would be unfeasible and impracticable.  The membership of the entire class is unknown to PLAINTIFFS at this time; however, THE CLASS is estimated to be greater than one thousand (1000) individuals and the identity of such membership is readily ascertainable by inspection of DEFENDANTS' employment records.

B.     <u>Commonality</u>: There are questions of law and fact common to THE CLASS, as demonstrated herein.

C.     <u>Typicality</u>:  PLAINTIFFS' claims (or defenses, if any) are typical of all CLASS MEMBERS, as demonstrated herein.

D.     <u>Adequacy</u>:  PLAINTIFFS are qualified to, and will, fairly and adequately protect the interest of each class member with whom PLAINTIFFS have a well-defined community of interest and typicality of claims, as demonstrated herein.  PLAINTIFFS acknowledge that they have an obligation to make known to the Court any relationship, conflicts, or differences with any class member.  PLAINTIFFS' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  PLAINTIFFS have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expanded for the prosecution of this action for the substantial benefit of each class member.

CLASS AND REPRESENTATIVE ACTION SECOND AMENDED COMPLAINT

E.      Superiority:   The nature of this action makes the use of class action adjudication superior to other methods.  The prosecution of separate actions by individual CLASS MEMBERS would create a risk of inconsistent or varying adjudications, and/or adjudications with respect to individual CLASS MEMBERS, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.  Additionally, class action treatment will permit those similarly situated individuals to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Moreover, PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

**Failure To Provide Required Uninterrupted Meal Periods**

**(Cal. Lab. Code sections 226.7, 512(a), and 1198; Cal. Code Regs. tit. 8 § 11050)**

**(Against ALL DEFENDANTS and DOES 1 to 25)**

56.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

57.     At all relevant times, Labor Code sections 226.7, 512(a), and 1198 have provided that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.  IWC Wage Order 7-2001(11), *codified* at Cal. Code Regs. tit. 8 § 11050.

58.     At all relevant times herein, Labor Code section 512 has provided that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes," except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.  Cal. Lab. Code § 512(a).  During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer.  If the employee does perform work for the employer during this thirty (30) minute meal period, the employee has not been provided with a duty-free meal period, in accordance with California law, and is to be compensated for any work performed during this (30)

15

minute meal period in addition to one (1) additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.  *See also* IWC Wage Order 7-2001(11), *codified* at Cal. Code Regs. tit. 8 § 11050.

59.      At all relevant times herein, pursuant to Labor Code sections 226.7, 512(a), 1198 and the applicable IWC Wage Order, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes, or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.  IWC Wage Order 7-2001(11), *codified* at Cal. Code Regs. tit. 8 § 11050.

60.      As alleged above, at all relevant times herein, DEFENDANTS failed to provide PLAINTIFFS and CLASS MEMBERS with a full, thirty (30) minute uninterrupted meal period free from job duties, as required by Labor Code sections 226.7, 512(a), and IWC Order No. 7-2001(11), *codified* at Cal. Code Regs. tit. 8 § 11050.  Additionally, DEFENDANTS did not provide PLAINTIFFS and CLASS MEMBERS with a second uninterrupted thirty (30) minute meal period on days they worked over ten (10) hours, as required by the Labor Code.  Cal. Lab. Code §§ 226.7, 512(a); IWC Order No. 7-2001(11), *codified* at Cal. Code Regs. tit. 8 § 11050.

61.      As alleged above, at all relevant times herein, DEFENDANTS further violated Labor Code section 226.7 and IWC Order No. 7-2001 by failing to compensate PLAINTIFFS and CLASS MEMBERS who were not provided with an uninterrupted meal period or one (1) additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided. Cal. Lab. Code § 226.7(c), IWC Order No. 7-2001(11), *codified* at Cal. Code Regs. tit. 8 § 11050.

62.      At all times herein, DEFENDANTS failed to properly calculate the regular rate of pay for purposes of paying meal period premiums to PLAINTIFFS and CLASS MEMBERS by including all compensation, such as shift differential pay and other compensation, as required by the Labor Code.  *See* Cal. Lab. Code §§ 226.7, 512(a); and IWC Order No. 7-2001(11), *codified* at Cal. Code Regs. tit. 8 § 11050.

CLASS AND REPRESENTATIVE ACTION SECOND AMENDED COMPLAINT

63.     DEFENDANTS' conduct violates Labor Code sections 226.7, 512(a), and IWC Order No. 7-2001(11), *codified* at Cal. Code Regs. tit. 8 § 11050.

64.     PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, penalties, interest, expenses, and costs of suit.

<u>**SECOND CAUSE OF ACTION**</u>

**Failure To Authorize And Permit Required Rest Breaks**

**(Cal. Lab. Code sections 226.7, 1198; Cal. Code Regs. tit. 8 § 11050.)**

**(Against ALL DEFENDANTS and DOES 1 to 25)**

65.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

66.     At all relevant times herein, Labor Code sections 226.7 and 1198 and IWC Wage Order 7-2001 were applicable to PLAINTIFFS and CLASS MEMBERS employed by DEFENDANTS.

67.     As alleged above, at all relevant times herein, IWC Wage Order 7-2001 has stated that "[e]very employer shall authorize and permit all employees to take rest periods … at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3.5) hours.  IWC Order No. 7-2001(12), *codified* at Cal. Code Regs. tit. 8 § 11050.

68.     As alleged above, at all relevant times herein, Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute…."  Cal. Lab. Code § 226.7(b).

69.     At all relevant times herein, DEFENDANTS regularly failed to authorize or permit PLAINTIFFS and CLASS MEMBERS to take ten (10) minute uninterrupted rest periods for each four (4) hours worked, or major fraction thereof.  PLAINTIFFS and CLASS MEMBERS were regularly denied uninterrupted rest periods in violation of the Labor Code.  IWC Wage Order 7-2001, *codified* at Cal. Code Regs. tit. 8 § 11050; *see also* Cal. Lab. Code § 226.7(b).

70.     At all relevant times herein, DEFENDANTS' staffing policies and scheduling practices prevented PLAINTIFFS and CLASS MEMBERS from being relieved of all duties in order

17

to take an uninterrupted rest break.  DEFENDANTS failed to relinquish any control over how employees spend their break time.  *See Augustus v. ABM Security Systems, Inc.,* 2 Cal. 5th 257, 260 (2016).  As a result, PLAINTIFFS and CLASS MEMBERS would work shifts in excess of 3.5 hours, in excess of six (6) hours, and in excess of ten (10) hours, without receiving the uninterrupted ten (10) minute rest periods to which they were entitled.

71.     By DEFENDANTS' failure to authorize and permit PLAINTIFFS and CLASS MEMBERS to take uninterrupted rest breaks for every four (4) hours or major fraction thereof worked per day, DEFENDANTS willfully violated the Labor Code.  IWC Wage Order 7-2001(12), *codified* at Cal. Code Regs. tit. 8 § 11050l; *see also* Cal. Lab. Code § 226.7.

72.     At all relevant times herein, Labor Code section 226.7 has provided that "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."  Cal. Lab. Code § 226.7(c); IWC Order No. 7-2001(12), *codified* at Cal. Code Regs. tit. 8 § 11050.

73.     At all relevant times herein, DEFENDANTS have had a company-wide policy and practice of not paying PLAINTIFFS and CLASS MEMBERS rest period premiums when rest periods were missed, late and/or interrupted.

74.     At all times herein, DEFENDANTS failed to properly calculate the regular rate of pay for purposes of paying rest period premiums to PLAINTIFFS and CLASS MEMBERS by including all compensation, such as shift differential pay and other compensation, as required by the Labor Code.  *See* Cal. Lab. Code §§ 226.7, 512(a); and IWC Order No. 7-2001(11), *codified* at Cal. Code Regs. tit. 8 § 11050.

75.     DEFENDANTS' conduct violates Labor Code sections 226.7, 1198, and IWC Order No. 7-2001, *codified* at Cal. Code Regs. tit. 8 § 11050.

76.     PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, penalties, interest, expenses, and costs of suit.

CLASS AND REPRESENTATIVE ACTION SECOND AMENDED COMPLAINT

**THIRD CAUSE OF ACTION**

**Failure To Pay Overtime**

**(Cal. Lab. Code sections 510, 1198; Cal. Code Regs. tit. 8 § 11050)**

**(Against ALL DEFENDANTS and DOES 1 to 25)**

77.   PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

78.   At all relevant times herein, Labor Code section 510 has mandated that any time worked beyond eight hours in one workday or beyond 40 hours in any workweek must be compensated at no less than one and one-half times the regular wage.  *See* Cal. Lab. Code § 510(a).

79.   IWC Wage Order 7-2001 further provides that employees "shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek."  IWC Order No. 7-2001(3)(A), *codified* at Cal. Code Regs. tit. 8 § 11050; *see also* Cal. Lab. Code § 1198.

80.   At all relevant times herein, DEFENDANTS were required to compensate PLAINTIFFS and CLASS MEMBERS for all overtime, calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double-time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek. Cal. Lab. Code §§ 510, 1194, IWC Wage Order 7-2001(3), *codified* at Cal. Code Regs. tit. 8 § 11050.

81.   As alleged above, at all relevant times herein, DEFENDANTS willfully failed to pay all overtime wages owed to PLAINTIFFS and CLASS MEMBERS.  During the CLASS PERIOD, PLAINTIFFS and CLASS MEMBERS were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek, and/or in excess of forty (40) hours in a week.  Moreover, at all times herein, DEFENDANTS failed to properly calculate the regular rate of pay for purposes of paying overtime to PLAINTIFFS and CLASS MEMBERS by

19

including all compensation, such as shift differential pay and other compensation, as required by the Labor Code. *See Alvarado v. Dart Container Corp. of California,* 4 Cal.5th 542 (2018).

82.    DEFENDANTS' conduct violates Labor Code sections 510 and 1198 and IWC Order No. 7-2001(3), *codified* at Cal. Code Regs. tit. 8 § 11050.

83.    PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, penalties, interest, expenses, attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure To Pay Minimum Wages

### (Cal. Lab. Code sections 1182.12, 1194, 1197, 1197.1, and 1198;

### and Cal. Code Regs. Tit. 8, § 11050)

### (Against ALL DEFENDANTS and DOES 1 to 25)

84.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

85.    At all relevant times herein, employers operating under California law must pay at least minimum wage to their employees for all hours worked. IWC Order No. 7-2001(4), *codified* at Cal. Code Regs. tit. 8 § 11050. An employee not paid at least minimum wage is entitled to recover the unpaid balance of such wages. Cal. Lab. Code §§ 1182.12 and 1194. In addition, an employee is entitled to recover liquidated damages equaling the wages unlawfully unpaid, as well as interest. Cal. Lab. Code §1194.2. An employer failing to pay minimum wages must pay a civil penalty of $100 for the initial pay period and $250 for each subsequent pay period during which such violations occurred. Cal. Lab. Code § 1197.1.

86.    As alleged above, at all relevant times herein, DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked.

87.    DEFENDANTS' conduct violates Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 and IWC Order No. 7-2001(4), *codified* at Cal. Code Regs. tit. 8 § 11050.

88.    PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, attorneys' fees and

costs of suit.

### FIFTH CAUSE OF ACTION

**Failure To Pay Timely Wages Due At Termination/Waiting Time Penalties**

**(Cal. Lab. Code sections 201, 202, 203)**

**(Against ALL DEFENDANTS and DOES 1 to 25)**

89.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

90.     At all relevant times herein, pursuant to Labor Code sections 201 and 202, employers must pay all wages due upon termination and, if an employer terminates an employee, the employee's wages are "due and payable immediately."  Cal. Lab. Code § 201.  Pursuant to Labor Code section 202, employers are required to pay all wages due to an employee no later than 72 hours after the employee quits employment, unless the employee provided 72 hours of notice of the intention to quit, in which case the employee is entitled to those wages at the time of quitting. Cal. Lab. Code § 202.

91.     At all relevant times herein, Labor Code section 203 provides that "[i]f an employer willfully fails to pay… any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203.

92.     As alleged above, at all relevant times herein, PLAINTIFFS and the FORMER EMPLOYEE SUBCLASS were entitled to, but did not receive, meal and rest period premium wages, overtime wages, minimum wages, vacation wages, and all compensation owed to them.

93.     When PLAINTIFFS and the FORMER EMPLOYEE SUBCLASS separated from employment with DEFENDANTS, DEFENDANTS willfully failed to pay all wages owed, and also willfully failed to make timely final payment of wages.

94.     DEFENDANTS' conduct violates Labor Code sections 201, 202, and 203.

95.     As a consequence of DEFENDANTS' willful conduct in not timely paying wages owed at the time of separation from employment, PLAINTIFFS and the FORMER EMPLOYEE

21

SUBCLASS are entitled to 30 days' worth of their average daily wages as a penalty under Labor Code section 203.  *See Drumm v. Morningstar,* 695 F.Supp.2d 1014 (N.D. Cal. 2010).

96.     PLAINTIFFS and the FORMER EMPLOYEE SUBCLASS have been damaged in an amount according to proof at trial, and seek all wages earned and due, penalties, interest, expenses, attorneys' fees and costs of suit.

<u>**SIXTH CAUSE OF ACTION**</u>

**Failure To Timely Pay All Wages**

**(Cal. Lab. Code sections 204, 1182.12, 1194, 1194.2, 1197, 1198,**

**and Cal. Code Regs. tit. 8 § 11050)**

**(Against ALL DEFENDANTS and DOES 1 to 25)**

97.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

98.     At all times relevant herein, Labor Code section 204 has provided that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.  Labor Code section 204 further provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month. Cal. Lab. Code § 204(a).

99.     At all times relevant herein, Labor Code section 204 has further provided that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Cal. Lab. Code § 204(b).  Alternatively, at all times relevant herein, Labor Code section 204 has provided that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period. Cal. Lab. Code § 204(d).

100.    At all relevant times herein, Labor Code sections 1182.12, 1194, 1197, 1197.1 and 1198 have provided that the minimum wage for employees fixed by the applicable IWC Wage Order

is the minimum wage to be paid to employees, and the payment of a wage less than the minimum wage set by the IWC is unlawful.  "Hours worked," and therefore compensable time, is defined in IWC Wage Order 7-2001 as "the time during which an employee is subject to the control of an employer, and includes all time the employee is suffered or permitted to work, whether or not required to do so…"  IWC Wage Order 7-2001(K), *codified* at Cal Code. Regs. tit. 8 §11050(2)(K).

101.    As alleged above, at all relevant times herein, DEFENDANTS willfully failed to pay PLAINTIFFS and CLASS MEMBERS all wages due including, but not limited to overtime wages, minimum wages, and meal and rest period premium wages, within the periods mandated by Labor Code section 204.

102.    DEFENDANTS' conduct violates Labor Code sections 204, 1182.12, 1194, 1194.2, 1197, 1198, and IWC Order No. 7-2001, *codified* at Cal. Code Regs. tit. 8 § 11050.

103.    PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, penalties, interest, expenses, attorneys' fees and costs of suit.

## SEVENTH CAUSE OF ACTION

### Failure To Reimburse For Employment Related Expenses

### (Cal. Lab. Code section 2802)

### (Against ALL DEFENDANTS and DOES 1 to 25)

104.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

105.    At all relevant times herein, Labor Code section 2802 has required an employer to indemnify an employee "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…."  Cal. Lab. Code § 2802(a).  This includes costs associated with the use of personal cell phones for work-related purposes.  "If an employee is required to make work-related calls on a personal cell phone, then he or she is incurring an expense for purposes of section 2802."  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).

106.    At all relevant times herein, PLAINTIFFS and the BUSINESS EXPENSE

23

SUBCLASS incurred necessary business-related expenses and costs that were not reimbursed by DEFENDANTS, including, but not limited to, the cost for cell phone usage.  PLAINTIFFS and the BUSINESS EXPENSE SUBCLASS were required to use their personal cell phones to exchange text messages with DEFENDANTS' management.  DEFENDANTS did not provide PLAINTIFFS or the BUSINESS EXPENSE SUBCLASS with a work-issued cell phone, nor has it reimbursed PLAINTIFFS and the BUSINESS EXPENSE SUBCLASS for the necessary expenses they incurred in using their personal cell phones for DEFENDANTS' business, in violation of Labor Code section 2802.

107.    PLAINTIFFS and the BUSINESS EXPENSE SUBCLASS have been damaged in an amount according to proof at trial, and seek all wages earned and due, penalties, interest, attorneys' fees, expenses, and costs of suit.

## EIGHTH CAUSE OF ACTION

### Failure To Maintain Required Records

### (Cal. Lab. Code sections 226(a), 226.3, 1174(d), and 1198.5; and Cal. Code Regs. tit. 8 § 11050.)

### (Against ALL DEFENDANTS and DOES 1 to 25)

108.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

109.    At all relevant times herein, Labor Code section 1174 has provided that every employer shall "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept …. on file for not less than three years." Cal. Lab. Code §1174(d).

110.    Pursuant to IWC Wage Order 7-2001, employers are required to keep accurate time records including, but not limited to, when the employee begins and ends each work period and meal period.   IWC Order No. 7-2001(7), *codified* at Cal. Code Regs. tit. 8 § 11050. During the CLASS PERIOD, DEFENDANTS failed to keep accurate records of meal period start and stop times for

24

1   PLAINTIFFS and CLASS MEMBERS in violation of the Labor Code. Cal. Lab. Code §1198.5; IWC

2   Wage Order 7-2001(7), *codified* at Cal. Code Regs. tit. 8 § 11050.

3       111.    At all relevant times herein, Labor Code section 226 provides that an employer is to

4   maintain accurate records, including, but not limited to: total daily hours worked by each employee;

5   applicable rates of pay; all deductions; meal periods; time records showing when each employee

6   begins and ends each work period; and accurate itemized statements.  By DEFENDANTS' company-

7   wide policies and practices of inaccurately recording time in which PLAINTIFFS and CLASS

8   MEMBERS worked, including failing to record time during which PLAINTIFFS and CLASS

9   MEMBERS worked, DEFENDANTS knowingly and intentionally failed to maintain records as

10  required by the Labor Code.  Cal. Lab. Code §§ 226(a), 1174(d); *see also* IWC Wage Order 7-

11  2001(7), *codified* at Cal. Code Regs. tit. 8 § 11050.

12      112.    PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according

13  to proof at trial, and seek all wages earned and due, penalties, interest, attorneys' fees, expenses, and

14  costs of suit.

15                          **<u>NINTH CAUSE OF ACTION</u>**

16              **Failure To Furnish Accurate Itemized Wage Statements**

17      **(Cal. Lab. Code section 226(a), 226(e), 226.3, Cal. Code Regs. tit. 8 § 11050)**

18                  **(Against ALL DEFENDANTS and DOES 1 to 25)**

19      113.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and

20  every allegation set forth above.

21      114.    At all relevant times herein, Labor Code section 226 has required employers to furnish

22  each employee an accurate and itemized wage statement in writing that includes, but not limited to,

23  total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods;

24  and total hours worked.  *See* Cal. Lab. Code § 226(a); IWC Wage Order 7-2001(7), *codified* at Cal.

25  Code Regs. tit. 8 § 11050.

26      115.    At all relevant times herein, DEFENDANTS systematically provided PLAINTIFFS

27  and CLASS MEMBERS with incomplete and inaccurate wage statements.  The violations include,

28  without limitation, the failure to accurately list the total hours worked by each employee, total regular

                                        25

and overtime wages earned, the accurate regular rate of pay, or meal and/or rest break premiums entitled to PLAINTIFFS and CLASS MEMBERS.

116.    At all relevant times herein, DEFENDANTS' failure to provide accurate itemized wage statements was a knowing and intentional act based on their company-wide policy and practice of failing to pay all wages owed as set forth herein in violation of Labor Code.  Cal. Lab. Code §§ 226(a), 226(e), 226.3.

117.    By DEFENDANTS' company-wide policies and practices of inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked, DEFENDANTS knowingly and intentionally failed to maintain records as required by the Labor Code.  Cal. Lab. Code §§ 226(a), 226(e), 226.3; IWC Wage Order 7-2001(7), *codified* at Cal. Code Regs. tit. 8 § 11050.

118.    PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, penalties, interest, attorneys' fees, expenses, and costs of suit.

**TENTH CAUSE OF ACTION**

**Failure To Provide Written Notice of Paid Sick Leave**

**(Cal. Lab. Code section 246(i))**

**(Against ALL DEFENDANTS and DOES 1 to 25)**

119.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

120.    At all times herein, Labor Code section 246 has required that employers provide employees with "written notice that sets forth the amount of paid sick leave available, or paid time off an employer provides in lieu of sick leave, either on the employee's itemized wage statement described in section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."  Cal. Lab. Code § 246(i).

121.    At all times herein, DEFENDANTS failed to provide PLAINTIFFS and CLASS MEMBERS with the required written notice on wage statements and/or other separate written statements that listed the requisite information set forth in Labor Code section 246.  Specifically, DEFENDANTS' wage statements fail to state PLAINTIFFS' and CLASS MEMBERS' paid sick

26

1   leave balance, as required by the Labor Code.  Cal. Lab. Code § 246(i).

2         122.   DEFENDANTS' conduct violates Labor Code section 246(i).

3         123.   PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according

4   to proof at trial, and seek all wages earned and due, penalties, interest, attorneys' fees, expenses, and

5   costs of suit.

6   **ELEVENTH CAUSE OF ACTION**

7   **Failure To Provide One Day's Rest In Seven**

8   **(Cal. Lab. Code sections 551, 552, and 852)**

9   **(Against ALL DEFENDANTS and DOES 1 to 25)**

10         124.   PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and

11   every allegation set forth above.

12         125.   At all times herein, Labor Code section 551 has provided that "[e]very person

13   employed in any occupation of labor is entitled to one day's rest therefrom in seven." Cal. Lab. Code

14   § 551.

15         126.   At all times herein, Labor Code section 552 has provided that "[n]o employer of labor

16   shall cause his employees to work more than six days in seven." Cal. Lab. Code § 552.

17         127.   At all times herein, Labor Code section 852 has provided that "[t]he employer shall

18   apportion the periods of rest to be taken by an employee so that the employee will have one complete

19   day of rest during each week." Cal. Lab. Code § 852.

20         128.   At all times herein, DEFENDANTS failed to provide to PLAINTIFFS and CLASS

21   MEMBERS the legally-mandated rest days as required by California law.  Further, "an employer's

22   obligation is to apprise employees of their entitlement to a day of rest and thereafter to maintain

23   absolute neutrality as to the exercise of that right."  *Mendoza v. Nordstrom, Inc.*, 2 Cal. 5th 1074,

24   1091 (2017).   DEFENDANTS failed to provide this notice to PLAINTIFFS and CLASS

25   MEMBERS.

26         129.   DEFENDANTS' conduct violates Labor Code sections 551, 552, and 852.

27         130.   PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according

28   to proof at trial, and seek all wages earned and due, penalties, interest, attorneys' fees, expenses, and

costs of suit, as well as relief pursuant to Labor Code section 853.

**TWELFTH CAUSE OF ACTION**

**Failure To Comply with Labor Code Sections 850 and 851**

**(Cal. Lab. Code sections 850 and 851)**

**(Against ALL DEFENDANTS and DOES 1 to 25)**

131.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

132.    At all times herein, Labor Code section 850 has provided, in pertinent part, that "[n]o person employed to sell at retail drugs and medicines or to compound physicians' prescriptions shall perform any work in any store, dispensary, pharmacy, laboratory, or office for more than an average of nine hours per day, or for more than 108 hours in any two consecutive weeks or for more than 12 days in any two consecutive weeks..." Cal. Lab. Code § 850.

133.    At all times herein, Labor Code section 851 has prohibited employers from requiring employees covered by Section 850 to work in excess of the hours prescribed therein. *See* Cal. Lab. Code § 851

134.    At all times herein, and in violation of Labor Code Section 851, DEFENDANTS required PLAINTIFFS and the PHARMACY EMPLOYEE SUBCLASS to work in excess of the hours prescribed by Labor Code Section 850.

135.    DEFENDANTS' conduct violates Labor Code sections 850 and 851.

136.    PLAINTIFFS and the PHARMACY EMPLOYEE SUBCLASS have been damaged in an amount according to proof at trial, and seek all wages earned and due, penalties, interest, attorneys' fees, expenses, and costs of suit, as well as relief pursuant to Labor Code section 853.

**THIRTEENTH CAUSE OF ACTION**

**Unfair And Unlawful Business Practices**

**(Cal. Bus. & Prof. Code section 17200, *et seq.*)**

**(Against ALL DEFENDANTS and DOES 1 to 25)**

137.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

28

138.   At all times herein, California Business & Professions Code provides that "person" shall mean and include "natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons."  Cal. Bus. & Prof. Code § 17201.

139.   At all times herein, DEFENDANTS' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to PLAINTIFFS, CLASS MEMBERS, the general public, and DEFENDANTS' competitors.  PLAINTIFFS and CLASS MEMBERS have suffered injury in fact and have lost money as a result of DEFENDANTS' unlawful business practices.

140.   At all times herein, DEFENDANTS' activities, as alleged herein, are violations of California law, and constitute false, unfair, fraudulent and deceptive business acts and practices in violation of California Business & Professions Code sections 17200 *et seq.*

141.   Each and every one of the DEFENDANTS' acts and omissions in violation of the Labor Code and IWC Wage Order 7-2001 as alleged herein, including but not limited to DEFENDANTS' failure to authorize and provide uninterrupted meal periods; DEFENDANTS' failure to authorize and permit uninterrupted rest periods; DEFENDANTS' failure to pay overtime compensation; DEFENDANTS' failure to pay premium compensation at the legally prescribed regular rate of pay; DEFENDANTS' failure to pay minimum wages; DEFENDANTS' failure to pay all wages due to terminated employees; DEFENDANTS' failure to furnish accurate wage statements; DEFENDANTS' failure to maintain required records; DEFENDANTS' failure to provide written notice of paid sick leave; DEFENDANTS' failure to provide one day's rest in seven; and DEFENDANTS' failure to comply with Labor Code Sections 850 and 851 constitutes an unfair and unlawful business practice under California Business & Professions Code sections 17200 *et seq.*

142.   DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and CLASS MEMBERS.

143.   As a result of the violations of California law herein described, DEFENDANTS unlawfully gained an unfair advantage over other businesses.  PLAINTIFFS and CLASS MEMBERS have suffered pecuniary loss by DEFENDANTS' unlawful business acts and practices

29

alleged herein.

144.     Pursuant to California Business & Professions Code sections 17200 *et seq.,*
PLAINTIFFS and CLASS MEMBERS are entitled to restitution of the wages withheld and retained
by DEFENDANTS during a period that commences four years prior to the filing of this complaint;
a permanent injunction requiring DEFENDANTS to pay all outstanding wages due to PLAINTIFFS
and CLASS MEMBERS; an award of attorneys' fees pursuant to California Code of Civil Procedure
section 1021.5 and other applicable laws; and an award of costs.

<u>**FOURTEENTH CAUSE OF ACTION**</u>

**Representative Action for Civil Penalties**

**(Cal. Lab. Code sections 2698-2699.5)**

**(Against ALL DEFENDANTS and DOES 1 to 25)**

145.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and
every allegation set forth above.

146.     PLAINTIFFS are both "aggrieved employees" within the meaning of Labor Code
section 2699(c), and are proper representatives to bring a civil action on behalf of themselves and
other current and former employees of DEFENDANTS pursuant to the procedures specified in Labor
Code section 2699.3, because PLAINTIFFS were employed by DEFENDANTS and the alleged
violations of the Labor Code were committed against PLAINTIFFS.

147.     Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Labor Code
sections 2698-2699.5, PLAINTIFFS seek to recover civil penalties, including but not limited to
penalties under Labor Code sections 2699, 210, 225.5, 226.3, 558, 850, 851, 852, 853, 1174.5,
1197.1, and 1199, from DEFENDANTS in representative action for the violations set forth above,
including but not limited to violations of Labor Code sections 201, 202, 203, 226, 226.7, 510, 512,
850, 851, 852, 8531174, 1194, 1197, 1198, and 2802.  PLAINTIFFS are also entitled to an award of
reasonable attorneys' fees and costs pursuant to Labor Code section 2699 (g)(1).

148.     Pursuant to Labor Code Section 2699.3, PLAINTIFF HYAMS gave written notice by
certified mail to the California Labor and Workforce Development Agency ("LWDA") and
DEFENDANTS of the specific provisions of the Labor Code and IWC Wage Orders alleged to have

30

1   been violated, including the facts and theories to support the alleged violations.   PLAINTIFF

2   HYAMS' notice to the LWDA is attached as Exhibit A.  Within sixty-five (65) calendar days of the

3   postmark date of PLAINTIFF HYAMS' notice letter, the LWDA did not provide notice to

4   PLAINTIFFS that it intends to investigate the alleged violations.

5          149.    Therefore, PLAINTIFFS have complied with all of the requirements set forth in Labor

6   Code Section 2699.3 to commence a representative action under PAGA.

7                              **PRAYER FOR RELIEF**

8          Wherefore PLAINTIFFS, individually and on behalf of all other persons similarly situated,

9   respectfully pray for relief against DEFENDANTS and Does 1 through 25, inclusive, and each of

10  them, as follows:

11         1.     For compensatory damages in an amount to be ascertained at trial;

12         2.     For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS, as well as

13  disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

14         3.     For meal and rest period compensation pursuant to Labor Code section 226.7 and

15  IWC Wage Order NO. 7-2001;

16         4.     For liquidated damages pursuant to Labor Code section 1194.2;

17         5.     For preliminary and permanent injunctive relief enjoining DEFENDANTS from

18  violating the relevant provisions of the Labor Code and IWC Wage Orders, and from engaging in

19  the unlawful business practices complained of herein;

20         6.     For waiting time penalties pursuant to Labor Code section 203;

21         7.     For statutory and civil penalties according to proof, including but not limited to all

22  penalties authorized by the Labor Code sections 226(e), 853 and 2699;

23         8.     For interest on the unpaid wages at 10% per annum pursuant to Labor Code Sections

24  218.6, 1194, 2802, California Civil Code sections 3287, 3288, and/or any other applicable provision

25  providing for pre-judgment interest;

26         9.     For reasonable attorneys' fees and costs pursuant to Labor Code sections 1194, 2699,

27  2802, California Civil Code section 1021.5, and any other applicable provisions providing for

28  attorneys' fees and costs;

31

CLASS AND REPRESENTATIVE ACTION SECOND AMENDED COMPLAINT

10.    For declaratory relief;

11.    For an order requiring and certifying the first thirteen Causes of Action pled in this SECOND AMENDED COMPLAINT as a class action;

12.    For an order appointing PLAINTIFFS as class representatives, and PLAINTIFFS' counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.


DATED:  March 18, 2019                    GUNN COBLE LLP



                                          By: /s/ Beth A. Gunn
                                              Beth A. Gunn
                                              Catherine J. Coble
                                              David Z. Feingold

                                          Attorneys for Plaintiffs RYAN HYAMS and
                                          REGINE DUHON, on behalf of themselves and
                                          all others similarly situated


## DEMAND FOR JURY TRIAL

PLAINTIFFS, on behalf of themselves and all others similarly situated, hereby demand a jury trial with respect to all issues triable of right by jury.


DATED:  March 18, 2019                    GUNN COBLE LLP



                                          By: /s/ Beth A. Gunn
                                              Beth A. Gunn
                                              Catherine J. Coble
                                              David Z. Feingold

                                          Attorneys for Plaintiffs RYAN HYAMS and
                                          REGINE DUHON, on behalf of themselves
                                          and all others similarly situated

32

CLASS AND REPRESENTATIVE ACTION SECOND AMENDED COMPLAINT

# Exhibit A



Beth Gunn
818.573.6389
beth@gunncoble.com

Cathy Coble
818.573.6392
cathy@gunncoble.com

July 2, 2018

**VIA ONLINE FILING**
David M. Lanier, Secretary
California Labor and Workforce Development Agency

RE:     **Labor Code Private Attorneys General Act of 2004 – Notice on behalf of Ryan Hyams**

Dear Secretary Lanier:

Please be advised that Gunn Coble LLP has been retained by Ryan Hyams ("Mr. Hyams") to represent him in respect to matters arising out of his employment with CVS Health Corporation, Garfield Beach CVS, L.L.C., CVS Pharmacy, Inc., and CVS Rx Services, Inc., and, as appropriate, any of their parent companies, subsidiaries, or affiliates (collectively, "CVS" or the "Company"). All further questions, inquiries, or other communications about this matter should be directed to this firm, not to Mr. Hyams.

This letter provides notice on behalf of Mr. Hyams and similarly situated, aggrieved employees pursuant to the Private Attorneys General Act of 2004, California Labor Code section 2699.3. Mr. Hyams is an "aggrieved employee" as defined by Labor Code section 2698 *et seq.*, due to CVS' numerous violations of the Labor Code, including unpaid wages, failure to provide meal and rest breaks, failure to pay meal and rest period premiums, failure to provide mandated rest days, failure to comply with California Labor Code Section 850-851, inaccurate wage statements, unreimbursed expenses, failure to pay wages upon termination, interest, penalties, attorneys' fees, costs, and any other relief available under California law, including PAGA. For purposes of this letter, an "aggrieved employee" should be considered to include all non-exempt employees of CVS who have worked for CVS during the one year preceding the date of this letter through the present date.

This notice is being provided via electronic submission to the California Labor & Workforce Agency ("LWDA") and to the Company via certified mail at its address for business operations.

Based on the below summary of the facts and legal theories upon which Mr. Hyams will base his claims, he requests that the LWDA regard this notice as written notice pursuant to California Labor Code section 2699.3 of his intent to seek civil penalties against CVS and any parent companies identified as co-defendants prior to and during litigation of this matter.

A.     <u>Facts</u>

CVS is a retail pharmacy chain with hundreds of physical locations in California, including standalone stores and locations within Target branded stores.  As part of its operations, CVS employs pharmacists to, among other things, dispense medications, counsel patients on the use of prescription and over-the-counter medications, and advise physicians about medication therapy.   In many locations CVS also employs pharmacy technicians to assist with the dispensation of medication to its clientele, though there are CVS locations where only a pharmacist is employed to handle all pharmacy operations.   Plaintiff Ryan Hyams is a former non-exempt employee of CVS who primarily worked as a pharmacist at its Garfield Beach location, but also occasionally assisted at other pharmacy locations during his more than two years of employment with CVS. At the end of his employment with CVS, Mr. Hyams was earning $76/hour.

As a pharmacist, Mr. Hyams' primary duties were to safely and accurately dispense approximately 250-300 prescriptions per day to CVS clientele.  This included reviewing prescriptions provided to the pharmacy (either in writing or over the phone), checking for drug interactions and precautions, contacting physicians where appropriate, advising patients regarding the use of their prescriptions, entering information in CVS systems, and dispensing and packaging medications to CVS customers.  When pharmacy technicians were unavailable, Mr. Hyams would also work at the pharmacy cash register to ring up sales of prescriptions and other items at the pharmacy.

During his employment, Mr. Hyams would regularly work more than 9 hours per day on average, and more than 108 hours in two consecutive week periods.  In fact, CVS utilized a centralized scheduling procedure where he and other pharmacists were routinely scheduled for 12-hour shifts.  On occasion, Mr. Hyams would work more than 12 hours per day, for which CVS would then pay him double-time.  There also were occasions where he worked more than 12 days in a consecutive two week period.  Each day, before clocking in on the CVS computer and after clocking out at the end of the day, Mr. Hyams would perform work for his position, as required by CVS.  Also, as part of his job duties and responsibilities, Mr. Hyams would receive text messages on his personal cell phone from his supervisor to discuss work-related matters. Furthermore, CVS relied on Mr. Hyams, a loyal employee, to fill in at other pharmacies to ensure its business needs were met, which required him to drive great distances, stay at a hotel, and staff a pharmacy by himself for days at a time.  At all locations, Mr. Hyams was entitled to, but did not receive uninterrupted meal and rest breaks.  Mr. Hyams was not paid for the time he

spent reviewing and responding to text messages from his supervisor relating to work for CVS while off-the-clock.  Additionally, Mr. Hyams never received any reimbursement from CVS for the personal use of his cell phone to conduct business for CVS.

When Mr. Hyams' employment with CVS ended, he was only paid for a portion of his accrued vacation. CVS failed to provide him with his accrued vacation time in violation of the Labor Code.  For a portion of his employment, in violation of Labor Code Section 246(i), CVS failed to provide Mr. Hyams, or other aggrieved employees, with written notice setting forth the amount of paid sick leave available, or paid time off the Company provides in lieu of sick leave.

Throughout his employment at CVS, Mr. Hyams was routinely unable to take his uninterrupted meal and rest breaks due to CVS' under-staffing and fill-time metrics.  During the breaks he was able to take, after clocking out and before clocking back in, Mr. Hyams was routinely interrupted with pharmacy questions.  Mr. Hyams was also asked to sign a waiver, wherein, on a standing basis without regard to the actual business needs, he waived all of his second meal periods.  Mr. Hyams observed other employees also working through breaks and not being properly compensated for the same.  Mr. Hyams was not paid any penalties for these interrupted meal and/or rest breaks.  In addition, CVS often failed to provide Mr. Hyams with a rest day as required under the Labor Code.

Additionally, to date, CVS has refused to comply with its obligation under the Labor Code to produce the entirety of Mr. Hyams payroll records and personnel file, making it even more difficult to determine the extent of CVS' improper and illegal practices.

**B.**    **Labor Code Violations**

    **1.**    **CVS Violated Labor Code Section 204 by Failing to Pay Employees for All Hours Worked.**

Labor Code section 204, provides in relevant part: "All wages, other than those mentioned in Section[s] [not applicable here] earned by any person in any employment are due and payable twice during each calendar month."  California Labor Code section 204.  In short, this means an employee must be paid for *all* hours worked.  Time spent by Mr. Hyams reviewing and answering text messages, as required by CVS, is deemed time worked and must be compensated.  Furthermore, pursuant to Labor Code sections 1194, 1194.2, and 1197, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked as required by the applicable IWC Wage Order.  Pursuant to IWC Wage Order number 7, subdivision 2(G), at all times material hereto, "hours worked" means "the time during which an employee is subject to the control of an employer, and includes all time the employee is suffered or permitted to work, whether or not required to do so."  Mr. Hyams was not paid for any work conducted prior to clocking in and after clocking out, as required by CVS.  He also observed and is aware of other aggrieved employees who were forced to use their own cell phones and work off-the-clock who were not paid for the work performed.

In direction violation of the Labor Code, CVS failed to pay Mr. Hyams and similarly situated employees for time reading and responding to messages related to work. In the case of Mr. Hyams, he has spent hours receiving and responding to messages from management regarding work for which he has not received pay. Mr. Hyams contends that other similarly situated employees also did not receive any pay for the time spent receiving and responding to work related messages. Additionally, CVS required its employees, including Mr. Hyams and other aggrieved employees, to perform work before clocking in and after clocking out on the Company's computers. Thus, Mr. Hyams and other aggrieved employees' time records do not accurately reflect their actual hours worked. As such, Mr. Hyams and other employees were never compensated for all time worked. Therefore, CVS has violated Labor Code sections 204, 1194, 1194.2, and 1197.

    2.    **CVS Violated Labor Code Sections 246(i) and 246.5.**

California Labor Code section 246 requires that employers provide employees with written notice that sets forth the amount of paid sick leave available, or paid time off an employer provides in lieu of sick leave, either on the employee's itemized wage statement described in section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages. Here, during a portion of Mr. Hyam's employment, CVS failed to provide Mr. Hyams and other aggrieved employees with the required notice setting forth the amount of sick leave available.

    3.    **Failure to Pay Overtime Wages and Therefore Failure to Pay Minimum Wage.**

Employers operating under California law must pay at least minimum wage to their employees for all hours worked. An employee not paid at least minimum wage is entitled to recover the unpaid balance of such wages. *See* Cal. Lab. Code sections 1182.12 and 1194. In addition, an employee is entitled to recover liquidated damages equaling the wages unlawfully unpaid, as well as interest. *See* Cal. Lab. Code section 1194.2. Furthermore, an employer failing to pay minimum wages must pay a civil penalty of $100 for the initial pay period and $250 for each subsequent pay period during which such violations occurred. *See* Cal. Lab. Code section 1197.1.

Section 510 of the Labor Code mandates that any time worked beyond eight hours in one workday or beyond 40 hours in any workweek must be compensated at no less than one and one-half times the regular wage. *See* Cal. Lab. Code § 510(a). Section 1194 creates a cause of action to recover such unpaid overtime wages. *See* Cal. Lab. Code section 1194. IWC Order No. 7-2001(3)(A) further provides that employees such as Mr. Hyams "shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek." IWC Order No. 7-2001(3)(A).

As discussed above, Mr. Hyams and other similarly aggrieved employees routinely worked off-the-clock when answering work-related text messages and when forced by management to continue to work while clocked out. During these periods of off-the-clock work, CVS did not pay at least minimum wage to employees.

As a result of these actions, CVS violated Labor Code sections 223, 510, 1182.12, 1194, 1194.2, 1197.1, and 1198.

### 4. CVS Violated Labor Code Sections 512 and 226.7 and IWC 7-2001 (11 & 12) by Failing to Provide Lawful Meal or Rest Breaks, and Forcing Its Employees to Sign Meal Period Waivers.

Labor Code section 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." Cal. Lab. Code section 512. Section 226.7 further provides in relevant part that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute." Cal. Lab. Code section 226.7. IWC Order 7-2001 (12) states that "[e]very employer shall authorize and permit all employees to take rest periods … at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

CVS has violated sections 512 and 226.7 by failing to provide Mr. Hyams and similarly situated employees with at least 30 uninterrupted minutes of meal break time and/or at least 10 minutes of uninterrupted rest time during their shifts. Mr. Hyams and similarly situated CVS employees were and are routinely interrupted during their meal and rest breaks in order to comply with their managers' demands and instructions to meet CVS customers' expectations and CVS' fill time metrics. Mr. Hyams and other aggrieved employees were also asked to sign a waiver, wherein, on a standing basis, they waived all of their second meal periods, without consideration of the pharmacies' daily needs. Thus, Mr. Hyams and similarly situated employees are entitled to an additional hour of pay at the regular rate of compensation for each workday that the 30-minute uninterrupted meal period was not provided. *See* Cal. Lab. Code section 226.7. In addition, Mr. Hyams and similarly situated employees are entitled to an additional hour of pay at the regular rate of compensation for each workday that the ten-minute rest break was not provided. *See* Cal. Labor Code § 226.7; IWC 7-2001(12), as well as PAGA penalties.

### 5. CVS Violated Labor Code Sections 551 and 552.

Under Labor Code section 551, "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." Labor Code section 552 provides that "[n]o employer of labor shall cause his employees to work more than six days in seven." Here, CVS violated these sections by failing to provide the legally-mandated rest days to Mr. Hyams and other similarly situated employees. Further, "an employer's obligation is to apprise employees of their entitlement to a day of rest and thereafter to maintain absolute neutrality as to the exercise of that right." *Mendoza v. Nordstrom, Inc.*, 2 Cal.5th 1074, 1091 (2017). Instead of complying with this obligation, CVS did not inform its employees in California of their right to a day of rest, and then failed to properly staff its locations with sufficient personnel and pressured employees into working without a day of rest.

6.      **Failure to Comply with Labor Code Sections 850 and 851.**

California Labor Code section 850 provides, in pertinent part, that "[n]o person employed to sell at retail drugs and medicines or to compound physicians' prescriptions shall perform any work in any store, dispensary, pharmacy, laboratory, or office for more than an average of nine hours per day, or for more than 108 hours in any two consecutive weeks or for more than 12 days in any two consecutive weeks..." The accompanying California Labor Code section 851 prohibits employers from requiring employees covered by Section 850 to work in excess of the hours prescribed therein. Mr. Hyams and other aggrieved employees throughout California regularly worked hours and days in excess of these specific limitations set forth by the California Labor Code.

7.      **Failure to Provide Accurate Itemized Wage Statements in Violation of California Labor Code Section 226 (a).**

California Labor Code section 226(a) requires employers to make, keep and provide true, accurate, and complete employment records. CVS did not provide Mr. Hyams, and other aggrieved employees, with properly itemized wage statements. Additionally, the violations include, without limitation, the failure to accurately list the total regular and overtime wages earned or meal and rest break premiums entitled to Mr. Hyams and other similarly situated employees. CVS' failure to provide accurate itemized wage statements was an intentional act based on its policy and practice of failing to properly compensate employees to avoid paying penalty pay and overtime premiums to employees.

8.      **CVS Violated Labor Code Section 2802 by Failing to Reimburse Employees for Costs Incurred Related to the Use of Personal Cell Phones for Necessary Work-Related Purposes.**

California Labor Code section 2802 requires an employer to indemnify an employee "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code section 2802. This includes costs associated with the use of personal cell phones for work-related purposes. "If an employee is required to make work-related calls on a personal cell phone, then he or she is incurring an expense for purposes of section 2802." *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).

CVS has violated section 2802 by failing to reimburse employees for costs incurred relating to the necessary use of personal cell phones for work-related purposes. Mr. Hyams, and other CVS employees, were routinely required to use their personal cell phones to exchange text messages with CVS management. CVS did not provide Mr. Hyams or the other CVS employees with a work-issued cell phone, nor has it reimbursed Mr. Hyams and the other CVS employees for the necessary expenses they incurred in using their personal cell phones for CVS business.

9.     **Failure to Pay All Wages Due Upon Termination**

Employers must pay all wages due upon termination, including accrued but unused vacation.  Labor Code sections 201-202, 227.3.  The Company violated these sections by failing to pay Mr. Hyams and other aggrieved employees their unpaid wages, including accrued vacation time and premium penalties, as discussed above, at the time of termination.  These violations subject the Company to civil penalties under Labor Code sections 203 and 2699.

\*\*\*\*\*

This notice is provided pursuant to Labor Code section 2699.3 and hereby provides the LWDA an opportunity to investigate the claims and/or take any action it deems appropriate. We respectfully request a timely response as to the LWDA's decision(s), as required by Labor Code section 2699.3.  If the LWDA elects not to take any action, Mr. Hyams intends to file a complaint on behalf of himself and all similarly situated aggrieved employees in the California Superior Court seeking unpaid wages, including unpaid overtime wages, unpaid minimum wages, meal and rest period premiums, unreimbursed expenses, unpaid sick leave, interest, penalties, attorneys' fees, costs, and any other relief available under California law.

If you have any questions or require any further information regarding the facts and theories to support these claims, do not hesitate to contact our office.

Thank you for your attention to this matter.

Sincerely,

Cathy Coble
Gunn Coble LLP

CVS Health Corporation, Garfield Beach CVS, L.L.C., CVS Pharmacy, Inc., and CVS Rx Services, Inc. may be contacted at the following address:
One CVS Drive
Woonsocket, Rhode Island 02895

The registered agent for service of process for CVS Health Corporation, Garfield Beach CVS, L.L.C., CVS Pharmacy, Inc., and CVS Rx Services, Inc. is:
C T Corporation System
818 W Seventh Street, Suite 930
Los Angeles, CA 90017

My contact information is:
Beth Gunn
Cathy Coble
Gunn Coble LLP
101 S. First Street, Suite 407
Burbank, CA 91502
beth@gunncoble.com
cathy@gunncoble.com
818.573.6392