BETH A. GUNN, CA Bar No. 218889
beth@gunncoble.com
CATHERINE J. COBLE, CA Bar No. 223461
cathy@gunncoble.com
GUNN COBLE LLP
101 S. 1st Street, Suite 407
Burbank, CA 91502
Telephone: 818.900.0695
Facsimile: 818.900.0723

Attorneys for Plaintiffs-Intervenors
RYAN HYAMS and REGINE DUHON,
on behalf of themselves, and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br><br>Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br>Assigned to Hon. Andre Birotte Jr.<br>*Related Case No.:2:20-cv-02401-AB-AGR*<br><br>**DECLARATION OF BETH GUNN IN SUPPORT OF PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO STAY ENTRY OF ORDER ON THE PARTIES' JOINT STIPULATION TO CONSOLIDATE THE RELATED ACTIONS OF *CHALIAN V. CVS* AND *CABRERA V. CVS***<br><br>DATE: July 10, 2020<br>TIME: 10:00 a.m.<br>PLACE: 350 West First Street<br>Courtroom 7B<br>Los Angeles, CA 90012<br><br>Complaint Filed: July 20, 2016<br>Action Removed: December 5, 2016 |

1

DECL. OF BETH A GUNN ISO MOTION TO STAY ENTRY OF PROPOSED CONSOLIDATION ORDER

# DECLARATION OF BETH GUNN

I, Beth Gunn, declare as follows:

1. I am an attorney duly licensed to practice in this Court, and am counsel of record for the putative class and Plaintiffs Ryan Hyams and Regine Duhon ("Proposed Intervenors") in the separately pending action styled *Ryan Hyams, et al. v. CVS Health Corporation, et al.*, Northern District of California Case No. 4:18-cv-06278-HSG (the "*Hyams* action") in this matter. I have firsthand and personal knowledge of the facts set forth in this declaration, as well as information obtained from my law firm's documents, and publicly available court documents and if called to testify regarding the facts set forth herein, I could and would do so competently and under oath.

2. The Defendants in this action, CVS Pharmacy, Inc., CVS RX Services, Inc., and Garfield Beach CVS, LLC (collectively, "Defendants" or "CVS"), are related entities of a large, Fortune 5 company that employs tens of thousands of employees in the State of California. CVS has been sued many times for violations of California's Labor Code and other employment laws, including wage-and-hour class actions such as those at issues here. (ECF 74; RJN Ex. 13.) However, CVS has successfully avoided the full consequences of most of these lawsuits by using its arbitration policy – which includes a class action waiver – to defeat them. (*Id*.) At the same time, CVS selectively waives its own obligation to arbitrate disputes by attempting to persuade would-be class and PAGA representatives to settle claims on a class-wide basis for an extreme discount that, while undervaluing the claims and potential recovery of thousands of CVS employee/class members, provides a windfall for the plaintiffs' counsel and class representatives who otherwise would have severely limited recovery. (*Id*.)

3. As part of litigating Proposed Intervenors' case since August 2018, my firm has conducted a substantial amount of discovery, including numerous FRCP 30(b)(6) depositions and, to date, has obtained over 8,700 pages of formally produced

documents, including large data sets. Proposed Intervenors needed to pursue this information vigorously, as Defendants did not produce substantial information until it was compelled via court orders. Even then, Defendants took over a year to produce information and sent discoverable documents in dribs and drabs, including informative documents withheld until the tail end of the process. As a result, Proposed Intervenors possess information that was not informally cherry-picked by Defendants, including information that potentially conflicts with information that Plaintiff has relied upon in evaluating the risks of litigation. Without further consideration of such material, it is impossible to determine whether the premises so severely discounting Plaintiffs' chances of prevailing in this case are correct.

4. On June 5, 2020, I reviewed my firm's files for this case, as they are maintained in the ordinary course and scope of our business, to ascertain the discovery conducted in the *Hyams* action to date. Based on my review of those files, as well as my own personal involvement in much of the discovery, I determined the following:

a. Proposed Intervenors have propounded a collective four sets of Interrogatories, seeking a variety of information and data pertaining to Proposed Intervenors, the putative class, and the aggrieved employees at issue in the case.

b. Proposed Intervenors have propounded a collective five sets of Requests for Production of Documents, broadly seeking pertinent CVS policies and practices, training materials, payroll and timekeeping records, work schedules, and other materials related to the claims in the *Hyams* action.

c. Proposed Intervenors have propounded one set of Requests for Admission, aimed at obtaining information necessary to establish the willfulness or intentionality of CVS' wage-and-hour violations.

d. Proposed Intervenors have conducted Federal Rule of Civil Procedure ("FRCP") 30(b)(6) depositions of eight individuals on approximately 40 topics to date—including: (1) compliance with Labor Code Sections 850, 851, and 852 and correspondence scheduling practices for failure to schedule employees who "sell

at retail drugs and medicines" within the legal limits prescribed in those provisions, including recent changes following Proposed Intervenors' July 2, 2018 PAGA exhaustion with the LWDA and August 2018 lawsuit regarding these claims; (2) CVS' policies and practices regarding Labor Code 246(i)'s requirement to list available sick and vacation time on aggrieved employees' wage statements; (3) CVS' timekeeping policies and practices; (2) scheduling and staffing policies and practices; (3) fill time metrics/incentives and studies; (4) labor budget policies, practices, and studies; and (5) payroll policies and practices, (including those relating to meal periods and rest breaks, minimum wages, overtime, and expense reimbursements—with another approximately 12 topics to take place in the next few weeks.

  e. Defendants CVS Health Corporation, CVS Pharmacy, Inc., Garfield Beach CVS, LLC, and CVS Rx Services, Inc. (collectively, "CVS") in the *Hyams* action have deposed both of the Proposed Intervenors.

  5. Plaintiff Chalian's ("Chalian") proposed consolidated Second Amended Complaint ("Consolidated SAC") in this matter includes new allegations and claims that were not previously part of either the *Chalian* or *Cabrera* lawsuit but have always been part of Proposed Intervenors' lawsuit against the very same Defendants, ranging as far back as their letter submitted to the LWDA on July 2, 2018. (*see* concurrently filed Request for Judicial Notice ("RJN,") Exs. 10, 11, 12.) Specifically, the Consolidated SAC refers to violations of Labor Code section 246(i) for failure to list available sick and vacation time on aggrieved employees' wage statements. (ECF 74, 44:17-45:17.) It also alleges violations of Labor Code sections 850, 851, and 852, for failure to schedule employees who "sell at retail drugs and medicines" within the legal limits prescribed in those provisions. (*Id*.) Proposed Intervenors have been litigating these claims for years, and have conducted extensive discovery as to these and other class claims. (*see* RJN, Exs. 10, 11, 12.)

  6. The *Hyams* action has caused CVS to make internal changes to address the Labor Code violations, including announcing in February 7, 2020 via emails from

1  California Human Resource Directors to California Regional Directors that effective
2  immediately, CVS would now schedule California retail pharmacy employees for no
3  more than 9 hours per day in a workweek and one day off for every consecutive/rolling
4  7 days. These changes reflect scheduling requirements for those employed to sell at
5  retail drugs and medicines pursuant to California Labor Code Sections 850 and 851.

6        7.    On June 4, 2020, at approximately 6:00 p.m., CVS informed Proposed
7  Intervenors of the terms of the settlement agreement referred to in the *Cabrera*
8  plaintiffs' Ninth Circuit Stipulation which led to the Cabrera case being related to this
9  case and transferred to this Court. In light of the settlement terms contained in that
10 agreement compared to Proposed Intervenors' knowledge of the value of the claims at
11 issue, Proposed Intervenors' counsel became very alarmed that the terms provided
12 CVS with a greater benefit of the bargain than warranted based on the value of these
13 newly tacked-on claims.

14       8.    On June 4, 2020 at 7:08 p.m. I emailed Chalian's counsel, Michael
15 Morrison, requesting to speak with him as soon as possible regarding this urgent
16 situation. Mr. Morrison responded that he could speak the next day. Mr. Morrison
17 and I had two separate telephone conversations on June 5, 2020. In those
18 conversations, I requested that Plaintiffs withdraw the proposed Second Amended
19 Complaint to remove the additional claims, in particular, those pursuant to Labor Code
20 Sections 246(i), 850, 851, and 852 on the grounds that unlike Proposed Intervenors,
21 Plaintiffs had not exhausted these claims with the LWDA and they had not proposed
22 a Plaintiff who has standing to bring these claims. Mr. Morrison refused to withdraw
23 or amend the proposed Second Amended Complaint. Given the high level of
24 impropriety involved in attempting to add new claims that none of the related parties
25 can conceivably pursue, recognizing it as a reverse auction, and given the need to
26 protect the rights of the LWDA and the aggrieved employees in this matter, I was
27 unable to contact Chalian's counsel seven days prior to filing this motion.

28       I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on June 5, 2020, in Sherman Oaks, California.

                                             /s/ Beth Gunn
                                             Beth Gunn