**ALEXANDER KRAKOW + GLICK LLP**
Michael S. Morrison (State Bar No. 205320)
1900 Ave. of the Stars, Suite 900
Los Angeles, California 90067
T: 310.394.0888 | F: 310.394.0811
E: mmorrison@akgllp.com

**BOYAMIAN LAW, INC.**
Michael H. Boyamian, SBN 256107
Armand R. Kizirian, SBN 293992
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
T: (818) 547-5300 | F: (818) 547-5678
E: michael@boyamianlaw.com,
    armand@boyamianlaw.com

**CLARK LAW GROUP**
R. Craig Clark, SBN 129219
cclark@clarklawyers.com
3258 4th Ave.
San Diego, CA 92103
T: (619) 239-1321 | F: (888) 273-4554

Attorney for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK BRENNAN,
and the Putative Class

*Additional Counsel Listed on Following Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, SIGFREDO CABRERA, ENKO TELAHUN, CHRISTINE MCNEELY, and PATRICK BRENNAN as individuals, on behalf of themselves, and all other persons similarly situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 to 10 inclusive,<br><br>          Defendants. | Case No.: 2:16-cv-08979-AB-AGR<br><br>Consolidated with *Cabrera, et al. v. CVS Rx Services, Inc, et al.*, 2:20-cv-02401-AB-AGR<br><br>**CLASS & REPRESENTATIVE ACTION**<br><br>**CONSOLIDATED SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF AND CIVIL PENALTIES:**<br><br>**(1) FAILURE TO PAY MINIMUM WAGES (Labor Code §§ 204, 558, 1194, 1197, 1197.1, and 1198);**<br><br>**(2) FAILURE TO PAY OVERTIME COMPENSATION (Labor Code §§ 510 and 1994);**<br><br>**(3) FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS OR** |

i

CONSOLIDATED SECOND AMENDED COMPLAINT

**COMPENSATION IN LIEU THEREOF (Labor Code §§ 226.7 and 512);**

(4) **FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS OR COMPENSATION IN LIEU THEREOF (Labor Code § 226.7);**

(5) **FAILURE TO PAY WAGES OWED AT THE TIME OF SEPARATION (Labor Code §§ 201, 202, and 203);**

(6) **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (Labor Code §§ 226 and 226.3);**

(7) **FAILURE TO MAINTAIN ACCURATE RECORDS (Labor Code §§ 226(a), 226.3, and 1174);**

(8) **FAILURE TO REIMBURSE FOR NECESSARY WORK EXPENSES (Labor Code §§ 2800 and 2802);**

(9) **UNFAIR BUSINESS PRACTICES (Bus. & Prof. Code §§ 17200 et. seq.);**

(10) **PRIVATE ATTORNEYS GENERAL ACT OF 2004 (Labor Code §§ 2698 *et seq.*).**

**DEMAND FOR JURY TRIAL**

**LAW OFFICES OF THOMAS W. FALVEY**
Thomas W. Falvey, SBN 65744
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
T: (818) 547-5200 | F: (818) 500-9307
E-mail: thomaswfalvey@gmail.com

**UNITED EMPLOYEES LAW GROUP**
Walter Haines, SBN 071075
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
T: (562) 256-1047
F: (562) 256-4554

Attorney for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK BRENNAN,
and the Putative Class

1.     Plaintiffs Sevag Chalian, Sigfredo Cabrera, Enko Telahun, Christine McNeely, and Patrick Brennan ("Plaintiffs"), by and through their attorneys of record, bring this action on behalf of themselves and all persons similarly situated, against Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC (collectively "Defendants" or "CVS"), as set forth below.

2.     The purpose of this Consolidated Second Amended Complaint ("SAC") is to consolidate claims in this action with claims in the action entitled *Cabrera, et al. v. CVS Rx Services, Inc., et al.*, CACD Case No. 2:20-cv-02401-AB-AGR and to assert all claims which may flow from the violations described herein.

## INTRODUCTION

3.     This action is brought by Plaintiffs on behalf of themselves and all current or former employees of Defendants who held non-exempt, hourly positions as pharmacists, pharmacy technicians, pharmacy managers, and pharmacy service associates (collectively "pharmacy employees") who worked at CVS locations throughout the state of California. Plaintiffs allege that primarily as a result of CVS' policies relating to mandatory training, they were not properly compensated for all hours worked, were not provided with all legally compliant meal and rest periods, were not paid all wages owed upon termination of the employment relationship, were provided with inaccurate wage statements, were not provided proper written notice regarding their eligibility for paid sick leave, were not reimbursed for necessary work expenses, and were subject to Defendants' unlawful, unfair, and fraudulent business practices, among other wage and hour violations.

4.     Plaintiffs seek damages, statutory and civil penalties, liquidated damages, injunctive relief, and restitution, as well as reasonable attorneys' fees and litigation costs, as provided under California law.

5.     All allegations in this SAC are based upon information and belief, except those allegations that pertain to Plaintiffs named herein and their counsel, which are based upon personal knowledge. Each allegation in this SAC has

evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## CONSOLIDATION OF CASES

6.     By order dated July 1, 2020, Central District of California cases *Chalian v. CVS Pharmacy, Inc., et al.*, Case No. 2:16-cv-08979-AB-AGR and *Cabrera, et al. v. CVS Rx Services, Inc., et al.*, CACD Case No. 2:20-cv-02401-AB-AGR were consolidated for all proceedings, with the *Chalian* matter designated as the lead case. *See* Dkt. # 102, Order Granting Amended Stipulation to Consolidate.

## JURISDICTION AND VENUE

7.     On December 5, 2016, Defendants removed this action pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332, because: (a) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000 and (c) Plaintiff Sevag Chalian and at least one Defendant and Plaintiffs are citizens of different states.  On April 11, 2017, Plaintiff Sevag Chalian's Motion for Remand was denied.

8.     Defendants are subject to personal jurisdiction in California because this case arises from Defendants' alleged wrongful conduct in California, where Defendants employed Plaintiffs and members of the proposed Plaintiff Class.

9.     Venue is proper in this district and county in accordance with 28 U.S.C. § 1391 because Defendants employed Plaintiff Sevag Chalian and numerous members of the Plaintiff Class in Los Angeles County and many of the harms occurred in Los Angeles County.

10.     Venue is proper pursuant to 28 U.S.C. § 1441 because the action was removed to the district court embracing the location where the state court action was pending.

11.     Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events and omissions giving rise to Plaintiffs' and members of the Plaintiff Class's claims occurred in this district.

## CLASS DEFINITIONS

12.    The members of the proposed classes are defined as follows during the period commencing on the date that is within four years prior to the filing of the initial complaint and through the present date (hereinafter the "Class Period").

(a)    All hourly, non-exempt retail pharmacists who worked in Regions 65 or 72 in California between July 20, 2012 and continuing through the present, whose claims are not subject to arbitration and which have not previously been released and/or adjudicated, and whose LEARNet and/or Siteminder data indicates activity when time punch records do not show he or she was clocked-in (the "Pharmacist Settlement Class").

(b)    All persons, other than those in the Pharmacist Settlement Class, who held an hourly, nonexempt position in a CVS retail pharmacy in the State of California between August 3, 2014 and continuing through the present who have not previously released and/or adjudicated the Released Claims (the "Retail Pharmacy Settlement Class").

13.    Members of the class and/or classes are all "employees" as the term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working conditions in the state of California.

14.    A more precise definition of the class and/or classes may be determined after further investigation and discovery is conducted.

## THE PARTIES

### I.    PLAINTIFFS

15.    Plaintiff Sevag Chalian, at all material times mentioned herein:

(a)    Was employed by CVS from approximately 2009 to September 2013 as a pharmacist in Regions 65 and 72 during the Class Period;

(b)    Was paid an hourly wage;

(c)   Was mandated by CVS to complete various training modules;

(d)   Never signed an arbitration agreement with CVS;

(e)   Was not paid for all his time spent completing the required training modules;

(f)   Was directed by CVS to work off the clock to complete required training;

(g)   Was not paid for all his time spent working off the clock;

(h)   Was not paid all wages owed upon termination of the employment relationship;

(i)   Was provided with inaccurate and incomplete wage statements;

(j)   Was subject to CVS' unlawful, unfair, and fraudulent business practices;

(k)   Believes his payroll records are inaccurate and not properly maintained by Defendants;

(l)   Is a member of the class and/or classes identified herein.

16.   Plaintiff Sigfredo Cabrera, at all material times mentioned herein:

(a)   Was employed by CVS from January 2016 to January 2017 as a non-exempt pharmacy service associate and a non-exempt pharmacy technician;

(b)   Worked at multiple CVS locations, including in Oakland, San Leandro and Palo Alto, California;

(c)   Was paid an hourly wage;

(d)   Was mandated by CVS to complete various training modules;

(e)   Was not paid for all his time spent completing the required training modules;

(f)   Was directed by CVS to work off the clock to meet the needs of the pharmacy and/or complete required training which on occasion

CONSOLIDATED SECOND AMENDED COMPLAINT

resulted in him working more than nine hours per day on average in a two-week period;

(g)   Was not paid for all his time spent working off the clock;

(h)   Was not provided with legally compliant meal periods or compensation in lieu thereof;

(i)   Was not provided with legally compliant rest periods (including legally required days of rest) or compensation in lieu thereof;

(j)   Was not paid all wages owed, including sick leave, upon termination of the employment relationship;

(k)   As a result of the above, was provided with inaccurate and incomplete wage statements;

(l)   Was not reimbursed for necessary work expenses, including but not limited to the costs for his licensing and background check;

(m)   Was subject to CVS' unlawful, unfair, and fraudulent business practices;

(n)   Believes his payroll records are inaccurate and not properly maintained by Defendants;

(o)   Is an "aggrieved employee" as defined by Labor Code § 2699(c);

(p)   Complied with all requirements outlined in Labor Code §§ 2698 *et seq*.

17.   Plaintiff Enko Telahun, at all material times mentioned herein:

(a)   Was employed by CVS from June 2010 to February 2017 as a non-exempt pharmacist and a non-exempt pharmacy manager;

(b)   Worked at a CVS location in San Diego, California;

(c)   Was paid an hourly wage;

(d)   Was required by CVS to complete various training modules which on occasion resulted in him working more than nine hours per day on average in a two-week period;

(e)  Was not paid for all time spent completing the various training modules;

(f)  Was required to work off the clock to complete the required training and/or meet the needs of the pharmacy;

(g)  Was not paid for all his time spent working off the clock;

(h)  Was not provided with legally compliant meal periods or compensation in lieu thereof;

(i)  Was not provided with legally compliant rest periods (including legally required days of rest) or compensation in lieu thereof;

(j)  Was not paid all wages owed, including sick leave, upon termination of the employment relationship;

(k)  Was provided with inaccurate and incomplete wage statements;

(l)  Was not reimbursed for necessary work expenses;

(m)  Was subject to CVS' unlawful, unfair, and fraudulent business practices;

(n)  Believes his payroll records are inaccurate and not properly maintained by Defendants;

(o)  Is an "aggrieved employee" as defined by Labor Code § 2699(c);

(p)  Complied with all requirements outlined in Labor Code §§ 2698 *et seq*.

18.  Plaintiff Christine McNeely at all material times mentioned herein:

(a)  Was employed by CVS from March 2014 to July 2016 as a non-exempt pharmacy technician;

(b)  Worked at two CVS locations in Auburn and Grass Valley, California;

(c)  Was paid an hourly wage;

(d)  Was mandated by CVS to complete various training modules;

(e) Sent an opt-out letter to CVS indicating she did not wish to be bound by the arbitration agreement that she was forced agree to in CVS' mandated training;

(f) Was not paid for all her time spent completing the required training modules;

(g) Was directed by CVS to work off the clock to meet the needs of the pharmacy and/or complete required training;

(h) Was not paid for all her time spent working off the clock;

(i) Was not provided with legally compliant meal periods or compensation in lieu thereof;

(j) Was not provided with legally compliant rest periods or compensation in lieu thereof;

(k) Was not paid all wages owed upon termination of the employment relationship;

(l) Was provided with inaccurate and incomplete wage statements;

(m) Was not reimbursed for necessary work expenses, including but not limited to the costs for her licensing and background check;

(n) Was subject to CVS' unlawful, unfair, and fraudulent business practices;

(o) Believes her payroll records are inaccurate and not properly maintained by Defendants;

(p) Is a member of the class and/or classes identified herein.

19. Plaintiff Patrick Brennan at all material times mentioned herein:

(a) Was employed by CVS from its acquisition of Longs Drugs in 2008 to April 2017 as a non-exempt pharmacist;

(b) Worked at a CVS location in Grass Valley, California;

(c) Was paid an hourly wage;

(d) Was mandated by CVS to complete various training modules;

CONSOLIDATED SECOND AMENDED COMPLAINT

(e) Sent an opt-out letter to CVS indicating he did not wish to be bound by the arbitration agreement that he was forced agree to in CVS' mandated training;

(f) Was not paid for all his time spent completing the required training modules;

(g) Was directed by CVS to work off the clock to meet the needs of the pharmacy and/or complete required training;

(h) Was not paid for all his time spent working off the clock;

(i) Was not provided with legally compliant meal periods or compensation in lieu thereof;

(j) Was not provided with legally compliant rest periods or compensation in lieu thereof;

(k) Was not paid all wages owed upon termination of the employment relationship;

(l) Was provided with inaccurate and incomplete wage statements;

(m) Was not reimbursed for necessary work expenses, including but not limited to the costs for his licensing and background check;

(n) Was subject to CVS' unlawful, unfair, and fraudulent business practices;

(o) Believes his payroll records are inaccurate and not properly maintained by Defendants;

(p) Is a member of the class and/or classes identified herein.

## II. DEFENDANTS

20. Defendant CVS Pharmacy, Inc., is a Rhode Island corporation, which operates as a subsidiary of CVS Health Corporation that is engaged in the business of providing pharmacy services and operating retail stores that sell pharmaceuticals and general merchandise throughout the United States and the state of California.

///

21.     Defendant CVS Rx Services, Inc., is a New York corporation, which operates as a subsidiary of CVS Health Corporation that is engaged in the business of providing pharmacy services throughout the United States and the state of California.

22.     Defendant Garfield Beach CVS, LLC, is a California limited liability company, which operates as a subsidiary of CVS Health Corporation that is engaged in the business of operating drug and proprietary stores throughout the state of California.

23.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, or otherwise of Defendant Does 1 through 10, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names pursuant to Code Civ. Proc. § 474.  Plaintiffs will amend their complaint to allege the true names and capacities of Does 1 through 10 when they are ascertained.

24.     At all times mentioned herein, each defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of the other defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter ego and/or in furtherance of the joint venture.

25.     At all times mentioned herein, the acts and omissions of each of the defendants concurrently contributed to the various acts and omissions of each and every one of the other defendants in proximately causing the wrongful conduct, harm, and damages alleged herein.  Each of the defendants approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained herein. Each defendant and all doe defendants were and are acting with the authority of each and every other defendant and are acting as agents of each and every other defendant or doe defendant.

## **FACTUAL ALLEGATIONS**

26.     Plaintiff Chalian was employed by CVS from approximately 2009 to September 2013.  During his employment, he worked at various CVS locations in

Regions 65 and 72.  During his employment, Plaintiff Chalian worked as a pharmacist and was paid an hourly wage.

27.     Plaintiff Cabrera was employed by CVS from approximately January 2016 to January 2017.  During his employment, he worked at CVS locations in Oakland, San Leandro, and Palo Alto, California. Plaintiff Cabrera worked as both a pharmacy service associate and a pharmacy technician and was paid an hourly wage.

28.     Plaintiff Telahun was employed by CVS from about June 2010 to February 2017. During his employment, he worked at a CVS location in San Diego, California. Plaintiff Telahun worked as both a pharmacist and pharmacy manager and was paid an hourly wage.

29.     Plaintiff McNeely was employed by CVS around March 2014 to July 2016. During her employment, she worked as a pharmacy technician and was paid an hourly wage.

30.     Plaintiffs assert that CVS employs individuals as non-exempt pharmacists, pharmacy technicians, pharmacy service associates or similarly named titles at its various CVS locations throughout the state of California. To their knowledge, these pharmacy employees are paid on an hourly basis.

31.     Plaintiffs allege, based on information and belief, that all non-exempt pharmacy employees in the state of California are subject to the same and/or similar policies, practices, and/or procedures described herein.

32.     As a policy, practice, guideline and/or procedure CVS sets an amount of available work hours for each CVS location based on prescription volume from the previous year.

33.     As a policy, practice, guideline, and/or procedure CVS instructs its store managers and/or pharmacy managers not to go over the set amount of available work hours for each CVS location.

///

///

Uncompensated Training Time

34.    Upon hire, CVS requires all pharmacy employees to complete an extensive, initial training session. As a policy, practice, guideline, and/or procedure CVS also requires pharmacy employees to complete ongoing training sessions, which are offered about once a month. Plaintiffs understood that they and other pharmacy employees were subject to discipline, including termination, if they did not complete the mandated trainings. To Plaintiffs' knowledge these training sessions are not essential for any state certification, licensing, or regulation.

35.    As a policy, practice, guideline and/or procedure CVS routinely sends notices via email to pharmacy employees when an upcoming training session is required and available for completion. The notices provide information about the upcoming training, a time estimate for completion, and a due date. CVS also sends out reminder notices, as a policy, practice, guideline and/or procedure, to pharmacy employees who have yet to complete the training by the upcoming due date.

36.    Based on information and belief, Plaintiffs allege that failure to complete the training in a timely fashion may result in disciplinary action, including but not limited to a reduction in assigned work hours.

37.    As a policy, practice, guideline and/or procedure CVS's training modules are typically completed on a CVS web-based training system, usually referred to as LEARNet. Plaintiffs believe the web-based system keeps record of all log-in and log-out times, as well as the total time the pharmacy employee spends to complete each training module.

38.    As a policy, practice, guideline and/or procedure CVS purportedly permits pharmacy employees to complete their training while clocked in during a scheduled shift. Due to CVS's staffing policies, practices, and/or procedures, and the busy nature of the pharmacy, however, Plaintiffs allege they and other pharmacy employees typically do not have time to complete the required trainings during their scheduled shifts.

39.     As a policy, practice, guideline and/or procedure to ensure pharmacy employees complete their training, CVS provides all pharmacy employees with unique remote access log-in credentials so they may access the web-based training system from a remote location, such as the employee's home.

40.     As a policy, practice, guideline and/or procedure CVS assigns an approximate time frame in which each training module should be completed. However, the trainings often take Plaintiffs and other pharmacy employees more time to complete than the time prescribed.

41.     Even though CVS knows or should know that training takes more time than suggested, it has a policy, procedure, guideline and/or practice of instructing store managers to only pay pharmacy employees for the allocated training time instead of the actual time the pharmacy employees spend completing the training.

42.     As a policy, procedure, guideline and/or practice CVS typically uses its cash registers to operate as the CVS timekeeping system. Based on information and belief Plaintiffs allege CVS's training system is not integrated with the timekeeping system. CVS does not keep track of training time nor does CVS automatically add the training time to the pharmacy employees' clocked hours at their work locations. As a result, all training completed off the clock must be entered manually by a manager, despite the fact that log-in and log-out times are available to CVS through the training software.

43.     As a policy, procedure, guideline and/or practice, CVS instructs pharmacy employees to track their time spent engaging in training on a separate sheet of paper that allegedly is to be manually entered by a store manager. However, pharmacy employees often endure difficulties with management when reporting their training time due to the direction and pressure by CVS to minimize labor costs and restrict overtime. CVS's scheme has created a disincentive for store managers to manually enter the actual time pharmacy employees spent completing the training remotely. Ultimately, this scheme has knowingly deterred pharmacy employees

from reporting their actual time spent participating in training. Therefore much, if not all, of the time pharmacy employees spend remotely completing the required training is never logged by CVS and the employees are not paid for that time.

44.     CVS is aware and/or should be aware of their failure to compensate pharmacy employees because they have payroll records for all pharmacy employees, as well as training records for all pharmacy employees. From such records, CVS has the capability to determine whether a pharmacy employee is appropriately compensated for their time spent participating in the mandated training.

45.     As a policy, procedure, guideline, and/or practice CVS also used its training program to mandate pharmacy employees to participate in a training module entitled "Arbitration of Workplace Legal Disputes" wherein the pharmacy employee could not complete the training without agreeing to arbitrate his or her legal claims. Instead the training informed individuals they had the "limited opportunity" to "opt-out" by mailing a written notice to CVS indicating that they wished to "opt-out" of the policy.

46.     Plaintiffs McNeely and Telahun were subject to the training module described above. These Plaintiffs allege management threatened them to complete the training thereby making them subject to the agreement.

47.     Shortly after completing the "Arbitration of Workplace Legal Disputes" training module, Plaintiff McNeely and other pharmacy employees sent written letters to CVS headquarters stating they did not wish to be bound by the arbitration agreement. Plaintiff McNeely further believes a copy of such letter is included in her personnel file.

48.     Based on information and belief, Plaintiffs assert that CVS provides an arbitration agreement to pharmacy employees upon hire to which a relatively small percentage of pharmacy employees have elected not to sign.

///

///

Other Uncompensated Time; Meal and Rest Break Violations

49.     Plaintiffs Cabrera, Telahun, McNeely, and Brennan further allege that due to CVS's policy, practice, guideline and/or procedure of strictly allocating work hours based on prescription volume from the previous year and the busy nature of the pharmacy, they and other pharmacy employees were often directed to work off the clock before and after their scheduled shifts, as well as during their meal and rest periods to meet the needs of the pharmacy and/or to complete the required training. As a result, pharmacy employees often worked more than eight or nine hours in a day, and/or forty hours in a week, and sometimes for seven consecutive days in a defined work week without any day of rest.

50.     Moreover, Plaintiffs Cabrera (pharmacy technician), Telahun (in her capacity as a non-exempt pharmacy manager), and McNeely (pharmacy technician) further allege they worked an average of more than nine hours in a day, more than 108 hours in a consecutive two-week period, and/or more than 12 days in a consecutive two-week period due to the regular training CVS required pharmacy employees to complete. Plaintiffs Cabrera, Telahun, and McNeely allege that such violations have occurred because they would often have to complete training off-the-clock outside of their formal shifts immediately prior to or after their shifts at the pharmacy or at home, during off-the-clock meal breaks, and during rest breaks. Plaintiffs Cabrera, Telahun, and McNeely allege that because CVS did not acknowledge this time worked by Plaintiffs and the other pharmacy employees, CVS did not factor this time in setting work limits for any given employee to an average of nine hours in a day, 108 hours in a consecutive two-week period, and 12 days in a consecutive two-week period.

51.     Plaintiffs further allege CVS failed to provide them and other Retail Pharmacy Class Members with one day's rest in seven days of work due to the regular training CVS required pharmacy employees to complete. Plaintiffs allege that such violations have occurred as they would often have to complete training off-

the-clock outside of their formal shifts on days where they were not otherwise scheduled to work. Plaintiffs allege that because CVS did not acknowledge this time worked by Plaintiffs and the other pharmacy employees on their ostensible days off, CVS did not take into account these days worked in ensuring that any given employee was given one day's rest from seven days of work as required by Labor Code Sections 550 and 551.

52.     Plaintiffs Cabrera, Telahun, McNeely, and Brennan allege that it is CVS's policy, practice, guideline and/or procedure to discipline pharmacy employees for refusing to work off the clock, such as by reducing the employee's scheduled work hours.

53.     CVS's policies, practices, and/or procedures have knowingly resulted in pharmacy employees not being compensated for some or all the time they were engaged in work.

54.     Plaintiffs Cabrera, Telahun, McNeely, and Brennan further allege that as a policy, practice, guideline and/or procedure CVS required pharmacy employees to clock out for meal periods, even though pharmacy employees were working through their meal periods to meet the needs of the pharmacy and/or complete their required training(s).

55.     Plaintiffs Cabrera, Telahun, McNeely, and Brennan contend that CVS knew or should have known that pharmacy employees were working through their meal periods because (a) various managers, supervisors, and personnel saw pharmacy employees working during their meal periods, (b) LEARNet shows that pharmacy employees were completing trainings, while they were clocked out for a meal period; (c) the work accomplished could not have been completed within the documented number of hours, and (d) Plaintiff Cabrera personally complained to his superiors about not receiving adequate meal and rest periods.

56.     Plaintiffs allege California regulations provide that a pharmacist must be on the premises at all times and be fully aware of all activities performed by a

15

CONSOLIDATED SECOND AMENDED COMPLAINT

pharmacy technician. Plaintiff Telahun contends that as a policy, practice, guideline and/or procedure CVS on occasion schedules only one pharmacist on duty for a period of four to six hours and sometimes more than seven consecutive days in a defined work week. Due to this scheduling practice, pharmacists, such as Plaintiff Telahun, were not provided with meal periods that were free of all duty, as they were on call during their meal periods and/or were unable to leave the premises. As such, Plaintiff Telahun and other current or former pharmacists were not provided with legally compliant meal periods.

57.   Plaintiffs Cabrera, Telahun, McNeely, and Brennan further allege that they and other current or former pharmacy employees did not receive a second meal period when they worked more than ten hours.  This was largely because Plaintiffs and other pharmacy employees were working off the clock as described herein.

58.   Plaintiffs Cabrera, Telahun, McNeely, and Brennan and other current or former pharmacy employees were not compensated for noncompliant meal periods as provided by California law.

59.   As a policy, practice, guideline and/or procedure CVS did not provide Plaintiffs Cabrera, Telahun, McNeely, and Brennan and other current or former employees with legally required rest periods, despite its written policy due to the busy nature of the pharmacy and the pressure of CVS to meet its goals.

60.   Due to CVS's alleged policy, practice, guideline and/or procedure of only scheduling one pharmacist for a period of four to six hours and California regulations, pharmacists, such as Plaintiff Telahun were unable to take off-duty rest periods or required days of rest as they were expected to be on-call and available at all times.

61.   Plaintiffs Cabrera, Telahun, McNeely, and Brennan, and other current or former employees were not compensated for noncompliant rest periods in violation of California law.

///

62.     CVS also has a policy, practice, guideline and/or procedure of failing to reimburse and/or indemnify Plaintiffs Cabrera, Telahun, McNeely, and Brennan and other current or former pharmacy employees for expenses incurred as a direct result of their employment, such as the use of personal computers and internet to complete the mandatory training from a remote location, even though CVS knew and/or had reason to know that pharmacy employees were completing the training from their personal computers and using their own internet without reimbursement.

63.     Additionally, on information and belief, CVS has a policy, practice, guideline and/or procedure of failing to reimburse and/or indemnify Plaintiff Cabrera and other current or former pharmacy technicians for the costs of their required license, background check, and travel, which CVS required. Thus, CVS knew or had reason to know that pharmacy technicians were not being reimbursed for their required work-related expenses.

64.     Because CVS failed to pay Plaintiffs and other current or former employees for all time worked, as well as premiums for noncompliant meal and rest periods and required days of rest, CVS willfully failed to pay, in a timely manner, all wages owed to Plaintiffs and other former pharmacy employees upon termination of their employment.

65.     Due to CVS's policies, practices, and procedures described herein, CVS failed to provide accurate itemized wage statements to all Plaintiffs and other current or former pharmacy employees in violation of California law because the wage statements did not properly reflect the number of hours worked, the gross wages and net wages earned, their sick leave balances, nor was the information properly itemized in a manner pharmacy employees could easily determine the information.

66.     Because of CVS' policies, practices, and procedures, described herein, CVS also failed to maintain accurate records by failing to accurately and properly

1  record all time worked and maintain accurate payroll records as required by
2  California law.

3      67.     On June 22, 2017, Plaintiff Cabrera submitted notice to the LWDA and
4  CVS informing them of CVS' alleged Labor Code violations pursuant to PAGA. A
5  true and correct copy of the notice is attached hereto as **Exhibit 1** and is
6  incorporated herein by reference. On August 22, 2017, Plaintiffs Cabrera and Telaun
7  submitted an amended notice to the LWDA, which included Mr. Telahun as an
8  additional representative and included additional facts and theories to support the
9  alleged Labor Code violations, to the LWDA. A true and correct copy of the
10  amended notice is attached hereto as **Exhibit 2** and is incorporated herein by this
11  reference. As of the date of this pleading the LWDA has yet to respond to either
12  notice. As such, Plaintiffs Cabrera and Telahun file this representative action in their
13  representative capacity pursuant to Labor Code §§ 2698 *et seq*.

14      68.     Plaintiffs believe other violations may be discovered and therefore
15  reserve their right to allege additional violations of law that may constitute
16  violations of the Business and Professions Code and/or Labor Code, as investigation
17  and discovery warrants. In the event Plaintiffs discover other violations through the
18  discovery process, Plaintiffs will seek to amend the operative complaint.

19                          **CLASS ALLEGATIONS**

20      69.     Plaintiffs Sevag Chalian, Christine McNeely, and Patrick Brennan
21  brings this action on behalf of themselves and on behalf of all persons within the
22  defined class and/or classes included herein.

23      70.     This class action meets the statutory prerequisites for the maintenance
24  of a class action, as set forth in Code Civ. Proc. § 382, Civ. Code § 1781 and the
25  Federal Rues of Civil Procedure ("Fed. R. Civ. P."), Rule 23, in that:

26          (a)     The persons who comprise the class and/or classes are so numerous
27                  that the joinder of all such persons is impracticable and the

28

disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this SAC are common to the Class and will apply uniformly to every member of the Class, and as a practical matter be dispositive of the interests of the other members not party to the adjudication;

(c) The parties opposing the Class have acted or have refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole; and

(d) Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

   i. The interests of Class Members in individually controlling the prosecution or defense of separate actions;

   ii. The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

   iii. The desirability or undesirability of concentrating the litigation of the claims in this particular forum; and

   iv. The difficulties likely to be encountered in the management of a class action.

71.     The Court should permit this action to be maintained as a class action pursuant to Code Civ. Proc. § 382, Civ. Code § 1781, and Fed. R. Civ. P. 23 because:

(a)    Questions of law and fact common to the Class are substantially similar and predominate over any questions affecting only individual members;

      i.   Common questions of law include, *inter alia*, whether CVS had an unlawful policy in place that did not compensate pharmacists and other pharmacy employees for all the time they spent on off-the-clock work, including time they spent on training modules outside of their shifts, during meal breaks, and during rest breaks.

     ii.   Common questions of fact include, *inter alia*, whether CVS's pharmacists and other pharmacy employees were able to access and complete CVS's training modules outside of their shifts or while on a meal or rest break, whether CVS had in place a policy and practice that compensated pharmacists and other pharmacy employees for only the estimated length of time that a training module was set to require as opposed to the actual time an employee spent on a given training module, and whether CVS was aware that pharmacists and other pharmacy employees were spending their days and time off incurring uncompensated time in completing training modules.

(b)    A class action is superior to any other available method for the fair and efficient adjudication of Class Members' claims;

(c)    The members of the Class are so numerous that it is impractical to bring all Class Members before the Court;

(d)    Plaintiffs' claims are typical of the claims of the Class;

(e)    Plaintiffs and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(f)     There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties alleged, and in obtaining adequate compensation for the damages that Defendants' actions have inflicted upon the Class;

(g)     Plaintiffs can, and will, fairly and adequately protect the interest of the Class;

(h)     There is a community of interest in ensuring that the combined assets and available insurance of Defendants are sufficient to adequately compensate the members of the Class for the injuries sustained; and

(i)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(By Plaintiffs Chalian, McNeely, and Brennan Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### FAILURE TO PAY MINIMUM WAGES

**[Labor Code §§ 204, 558, 1194, and 1197, 1197.1, and 1198]**

72.     As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this SAC, excepting those allegations which are inconsistent with this cause of action.

73.     Plaintiffs Chalian, McNeely, and Brennan allege that CVS willfully and intentionally violated the Labor Code by failing to compensate them and other current or former pharmacy employees for all hours worked.

74.     Labor Code § 204 establishes the fundamental right of all employees in the state of California to be paid wages in a timely fashion for their work.

75.     Section 1197 of the Labor Code provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

76.     Pursuant to California law, an employer must pay each employee "not less than the applicable minimum wage for all hours worked in the payroll period, whether the remunerations is measured by time, piece, commission, or otherwise." *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36, 44.

77.     Labor Code § 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

78.     Labor Code § 558(a) further provides:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (3) Wages recovered pursuant to this section shall be paid to the affected employee.

79.     As a policy, practice, guideline and/or procedure CVS requires all pharmacy employees to participate in regular training. CVS allegedly permits pharmacy employees to complete their training during scheduled shifts or from a remote location including home by using provided log-in credentials. However,

22

1   when training is completed off-the-clock, the pharmacy employee's time is not

2   automatically recorded. CVS management must manually enter any training time

3   completed off-the-clock.

4       80.    CVS also has a policy, practice, guideline and/or procedure of

5   instructing and/or requiring store managers to only compensate pharmacy employees

6   for the estimated time for completion of training instead of the actual time spent

7   completing the training. Because CVS requires store managers to limit their labor

8   costs, CVS's policies, practices, and/or procedures serve as a disincentive for store

9   managers to compensate pharmacy employees for their training time.  As a result,

10  pharmacy employees are not compensated the legal minimum wage for all or some

11  of the training time that occurs off-the-clock.

12      81.    As described herein, CVS has a policy, practice, guideline and/or

13  procedure of limiting the number of available work hours, based on performance

14  from the prior year. CVS instructs its store managers not to go over the set amount

15  of available work hours. As a result, pharmacy employees were often instructed and

16  expected to work off the clock before and after their scheduled shifts, including

17  weekends or during their meal and/or rest periods to meet the needs of the

18  pharmacy. If a pharmacy employee refused to work off the clock, the pharmacy

19  employee was often disciplined by having his or her hours cut.

20      82.    CVS has intentionally created a common scheme and practice to deter

21  pharmacy employees from reporting and being paid for all hours worked.

22      83.    By virtue of CVS's unlawful failure to compensate Plaintiffs Chalian,

23  McNeely, Brennan and current or former pharmacy employees for all of their time

24  worked, pharmacy employees have suffered, and will continue to suffer, damages in

25  amounts which are presently unknown to them, but which exceed the jurisdictional

26  limits of this Court and which will be ascertained according to proof at trial.

27      84.    Having received less than the legal minimum wage, Plaintiffs Chalian,

28  McNeely, and Brenann and other current or former pharmacy employees who

comprise the Classes are entitled to, and now seek to recover all wages owed, penalties, including penalties available under Labor Code § 558, as well as interest, reasonable attorneys' fees and costs pursuant to Labor Code § 1194.

85.     Plaintiffs Chalian, McNeely, and Brennan on behalf of themselves and other current or former pharmacy employees, also request further relief as described in the below prayer.

## CAUSES OF ACTION

### SECOND CAUSE OF ACTION

### (By Plaintiffs Chalian, McNeely, and Brennan Individually and on Behalf of the Class(es) against Defendants and Does 1-10)

### FAILURE TO PAY OVERTIME COMPENSATION

### [Labor Code §§ 510, 558, and 1194]

86.     As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this SAC, excepting those allegations which are inconsistent with this cause of action.

87.     Plaintiffs Chalian, McNeely, and Brennan allege that CVS willfully and intentionally violated the Labor Code by failing to compensate them and other current or former pharmacy employees for all hours worked in excess of eight (8) hours per day and forty (40) hours per workweek at a rate of no less than 1 ½ times their regular rates of pay, and for all hours worked in excess of twelve (12) hours per day, or in excess of eight (8) hours per day on their seventh consecutive day of work, at a rate of no less than 2 times their regular rates of pay.

88.     Labor Code § 204 establishes the fundamental right of all employees in the state of California to be paid wages in a timely fashion for their work.

89.     Labor Code § 510(a) provides:

> Eight hours of labor constitutes a day's work.  <u>Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek</u> and the first eight hours

worked on the seventh day of work in any one workweeks shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. (Emphasis added.)

90. An employee may not waive his or her right to overtime compensation and any agreement by the employee to accept less than the statutorily required rate is unenforceable as a matter of law. *Early v. Superior Court* (2000) 79 Cal.App.4th 1420, 1430.

91. Labor Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

92. Labor Code § 558(a) further provides:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(4) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages.

(5) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(6) Wages recovered pursuant to this section shall be paid to the affected employee.

93. As a policy, practice, guideline and/or procedure CVS requires all pharmacy employees to participate in regular training. CVS allegedly permits

25

pharmacy employees to complete their training during scheduled shifts or from a remote location by using provided log-in credentials. When training is completed off-the-clock, however, the pharmacy employee's time is not automatically recorded. CVS management must manually enter any training time completed off-the-clock.

94. CVS has a policy, practice, guideline and/or procedure of instructing and/or requiring store managers to only compensate pharmacy employees for the estimated time for completion of training instead of the actual time spent completing the training. Because CVS requires store managers to limit their labor costs, CVS's policies, practices, and/or procedures serve as a disincentive for store managers to pay pharmacy employees properly for their training time. As a result, pharmacy employees are not compensated with overtime wages for all or some of the training time that occurs off-the-clock, when that pharmacy employee has otherwise worked eight (8) hours in a day or forty (40) hours in a workweek.

95. As described herein, CVS has a policy, practice, guideline and/or procedure of limiting the number of available work hours, based on performance from the prior year. CVS instructs its store managers to not go over the set amount of available work hours. As a result, pharmacy employees were often instructed and expected to work off the clock before and after their scheduled shifts, or during their meal and/or rest periods to meet the needs of the pharmacy. If a pharmacy employee refused to work off the clock, the pharmacy employee was often disciplined by having his or her hours cut.

96. CVS has intentionally created a common scheme and practice to deter pharmacy employees from reporting and being paid for all overtime hours worked.

97. By virtue of CVS's unlawful failure to compensate Plaintiffs Chalian, McNeely, Brennan and current or former pharmacy employees for their time worked, pharmacy employees have suffered, and will continue to suffer, damages in

amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

98.     Having received less than the required overtime wages, Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees are entitled to, and now seek to recover all overtime wages owed, penalties, including penalties available under Labor Code § 558, as well as interest, reasonable attorneys' fees and costs pursuant to Labor Code § 1194.

99.     Plaintiffs Chalian, McNeely, and Brennan on behalf of themselves and other current or former pharmacy employees who comprise the Classes, also request further relief as described in the below prayer.

**THIRD CAUSE OF ACTION**

**(By Plaintiffs McNeely and Brennan Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

**FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

**[Labor Code §§ 226.7 and 512]**

100.     As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all allegations contained in the preceding paragraphs of this SAC, excepting those allegations which are inconsistent with this cause of action.

101.     Labor Code § 512(a) provides:

> <u>An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes,</u> except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. (Emphasis added.)

27

CONSOLIDATED SECOND AMENDED COMPLAINT

102.    In pertinent part, Labor Code § 226.7(c) provides:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for workday that the meal or rest or recovery period is not provided.

103.    Under California law, the meal period requirement is generally satisfied if the employee: (a) has at least 30 minutes uninterrupted; (b) is free to leave the premises; and (c) is relieved of all duty for the entire period. *See Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1036 [citing DLSE Opn. Letter No. 1996.07.12 (July 12, 1996) p.1].

104.    At all relevant times, Plaintiffs McNeely and Brennan and other current or former pharmacy employees were typically scheduled to work an eight-hour day.

105.    Plaintiffs McNeely and Brennan allege they and other current or former pharmacy employees typically did not receive legally compliant meal periods.

106.    Plaintiffs McNeely and Brennan allege they and other current or former employees were directed to work through their meal periods to meet the needs of the pharmacy.

107.    Meal periods that are not free from all duty and/or are less than thirty (30) minutes violate California law.

108.    Plaintiffs McNeely and Brennan believes CVS knew or should have known that they and other current or former pharmacy employees were not receiving legally compliant meal periods because: (a) various managers, supervisors, and personal saw pharmacy employees working during their meal periods; (b) LEARNet showed pharmacy employees were completing training while clocked out for lunch, (c) the work accomplished could not have been completed in the number of

documented hours; and (d) Plaintiffs McNeely and Brennan complained to their superiors about not receiving legally compliant meal periods.

109.   Additionally, due to California regulations which require a pharmacist to be on the premises at all times and CVS's policy, practice, guideline and/or procedure of scheduling only one pharmacist on duty for a period of four to six hours, often times pharmacists, were not provided with the opportunity to take a duty-free meal period, as they were often on call and/or unable to leave the premises. As such, pharmacists were not provided with legally compliant meal periods.

110.   Plaintiffs McNeely and Brennan further allege they and other current or former pharmacy employees did not receive a second meal period when they worked more than ten hours. Plaintiffs McNeely and Brennan contend this largely resulted when pharmacy employees worked off the clock, as described herein.

111.   CVS failed to pay Plaintiffs McNeely and Brennan and other current or former pharmacy employees the required premium wage for each noncompliant meal period, as required by California law.

112.   Due to CVS's unlawful conduct, Plaintiffs McNeely and Brennan and other current or former pharmacy employees suffered, and will continue to suffer, damages in an amount which is presently unknown, but which exceeds the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

113.   Pursuant to Labor Code § 226.7(c) and the relevant IWC Wage Orders, Plaintiffs McNeely and Brennan and other current or former pharmacy employees are entitled to, and seek to, recover the full amount of unpaid premium wages for noncompliant meal periods.

114.   Pursuant to Labor Code § 218.6, Plaintiffs McNeely and Brennan and other current or former pharmacy employees are entitled to, and seek to, also recover prejudgment interest on the amount of premium wages owed.

115.    Plaintiffs McNeely and Brennan and other current or former pharmacy employees are entitled to, and seek to, recover reasonable attorneys' fees as permitted by Labor Code § 218.5.

116.    Plaintiffs McNeely and Brennan, on behalf of themselves and other current or former pharmacy employees who comprise the Classes, request further relief as described in the below prayer.

**FOURTH CAUSE OF ACTION**

**(By Plaintiffs McNeely and Brennan Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

**FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS OR COMPENSATION IN LIEU THEREOF**

**[Labor Code § 226.7]**

117.    As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this SAC, excepting those allegations which are inconsistent with this cause of action.

118.    In pertinent part, Labor Code § 226.7 provides:

> (b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and health.

> (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Divisor of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for workday that the meal or rest or recovery period is not provided.

///

///

119.    At all relevant times, Plaintiffs McNeely and Brennan and other current or former pharmacy employees were typically scheduled to work an eight-hour work day.

120.    Plaintiffs McNeely and Brennan alleges that they and other current or former pharmacy employees regularly did not receive off-duty rest periods despite CVS's written policy because of busy nature of the pharmacy and the pressure by CVS to meet the stores goals.

121.    Additionally, pharmacists were also unable to take off-duty rest periods due to CVS's policy of only scheduling one pharmacist on duty for a period of four to six hours and California regulations, which require a pharmacist to always be on the premises.

122.    CVS did not compensate Plaintiffs McNeely and Brennan and other current or former pharmacy employees the required premium wage for each noncompliant rest period, as required by California law.

123.    Plaintiffs McNeely and Brennan asserts that CVS knew or should have known that she and other current or former pharmacy employees were not receiving adequate rest periods due to the busy nature of the pharmacy, production, and staffing.

124.    As a result of CVS's unlawful conduct, Plaintiffs McNeely and Brennan and other current or former pharmacy employees suffered, and will continue to suffer, damages in an amount which is presently unknown, but which exceeds the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

125. According to Labor Code § 226.7(c) and the relevant IWC wage orders, Plaintiffs McNeely and Brennan and other current or former pharmacy employees are entitled to, and seek to, recover the full amount of unpaid premium wages for noncompliant rest periods.

///

126.    Pursuant to Labor Code § 218.6, Plaintiffs McNeely and Brennan and other current or former pharmacy employees are entitled to, and seek to, also recover prejudgment interest on the amount of premium wages owed.

127.    Plaintiffs McNeely and Brennan and other current or former pharmacy employees are entitled to, and seek to, recover reasonable attorneys' fees and costs as permitted by Labor Code § 218.5.

128.    Plaintiffs McNeely and Brennan, on behalf of themselves and other current or former pharmacy employees who comprise the Classes, requests further relief as described in the prayer below.

**FIFTH CAUSE OF ACTION**

**(By Plaintiffs Chalian, McNeely, and Brennan Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

**FAILURE TO PAY WAGES OWED AT THE TIME OF SEPARATION**
**[Labor Code §§ 201, 202, and 203]**

129.    As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this SAC, excepting those allegations which are inconsistent with this cause of action.

130.    The term "wages" is defined in Labor Code § 200(a) to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time…or other method of calculation. Subsection (b) further defines "labor" to include all "labor, work or service whether rendered or performed under contract, subcontract, partnership…"

131. Labor Code § 201(a) provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

///

///

CONSOLIDATED SECOND AMENDED COMPLAINT

132.   According to Labor Code § 202(a):

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of mailing shall constitute the date of payment for purposes of the requirement to provide payment with 72 hours of the notice of quitting.

133.   Labor Code § 203 further provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wages shall not continue for more than 30 days.

134.   CVS's common scheme of limiting work hours and mandating training, knowingly prevented pharmacy employees from being compensated for all time worked.

135.   A number of pharmacy employees, including Plaintiffs Chalian, McNeely, and Brennan, are no longer employed by CVS. To date, CVS has yet to pay the wages owed to them as required under California law.

136.   As a consequence of CVS's willful and deliberate refusal to tender such wages, affected pharmacy employees are entitled to, and therefore seek a maximum of 30 days' wages at their daily rate of pay as a waiting time penalty. *See* Labor Code § 203.

137. Plaintiffs Chalian, McNeely, and Brennan, on behalf of themselves and other pharmacy employees, also request further relief as described in the below prayer.

///

**SIXTH CAUSE OF ACTION**

**(By Plaintiffs Chalian, McNeely, and Brennan Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

**FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**[Labor Code §§ 226 and 226.3]**

138.   As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this SAC, excepting those allegations which are inconsistent with this cause of action.

139.   Labor Code § 226 states in pertinent part:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each period and the corresponding number of hours worked at each hourly rate by the employee…"

140.   Labor Code § 226(e)(1) further provides:

> An employee suffering injury as a result of knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

141.   Labor Code § 266(h) states "an employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorneys' fees."

///

142.   An injury occurs where the employer fails to provide accurate information and the employee cannot "promptly and easily determine" the total number of hours worked or the "applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate." Labor Code § 226(a)(9)-(e)(2)(B)(i).

143.   Labor Code § 226(e)(2)(c) explains that the phrase "promptly and easily determine" means that "a reasonable person would be able to readily ascertain the information without reference to documents or information."

144.   CVS's policies, practices, and procedures related to training, staffing, and payroll records has resulted in wage statements which do not accurately reflect the gross and/or net wages earned since, CVS has not paid pharmacy employees for all time worked. Additionally, the wage statements and subsequent records do not accurately reflect all time worked, since off the clock time was not properly tracked and/or entered into the payroll system. Thus, the total hours worked and any accrued sick leave balances listed on the wage statements are inaccurate. The wage statements also do not properly reflect premium payments received for noncompliant meal and rest periods. As a result, Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees were unable to readily ascertain from their wage statements whether they were properly compensated.

145.   Pursuant to California law, Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees are deemed to have suffered injury due to CVS's knowing and intentional failure to provide them with accurate itemized wage statements.

146.   According to Labor Code § 226(e), Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees are entitled to and seek to recover liquidated damages in the amount of $50.00 for the initial violation and $100.00 for each subsequent violation per employee, not to exceed $4,000.00.
///

147.   Additionally, pursuant to Labor Code § 226(h), Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees are entitled to, and therefore seek, injunctive relief to ensure CVS complies with Labor Code § 266.

148.   Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees are entitled to, and seek, attorneys' fees and costs provided by Labor Code § 266(h).

149.   Plaintiffs Chalian, McNeely, and Brennan, on behalf of herself and other current or former pharmacy employees who comprise the Classes, also request further relief as described in the below prayer.

## SEVENTH CAUSE OF ACTION

**(By Plaintiffs Chalian, McNeely, and Brennan Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### FAILURE TO MAINTAIN ACCURATE RECORDS
### [Labor Code §§ 226(a), 226.3, and 1174]

150.   As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this SAC, excepting those allegations which are inconsistent with this cause of action.

151.   In pertinent part Labor Code § 226(a) states "a copy of the statement and the record of deductions shall be kept on file by the employer for at least three years…"

152.   Labor Code § 1174(d) states:

> "[e]very person employing labor in this state shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this

purpose by commission, but in case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

153.   Plaintiffs Chalian, McNeely, and Brennan allege that CVS intentionally and willfully failed to maintain accurate payroll records showing the number of hours worked each day by Plaintiffs and other current or former pharmacy employees, including the time spent engaged in training and working off the clock, because CVS knew or should have known that pharmacy employees were working off the clock as described herein.

154.   Due to CVS's deliberate and unlawful conduct, Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees suffered, and continue to suffer, injuries and damages, because CVS has failed to abide by the requirements outlined in the Labor Code.

155.   More specifically, Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees have been injured because they were denied both their legal right and protected interest, in having accurate and complete payroll records available to them.

156.   Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees are entitled to and do seek the damages outlined in Labor Code § 226.7(e)(1).

157.   Plaintiffs Chalian, McNeely, and Brennan, on behalf of themselves and other current or former pharmacy employees who comprise the Classes, also request further relief as described in the below prayer.

///

///

///

///

///

**EIGHTH CAUSE OF ACTION**

**(By Plaintiffs McNeely and Brennan Individually and on Behalf of the Class(es)**

**against Defendants and Does 1-10)**

**FAILURE TO REIMBURSE FOR NECESSARY WORK EXPENSES**

**[Labor Code §§ 2800 and 2802]**

158.   As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this SAC, excepting those allegations which are inconsistent with this cause of action.

159.   Pursuant to Labor Code §§ 2800 and 2802, an employer must reimburse employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

160.   Plaintiffs McNeely and Brennan and other current and former pharmacy employees incurred necessary business-related expenses and costs, such as use of a personal computer or device, use of internet, licensing, background check, and travel.

161.   CVS has intentionally and willfully failed to reimburse Plaintiffs McNeely and Brennan and other current or former pharmacy employees for all necessary business-related expenses and costs, even though CVS knew or had reason to know that employees were using their personal computers/devices and internet for work related activities.

162.   CVS also knew or had reason to know that pharmacy technicians were paying for the cost of their license, background checks, and travel, because they were requirements imposed by CVS.

163.   Plaintiffs McNeely and Brennan and other current or former pharmacy employees are entitled to recover, and therefore seek to recover, from CVS, their

business-related expenses and costs incurred during the course and scope of their employment, in addition to interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the state of California.

164.   Plaintiffs McNeely and Brennan, on behalf of themselves and other current or former pharmacy employees who comprise the Classes, also request further relief as described in the below prayer.

## NINTH CAUSE OF ACTION

**(By Plaintiffs Chalian, McNeely, and Brennan Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### UNFAIR BUSINESS PRACTICES

**[Bus. & Prof. Code §§ 17200 *et seq*.]**

165.   As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this SAC, excepting those allegations which are inconsistent with this cause of action.

166.   As codified in Bus. & Prof. Code §§ 17200 *et seq*., California's Unfair Competition Law ("UCL") broadly prohibits "any unlawful, unfair or fraudulent business act or practice."

167.   The UCL permits a cause of action to be brought if a practice violates some other law.  In effect, the "unlawful" prong of the UCL makes a violation of the underlying law a per se violation of Bus. & Prof. Code § 17200.  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180. Virtually any law or regulation – federal or state, statutory, or common law – can serve as a predicate for a § 17200 "unlawful" violation. *Farmers Ins. Exch. v. Superior Court* (1992) 2 Cal.4th 377, 383.

168.   Under the UCL, a practice may be "unfair" even if some other law does not specifically proscribe it. *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 20

Cal.4th 1134, 1143 [internal citations omitted]. Pursuant to the California Supreme Court, the "unfair" standard is intentionally broad to allow courts maximum discretion in prohibiting new schemes to defraud. *Cel-Tech Commc'ns, Inc., supra*, 20 Cal.4th at 180-181.

169.   A business act or practice is deemed "fraudulent" under Bus. & Prof. Code § 17200 where "members of the public are likely to be deceived." *Blakemore v. Superior Court*, (2005) 129 Cal.App.4th 36, 49. A showing of actual deception, reasonable reliance, or damages is not required. *Id*. The fraudulent prong may be used to attack the deceptive manner in which otherwise lawful contract terms are presented to an individual. *Boschma v. Home Loan Ctr., Inc.* (2011) 198 Cal.App.4th 230, 253. As such, even a true statement may be unlawful under § 17200 if it is "couched in such a manner that is likely to mislead or deceive…, such as by failing to disclose other relevant information." *Id*.

170.   As discussed herein, CVS's business practices violate all three prongs of California's UCL.

<u>Unlawful</u>

171.   As described herein, CVS violated the Labor Code by refusing to properly compensate pharmacy employees for all time worked, including where Plaintiffs and other pharmacy employees worked 7 or more consecutive days in a workweek  and permitting, encouraging, and/or requiring Plaintiffs and other pharmacy employees to work 7 or more days in a workweek without paying them premium compensation as required by California's laws and regulations. Failure to compensate pharmacy employees for all time worked is a clear violation of California law, and thus a per se violation of the UCL. *Cel-Tech Commc'ns, Inc., supra*, 20 Cal.4th at 180. Additionally, CVS failed to compensate pharmacy employees for non-compliant meal and rest periods as provided by California law. CVS's failure to promptly pay wages owed upon termination, failure to furnish accurate wage statements, failure to reimburse for necessary business expenses, as

well as failing to maintain accurate records are also violations of California law. CVS has therefore engaged in unlawful business practices pursuant to Bus. & Prof. Code § 17200.

Unfair

172.   CVS's practice of minimizing available work hours and staff, as well as requiring pharmacy employees to work off the clock is an inherently unfair practice because it knowingly prohibits pharmacy employees from being compensated for all hours worked.

173.   CVS's practice of failing to provide off-duty meal and rest periods to its pharmacy employees, is an unfair practice because it knowingly strips pharmacy employees of the rights and protections afforded to them by the Labor Code.

174.   CVS's practice of failing to pay prompt wages upon termination, failing to provide itemized and accurate wage statements, and failing to reimburse for necessary business expenses are also unfair practices because such practices are contrary to the Labor Code, as well as unethical.

Fraudulent

175.   CVS's practice of providing Plaintiffs Chalian, McNeely, and Brennan and pharmacy employees with inaccurate and incomplete wage statements is not only unlawful but constitutes a fraudulent business practice under the UCL. This is particularly true as Plaintiffs Chalian, McNeely, and Brennan and other pharmacy employees are likely to be, and actually are deceived as to their earned wages because they are unable to determine from their wage statements whether or not they were paid for all work performed.

176.   CVS's practice of failing to maintain accurate records is also a fraudulent business practice because the lack of records intentionally misled Plaintiffs Chalian, McNeely, and Brennan and other pharmacy employees as to their total hours worked and total wages earned.

///

177.   As a direct and proximate result of CVS's unlawful, unfair, and fraudulent business practices, Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees have suffered injury-in-fact and have lost wages rightfully owed to them.

178.   Through their unlawful, unfair, and fraudulent conduct, CVS has been unjustly enriched by receiving and continuing to receive benefits and profits at the expense of pharmacy employees. Therefore, pursuant to Bus. & Prof. Code § 17200, CVS should be enjoined from this activity and made to disgorge all ill-gotten gains and restore Plaintiffs Chalian, McNeely, and Brennan and other current or former pharmacy employees the wages wrongfully withheld from them.

179.   The unlawful, unfair, and fraudulent conduct alleged herein has continued, and there is no indication that CVS will refrain from such activity in the future. This is especially true since CVS has purposefully created an atmosphere that deters the accurate reporting of work time. Plaintiffs Chalian, McNeely, and Brennan believe and alleges that if CVS is not enjoined from the conduct described herein, they will continue to violate California law at the expense of its pharmacy employees.  Accordingly, Plaintiffs Chalian, McNeely, and Brennan request that the Court issue a preliminary and permanent injunction against CVS.

180.   Plaintiffs Chalian, McNeely, and Brennan, on behalf of themselves and other current or former pharmacy employees who comprise the Classes, also request further relief as described in the below prayer.

**TENTH CAUSE OF ACTION**

**(By Plaintiffs Cabrera and Telahun in their Representative Capacity against Defendants and Does 1-10)**

**PRIVATE ATTORNEY GENERAL ACT OF 2004**

**(Labor Code §§ 2698 *et seq*.)**

181.   As a separate and distinct cause of action, Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all the allegations

1   contained in the preceding paragraphs of this SAC, excepting those allegations

2   which are inconsistent with this cause of action.

3       182.   The Private Attorneys General Act of 2004 ("PAGA") expressly

4   provides that any provision of the Labor Code allowing for a civil penalty to be

5   assessed and collected by the Labor and Workforce Development Agency

6   ("LWDA"), or any of its departments, division, commissions, boards, agencies, or

7   employees, for a violation of the Labor Code may be recovered through a civil

8   action brought by an aggrieved employee on behalf of himself or herself, and other

9   current or former employees. These civil penalties are in addition to any other relief

10  available under the Labor Code, and pursuant to Labor Code § 2699(i), must be

11  allocated seventy-five percent (75%) to the LWDA and twenty-five percent (25%) to

12  the aggrieved employees.

13      183.   During all, or a portion of, the one-year period before Plaintiffs Cabrera

14  and Telahun filed notice of their claims with the LWDA. Plaintiffs Cabrera and

15  Telahun and each of the other current or former employees they represent were

16  employed by Defendants in the state of California.

17      184.   Plaintiff Cabrera, Plaintiff Telahun and other current or former

18  pharmacy employees are "aggrieved employees" under PAGA, as they were

19  employed by Defendants within the past year and suffered one or more violations of

20  the Labor Code.

21      185.   Plaintiffs Cabrera and Telahun have complied with the notice

22  requirements outlined in Labor Code § 2699.3. On June 22, 2016, Plaintiff Cabrera

23  submitted notice to the LWDA and Defendants informing them of CVS's alleged

24  Labor Code violations pursuant to PAGA. *See* Exhibit 1. The LWDA had until

25  August 28, 2017 to provide notice of whether it intended to investigate the alleged

26  violations. As of the date of this SAC, the LWDA has not provided notice of

27  whether it intends to investigate the alleged violations. Therefore, pursuant to Labor

28

Code § 2699.3, Plaintiff Cabrera has the right to, and does seek to pursue his claims under PAGA in a representative capacity.

186.   On August 22, 2017, Plaintiffs Cabrerea and Telahun submitted an amended notice which included Mr. Telahun as an additional representative and included additional facts and theories to support the alleged Labor Code violations, to the LWDA. *See* Exhibit 2. The LWDA has 65 days from the date of submission to notify the parties whether it intends to investigate. As of the date of this SAC, the LWDA has not provided notice of whether it intends to investigate the alleged violations.  Therefore, pursuant to Labor Code § 2699.3, Plaintiffs Cabrera and Telahun have the right to, and do seek to pursue their claims under PAGA in a representative capacity.

187.   As set forth herein, CVS has committed, and continues to commit, numerous violations for which the Labor Code entitles Plaintiffs Cabrera and Telahun, in their representative capacity, to recover, on behalf of themselves and all other current or former employees, and the general public, attorneys' fees and costs, as well as statutory penalties against CVS for its Labor Code violations.

188.   Plaintiffs Cabrera and Telahun, in their representative capacity, seek to recover civil penalties pursuant to PAGA for violations of the following Labor Code provisions for the reasons described herein:

    (a)   Failure to pay minimum wages and overtime compensation in violation of Labor Code §§ 204, 510, 1194, 1197, 1197.1, and 1198 and relevant IWC Wage Orders;

    (b)   Failure to provide legally compliant meal periods or compensation in lieu thereof in violation of Labor Code §§ 226.7 and 512 and relevant IWC Wage Orders;

    (c)   Failure to provide legally compliant rest periods or compensation in lieu thereof in violation of Labor Code § 226.7 and relevant IWC Wage Orders;

    (d)    Failure to pay wages owed in violation of Labor Code §§ 201 – 203;

    (e)    Failure to provide one day's rest in seven days of work (Labor Code §§ 551 and 552);

    (f)    Failure to limit working hours of pharmacy employees (Labor Code §§ 850-851);

    (g)    Failure to limit work for pharmacy employees to an average of nine hours in a day, in violation of Labor Code §§ 550-551;

    (h)    Failure to furnish accurate itemized wage statements in violation of Labor Code §§ 226 and 226.3, 246, 247.5 and relevant IWC Wage Orders;

    (i)    Failure to comply with Labor Code § 246 with respect to notice of paid sick leave;

    (j)    Failure to maintain accurate records in violation of Labor Code §§ 226, 226.3, 247.5, and 1174 and relevant IWC Wage Orders;

    (k)    Failure to reimburse for necessary work expenses in violation of Labor Code §§ 2800 and 2802.

189.  Labor Code § 226.3 imposes a civil penalty of $250 per pharmacy employee per violation and $1,000 per pharmacy employee for each subsequent violation of Labor Code § 226(a).  Therefore, Plaintiff Cabrera, Plaintiff Telahun and other current or former employees are entitled to and seek the described civil penalty.

190.  Labor Code § 2699(f) imposes a civil penalty of $100 per pay period, per pharmacy employee for initial violation, and $200 per pay period, per pharmacy employee for each subsequent violation for all Labor Code provisions for which a civil penalty is not specifically provided, including Labor Code §§ 201, 202, 203 204, 216, 226, 226.3, 226.7, 246(i), 510, 512, 551, 552, 850, 851,1174, 1194, 1197, 1197.1, 1198, 2800, 2802, and 2698, et seq. Plaintiff Cabrera, Plaintiff Telahun and

other current or former employees are entitled to, and therefore seek the above described civil penalty.

191. Lastly, Labor Code § 2699(g)(1) provides that an employee who prevails in a civil action brought pursuant to PAGA shall be entitled to an award of reasonable attorneys' fees and costs. As such, Plaintiff Cabrera and Plaintiff Telahun are entitled to and therefore seeks attorneys' fees and costs.

192. Plaintiffs Cabrera and Telahun, in their representative capacity, request further relief as described in the below prayer.

## **PRAYER FOR RELIEF**

Plaintiffs, in their respective capacities, pray for judgment against Defendants as follows:

1. For an order determining that this action may be maintained as a class action with Plaintiffs Chalian, McNeely, and Brennan as the class representatives;

2. For all attorneys appearing on the above caption to be named class counsel;

3. For an order determining that this action may be maintained as a representative action with Plaintiffs Cabrera and Telahun as the representatives;

4. For all minimum wages and overtime compensation owed pursuant to Labor Code §§ 510, 1194, 1197.1, and/or other applicable law;

5. For premium wages, pursuant to Labor Code § 226.7 and/or other applicable law;

6. For waiting time penalties pursuant to Labor Code § 203 and/or other applicable law;

7. For damages, pursuant to Labor Code § 226 and/or other applicable law;

8.  For unreimbursed business expenses, pursuant to Labor Code §§ 2800 and 2802 and/or other applicable law;

9.  For all liquidated damages, pursuant to Labor Code §§ 1194.2(a), 1197.1, and/or other applicable law;

10. For civil penalties, pursuant to Labor Code §§ 226.3, 558, 1197.1, and/or other applicable law;

11. For statutory penalties, pursuant to Labor Code § 226(e) and/or other applicable law;

12. For PAGA civil penalties pursuant to Labor Code §§ 2698 *et seq.*;

13. For injunctive relief, pursuant to Labor Code § 266(h), Bus. & Prof. Code § 17203, and/or other applicable law;

14. For restitution for Defendants' unfair, unlawful, and fraudulent business practices;

15. For reasonable attorneys' fees and costs of suit pursuant to Labor Code §§ 226(e)(1), 2699(g), 1194, and/or other applicable law;

16. For pre-judgment and post-judgment interest as provided by California law;

17. For appropriate equitable relief; and

///

///

///

///

///

CONSOLIDATED SECOND AMENDED COMPLAINT

18.  For all such other and further relief, the Court may deem just and
proper.

DATED:  July 3, 2020

**ALEXANDER KRAKOW + GLICK LLP**
**BOYAMIAN LAW, INC.**
**CLARK LAW GROUP**
**LAW OFFICES OF THOMAS W. FALVEY**
**UNITED EMPLOYEES LAW GROUP**

By:   /s/ Armand R. Kizirian
      Michael S. Morrison
      Michael H. Boyamian
      Armand R. Kizirian
      R. Craig Clark
      Thomas W. Falvey
      Walter Haines
      Attorneys for Plaintiffs SEVAG
      CHALIAN, SIGFREDO CABRERA,
      ENKO TELAHUN, CHRISTINE
      MCNEELY, and PATRICK BRENNAN
      and the Proposed Class

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims so triable.

DATED:  July 3, 2020

**ALEXANDER KRAKOW + GLICK LLP**
**BOYAMIAN LAW, INC.**
**CLARK LAW GROUP**
**LAW OFFICES OF THOMAS W. FALVEY**
**UNITED EMPLOYEES LAW GROUP**


By:   /s/ Armand R. Kizirian
        Michael S. Morrison
        Michael H. Boyamian
        Armand R. Kizirian
        R. Craig Clark
        Thomas W. Falvey
        Walter Haines
        Attorneys for Plaintiffs SEVAG
        CHALIAN, SIGFREDO CABRERA,
        ENKO TELAHUN, CHRISTINE
        MCNEELY, and PATRICK BRENNAN
        and the Proposed Class

# Exhibit "1"

# CLARK LAW GROUP

• 205 West Date Street • San Diego, California 92101 •
• Phone: (619) 239-1321 • Facsimile: (888) 273-4554 •
• www.clarklawyers.com •

June 22, 2017

*Via Online Filing*

Labor and Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94012

**Re:** ***Sigfredo Cabrera v. CVS Pharmacy, Inc., et al.***

To Whom It May Concern:

The purpose of this correspondence is to inform you that Sigfredo Cabrera, on behalf of himself and all other current or former pharmacists, pharmacy managers, pharmacy service technicians, and pharmacy sales associates (collectively "pharmacy employees"), intends to assert his legal rights granted to him by the California Labor Code Private Attorneys General Act of 2004, as set forth in California Labor Code § 2698 et seq. ("The Act"). This letter serves to satisfy the notice requirements of The Act, as it includes the facts and theories to support the alleged violations, and will also be sent to CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC ("Defendants" or "CVS") through their agent for service of process. By sending this correspondence, Mr. Cabrera is complying with The Act's statutory notice requirement.

## Factual Statement and Theories of Labor Code Violations

Mr. Cabrera was employed by Defendants as an hourly non-exempt pharmacy service associate and a pharmacy technician at three different stores in Oakland, San Leandro and Palo Alto, California. Mr. Cabrera's employment with CVS began on or about January 2016 and ended on or about January 2017.  Thus, Mr. Cabrera was employed by CVS within the last year.

Mr. Cabrera asserts that he and other current or former pharmacy employees suffered, and current pharmacy employees continue to suffer, the violations listed herein while employed by CVS.

Any and all claims alleged in this notice are asserted on behalf of Mr. Cabrera and all non-exempt pharmacy employees of Defendants in California who have suffered the same or similar violations alleged herein. Mr. Cabrera also reserves his right to assert any other related claims and theories discovered after the sending of this notice, since investigation and discovery are ongoing.

1

I.     **CVS Failed to Pay Minimum Wages and Overtime Compensation in Violation of Labor Code §§ 204, 510, 1194, 1197, 1197.1 and 1198.**

Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work. According to Labor Code § 1197 employers are required to pay its employees the fixed minimum wage set by the California labor commission. Labor Code § 1198 makes it unlawful to employ persons without compensating them at the rate of pay either time and one half or two times that person's regular rate of pay depending on the number of hours worked.  Accordingly, Labor Code § 510 specifies that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week, and the first eight hours worked on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Labor Code § 1194 permits an employee to recover any unpaid balance of the minimum wage or overtime compensation not paid for all hours worked. Labor Code § 1197.1 requires an employer to pay a civil penalty if it causes an employee to be paid a wage less than the fixed minimum wage.

Off the Clock Training Time

Mr. Cabrera alleges that he and other pharmacy employees are required to participate in mandatory training sessions about once a month.  The training sessions are not essential for any state certification, licensing, or regulation. The trainings are typically carried out on a web based system, which he believes keeps record of log-in and log-out times, as well as the total amount of time the pharmacy employees spend to complete each training module. As a policy, practice, and/or procedure CVS directs and permits pharmacy employees to complete the requisite trainings while clocked in during a schedule shift. However, due to Defendants' staffing policies, the busy nature of the pharmacy, and the culture of deterring overtime, pharmacy employees typically do not have the time to complete the requisite training during their scheduled shifts. As a common practice, the mandatory trainings were often completed "off the clock" from remote locations in addition to their eight (8) hours of work.

Moreover, as a policy, practice, and/or procedure CVS may discipline pharmacy employees for failing to complete the mandated training modules. For example, an employee's hours may be cut for failing to complete a mandated training.

To ensure pharmacy employees complete their required trainings, as a policy, practice, and/or procedure CVS provides all pharmacy employees with remote access log-in credentials, so that the pharmacy employees may access the web-based training system from a remote location, such as the employee's home.

The web based training system and CVS' time keeping system are not integrated. Because time worked is largely recorded on store cash registers, training conducted "off the clock" must be manually entered by a store manager. As a policy, practice, and/or procedure CVS directs store managers to use the minimal about of work hours and employees necessary to operate the store. As a result of CVS's direction and pressure many store managers are reluctant to enter the pharmacy employee's actual time spent participating in the mandated training because the

2

training time largely dips into overtime hours. As a result, much if not all the time spent remotely participating in the required training by pharmacy employees is never recorded, or if it is recorded only part of the time spent participating in the training module is recorded. Thus, pharmacy employees are not paid for all the time they spent participating in the mandated training

As a policy, practice, and/or procedure CVS also instructs its store managers to only enter the predetermined time a training module is expected to take to complete, instead of the actual time spent participating in the training. As a result, even if the pharmacy employee's training time is recorded, often the actual time spent in training is not appropriately entered.

Thus, pharmacy employees are not paid for the actual time they spent participating in the required training. Due to the policies, practices, and/or procedures described above, which deter store managers from accurately recording training time and/or overtime, pharmacy employees were unable to properly record all their time spent participating in required trainings. As a result, Mr. Cabrera and other pharmacy employees were not compensated for all time worked throughout the statutory period in violation of Labor Code §§ 204, 510, 1194, and 1197.

<u>Off the Clock Work Time</u>

Mr. Cabrera alleges that he and other pharmacy employees were often told to work off the clock before and after their scheduled shifts in order to meet the needs of the pharmacy.  As a policy, practice, and/or procedure CVS assigns each store and/or pharmacy department a set amount of work hours based on prescription volume from the previous year. As a policy, practice, and/or procedure CVS instructs its store managers and/or pharmacy managers to not to go over the allotted amount of work hours provided. As a result, pharmacy employees often instructed to work off the clock.  In Mr. Cabrera's experience, if an employee was asked to work off the clock the employee was often disciplined by having his or her hours cut.  As a policy, practice, and/or procedure CVS would instruct pharmacy employees to clock out, while requiring and expecting them to work longer than their scheduled shifts.  Often the pharmacy employees worked more than eight (8) hours a day, and/or forty (40) hours per week.  Pharmacy employees, such as Mr. Cabrera, were not compensated for all time worked throughout the statutory period in violation of Labor Code §§ 204, 510, 1194, and 1197.

## II.    **CVS Failed to Provide Legally Compliant Meal Periods or Compensation in Lieu Thereof in Violation of California Labor Code §§ 226.7 and 512.**

Pursuant to Labor Code § 512, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes.

/ / /

If the employer fails to provide an employee with a meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

Mr. Cabrera alleges that as a policy, practice, and/or procedure CVS required pharmacy employees to clock out for meal period despite the fact that pharmacy employees continued to work through their meal periods in order to meet the needs of the pharmacy. Mr. Cabrera alleges that CVS knew or had reason to know that pharmacy employees were working through their meal periods because (1) various managers, supervisors, and personnel saw the pharmacy employees eating and working during their meal periods, (2) Mr. Cabrera complained about not receiving adequate meal periods to his superiors, (3) the work accomplished could not have been completed in the number of documented hours.

Additionally, Mr. Cabrera and other pharmacy employees, did not receive a second meal period when they worked more than ten (10) hours. This largely resulted when pharmacy employees were working off the clock, as described above.

Mr. Cabrera, as well as other pharmacy employees were not compensated for noncompliant meal periods throughout the statutory period in violation of Labor Code §§ 226.7 and 512.

### III.   CVS Failed to Provide Legally Complaint Rest Periods or Compensation in Lieu Thereof in Violation California Labor Code § 226.7.

Labor Code § 226.7 requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a lawful rest period was not provided.

Mr. Cabrera alleges that as a policy, practice, and/or procedure CVS did not provide pharmacy employees with lawful rest periods, despite its written policy. Pharmacy employees, such as Mr. Cabrera, worked without the opportunity to take a rest period due to the busy nature of the pharmacy and the pressure by CVS to meet the stores goals, as outlined above.  CVS did not compensate Mr. Cabrera or other pharmacy employees for noncompliant rest periods throughout the statutory period in violation of Labor Code § 226.7.

### IV.   CVS Failed to Pay Wages Owed at Termination in Violation of California Labor Code §§ 201-203.

Pursuant to Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.  Labor Code § 202(a) provides that if an employee does not have a written contract for a definite period and quits his or her employment, the employee's wages are due and payable no later than 72 hours thereafter, unless the employee has given 72-hours previous notice of his/her intention to quit, then the employee is entitled to his/her wages at the time of quitting. If an employer willfully fails to pay an employee in accordance to Labor Code §§ 201 and 202, then the employee's wages shall continue as a penalty form the due date thereof at the same rate until paid or until an action is commenced, however, the wages shall not continue for more than thirty (30) days.

4

As discussed above, CVS failed to pay its employees for all time worked in violation of the California Labor Code.  As a result, CVS also willfully failed to pay, in a timely manner, wages owed to Mr. Cabrera and other former pharmacy employees who left their employment with CVS or who were terminated during the statutory period in violation of Labor Code §§ 201-203.

## V.      CVS Failed to Timely Furnish Legally Compliant Wage Statements in Violation of California Labor Code § 226.

Section 226(a) of the Labor Code requires that CVS provide accurate and itemized wage statements to its employees. Specifically, Labor Code § 226(a) requires that each wage statement show "(1) gross wages earned, (2) total hours worked by the employee… (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than the social security number, (8) the name and address of the legal entity that is the employer…(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and the corresponding number of hours worked at each hourly rate by the employee..."

Labor Code § 226(b) further requires the employee to keep the information required by Labor Code § 226(a) and afford current and former employees the right to inspect or copy records pertaining to their employment.

CVS knowingly and intentionally failed to comply with Labor Code § 226 on each and every wage statement provided to Mr. Cabrera and the other current or former pharmacy employees. Mr. Cabrera alleges that his wage statements did not include the gross and/or net wages earned because CVS failed to properly compensate him for all hours worked. Mr. Cabrera also alleges that CVS failed to maintain accurate records of his gross and/or net wages earned because CVS failed to properly compensate him for all hours worked. Thus, the gross and/or net wages reflected on his wage statements, as well as other pharmacy employees' statements, were inaccurate in violation of Labor Code § 226.

Additionally, pursuant to CVS's policy, practice and/or procedure of not permitting employees to record their actual time worked, as described herein, CVS knowingly and intentionally failed to keep accurate records of the total hours worked. As indicated herein, the training system is not integrated into the time keeping system, as such pharmacy employee time spent participating in training was not properly recorded as time worked.

Moreover, CVS knowingly and intentionally failed to itemize the total hours worked on pharmacy employee wage statements. As a result, the total hours listed on his wage statement were inaccurate in violation of Labor Code § 226.

Furthermore, CVS failed to include the employee's name and the last four digits of their social security number and/or employee identification number on each of the wage statements provided

to Mr. Cabrera and the other current and/or former pharmacy employees in violation of Labor Code § 226.

The wage statements provided by CVS also did not properly include the pay period information for each wage statement, the accurate rate of pay for the various types of work, nor did the wage statements include the name and address of the legal entity that employed Mr. Cabrera and the other current or former pharmacy employees in violation of Labor Code § 226.

During the statutory period, CVS knowingly and intentionally failed to abide by the requirements outlined in Labor Code § 226 by failing to maintain records and providing incomplete and inaccurate wage statements to Mr. Cabrera and other current or former pharmacy employees.

## VI.   CVS Failed to Fully Reimburse for Work Expenses in Violation of California Labor Code §§ 2800 and 2802.

Pursuant to Labor Code § 2800 an employer shall indemnify employee losses caused by the employer's want of ordinary care.  Accordingly, Labor Code § 2802 provides that an employer shall indemnify his/her employee for all necessary expenditures or losses incurred by the employees as a result of employment. Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee.

Mr. Cabrera alleges that CVS has a policy, practice and/or procedure of failing to reimburse and/or indemnify him and other current or former pharmacy employees for expenses incurred as a direct result of their employment.  Mr. Cabrera asserts that he and other current or former pharmacy employees had to use their personal computers and personal internet to complete the mandatory training from a remote location when they did not have the time to complete the required training during their scheduled shifts due Defendants' staffing policies, the busy nature of the pharmacy, and the culture of deterring overtime. Mr. Cabrera and other current or former pharmacy employees were not reimbursed for the reasonable use of their personal computers and/or internet, even though CVS knew and/or had reason to know that employees were using their personal computers and internet for work related activities without reimbursement in violation of Labor Code §§ 2800 and 2802.

Additionally, Mr. Cabrera alleges that CVS has a policy, practice and/or procedure CVS requires pharmacy technicians to obtain a license and background check.  However, as a policy, practice, and/or procedure CVS refused to reimburse him and other pharmacy technicians for the costs of their license, background check, and travel, which are work related activities directly related to their employment with CVS in violation of Labor Code §§ 2800 and 2802.

## VII.   CVS Failed to Maintain Accurate Payroll Records in Violation of California Labor Code §§ 226(a) and 1174.

Labor Code § 1174(d) states "[e]very person employing labor in this state shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this

6

purpose by commission, but in case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

As described above, CVS has a policy, practice, and/or procedure of intentionally and willfully failing to maintain accurate payroll records properly showing the total hours worked each day and the wages paid to Mr. Cabrera, as well as other current or former pharmacy employees. Thus, CVS failed to maintain records of the total time worked and wages paid to Mr. Cabrera and other current and former pharmacy employees in violation of Labor Code § 1174.

## Conclusion

As described herein, Mr. Cabrera is an "aggrieved employee" as defined by Labor Code § 2699(c). CVS deprived Mr. Cabrera and other current or former pharmacy employees of their statutory rights in violation of the California Labor Code, as described herein. As such, Mr. has satisfied all the prerequisites to serve as a representative of the general public in order to enforce California's labor laws and the penalty provisions described herein.

If after 65 days from the date of this letter, the Labor and Workforce Development Agency does not act, or declines to intervene, Mr. Cabrera may elect to initiate or amend a civil action alleging the PAGA violations described herein, as well as other related claims.

Sincerely,

CLARK LAW GROUP

R. Craig Clark
Dawn M. Berry
Monique R. Rodriguez


Cc:

| CVS Pharmacy, Inc. | CVS Rx Services, Inc. | Garfield Beach CVS, LLC |
|---|---|---|
| c/o C T Corporation System | c/o C T Corporation System | c/o C T Corporation System |
| 818 W. 7th Street, Suite 930 | 818 W. 7th Street, Suite 930 | 818 W. 7th Street, Suite 930 |
| Los Angeles, CA 90017 | Los Angeles, CA 90017 | Los Angeles, CA 90017 |

7

Thursday, July 27, 2017 at 3:50:08 PM Pacific Daylight Time

**Subject:** Thank you for submission of your PAGA Case.

**Date:** Thursday, June 22, 2017 at 3:09:14 PM Pacific Daylight Time

**From:** LWDA DO NOT REPLY (sent by <noreply@salesforce.com>)

**To:** information@clarklawyers.com

6/22/2017

LWDA Case No. LWDA-CM-259668-17

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm



**Private Attorneys General Act (PAGA) - Filing**

## New PAGA Claim Notice

### Your Information (Person Who is Filing)

Your First Name   Your Last Name   Firm Name (if any)   Your Email Address
**Monique**          **Rodriguez**       **Clark Law Group**     **information@clarklawyers.com**

Your Street Name, Number and Suite/Apt   Your Mobile Phone Number
**205 West Date Street**

Your City    Your Work Phone Number
**San Diego  (619) 239-1321**

Your State
**California**

Your Zip/Postal Code
**92101**

### Plaintiff Information

Plaintiff/Aggrieved Employee Name   Plaintiff/Aggrieved Employee Occupation
**Sigfredo Cabrera**                      **Pharmacy Service Associate/Pharmacy Technician**

### Employer Information

Employer Entity Type   Employer Industry   Employer NAICS code   Employer Name
**– Corporation**          **– Retail**            **446110**                **CVS Rx Services, Inc.**

Employer Street Name, Number and   Employer   Employer   Employer Zip/Postal
Suite/Apt                                City          State        Code
**One CVS Drive**                           **Woonsocket**  **Rhode Island**  **02895**

## Notice General Information

Estimated Number of Employees Impacted by Violations  Postmark Date of Notice Sent to Employer
**Unknown**                                                     **06/22/2017**

## Notice Violations – Check All that Apply

Misclassification Employee Classified as Contractor

Misclassification NonExempt Classified as Exempt

Child Labor  Specify Ages


Minimum Wage
**– Minimum Wage**

Overtime
**– Overtime**

Not paid for all hours worked
**– Not paid for all hours worked**

Not paid wages due on termination
**– Not paid wages due on termination**

Other Unpaid Wages
**– Other Unpaid Wages**

Tips or Gratuities

Payment or Reimbursement of Employee Expenses
**– Payment or Reimbursement of Employee Expenses**

Improper Form of Payment Including NSF Checks

Kickbacks

Meal and Rest Breaks
**– Meal and Rest Breaks**

Sick Leave

Lactation Accommodation (Labor Code 1030–1033)

Not providing required time off, other

Pay Discrimination on basis of sex, (Labor Code 1197.5)

No Wage Statements

Improper or Incomplete Wage Statements
**– Improper or Incomplete Wage Statements**

Other Notice or Posting or Recordkeeping
**– Other Notice or Posting or Recordkeeping**

Public Works (Labor Code 1720 – 1815)

Apprenticeship (Labor Code 3070 – 3098)

Occupational Safety and Health (Labor Code 6300 et seq)

No Workers' Compensation

Licensing, Registration, or Permit

Unfair Immigration Activities

Agricultural Labor Relations

Industrial Homework

Retaliation for Protected Status or Activity (Specify)

Please Provide Details of Retaliation

Other(Maybe Multiple)

---

**PAGA Claim Type – Check All that Apply**

Includes one or more listed in Labor Code 2699.5– not curable subject to 2699.3(a)
**– Includes one or more listed in Labor Code 2699.5– not curable subject to 2699.3(a)**

Includes one or more OSHA violations subject to requirements of 2699.3(b)

Includes one or more violations not listed in Labor Code 2699.5 – curable subject to 2699.3(c)
**– Includes one or more violations not listed in Labor Code 2699.5 – curable subject to 2699.3(c)**

---

**Filing Fee**

IFP

---

**Notice and Other Attachments**

6/22/17, 3:08 PM

PAGA Claim Notice (must be a .pdf)
**2017–06–22 (LETTER) Cabrera PAGA Letter.pdf**

Other Attachment – (if any) (must be a .pdf)

Should you have questions regarding this online form, please contact PAGAInfo@dir.ca.gov

*Attached File:*

⬚2017–06–22 (LETTER) Cabrera PAGA Letter.pdf (175 KB)

# Exhibit "2"

# CLARK LAW GROUP

• 205 West Date Street • San Diego, California 92101 •
• Phone: (619) 239-1321 • Facsimile: (888) 273-4554 •
• www.clarklawyers.com •

August 22, 2017

*Via Online Filing*

Labor and Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94012

> **Re:    *Sigfredo Cabrera* and *Enko Telahun v. CVS Pharmacy, Inc., et al.*
> LWDA-CM-259668-17**

To Whom It May Concern:

The purpose of this correspondence is to inform you that Sigfredo Cabrera and Enko Telahun, on behalf of themselves and all other current or former pharmacists, pharmacy managers, pharmacy service technicians, and pharmacy sales associates (collectively "pharmacy employees"), intend to assert their legal rights granted to them by the California Labor Code Private Attorneys General Act of 2004, as set forth in California Labor Code § 2698 et seq. ("The Act"). This amended letter serves to satisfy the notice requirements of The Act, as it includes the facts and theories to support the alleged violations, and will also be sent to CVS Rx Services, Inc., CVS Pharmacy, Inc., and Garfield Beach CVS, LLC (collectively "CVS") through their agent for service of process via certified mail. By sending this correspondence, Messrs. Cabrera and Telahun are complying with The Act's statutory notice requirement.

## **Factual Statement and Theories of Labor Code Violations**

Mr. Cabrera was employed by CVS as an hourly non-exempt pharmacy service associate and a pharmacy technician at three different stores in Oakland, San Leandro and Palo Alto, California. Mr. Cabrera's employment with CVS began on or about January 2016 and ended on or about January 2017.  Thus, Mr. Cabrera was employed by CVS within the last year.

Mr. Telahun was employed by CVS as an hourly non-exempt pharmacist and pharmacy manager in the pharmacy department of a CVS store in San Diego, California from about June 2012 until February 2017. Thus, Mr. Telahun was employed by CVS within the last year.

Both Mr. Cabrera and Mr. Telahun assert that they and other current or former pharmacy employees were subject to the same policies, practices, and procedures described herein. Messrs. Cabrera and Telahun further allege that they and other current or former pharmacy employees suffered, and current pharmacy employees continue to suffer, the violations listed

herein while employed by CVS.

Any and all claims alleged in this notice are asserted on behalf of Messrs. Cabrera and Telahun and all non-exempt pharmacy employees of CVS in California who have suffered the same or similar violations alleged herein. Messrs. Cabrera and Telahun also reserve their right to assert any other related claims and theories on behalf of themselves and other current or former employees against CVS and/or other persons discovered after the sending of this notice, since investigation and discovery are ongoing.

## I.   CVS Failed to Pay Minimum Wages and Overtime Compensation in Violation of Labor Code §§ 204, 510, 1194, 1197, 1197.1 and 1198.

Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work. According to Labor Code § 1197 employers are required to pay its employees the fixed minimum wage set by the California Labor Commission. Labor Code § 1198 makes it unlawful to employ persons without compensating them at the rate of pay either time and one half or two times that person's regular rate of pay depending on the number of hours worked.  Accordingly, Labor Code § 510 specifies that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week, and the first eight hours worked on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Labor Code § 1194 permits an employee to recover any unpaid balance of the minimum wage or overtime compensation not paid for all hours worked. Labor Code § 1197.1 requires an employer to pay a civil penalty if it causes an employee to be paid a wage less than the fixed minimum wage.

Off the Clock Training Time

Messrs. Cabrera and Telahun allege that they and other current or former pharmacy employees are required to participate in mandatory training sessions about once a month.  The training sessions are not required for any state certification, licensing, or regulation. The trainings are typically completed on a web based system usually referred to as LEARNet, which Messrs. Cabrera and Telahun believe keeps record of log-in and log-out times, as well as the total amount of time the pharmacy employees spend to complete each training module. As a policy, practice, and/or procedure CVS directs and permits pharmacy employees to complete the requisite trainings while clocked in during a schedule shift. However, due to CVS's staffing policies, the busy nature of the pharmacy, and the culture of deterring overtime, pharmacy employees frequently do not have the time to complete the mandatory training during their scheduled shifts. As a common practice, the mandatory trainings were often completed "off the clock" from remote locations in addition to their eight hours of work.

Moreover, as a policy, practice, and/or procedure CVS may discipline pharmacy employees for failing to complete the mandated training modules. For example, both Messrs. Cabrera and Telahun have witnessed employee work hours being cut for failing to complete training.

To ensure pharmacy employees complete their required trainings, as a policy, practice, and/or procedure CVS provides all pharmacy employees with remote access log-in credentials, so that

2 of 8

the pharmacy employees may access the web-based training system from a remote location, such as the employee's home. Based on information and belief, Messrs. Cabrera and Telahun allege that in 2017 CVS modified its policies and practices to restrict access to the web-based system from a remote location without permission from a manager.

The web based training system and CVS's time keeping system are not integrated. Because time worked is largely recorded on store cash registers or by using other software, training conducted "off the clock" must be manually entered by a store manager. As a policy, practice, and/or procedure CVS directs store managers and/or pharmacy managers to use the minimal amount of work hours and employees necessary to operate the store. As a result of CVS's direction and pressure, many store managers and/or pharmacy managers are reluctant to enter the pharmacy employee's actual time spent participating in the mandated training because the training time largely dips into overtime hours. As a result, much if not all the time spent remotely participating in the required training by pharmacy employees is never recorded, or if it is recorded only part of the time spent participating in the training module is recorded. Thus, pharmacy employees are not paid for all the time they spent participating in the mandated training

As a policy, practice, and/or procedure CVS also instructs its store managers and/or pharmacy managers to only enter the predetermined time a training module is expected to take to complete, instead of the actual time spent participating in the training. As a result, even if the pharmacy employee's training time is recorded, often the actual time spent in training is not appropriately entered.

Thus, pharmacy employees are not paid for the actual time they spent participating in the required training. Due to the policies, practices, and/or procedures described above, which deter store managers from accurately recording training time and/or overtime, pharmacy employees were unable to properly record all their time spent participating in required trainings. As a result, Messrs. Cabrera and Telahun, along with other pharmacy employees were not compensated for all time worked throughout the statutory period in violation of Labor Code §§ 204, 510, 1194, and 1197.

<u>Off the Clock Work Time</u>

Messrs. Cabrera and Telahun allege that they and other pharmacy employees were often told to work off the clock before and after their scheduled shifts in order to meet the needs of the pharmacy.  As a policy, practice, and/or procedure CVS assigns each store and/or pharmacy department a set amount of work hours based on prescription volume from the previous year. As a policy, practice, and/or procedure CVS instructs its store managers and/or pharmacy managers to not to go over the allotted amount of work hours provided. As a result, pharmacy employees are often instructed to work off the clock.  In Mr. Cabrera's experience, if an employee asked to work off the clock the employee was often disciplined by having his or her hours cut.  As a policy, practice, and/or procedure CVS would instruct pharmacy employees to clock out, while requiring and expecting them to work longer than their scheduled shifts. Often the pharmacy employees worked more than eight (8) hours a day, and/or forty (40) hours per week.  Pharmacy employees, such as Messrs. Cabrera and Telahun, were not compensated for all time worked throughout the statutory period in violation of Labor Code §§ 204, 510, 1194, and 1197.

## II.  CVS Failed to Provide Legally Compliant Meal Periods or Compensation in Lieu Thereof in Violation of California Labor Code §§ 226.7 and 512.

Pursuant to Labor Code § 512, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes.

If the employer fails to provide an employee with a meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

Messrs. Cabrera and Telahun allege that as a policy, practice, and/or procedure CVS required pharmacy employees to clock out for meal period despite the fact that pharmacy employees continued to work through their meal periods in order to meet the needs of the pharmacy and/or to complete the requisite training modules. Messrs. Cabrera and Telahun allege that CVS knew or had reason to know that pharmacy employees were working through their meal periods because (1) various managers, supervisors, and personnel saw the pharmacy employees eating and working during their meal periods, (2) LEARNet shows that pharmacy employees were completing trainings, while they were clocked out at lunch, (3) the work accomplished could not have been completed in the number of documented hours, and (4) Mr. Cabrera complained about not receiving adequate meal periods to his superiors.

Additionally, Messrs. Cabrera and Telahun, as well as other pharmacy employees, did not receive a second meal period when they worked more than ten hours. This largely resulted when pharmacy employees were working off the clock, as described above.

California regulations provide that a pharmacist must be on the premises at all times and be fully aware of all activities performed by either a pharmacy technician or an intern pharmacist. Mr. Telahun contends that as a policy, practice, and/or procedure CVS schedules only one pharmacist on duty for a period of four to six hours. Due to this scheduling practice, pharmacists, such as Mr. Telahun, were not provided with meal periods that were free of all duty, as he and other pharmacists were on call during their meal periods and/or they were unable to leave the premises. As such, Mr. Telahun and other pharmacist were not provided with legally compliant meal periods.

Messrs. Cabrera and Telahun, as well as other pharmacy employees were not compensated for noncompliant meal periods throughout the statutory period.  As such, CVS violated Labor Code §§ 226.7 and 512.

/ / /
/ / /
/ / /

4 of 8

III. **CVS Failed to Provide Legally Complaint Rest Periods or Compensation in Lieu Thereof in Violation California Labor Code § 226.7.**

Labor Code § 226.7 requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a lawful rest period was not provided.

Messrs. Cabrera and Telahun allege that as a policy, practice, and/or procedure CVS did not provide pharmacy employees with lawful rest periods, despite its written policy. Pharmacy employees, such as Messrs. Cabrera and Telahun, worked without the opportunity to take a rest period due to the busy nature of the pharmacy and the pressure by CVS to meet the stores goals, as outlined above.

Additionally, due to CVS's scheduling practices, which only provides for one pharmacist to be scheduled for a period of four to six hours, pharmacists, such as Mr. Telahun, were unable to take off-duty rest periods as they were expected to be on-call at all times due to California regulations.

CVS did not compensate Messrs. Cabrera and Telahun, or other pharmacy employees for noncompliant rest periods throughout the statutory period. Thus, CVS also violated of Labor Code § 226.7.

IV. **CVS Failed to Pay Wages Owed at Termination in Violation of California Labor Code §§ 201-203.**

Pursuant to Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.  Labor Code § 202(a) provides that if an employee does not have a written contract for a definite period and quits his or her employment, the employee's wages are due and payable no later than 72 hours thereafter, unless the employee has given 72-hours previous notice of his/her intention to quit, then the employee is entitled to his/her wages at the time of quitting. If an employer willfully fails to pay an employee in accordance to Labor Code §§ 201 and 202, then the employee's wages shall continue as a penalty form the due date thereof at the same rate until paid or until an action is commenced, however, the wages shall not continue for more than thirty (30) days.

As discussed above, CVS failed to pay its employees for all time worked in violation of the California Labor Code.  As a result, CVS also willfully failed to pay, in a timely manner, wages owed to Messrs. Cabrera and Telahun, as well as other former pharmacy employees who were discharged from their employment with CVS during statutory period in violation of Labor Code §§ 201-203.

V. **CVS Failed to Timely Furnish Legally Compliant Wage Statements in Violation of California Labor Code § 226.**

Section 226(a) of the Labor Code requires that CVS provide accurate and itemized wage statements to its employees. Specifically, Labor Code § 226(a) requires that each wage statement show "(1) gross wages earned, (2) total hours worked by the employee… (3) the number of

piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than the social security number, (8) the name and address of the legal entity that is the employer…(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and the corresponding number of hours worked at each hourly rate by the employee..."

Labor Code § 226(b) further requires the employee to keep the information required by Labor Code § 226(a) and afford current and former employees the right to inspect or copy records pertaining to their employment.

CVS knowingly and intentionally failed to comply with Labor Code § 226 on each and every wage statement provided to Messrs. Cabrera and Telahun, as well as other current or former pharmacy employees. Messrs. Cabrera and Telahun allege that their wage statements did not include the gross and/or net wages earned because CVS failed to properly compensate them for all hours worked. Messrs. Cabrera and Telahun also allege that CVS failed to maintain accurate records of his gross and/or net wages earned because CVS failed to properly compensate them for all hours worked. Thus, the gross and/or net wages reflected on their wage statements, as well as other pharmacy employees' statements, were inaccurate in violation of Labor Code § 226.

Additionally, pursuant to CVS's policy, practice and/or procedure of not permitting employees to record their actual time worked, as described herein, CVS knowingly and intentionally failed to keep accurate records of the total hours worked. As indicated herein, the training system is not integrated into the time keeping system, as such pharmacy employee time spent participating in training was not properly recorded as time worked.

Moreover, CVS knowingly and intentionally failed to itemize the total hours worked on pharmacy employee wage statements. As a result, the total hours listed on his wage statement were inaccurate in violation of Labor Code § 226.

Furthermore, CVS failed to include the employee's name and the last four digits of their social security number and/or employee identification number on each of the wage statements provided to Messrs. Cabrera and Telahun, and other current or former pharmacy employees in violation of Labor Code § 226.

The wage statements provided by CVS also did not properly include the pay period information for each wage statement, the accurate rate of pay for the various types of work, nor did the wage statements include the name and address of the legal entity that employed Messrs. Cabrera, Telahun, and the other current or former pharmacy employees in violation of Labor Code § 226.

During the statutory period, CVS knowingly and intentionally failed to abide by the requirements outlined in Labor Code § 226 by failing to maintain records and providing incomplete and inaccurate wage statements to Messrs. Cabrera and Telahun, and other current or former pharmacy employees.

**VI.** **CVS Failed to Fully Reimburse for Work Expenses in Violation of California Labor Code §§ 2800 and 2802.**

Pursuant to Labor Code § 2800 an employer shall indemnify employee losses caused by the employer's want of ordinary care.  Accordingly, Labor Code § 2802 provides that an employer shall indemnify his/her employee for all necessary expenditures or losses incurred by the employees as a result of employment. Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee.

Messrs. Cabrera and Telahun allege that CVS has a policy, practice and/or procedure of failing to reimburse and/or indemnify him and other current or former pharmacy employees for expenses incurred as a direct result of their employment.  Messrs. Cabrera and Telahun assert that they and other current or former pharmacy employees had to use their personal computers and/or devices, as well as their personal internet to complete the mandatory training from a remote location when they did not have the time to complete the required training during their scheduled shifts due CVS's staffing policies, the busy nature of the pharmacy, and the culture of deterring overtime. Messrs. Cabrera and Telahun and other current or former pharmacy employees were also not reimbursed for the reasonable use of their personal computers and/or internet, even though CVS knew and/or had reason to know that employees were using their personal computers and internet for work related activities without reimbursement in violation of Labor Code §§ 2800 and 2802.

Additionally, Mr. Cabrera alleges that CVS has a policy, practice and/or procedure CVS requires pharmacy technicians to obtain a license and background check.  However, as a policy, practice, and/or procedure CVS refused to reimburse him and other pharmacy technicians for the costs of their license, background check, and travel, which are work related activities directly related to their employment with CVS in violation of Labor Code §§ 2800 and 2802.

**VII.** **CVS Failed to Maintain Accurate Payroll Records in Violation of California Labor Code §§ 226(a) and 1174.**

Labor Code § 1174(d) states "[e]very person employing labor in this state shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by commission, but in case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

As described herein, CVS has a policy, practice, and/or procedure of intentionally and willfully failing to maintain accurate payroll records properly showing the total hours worked each day and the wages paid to Messrs. Cabrera and Telahun, as well as other current or former pharmacy employees. Thus, CVS failed to maintain records of the total time worked and wages paid to Messrs. Cabrera and Telahun, as well as other current and former pharmacy employees in violation of Labor Code § 1174.

## Conclusion

As described herein, Messrs. Cabrera and Telahun are "aggrieved employees" as defined by Labor Code § 2699(c). CVS deprived Messrs. Cabrera, Telahun, and other current or former pharmacy employees of their statutory rights in violation of the California Labor Code, as described herein. As such, Messrs Cabrera and Telahun have satisfied all the prerequisites to serve as a representative of the general public in order to enforce California's labor laws and the penalty provisions described herein.

If after 65 days from the date of this letter, the Labor and Workforce Development Agency does not act, or declines to intervene, Messrs. Cabrera and Telahun may elect to initiate and/or amend a civil action alleging the PAGA violations described herein, as well as other related claims.

Sincerely,

CLARK LAW GROUP

R. Craig Clark
Dawn M. Berry
Monique R. Rodriguez

Cc:    *Via Certified Mail*

| | | |
|---|---|---|
| CVS Rx Services, Inc. | CVS Pharmacy, Inc. | Garfield Beach CVS, LLC |
| c/o Lawyers Incorporating Service | c/o Lawyers Incorporating Service | c/o C T Corporation System |
| 2710 Gateway Oaks Drive Suite 150N | 2710 Gateway Oaks Drive Suite 150N | 818 W. 7th Street, Suite 930 Los Angeles, CA 90017 |
| Sacramento, CA 95833 | Sacramento, CA 95833 | |

Tuesday, August 22, 2017 at 11:01:00 AM Pacific Daylight Time

**Subject:** Thank you for your Amended PAGA Claim Notice Submission

**Date:** Tuesday, August 22, 2017 at 10:59:28 AM Pacific Daylight Time

**From:** DIR PAGA Unit (sent by FormAssembly <no-reply@formassembly.com>)

**To:** information@clarklawyers.com

08/22/2017 10:59:25 AM

Thank you for your submission to the Labor and Workforce Development Agency.

Item submitted: Amended PAGA Claim Notice

If you have questions or concerns regarding this submission or your case, please send an email to
pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm



**Private Attorneys General Act (PAGA) - Filing**

## Amended PAGA Claim Notice

PAGA Number (LWDA–CM–) OR Court Case Number:
**LWDA–CM–259668–17**
*If entering the PAGA Case number, please enter only the eight digit number after "LWDA–CM–" in the following format, "XXXXXX–XX".*

---

**Your Information (Attorney or Employee – Whoever is Filing)**

Your Full Name      Your Email Address
**Monique Rodriguez** **information@clarklawyers.com**

Your Street Name, Number and Suite/Apt   Your Mobile Phone Numer
**205 West Date Street**

Your City    Your Work Phone Number
**San Diego** **(619) 239–1321**

Your State
**California**

Your Zip/Postal Code
**92101**

---

**Plaintiff/Aggrieved Employee Information**

Plaintiff/Aggrieved Employee Name
**Sigfredo Cabrera and Enko Telahun**

---

**Employer Information**

Employer Name
**CVS Pharmacy, Inc.; CVS Rx Services, Inc.; Garfield Beach CVS, LLC**

| Employer Street Name, Number and Suite/Apt | Employer City | Employer State | Employer Zip/Postal Code |
|---|---|---|---|

One CVS Drive                           Woonsocket   Rhode Island   02895

Amended Notice Detail

Please provide the details of the amendments to the original notice.

Amendment Detail
**The Notice has been amended to include an additional PAGA Representative, Enko Telahun. The Notice has also been revised to include additional facts and theories to support violations of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1197.1, 1198, 2800, and 2802.**

Amended Notice

Amended Notice
**2017-08-22 (LETTER) Amended PAGA Letter.pdf**

Other Attachment (if any) (must be a .pdf)

Should you have questions regarding this online form, please contact PAGAInfo@dir.ca.gov

*Attached File:*

⬇2017-08-22 (LETTER) Amended PAGA Letter.pdf (409 KB)