1  Michael S. Morrison, SBN 205320
   **ALEXANDER KRAKOW + GLICK LLP**
2  1900 Avenue of the Stars, Suite 900
   Los Angeles, California 90067
3  T: (310) 394-0888 | F: (310) 394-0811
   E-mail: mmorrison@akgllp.com
4
   Attorneys for Plaintiffs SEVAG CHALIAN,
5  SIGFREDO CABRERA, ENKO TELAHUN, and
   CHRISTINE MCNEELY and the Putative Class
6
   (*Additional Counsel Listed on Following Page*)
7
                **UNITED STATES DISTRICT COURT**
8
          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public, | Case No.: 2:16-cv-08979-AB-AGR |
| | *Consolidated with Case No.: 2:20-cv-02401-AB-AGR* |
| Plaintiffs, | *Assigned to Hon. Andre Birotte Jr.* |
| v. | **PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' EVIDENTIARY OBJECTIONS TO SUPPLEMENTAL EVIDENCE SUBMITTED IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL** |
| CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive, | |
| | Complaint Filed: July 20, 2016 |
| Defendants. | Action Removed: December 5, 2016 |
| | Consolidated: July 1, 2020 |
| SIGFREDO CABRERA, ENKO TELAHUN and CHRISTINE MCNEELY, as individuals, on behalf of themselves, and all other persons similarly situated, | |
| Plaintiffs, | |
| v. | |
| CVS RX SERVICES, INC., a New York corporation; CVS PHARMACY, INC., a Rhode Island corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 10, inclusive, | |
| Defendants. | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' EVIDENTIARY
OBJECTIONS TO SUPPLEMENTAL EVIDENCE

Michael H. Boyamian, SBN 256107
Armand R. Kizirian, SBN 293992
**BOYAMIAN LAW, INC.**
550 N. Brand Blvd., Suite 1500
Glendale, CA 91203
T: (818) 547-5300 | F:(818) 547-5678
E-mail: michael@boyamianlaw.com
      armand@boyamianlaw.com

R. Craig Clark, SBN 129219
**CLARK LAW GROUP**
205 West Date Street
San Diego, CA 92101
T: (619) 239-1321 | F: (888) 273-4554
E-mail: cclark@clarklawyers.com

Thomas W. Falvey, SBN 65744
**LAW OFFICES OF THOMAS W. FALVEY**
550 N. Brand Blvd., Suite 1500
Glendale, CA 91203
Telephone:   (818) 547-5200
Facsimile:    (818) 500-9307
E-mail: thomaswfalvey@gmail.com

Walter Haines, SBN 071075
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Telephone: (562) 256-1047
Facsimile: (562) 256-4554

Attorney for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN, and
CHRISTINE MCNEELY and the Putative Class

1

PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' EVIDENTIARY
OBJECTIONS TO SUPPLEMENTAL EVIDENCE

1    Plaintiffs SEVAG CHALIAN, SIGFREDO CABRERA, ENKO TELAHUN,

2    CHRISTINE MCNEELY, PATRICK BRENNAN hereby submit their response to

3    Proposed Intervenors Evidentiary Objections to the Supplemental Declaration of

4    Michael S. Morrison filed concurrently with Plaintiffs' Reply in Support of Motion

5    for Preliminary Approval of Class Action Settlement (Dkt. No. 106).

6    **I.     INTRODUCTION**

7         As set forth in the Motion for Preliminary Approval and Reply Brief,

8    Plaintiffs and Class Counsel are proud of the excellent and timely result achieved

9    by the proposed Settlement.  Proposed Intervenors' further evidentiary objections

10   present no barrier to preliminary approval, and instead "offer nothing more than

11   speculation about what damages 'might have been' won had they prevailed at trial."

12   *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (quoting

13   *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)). As

14   the Ninth Circuit has repeatedly held, "'it is the very uncertainty of outcome in

15   litigation and avoidance of wasteful and expensive litigation that induce consensual

16   settlements.  The proposed settlement is not to be judged against a hypothetical or

17   speculative measure of what might have been achieved by the negotiators.' *Id.*

18   (quoting *Officers for Justice*, 688 F.2d at 625).  The Court explained, "the very

19   essence of a settlement is compromise, a yielding of absolutes and an abandoning

20   of highest hopes." *Id.*  Although the Settlement terms reached here provide a

21   significant benefit, the fact that a proposed settlement may only amount to a

22   fraction of the potential recovery does not, in and of itself, mean that the proposed

23   settlement is grossly inadequate and should be disapproved." *Id.* (citations and

24   quotations omitted).

25        As Plaintiffs have previously noted, Proposed Intervenors appear not to

26   operate with the same deliberative approach and instead have asserted a seemingly

27   full-fledged attack on the entire Settlement.  Proposed Intervenors' multiple filings

28   – including the multiple evidentiary objections – is nothing more than a strong-arm

1

PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' EVIDENTIARY
OBJECTIONS TO SUPPLEMENTAL EVIDENCE

1  attempt to distract the Court's attention from the excellent result achieved and wrest

2  a Settlement away from the class.

3  **II.    ARGUMENT**

4      **A. *Proposed Intervenors' Evidentiary Objections Are Meritless***

5          Proposed Intervenors' raise numerous evidentiary objections to the

6  declaration of Michael S. Morrison submitted with Plaintiff's Reply to the Motion

7  for Preliminary Approval, including best evidence, foundation, personal

8  knowledge, and hearsay.  These evidentiary objections are groundless.

9          The glaring omission in Proposed Intervenors' evidentiary objections is any

10  citation to case law to support the type of evidentiary standard utilized in order for

11  the Court to assess whether the submitted evidence is "sufficient" to conclude that

12  the settlement is "fair, reasonable, and adequate" under Rule 23(e).  Indeed,

13  Proposed Intervenors provide no authority whatsoever to demonstrate that Class

14  Counsel somehow fell short in satisfying the "sufficient" prerequisite under Rule

15  23(e).

16          However, the very little authority on this issue provides that in the context of

17  a preliminary approval motion, scrutiny of the settlement is reduced.  *In re Nat'l*

18  *Football League Players' Concussion Injury Litig.*, 961 F. Supp. 2d 708, 714 (E.D.

19  Pa. 2014) ("At the preliminary approval stage, the bar to meet the 'fair, reasonable

20  and adequate' standard is ***lowered***.") (emphasis added); *see also, Montoya v.*

21  *Intelicare Direct, Inc.*, No. 15CV1269-LAB, 2016 U.S. Dist. LEXIS 103052 (S.D.

22  Cal. Aug. 4, 2016).

23          With their second round of evidentiary objections, Proposed Intervenors'

24  once again attempt to distract the Court's attention by arguing that the "unknown

25  expert" is not identified, that the "purported data, documents" or "information" are

26  not attached, or that Mr. Morrison's assertions "lack foundation," but these

27  contentions are unavailing because courts routinely rely on such estimates made by

28  class counsel in their analyses.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th

2

Cir. 1998); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002); *see also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, No. 8:10ML 02151 JVS, 2013 WL 3224585, \*7 (C.D. Cal. June 17, 2013) ("Because absolute precision is impossible, "ballpark valuations" are the permissible, especially when reached after mediated negotiation among non-collusive parties.") citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *see also Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012) (relying on class counsel's estimates); *Willner v. Manpower Inc.*, No. 11-CV-02846-JST, 2015 WL 3863625, at \*7 (N.D. Cal. June 22, 2015) (same) . This is particularly so because in most cases the underlying data is provided in connection with confidential settlement discussions, as occurred in this case.

Although couched as "evidentiary objections" to the admissibility of evidence, it is apparent that the sole basis for these unfounded criticisms of Mr. Morrison's declaration all stem from Proposed Intervenors' argument that Class Counsel did not undertake sufficient formal discovery, and therefore, to minimize the information and persuasive weight Plaintiffs obtained from their experts and through informal requests.

However, aside from the fact that Plaintiffs did conduct discovery as set forth in Plaintiffs' moving papers, the existence of formal discovery is no litmus test for the adequacy of counsel's investigation, as the Ninth Circuit has acknowledged. *See In re Mego Fin. Corp. Securities Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (Class Counsel's significant investigation, research, and work with experts throughout the litigation supported approval of settlement, even absent extensive formal discovery). Here, Plaintiffs obtained through both formal written requests and informal document exchanges precisely the type of information typically obtained through discovery, ensuring that litigation and settlement strategy was well-informed. *Compare Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (2009).

3

1    This is so because courts in this Circuit have recognized that, "[t]hrough

2  protracted litigation, the settlement class could conceivably extract more, but at a

3  plausible risk of getting nothing." *In re Critical Path, Inc.*, No. C 01-00551 WHA,

4  2002 WL 32627559, at *7 (N.D. Cal. June 18, 2002). As a result, courts regularly

5  approve settlements reached relatively early in the formal litigation process. *See,*

6  *e.g., Mego*, 213 F.3d at 459 (finding that even absent extensive formal discovery,

7  class counsel's significant investigation and research supported settlement

8  approval); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)

9  (approving settlement after the filing of a motion to dismiss and prior to significant

10  discovery and noting that, "[i]n the context of class action settlements, 'formal

11  discovery is not a necessary ticket to the bargaining table' where the parties have

12  sufficient information to make an informed decision about settlement").

13    For this reason, courts have commended class counsel for recognizing when,

14  as in this case, a prompt resolution of the matter is in the best interest of the class.

15  *See Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *15 (N.D. Cal. Jan. 26,

16  2007) ("Class counsel achieved an excellent result for the class members by settling

17  the instant action promptly"), *aff'd*, 331 F. Appx. 452, 457 (9th Cir. 2009). This

18  case is no different.

19    Finally, though in a different motion context, courts have noted that "[i]t

20  appears to have become the "standard of practice" on summary judgment motions

21  for attorneys to comb through the materials submitted by their opponents in search

22  of any statement, phrase, or document which might in any way run afoul of the

23  Federal Rules of Evidence, and to file objections on all conceivable grounds."

24  *Burch v. Regents of University of California*, 433 F.Supp.2d 1110, 1118 (E.D. Cal.

25  2006). "[A]ttorneys routinely raise every objection imaginable without regard to

26  whether the objections are necessary, or even useful, given the nature of summary

27  judgment motions in general, and the facts of their cases in particular." *Id.* at 1119.

28

PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' EVIDENTIARY
OBJECTIONS TO SUPPLEMENTAL EVIDENCE

1    The *Burch* court's characterization of evidentiary objections in the summary

2    judgment context applies just as well to Proposed Intervenors' submissions in the

3    instant matter as to preliminary approval of a settlement.  Much as the *Burch* court

4    consoled that "[i]nstead of *objecting*, parties should simply *argue* that the facts are

5    not material", this Court should not permit Proposed Intervenors to use evidentiary

6    objections as a means to rehash their opposition.  *Id.* (emphasis in original).

7    Under Federal Rules of Civil Procedure, Rule 23(e)(2), this Court will need

8    to make a finding that the proposed class action settlement is "fair, reasonable, and

9    adequate" if it is to grant preliminary approval.  In making that assessment, this

10   Court will consider: (1) the strength of the plaintiff's case; (2) the risk, expense,

11   complexity and likely duration of further litigation; (3) the risk of maintaining class

12   action status throughout the trial; (4) the amount offered in settlement; (5) the

13   extent of discovery completed and the stage of the proceedings; (6) the experience

14   and views of the counsel; (7) the presence of a governmental participant; and (8)

15   the reaction of the class members to the proposed settlement.  *Churchill Village,*

16   *L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).

17   As to the first six of these factors, particularly concerning the *views of*

18   *counsel*, an attorney declaration discussing the course of litigation, how the

19   settlement was valued, and what Plaintiffs' perceive of as the strengths and

20   weaknesses of their case is necessary in order for the Court to properly weigh the

21   proposed settlement.  In their opposition, Proposed Intervenors raise a number of

22   items that they contend make the instant settlement problematic.  As such, Mr.

23   Morrison's second declaration has been provided by Plaintiffs in order to respond

24   to the contentions made by the Proposed Intervenors.  In the words of the *Burch*

25   court, Proposed Intervenors should *argue* their issues rather than raising improper

26   and unfocused *objections*.

27   Moreover, to the extent Proposed Intervenors sought to file a response to

28   Plaintiffs' reply brief, Proposed Intervenors should have sought leave to file a sur-

PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' EVIDENTIARY
OBJECTIONS TO SUPPLEMENTAL EVIDENCE

1    reply rather than couch merits arguments in the form of evidentiary objections.  *See*

2    Central District of California Local Rule 7-10 ("Absent prior written order of the

3    Court, the opposing party shall not file a response to the reply).  For all of these

4    reasons, the Court should summarily overrule Proposed Intervenors supernumerary

5    evidentiary objections.

6          **B.**  ***The Supposed Evidentiary Defects in Mr. Morrison's Declaration Are***

7              ***Also Apparent in Proposed Intervenors' Submission***

8          Neither set of Proposed Intervenors' evidentiary objections should be

9    accorded any weight given that the supposed deficiencies noted are also readily

10   apparent in their own supporting declarations.

11         As with their first evidentiary objections, Proposed Intervenors repeatedly

12   contend that the Morrison declaration is objectionable because the "purported data,

13   documents, and analyses are not attached," and therefore "lack foundation."  Yet

14   Proposed Intervenors' very own statistical analysis expert and his declaration suffer

15   from the same supposed deficiencies.

16         Nowhere in Richard Drogin's declaration does he attach the "data,"

17   "documents," or "analyses," he performed in preparing his declaration.  Similarly,

18   the Declaration of Beth Gunn also fails to attach the "propounded discovery," "key

19   information pertaining to over 60,000 putative class members," "the 8,700 pages of

20   documents, including relevant CVS policies and practices, training materials, and

21   complete data sets."

22         As stated above, these so-called objections are nothing more than a

23   regurgitation of Proposed Intervenors' Opposition to Plaintiffs' Motion for

24   Preliminary Approval which should be denied outright. *See Reid v. Google, Inc.*

25   (2010) 50 Cal.4th 512, 522 ("We recognize that is has become common practice for

26   litigants to flood the trial courts with inconsequential written evidentiary objections,

27   without focusing on those that are critical"); *Id*. at 553 (declining to rule on

28   defendants' voluminous evidentiary objections).

1    IV.    **CONCLUSION**

2         For all of the foregoing reasons, Plaintiffs respectfully request that Proposed

3    Intervenors' Evidentiary Objections be overruled.

4    Dated: July 23, 2020              **BOYAMIAN LAW, INC.**
                                       **ALEXANDER KRAKOW + GLICK LLP**
5                                      **LAW OFFICES OF THOMAS W. FALVEY**

6

7                                      By: /s/ Armand R. Kizirian
                                       Michael H. Boyamian
8                                      Armand R. Kizirian
                                       Michael S. Morrison
9                                      Thomas W. Falvey
                                       R. Craig Clark
10                                     Walter Haines
                                       Attorneys for Plaintiffs SEVAG CHALIAN,
11                                     SIGFREDO CABRERA, ENKO TELAHUN,
                                       CHRISTINE MCNEELY, PATRICK
12                                     BRENNAN, and the Putative Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' EVIDENTIARY
OBJECTIONS TO SUPPLEMENTAL EVIDENCE