# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>　　　　　　　　Plaintiff,<br>　　vs.<br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO.: 2:16-cv-8979-AB-AGR<br><br>*Consolidated with Case No.: 2:20-cv-02401-AB-AGR*<br><br>*Assigned to Hon. André Birotte Jr.*<br><br>[CLASS ACTION]<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, SETTING OF A FINAL APPROVAL HEARING, AND APPROVAL OF NOTICE TO THE CLASS**<br><br>Date:　　　July 24, 2020<br>Time:　　　10:00 a.m.<br>Location:　 Courtroom 7B |
| SIGFREDO CABRERA, ENKO TELAHUN and CHRISTINE MCNEELY, as individuals, on behalf of themselves, and all other persons similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　　vs.<br>CVS RX SERVICES, INC., a New York corporation; CVS PHARMACY, INC., a Rhode Island corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 10, inclusive,<br><br>　　　　　　　　Defendants. | |

Before the Court is Parties' Joint Motion for Preliminary Approval of Class Action Settlement ("Motion," Dkt. No. 89), along with the supporting Points and Authorities, the Declaration of Michael S. Morrison ("Morrison Decl.," Dkt. No. 89-1), the fully-executed Global Settlement Agreement ("Settlement Agreement," Morrison Decl. Ex. 1), and the proposed Notice of Class Action Settlement and Release of Claims ("Notice," Morrison Decl. Ex. 2). An Opposition and supporting papers (Dkt. Nos. 95-98) were filed by Ryan Hyams and Regine Duhon ("*Hyams* Plaintiffs"), the Parties filed Replies (Dkt. Nos. 105, 106), and the Parties and *Hyams* Plaintiffs filed additional papers (Dkt. Nos. 110, 116, 120, 121, 122). The Motion, along with the *Hyams* Plaintiffs' Motion to Intervene (Dkt. No. 75), was heard on July 24, 2020. On July 31, 2020 the Court entered an Order denying the *Hyams* Plaintiffs' Motion to Intervene. *See* Order (Dkt. No. 125).

Because the *Hyams* Plaintiffs are not parties and because the Court has not yet certified a class, the *Hyams* Plaintiffs lack standing to object to the preliminary settlement. *See* Fed. R. Civ. P. 23(e)(5)(A) ("Any *class member* may object …..") (emphasis added); *see also Chavez v. PVH Corp.*, 2015 WL 12915109 at *3 (N.D, Cal. August 6, 2016) ("Objector cites no Civil Local Rule, Federal Rule of Civil Procedure, or other authority that permits a putative class member to file objections to a motion for preliminary approval"), *and Lane v. Facebook, Inc.*, 2009 WL 3458198 at *5 (N.D. Cal. Oct. 23, 2009) (putative intervenor who sought to object to motion for preliminary approval of class action settlement "failed to establish any significantly protectable interest incumbent in an opportunity to object to preliminary approval as opposed to the right to object to final approval"). Nevertheless, the Court has considered the *Hyams* Plaintiffs' opposition, and none of their arguments warrant denying preliminary approval to the proposed class action settlement. The Court does not find it appropriate to formally rule on their arguments at this time and instead will address any properly-raised objections at the final approval hearing.

1

In recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed Class Action settlement, and if preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members in accordance with due process requirements; and to conduct a Final Approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1. The Court finds, on a preliminary basis, that the Final Settlement Agreement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court; the Court notes that Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC, have agreed to pay $9,750,000 in full satisfaction of the claims as more specifically described in the Settlement Agreement;

It further appears to the Court, on a preliminary basis, that the settlement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and potential appeals of rulings. It further appears that significant formal and informal discovery, investigation, research, and litigation has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. It further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed Settlement has been reached as the result of intensive, informed and non-collusive negotiations between the Parties;

ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY GRANTED.

2. The Court finds that the Notice of Class Action Settlement and Release of Claims fully advises Class Members of the proposed settlement, of preliminary Court approval of the proposed Settlement, exclusion timing and procedures, dispute resolution procedures, and of the Final Approval Hearing. These documents fairly and adequately advise Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder, as well as their right to exclude themselves from the Class and procedures for doing so, and of the Final Approval Hearing and the right of Class Members to file documentation in objection and to appear in connection with said hearing; the Court further finds that said Notice clearly comports with all constitutional requirements including those of due process;

ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY APPROVES THE PROPOSED NOTICE OF PROPOSED CLASS ACTION SETTLEMENT.

3. The mailing to the present and last known addresses of the Class Members constitutes an effective method of notifying Class Members of their rights with respect to the Settlement; ACCORDINGLY, IT IS HEREBY ORDERED as follows:

(a) Within fourteen (14) days, Defendants shall forward to the appointed Claims Administrator, Simpluris, a database (in an electronic spreadsheet

3

format) of all Class Members, including the names, last known addresses, telephone numbers, dates of employment, and gross pay rates;

(b) Within twenty-eight (28) days, the Claims Administrator, Simpluris, shall mail to each member of the Settlement Class, by first class, postage pre-paid, the Notice of Class Action Settlement and Release of Claims, and a postage-paid envelope addressed to the Claims Administrator. All mailings shall be made to the present and/or last known mailing address of the Class Members based on Defendants' records, as well as addresses that may be located by the Claims Administrator, who will conduct standard address searches in cases of returned mail. The Court finds that the mailing of notices to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements;

4. IT IS FURTHER ORDERED that all:

(c) Requests for Exclusion must be mailed to the Claims Administrator, postmarked on or before the 45th day after the Notice Packet was mailed to the relevant Class Member and received within seven (7) days of the close of the Notice Period;

(d) Objections must be mailed to the Claims Administrator as described in the Class Notice and must be postmarked on or before the 45th day after the Notice Packet was mailed to the relevant Class Member and received within seven (7) days of the close of the Notice Period;

5. IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before the undersigned at 10:00 a.m., on December 4, 2020, in Courtroom 7B at the above-entitled court located at 350 West 1st Street,

Los Angeles, California 90012 to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order of Preliminary Approval, and to consider the application of Class Counsel for an award of reasonable attorneys' fees, litigation expenses, Class Representative Service Payment, and for costs of claims administration incurred;

6. IT IS FURTHER ORDERED that all briefs in support of final approval of the Settlement and for Award of Attorneys' Fees, Costs, Class Representative Service Awards shall be served and filed with the Court by October 16, 2020, and shall be made available for Class Members to access and review on a website maintained by the Settlement Administrator.

7. IT IS FURTHER ORDERED that any party to this case, including Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, and any Order of Final Approval and Judgment regarding such Settlement, fees and expenses; provided, however, that no person, except Class Counsel and counsel for Defendants, shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Settlement Agreement and the Notice of Proposed Class Action Settlement and Release of Claims which conditions are incorporated herein;

8. IT IS FURTHER ORDERED that in the event of the occurrence of the Settlement Effective Date, as defined in the Settlement Agreement, all Class Members, except those who have requested exclusion from the settlement, and their successors shall conclusively be deemed to have given full releases of any and all Released Claims as defined in the Settlement Agreement against Defendants and their parent companies, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, business units, shareholders, members, and all of its and their predecessors and successors, officers, directors, agents, employees and assigns, and all persons acting through, under or in concert with them ("Released Parties") and all such Class Members and their successors shall be permanently enjoined and forever barred from asserting any Released Claims against any Released Parties as described by the Settlement Agreement;

9. IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order of Final Approval, or if the Settlement Effective Date does not occur for any reason whatsoever, the proposed Settlement Agreement and the proposed Settlement that is the subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the *status quo ante* rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

10. IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time-to-time, or to conduct it telephonically in light of the COVID-19 pandemic, without further notice to the Class Members.

IT IS SO ORDERED.

DATED:  August 5, 2020

_____
The Honorable André Birotte Jr.
Judge of the United States District Court for the Central District of California