Michael H. Boyamian, SBN 256107
Armand R. Kizirian, SBN 293992
**BOYAMIAN LAW, INC.**
550 N. Brand Blvd., Suite 1500
Glendale, CA 91203
Telephone:   (818) 547-5300
Facsimile:   (818) 547-5678
E-mail: michael@boyamianlaw.com
          armand@boyamianlaw.com

Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK BRENNAN,
and the Putative Class

James N. Boudreau (SBN PA 77891)
Christiana L. Signs (SBN PA 317851)
**GREENBERG TRAURIG, LLP**
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania 19103
Telephone: 215.988.7800
Facsimile: 215.988.7801
boudreauj@gtlaw.com
signsc@gtlaw.com

Attorneys for Defendants CVS PHARMACY, INC.,
CVS RX SERVICES, INC., and GARFIELD
BEACH CVS, LLC

(*Additional Counsel Listed on Following Page*)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public, | CASE NO.: 2:16-cv-08979-AB-AGR |
| | *Related Case No.: 2:20-cv-02401-AB-AGR* |
| Plaintiffs, | *Assigned to Hon. Andre Birotte Jr.* |
| v. | **JOINT STIPULATION REGARDING REVISED CLASS NOTICE** |
| CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive, | Complaint Filed: July 20, 2016 Action Removed: December 5, 2016 |
| Defendants. | |

Michael S. Morrison, SBN 205320
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:   (310) 394-0888
Facsimile:    (310) 394-0811
E-mail: mmorrison@amfllp.com

R. Craig Clark, SBN 129219
Alicja A. Urtnowski, SBN 321215
**CLARK LAW GROUP**
3258 Fourth Avenue
San Diego, CA 92103
Telephone:   (619) 239-1321
Facsimile:    (888) 273-4554
E-mail: cclark@clarklawyers.com
            aurtnowski@clarklawyers.com

Thomas W. Falvey, SBN 65744
**LAW OFFICES OF THOMAS W. FALVEY**
550 N. Brand Blvd., Suite 1500
Glendale, CA 91203
Telephone:   (818) 547-5200
Facsimile:    (818) 500-9307
E-mail: thomaswfalvey@gmail.com

Walter Haines, SBN 071075
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Telephone: (562) 256-1047
Facsimile: (562) 256-4554

Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK BRENNAN,
and the Putative Class

Tyler R. Andrews (SBN CA 250686)
**GREENBERG TRAURIG, LLP**
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
andrewst@gtlaw.com

Attorneys for Defendants CVS PHARMACY, INC.,
CVS RX SERVICES, INC., and GARFIELD
BEACH CVS, LLC

1

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff Sevag Chalian, individually and on behalf of the putative class ("Plaintiff"), and Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC ("Defendants" or "CVS"), collectively the "Parties", by and through their counsel of record, HEREBY STIPULATE AND AGREE as follows:

WHEREAS, on July 24, 2020, the Court conducted a hearing on Plaintiffs' Motion for Preliminary Approval of Settlement (ECF 89);

WHEREAS, during the hearing, the Court raised the subject of the scope of the release to which the Parties agreed;

WHEREAS, the Parties to this action have subsequently met and conferred by telephone on multiple occasions regarding the scope of the release and the language in the Court approved Notice of Class Action Settlement and Release of Claims;

WHEREAS, as written and agreed to, the release includes all claims that were raised or could have been raised in the action, including those arising out of the Labor Code Sections expressly referenced in the release, whether said claims arise out of off-the-clock work or some other theory that Plaintiffs could have raised in the action;

WHEREAS, the Parties to this action thus agree it is in the best interest of all involved to clarify that the release will impact putative class members' claims in other active litigation against CVS, *compare Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (finding class notice satisfactory where it "listed the names, case numbers, and courts of pending actions in Illinois, Florida, New York, and Connecticut" in response to objectors' concerns), *with Chavez v. PVH Corp.*, No. 13-CV-01797-LHK, 2015 WL 581382, at *6 (N.D. Cal. Feb. 11, 2015) (finding class notice inadequate where it "did not inform class members of the existence of related, pending litigation"), *and Mata v. Manpower Inc.*, No. 14-CV-

2

03787-LHK, 2016 WL 4702744, at *10 (N.D. Cal. Sept. 8, 2016) (same);

NOW, THEREFORE, the Parties request that the Court approve of the Notice of Class Action Settlement and Release of Claims attached as **Exhibit 1**, which notes the release includes claims in other active litigation pending against CVS, including *Hyams v. CVS Health Corporation*, No. 4:18-cv-06278-HSG in the Northern District of California and *Assar v. Longs Drug Stores California, LLC*, No. 2:19-cv-02086-KJM-KJN in the Eastern District of California, and that class members' legal rights with respect to overlapping actions/claims will be impacted and/or waived. For the Court's convenience, a redlined version showing the differences between Exhibit 1 and the class notice previously approved by the Court (*see* ECF 127, PageID 4262) is attached as **Exhibit 2**.

**IT IS SO STIPULATED.**

Dated: September 3, 2020

**BOYAMIAN LAW, INC.**
**CLARK LAW GROUP**
**UNITED EMPLOYEES LAW GROUP**
**ALEXANDER MORRISON + FEHR LLP**
**LAW OFFICES OF THOMAS W. FALVEY**

By: Michael S. Morrison
Michael H. Boyamian
Armand R. Kizirian
Michael S. Morrison
Thomas W. Falvey
R. Craig Clark
Alicja A. Urtnowski
Walter Haines
Attorneys for Plaintiffs SEVAG CHALIAN, SIGFREDO CABRERA, ENKO TELAHUN, CHRISTINE MCNEELY, PATRICK BRENNAN, and the Putative Class

1

2    Dated: September 3, 2020          **GREENBERG TRAURIG, LLP**

3

4                                       By: James N. Boudreau
                                        James N. Boudreau
5                                       Christiana L. Signs
                                        Tyler R. Andrews
6                                       Attorneys for Plaintiffs SEVAG CHALIAN,
                                        SIGFREDO CABRERA, ENKO
7                                       TELAHUN, CHRISTINE MCNEELY,
                                        PATRICK BRENNAN, and the Putative
8                                       Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*JOINT STIPULATION REGARDING REVISED CLASS NOTICE*

# Exhibit 1

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**
*Sevag Chalian et al. v. CVS Pharmacy, Inc. et al.*, Case No. 2:16-cv-08979 (C.D. Cal.)
*Sigfredo Cabrera et al. v. CVS Pharmacy, Inc. et al.*, Case No. 2:20-cv-02401 (C.D. Cal.)

**NOTICE OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS**

JOHN DOE
ADDRESS
DATES OF EMPLOYMENT: [Insert]

**PLEASE READ THIS COURT-APPROVED NOTICE CAREFULLY.**
**IT INFORMS YOU ABOUT YOUR LEGAL RIGHTS.**

**BASIC INFORMATION**

**1.  What is the purpose of this notice?**

The purpose of this notice is to inform you of your rights and options **and the deadlines to exercise them** under a class action and California Private Attorneys General Act of 2004 ("PAGA") settlement in the lawsuits identified above, which the parties reached after two full days of mediation before David A. Lowe, Esq., and which the United States District Court for the Central District of California (Birotte, J.) has provisionally certified for purposes of settlement. The Court still must decide whether finally to approve the settlement. Settlement payments will only be made if the Court finally approves the settlement and after any appeals are resolved.

**2.  Why am I receiving this notice?**

You are receiving this notice because CVS records show you were employed: (a) as an hourly, non-exempt Pharmacist in a CVS retail pharmacy located in Region 65 or 72 in the State of California between July 20, 2012 and the present and you did not sign an arbitration agreement or previously release and/or adjudicate certain wage and hour claims; or (b) as an hourly, non-exempt employee in a CVS retail pharmacy in the State of California between August 3, 2014 and the present, who has not previously released and/or already adjudicated certain wage and hour claims. Based on this information, you are believed to be a provisional Settlement Class Member in the consolidated cases captioned *Sevag Chalian et al. v. CVS Pharmacy, Inc. et al.*, Case No. 2:16-cv-08979, and *Sigfredo Cabrera et al. v. CVS Pharmacy, Inc. et al.*, Case No. 2:20-cv-02401 (together, the "Lawsuits").

**THE SETTLEMENT BENEFITS - WHAT YOU GET**

**3.  What does the settlement provide?**

CVS has agreed to pay a total amount not to exceed $9,750,000.00 to settle the claims asserted in the Lawsuits. This includes payments for attorneys' fees and costs, enhancement payments to the named Plaintiffs, payment of amounts under PAGA allocated to the State of California, and the cost of administering the settlement, as summarized below. If the Court finally approves the settlement, all Settlement Class Members will receive a settlement check representing an allocated portion of the PAGA settlement and all Settlement Class Members who do not opt out in accordance with the procedure described below will be mailed an additional settlement check and deemed to have released all claims that were pled in the Lawsuits or that could have been pled in the Lawsuits in accordance with the settlement agreement.

**4.  How much will my payment be?**

Each Settlement Class Member will receive a share of the settlement based on his or her dates of employment and pay rate (See Section B(1)-(2) below for payment formula.) Based on the settlement terms, you should expect to receive approximately $[insert amount] based on [insert weeks] that you worked for CVS during the class period, less applicable withholdings. If you wish to challenge the information set forth above, then you must submit a written, signed dispute challenging the information along with supporting documents, to the Settlement Administrator at _____ no later than _____ [forty-five (45) days after the Notice mailing date].

As noted above, the Court has preliminarily approved the settlement as fair and reasonable. If the Court finally approves the settlement and it is not reversed by an appellate court, individuals who receive this notice will receive a settlement check representing an allocated portion of the PAGA settlement and all Settlement Class Members who do not opt out of the class will be eligible to receive an additional check for their settlement shares. (See Summary of Settlement Terms, section B, below, for the payment formula.)

<strong>LAWSUIT BACKGROUND</strong>

On July 20, 2016, Plaintiff Sevag Chalian filed a complaint in the Los Angeles County Superior Court entitled *Sevag Chalian v. CVS Pharmacy, Inc., et al.*, case number BC627757, on behalf of himself and a proposed class of allegedly similarly situated pharmacists. The complaint originally alleged claims for: (1) failure to pay all wages due (Cal. Labor Code § 1194), (2) failure to pay overtime compensation allegedly due (Cal. Labor Code § 1194), (3) failure to provide accurate itemized statements (Cal. Labor Code § 226), (4) waiting time penalties (Cal. Labor Code §§ 201-203), and (5) unfair business practices (Cal. Business and Professions Code §§ 17200 *et seq.*). On December 5, 2016, CVS removed the case to the United States District Court for the Central District of California. On September 5, 2017, the complaint was amended to name Tamara Aleksandryan as a plaintiff on behalf of herself and the proposed class. On October 17, 2017, the Court ordered Ms. Aleksandryan to proceed with her claims on an individual basis in arbitration.

On August 3, 2017, Plaintiff Sigfredo Cabrera filed a complaint in the Alameda County Superior Court entitled *Sigfredo Cabrera v. CVS Rx Services, Inc. et al.*, case number RG 17870184, on behalf of himself and a proposed class of allegedly similarly situated individuals. The complaint alleged claims for: (1) failure to pay minimum wages and overtime compensation (Cal. Labor Code §§ 204, 510, 1194, 1197, 1197.1, and 1198), (2) failure to provide legally compliant meal periods or compensation in lieu thereof (Cal. Labor Code §§ 226.7 and 512), (3) failure to provide legally compliant rest periods or compensation in lieu thereof (Cal. Labor Code § 226.7), (4) failure to pay wages owed (Cal. Labor Code §§ 201, 202, and 203), (5) failure to furnish accurate itemized wage statements (Cal. Labor Code § 226), (6) failure to maintain accurate records (Cal. Labor Code §§ 226(a) and 1174), (7) failure to reimburse for necessary work expenses (Cal. Labor Code §§ 2800 and 2802), and (8) unfair business practices (Cal. Business and Professions Code §§ 17200 *et seq.*). On September 5, 2017, the complaint was amended to name Enko Telahun as a named plaintiff on behalf of himself and the proposed class and to add a claim under the: (9) Private Attorneys General Act of 2004 (Cal. Labor Code § 2698 *et seq.*). On October 9, 2017, CVS removed the case to the United States District Court for the Northern District of California. On March 19, 2018, the complaint was amended to add Christine McNeely as a named plaintiff on behalf of herself and the proposed class in the place of Sigfredo Cabrera and Enko Telahun as to Counts 1-8. On August 3, 2018, a draft amended complaint adding Patrick Brennan as a named plaintiff on behalf of himself and the proposed class with respect to Counts 1-8 was circulated. The draft amended complaint added claims under Labor Code Sections 558 and 226.3, and incorporated by reference class member Lynn Brickman's June 28, 2018 letter to the California Department of Labor and Workforce Development Agency ("LWDA").

On September 25, 2018, the court granted summary judgment in CVS's favor on Mr. Cabrera's and Mr. Telahun's Count 9 under the Private Attorneys General Act of 2004. On January 2, 2019, at the request of Messrs. Cabrera and Telahun, the court entered partial judgment in CVS's favor, and on January 9, 2019, Mr. Cabrera and Mr. Telahun appealed that judgment to the Ninth Circuit Court of Appeals. Meanwhile, by letter dated March 7, 2019, class member May Eldanaf informed the LWDA of her intent to pursue claims to recover all wages and associated penalties owed to her and other aggrieved pharmacy employees under all Labor Code sections which permit the recovery of unpaid wages and penalties.

All parties subsequently agreed to mediate the disputes in accordance with certain court orders. On July 29, 2020, the parties attended a mediation before David A. Lowe, Esq. of the law firm Rudy, Exelrod, Zieff & Lowe, L.L.P. in San Francisco, California. The parties did not reach an agreement and, on November 11, 2019, held a second day of mediation before David A. Lowe, Esq., at which the parties reached a fair and reasonable settlement of their disputes.

By order dated March 5, 2020, pursuant to the agreement of the parties, the Ninth Circuit dismissed the Cabrera appeal without prejudice and, on March 10, 2020, the United States District Court for the Northern District of California transferred the case to the United States District Court for the Central District of California so the case could be joined with the first-filed *Chalian* case and the claims could be resolved together per the terms of the settlement agreement. On May XX, 2020, the United States District Court for the Central District of California (Birotte, J.) consolidated the *Chalian* and *Cabrera* actions and designated the *Chalian* action as the lead case and approved the filing of an amended, consolidated complaint.

CVS contends the claims in these Lawsuits are without merit and disputes all claims for damages and other relief. CVS also contends that many of the potential Class Members have agreed to individual arbitration of any potential claims precluding those persons from claims in these consolidated lawsuits. No court has ruled fully on the merits of the Lawsuits. Plaintiffs have vigorously prosecuted these and related cases, and CVS has vigorously defended the cases. The Parties have engaged in discovery, both formal and informal, to assess the relative merits of the various alleged claims and CVS's defenses to those claims. Plaintiffs' attorneys have extensively litigated this matter, interviewed numerous potential settlement class members, reviewed extensive documents and data produced by CVS, and filed, opposed, and argued motions.

The Class Representatives and Class Counsel support this settlement. Class Counsel believe further proceedings in these cases, including a trial and multiple potential appeals, would be very expensive and protracted. There is a real risk class certification could be denied in whole or in part and that the Court may find that the PAGA claims are not manageable. There is also a prevalence of legal issues, including but not limited to the fact that many Settlement Class Members are subject to collective bargaining agreements, individual arbitration agreements, and individual res judicata arguments, that render the prospect of any class-wide relief such as achieved here difficult to obtain, and Defendants claim unlikely. No one can predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all facts and circumstances of these cases, Class Counsel believe the proposed settlement is fair, reasonable and adequate.

## SUMMARY OF THE PROPOSED SETTLEMENT

A.    There are two settlement classes:

1.    "Pharmacist Settlement Class" means hourly, non-exempt retail pharmacists who worked in Regions 65 or 72 in California between July 20, 2012 and the date of the Preliminary Approval Order, whose claims are not subject to arbitration and which have not previously been released and/or adjudicated, and whose LEARNet and/or Siteminder data indicates activity when time punch records do not show he or she was clocked-in.

2. "Retail Pharmacy Settlement Class" means persons, other than those in the Pharmacist Settlement Class, who held certain hourly, nonexempt positions in a CVS retail pharmacy in the State of California between August 3, 2014 and the date of the Preliminary Approval Order who have not previously released and/or adjudicated the Released Claims.

B. Settlement Formula:

1. Each Settlement Class Member will be entitled to a payment based on a payment ratio that considers the total number of weeks he or she worked and his or her weekly pay rate. If a Settlement Class Member was employed for only part of a workweek, he or she will be credited for purposes of this Settlement with a fraction of the workweek, rounded up or down to the nearest two-digit decimal and based upon a five-day work week.

2. Each Settlement Class Member's share shall be determined by multiplying the Member's number of qualifying workweeks by the Member's weekly pay rate (i.e., the individual's rate of pay for a week, which is his or her hourly rate of pay multiplied by 40 hours) during the applicable class period. This number will then be divided by the total number of workweeks worked by all Settlement Class Members multiplied by the total amount of weekly rates for all Settlement Class Members (i.e., sum of all Settlement Class Members' weekly rates) during the applicable class period. To the extent an individual is a Class Member in both classes, he or she shall be eligible to receive whichever class settlement payment is larger.

C. Class Representatives: The Court has approved Named Plaintiffs Sevag Chalian and Patrick Brennan as Class Representatives for the Pharmacist Settlement Class and Named Plaintiff Christine McNeely as the Class Representative for the Retail Pharmacy Settlement Class. The Class Representatives will apply to the Court for service awards and will be eligible for such amounts as the Court determines to be fair and reasonable. The parties' agreement proposes a payment of no more than $43,000 total for service awards to the Class Representatives and three other named plaintiffs. Class Counsel considers this amount to be fair, reasonable and adequate given the time the Class Representatives and the other named plaintiffs expended and their agreement to release all claims against CVS.

D. Attorneys' Fees and Costs: Plaintiffs' attorneys' fees request shall not exceed 30% of the settlement amount, or $2,925,000.00. In addition, Class Counsel will seek to be reimbursed for all costs and expenses incurred by them in prosecuting the Lawsuits, in an amount not to exceed $50,000.

E. Costs of Settlement Administration: Class Counsel will seek costs of settlement administration not to exceed $75,000 to be paid from the Settlement Amount to the third-party settlement administrator.

F. PAGA Payment: The parties have designated $75,000 of the settlement amount as payment for civil penalties under the California Labor Code Private Attorneys General Act of 2004. Seventy-five percent of that amount – by law – will be provided to the State of California and 25% will go to Class Members.

## EFFECT OF THE SETTLEMENT

Each Settlement Class Member who does not opt out will release and forever discharge CVS from all claims, causes of action, and legal theories of relief that were alleged or that could have been alleged or otherwise raised in the Lawsuits, from August 3, 2014 until the date of the Preliminary Approval Order for Retail Pharmacy Settlement Class members and from July 20, 2012 until the date of the Preliminary Approval Order for Pharmacist Class members (the "Released Claims"). The Released Claims include, but are not limited to: (a) failure to pay minimum wages; (b) failure to pay overtime wages; (c) failure to pay all wages or amounts due under the Labor

4

Code and/or federal Fair Labor Standards Act; (d) failure to comply with Labor Code Sections 850, 851, 851.5, 852 and/or 29 U.S.C. § 201 et seq.; (e) failure to provide proper meal periods, or premium pay for non-compliant meal periods; (f) failure to authorize and permit rest periods, or premium pay for non-compliant rest periods; (g) failure to provide complete, accurate, and/or properly formatted wage statements; (h) failure to reimburse all necessary business expenses; (i) failure to timely pay wages due or final wages due; (j) all claims under PAGA that were or could have been asserted based on the facts, claims, causes of action or legal theories described above or on any of the claims, causes of action, facts or legal theories of relief pleaded in the Lawsuits; and (k) all damages, penalties, including penalties under Labor Code Sections 203 and 558, interest, costs (including attorney's fees) and other amounts recoverable under said claims or causes of action as to the facts and/or legal theories alleged or which could have been alleged in the Lawsuits. This release shall not apply to claims for workers' compensation benefits, unemployment insurance benefits, or any other claim or right that as a matter of law cannot be waived or released.

By its terms, this release includes claims in other active litigation pending against CVS, including *Hyams v. CVS Health Corporation*, No. 4:18-cv-06278-HSG in the Northern District of California and *Assar v. Longs Drug Stores California, LLC*, No. 2:19-cv-02086-KJM-KJN in the Eastern District of California. Your legal rights with respect to any overlapping actions/claims will be impacted and/or waived if you participate in this Settlement.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| **DO NOTHING TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A PAYMENT** | If you wish to settle your claims and receive a payment, you do not have to do anything at this time.  If the settlement is finally approved by the Court, you will receive a check in the mail. |
| --- | --- |
| **OPT OUT** | By opting out of the settlement, you give up any right to receive a payment from this settlement for the non-PAGA portion. You will keep any rights to sue CVS on the same legal claims asserted in the Lawsuits other than those made pursuant to PAGA, provided you do so within the applicable statute of limitations. If you are subject to an arbitration agreement, you may also be required to litigate any such potential claims in arbitration and not in a State or Federal court. |
| **OBJECT** | You may write to the Court about why you do not like the class action settlement. |

## HOW YOU GET A PAYMENT

### 5.  How can I get my payment?

If you wish to receive a settlement payment from the settlement fund, you do not need to do anything at this time. If the settlement is finally approved by the Court, you will receive a check in the mail.

### 6.  When will I get my settlement payment?

The Court will hold a final approval/fairness hearing on _____ to decide whether to grant final approval of the settlement. If the Court approves the settlement and there are no appeals, then your payment will be mailed to you after the Settlement Effective Date.

**7. Will I still get a payment if I have filed for bankruptcy while the lawsuit was pending?**

If you filed for bankruptcy while these Lawsuits were pending, contact your bankruptcy attorney to discuss whether the bankruptcy will have any impact on your ability to collect a settlement payment.  In consultation with your bankruptcy attorney, you must take the necessary steps to advise the bankruptcy trustee of your settlement payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**8. How do I exclude myself from the settlement?**

If you want to keep the right to sue CVS on your own about the legal issues in this case, other than for relief under the PAGA, then you must exclude yourself from the class. The process for excluding yourself is sometimes referred to as "opting out."

To opt out, you must send by First Class U.S. mail a written, signed statement to the Settlement Administrator that includes your name, address, telephone numbers, signature, and last four digits of your social security number and states that you want to opt out of or be excluded from the settlement. To be effective, your opt-out statement must be postmarked no later than _____ and must be mailed to: _____.

If you opt out, you will not receive a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**9. How do I tell the Court that I object to the settlement?**

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval of the settlement, then no settlement payments will be sent out and the Lawsuits will continue. If that is what you want to happen, you must object.

To object, you must first present your objections to the Settlement Administrator in writing. Such objections must be postmarked no later than _____ and received no later than _____ by: _____. You can also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

**10. What's the difference between objecting to the settlement and opting out?**

Objecting is telling the Court that you do not like something about the settlement. To object, you must remain a Settlement Class Member. In contrast, opting out is telling the Court that you do not want to be part of the Lawsuits. If you opt out, you cannot object because the Lawsuits no longer affect you. Based on objections, the Court may require the parties to revise the settlement or refuse to approve it, in which case no payments will issue and the case will be rescheduled for trial. Also, if the settlement is not approved, many of the Settlement Class Members may be subject to individual arbitration clauses and thus unable to recover as part of any Class wide trial.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in this case?**

Yes. Every Settlement Class Member in the Lawsuits is represented by the following attorneys, who the Court has appointed as Class Counsel. You may obtain information about Class Counsel, their practices, and their lawyers' experience by visiting their respective websites.

**Class Counsel:**

| | |
|---|---|
| **ALEXANDER MORRISON + FEHR LLP**<br>Michael S. Morrison (State Bar No. 205320)<br>1900 Ave. of the Stars, Suite 900<br>Los Angeles, California 90067<br>T: 310.394.0888 \| F: 310.394.0811<br>E: mmorrison@amfllp.com | **LAW OFFICES OF THOMAS W. FALVEY**<br>Thomas W. Falvey, SBN 65744<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203<br>T: (818) 547-5200 \| F: (818) 500-9307<br>E-mail: thomaswfalvey@gmail.com |
| **BOYAMIAN LAW, INC.**<br>Michael H. Boyamian, SBN 256107<br>Armand R. Kizirian, SBN 293992<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203<br>T: (818) 547-5300 \| F: (818) 547-5678<br>E: michael@boyamianlaw.com,<br>    armand@boyamianlaw.com | **UNITED EMPLOYEES LAW GROUP**<br>Walter Haines, SBN 071075<br>5500 Bolsa Avenue, Suite 201<br>Huntington Beach, CA 92649<br>Telephone: (562) 256-1047<br>Facsimile: (562) 256-4554 |
| **CLARK LAW GROUP**<br>R. Craig Clark, SBN 129219<br>Alicja A. Urtnowski, SBN 321215<br>3258 Fourth Avenue<br>San Diego, CA 92103<br>T: (619) 239-1321 \| F: (888) 273-4554<br>cclark@clarklawyers.com<br>aurtnowski@clarklawyers.com | |

## 12.  How will the lawyers be paid?

As noted above, the settlement agreement provides that Class Counsel will ask the Court to approve payment to them of attorneys' fees from the settlement fund in an amount not to exceed $2,925,000.00, or 30% of the Maximum Settlement Amount. In addition, Class Counsel will ask the Court to approve payment to them for reasonable litigation costs incurred by Class Counsel in the litigation and settlement of the Lawsuits.

### THE COURT'S FAIRNESS HEARING

## 13.  When and where will the Court decide whether to approve the settlement agreement?

The Court will hold a fairness hearing at TIME on DATE at the United States District Court for the Central District of California at 350 West First Street, Los Angeles, CA 90012, before Judge André Birotte Jr. in Courtroom 7B. You may attend and you may ask to speak, but you do not have to. At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them at that time. After the hearing, the Court will decide whether to grant final approval of the settlement.

**14. Do I have to come to the fairness hearing?**

Class Counsel will represent you at the hearing and you do not need to attend. Of course, you are welcome to attend (at your own expense) if you so desire. The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing. You may also pay a different lawyer of your own choosing to attend the fairness hearing and represent your interests.

**15. May I speak at the fairness hearing?**

If you send in your objection by the deadline, you may ask the Court for permission to speak at the fairness hearing. To be eligible to raise an objection at the fairness hearing, you must first present your objections to the Settlement Administrator in writing. Such objections must be postmarked no later than _____ and received no later than _____ by _____.

Again, you cannot speak at the hearing if you opt out.

<strong>GETTING MORE INFORMATION</strong>

**16. Are there more details about the settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please read the settlement agreement. You may obtain a copy by visiting [insert class administrator website link], contacting class counsel at their email addresses and phone numbers listed above, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, *[insert appropriate Court location here]*, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**VISIT [WEBSITE URL] FOR FURTHER INFORMATION AND ANNOUNCEMENTS REGARDING THE SETTLEMENT. NOTICE OF ANY RULINGS, INCLUDING ISSUANCE OF A FINAL JUDGMENT, WILL BE POSTED ON THE WEBSITE.**

# Exhibit 2

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**
*Sevag Chalian et al. v. CVS Pharmacy, Inc. et al.*, Case No. 2:16-cv-08979 (C.D. Cal.)
*Sigfredo Cabrera et al. v. CVS Pharmacy, Inc. et al.*, Case No. 2:20-cv-02401 (C.D. Cal.)

**NOTICE OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS**

JOHN DOE
ADDRESS
DATES OF EMPLOYMENT: [Insert]

**PLEASE READ THIS COURT-APPROVED NOTICE CAREFULLY.**
**IT INFORMS YOU ABOUT YOUR LEGAL RIGHTS.**

**BASIC INFORMATION**

**1.  What is the purpose of this notice?**

The purpose of this notice is to inform you of your rights and options **and the deadlines to exercise them** under a class action and California Private Attorneys General Act of 2004 ("PAGA") settlement in the lawsuits identified above, which the parties reached after two full days of mediation before David A. Lowe, Esq., and which the United States District Court for the Central District of California (Birotte, J.) has provisionally certified for purposes of settlement. The Court still must decide whether finally to approve the settlement. Settlement payments will only be made if the Court finally approves the settlement and after any appeals are resolved.

**2.  Why am I receiving this notice?**

You are receiving this notice because CVS records show you were employed: (a) as an hourly, non-exempt Pharmacist in a CVS retail pharmacy located in Region 65 or 72 in the State of California between July 20, 2012 and the present and you did not sign an arbitration agreement or previously release and/or adjudicate certain wage and hour claims; or (b) as an hourly, non-exempt employee in a CVS retail pharmacy in the State of California between August 3, 2014 and the present, who has not previously released and/or adjudicated certain wage and hour claims. Based on this information, you are believed to be a provisional Settlement Class Member in the consolidated cases captioned *Sevag Chalian et al. v. CVS Pharmacy, Inc. et al.*, Case No. 2:16-cv-08979, and *Sigfredo Cabrera et al. v. CVS Pharmacy, Inc. et al.*, Case No. 2:20-cv-02401 (together, the "Lawsuits").

**THE SETTLEMENT BENEFITS - WHAT YOU GET**

**3.  What does the settlement provide?**

CVS has agreed to pay a total amount not to exceed $9,750,000.00 to settle the claims asserted in the Lawsuits. This includes payments for attorneys' fees and costs, enhancement payments to the named Plaintiffs, payment of amounts under PAGA allocated to the State of California, and the cost of administering the settlement, as summarized below. If the Court finally approves the settlement, all Settlement Class Members will receive a settlement check representing an allocated portion of the PAGA settlement and all Settlement Class Members who do not opt out in accordance with the procedure described below will be mailed an additional settlement check and deemed to have released all claims that were pled in the Lawsuits or that could have been pled in the Lawsuits in accordance with the settlement agreement.

**4.  How much will my payment be?**

Each Settlement Class Member will receive a share of the settlement based on his or her dates of employment and pay rate (See Section B(1)-(2) below for payment formula.) Based on the settlement terms, you should expect to receive approximately $[insert amount] based on [insert weeks] that you worked for CVS during the class period, less applicable withholdings. If you wish to challenge the information set forth above, then you must submit a written, signed dispute challenging the information along with supporting documents, to the Settlement Administrator at _____ no later than _____ [forty-five (45) days after the Notice mailing date].

As noted above, the Court has preliminarily approved the settlement as fair and reasonable. If the Court finally approves the settlement and it is not reversed by an appellate court, individuals who receive this notice will receive a settlement check representing an allocated portion of the PAGA settlement and all Settlement Class Members who do not opt out of the class will be eligible to receive an additional check for their settlement shares. (See Summary of Settlement Terms, section B, below, for the payment formula.)

**LAWSUIT BACKGROUND**

On July 20, 2016, Plaintiff Sevag Chalian filed a complaint in the Los Angeles County Superior Court entitled *Sevag Chalian v. CVS Pharmacy, Inc., et al.*, case number BC627757, on behalf of himself and a proposed class of allegedly similarly situated pharmacists. The complaint originally alleged claims for: (1) failure to pay all wages due (Cal. Labor Code § 1194), (2) failure to pay overtime compensation allegedly due (Cal. Labor Code § 1194), (3) failure to provide accurate itemized statements (Cal. Labor Code § 226), (4) waiting time penalties (Cal. Labor Code §§ 201-203), and (5) unfair business practices (Cal. Business and Professions Code §§ 17200 *et seq.*). On December 5, 2016, CVS removed the case to the United States District Court for the Central District of California. On September 5, 2017, the complaint was amended to name Tamara Aleksandryan as a plaintiff on behalf of herself and the proposed class. On October 17, 2017, the Court ordered Ms. Aleksandryan to proceed with her claims on an individual basis in arbitration.

On August 3, 2017, Plaintiff Sigfredo Cabrera filed a complaint in the Alameda County Superior Court entitled *Sigfredo Cabrera v. CVS Rx Services, Inc. et al.*, case number RG 17870184, on behalf of himself and a proposed class of allegedly similarly situated individuals. The complaint alleged claims for: (1) failure to pay minimum wages and overtime compensation (Cal. Labor Code §§ 204, 510, 1194, 1197, 1197.1, and 1198), (2) failure to provide legally compliant meal periods or compensation in lieu thereof (Cal. Labor Code §§ 226.7 and 512), (3) failure to provide legally compliant rest periods or compensation in lieu thereof (Cal. Labor Code § 226.7), (4) failure to pay wages owed (Cal. Labor Code §§ 201, 202, and 203), (5) failure to furnish accurate itemized wage statements (Cal. Labor Code § 226), (6) failure to maintain accurate records (Cal. Labor Code §§ 226(a) and 1174), (7) failure to reimburse for necessary work expenses (Cal. Labor Code §§ 2800 and 2802), and (8) unfair business practices (Cal. Business and Professions Code §§ 17200 *et seq.*). On September 5, 2017, the complaint was amended to name Enko Telahun as a named plaintiff on behalf of himself and the proposed class and to add a claim under the: (9) Private Attorneys General Act of 2004 (Cal. Labor Code § 2698 *et seq.*). On October 9, 2017, CVS removed the case to the United States District Court for the Northern District of California. On March 19, 2018, the complaint was amended to add Christine McNeely as a named plaintiff on behalf of herself and the proposed class in the place of Sigfredo Cabrera and Enko Telahun as to Counts 1-8. On August 3, 2018, a draft amended complaint adding Patrick Brennan as a named plaintiff on behalf of himself and the proposed class with respect to Counts 1-8 was circulated. The draft amended complaint added claims under Labor Code Sections 558 and 226.3, and incorporated by reference class member Lynn Brickman's June 28, 2018 letter to the California Department of Labor and Workforce Development Agency ("LWDA").

On September 25, 2018, the court granted summary judgment in CVS's favor on Mr. Cabrera's and Mr. Telahun's Count 9 under the Private Attorneys General Act of 2004. On January 2, 2019, at the request of Messrs. Cabrera and Telahun, the court entered partial judgment in CVS's favor, and on January 9, 2019, Mr. Cabrera and Mr. Telahun appealed that judgment to the Ninth Circuit Court of Appeals. Meanwhile, by letter dated March 7, 2019, class member May Eldanaf informed the LWDA of her intent to pursue claims to recover all wages and associated penalties owed to her and other aggrieved pharmacy employees under all Labor Code sections which permit the recovery of unpaid wages and penalties.

All parties subsequently agreed to mediate the disputes in accordance with certain court orders. On July 29, 2020, the parties attended a mediation before David A. Lowe, Esq. of the law firm Rudy, Exelrod, Zieff & Lowe, L.L.P. in San Francisco, California. The parties did not reach an agreement and, on November 11, 2019, held a second day of mediation before David A. Lowe, Esq., at which the parties reached a fair and reasonable settlement of their disputes.

By order dated March 5, 2020, pursuant to the agreement of the parties, the Ninth Circuit dismissed the Cabrera appeal without prejudice and, on March 10, 2020, the United States District Court for the Northern District of California transferred the case to the United States District Court for the Central District of California so the case could be joined with the first-filed *Chalian* case and the claims could be resolved together per the terms of the settlement agreement. On May XX, 2020, the United States District Court for the Central District of California (Birotte, J.) consolidated the *Chalian* and *Cabrera* actions and designated the *Chalian* action as the lead case and approved the filing of an amended, consolidated complaint.

CVS contends the claims in these Lawsuits are without merit and disputes all claims for damages and other relief. CVS also contends that many of the potential Class Members have agreed to individual arbitration of any potential claims precluding those persons from claims in these consolidated lawsuits. No court has ruled fully on the merits of the Lawsuits. Plaintiffs have vigorously prosecuted these and related cases, and CVS has vigorously defended the cases. The Parties have engaged in discovery, both formal and informal, to assess the relative merits of the various alleged claims and CVS's defenses to those claims. Plaintiffs' attorneys have extensively litigated this matter, interviewed numerous potential settlement class members, reviewed extensive documents and data produced by CVS, and filed, opposed, and argued motions.

The Class Representatives and Class Counsel support this settlement. Class Counsel believe further proceedings in these cases, including a trial and multiple potential appeals, would be very expensive and protracted. There is a real risk class certification could be denied in whole or in part and that the Court may find that the PAGA claims are not manageable. There is also a prevalence of legal issues, including but not limited to the fact that many Settlement Class Members are subject to collective bargaining agreements, individual arbitration agreements, and individual res judicata arguments, that render the prospect of any class-wide relief such as achieved here difficult to obtain, and Defendants claim unlikely. No one can predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all facts and circumstances of these cases, Class Counsel believe the proposed settlement is fair, reasonable and adequate.

## SUMMARY OF THE PROPOSED SETTLEMENT

A.    There are two settlement classes:

1.    "Pharmacist Settlement Class" means hourly, non-exempt retail pharmacists who worked in Regions 65 or 72 in California between July 20, 2012 and the date of the Preliminary Approval Order, whose claims are not subject to arbitration and which have not previously been released and/or adjudicated, and whose LEARNet and/or Siteminder data indicates activity when time punch records do not show he or she was clocked-in.

    2.   "Retail Pharmacy Settlement Class" means persons, other than those in the Pharmacist Settlement Class, who held certain hourly, nonexempt positions in a CVS retail pharmacy in the State of California between August 3, 2014 and the date of the Preliminary Approval Order who have not previously released and/or adjudicated the Released Claims.

**B.**    Settlement Formula:

    1.   Each Settlement Class Member will be entitled to a payment based on a payment ratio that considers the total number of weeks he or she worked and his or her weekly pay rate. If a Settlement Class Member was employed for only part of a workweek, he or she will be credited for purposes of this Settlement with a fraction of the workweek, rounded up or down to the nearest two-digit decimal and based upon a five-day work week.

    2.   Each Settlement Class Member's share shall be determined by multiplying the Member's number of qualifying workweeks by the Member's weekly pay rate (i.e., the individual's rate of pay for a week, which is his or her hourly rate of pay multiplied by 40 hours) during the applicable class period. This number will then be divided by the total number of workweeks worked by all Settlement Class Members multiplied by the total amount of weekly rates for all Settlement Class Members (i.e., sum of all Settlement Class Members' weekly rates) during the applicable class period. To the extent an individual is a Class Member in both classes, he or she shall be eligible to receive whichever class settlement payment is larger.

**C.**    Class Representatives: The Court has approved Named Plaintiffs Sevag Chalian and Patrick Brennan as Class Representatives for the Pharmacist Settlement Class and Named Plaintiff Christine McNeely as the Class Representative for the Retail Pharmacy Settlement Class. The Class Representatives will apply to the Court for service awards and will be eligible for such amounts as the Court determines to be fair and reasonable. The parties' agreement proposes a payment of no more than $43,000 total for service awards to the Class Representatives and three other named plaintiffs. Class Counsel considers this amount to be fair, reasonable and adequate given the time the Class Representatives and the other named plaintiffs expended and their agreement to release all claims against CVS.

**D.**    Attorneys' Fees and Costs: Plaintiffs' attorneys' fees request shall not exceed 30% of the settlement amount, or $2,925,000.00. In addition, Class Counsel will seek to be reimbursed for all costs and expenses incurred by them in prosecuting the Lawsuits, in an amount not to exceed $50,000.

**E.**    Costs of Settlement Administration: Class Counsel will seek costs of settlement administration not to exceed $75,000 to be paid from the Settlement Amount to the third-party settlement administrator.

**F.**    PAGA Payment: The parties have designated $75,000 of the settlement amount as payment for civil penalties under the California Labor Code Private Attorneys General Act of 2004. Seventy-five percent of that amount – by law – will be provided to the State of California and 25% will go to Class Members.

## <u>EFFECT OF THE SETTLEMENT</u>

Each Settlement Class Member who does not opt out will release and forever discharge CVS from all claims, causes of action, and legal theories of relief that were alleged or that could have been alleged or otherwise raised in the Lawsuits, from August 3, 2014 until the date of the Preliminary Approval Order for Retail Pharmacy Settlement Class members and from July 20, 2012 until the date of the Preliminary Approval Order for Pharmacist Class members (the "Released Claims"). The Released Claims include, but are not limited to: (a) failure to pay minimum wages; (b) failure to pay overtime wages; (c) failure to pay all wages or amounts due under the Labor

Code and/or federal Fair Labor Standards Act; (d) failure to comply with Labor Code Sections 850, 851, 851.5, 852 and/or 29 U.S.C. § 201 et seq.; (e) failure to provide proper meal periods, or premium pay for non-compliant meal periods; (f) failure to authorize and permit rest periods, or premium pay for non-compliant rest periods; (g) failure to provide complete, accurate, and/or properly formatted wage statements; (h) failure to reimburse all necessary business expenses; (i) failure to timely pay wages due or final wages due; (j) all claims under PAGA that were or could have been asserted based on the facts, claims, causes of action or legal theories described above or on any of the claims, causes of action, facts or legal theories of relief pleaded in the Lawsuits; and (k) all damages, penalties, including penalties under Labor Code Sections 203 and 558, interest, costs (including attorney's fees) and other amounts recoverable under said claims or causes of action as to the facts and/or legal theories alleged or which could have been alleged in the Lawsuits. This release shall not apply to claims for workers' compensation benefits, unemployment insurance benefits, or any other claim or right that as a matter of law cannot be waived or released.

By its terms, this release includes claims in other active litigation pending against CVS, including *Hyams v. CVS Health Corporation*, No. 4:18-cv-06278-HSG in the Northern District of California and *Assar v. Longs Drug Stores California, LLC*, No. 2:19-cv-02086-KJM-KJN in the Eastern District of California. Your legal rights with respect to any overlapping actions/claims will be impacted and/or waived if you participate in this Settlement.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **DO NOTHING TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A PAYMENT** | If you wish to settle your claims and receive a payment, you do not have to do anything at this time.  If the settlement is finally approved by the Court, you will receive a check in the mail. |
| **OPT OUT** | By opting out of the settlement, you give up any right to receive a payment from this settlement for the non-PAGA portion. You will keep any rights to sue CVS on the same legal claims asserted in the Lawsuits other than those made pursuant to PAGA, provided you do so within the applicable statute of limitations. If you are subject to an arbitration agreement, you may also be required to litigate any such potential claims in arbitration and not in a State or Federal court. |
| **OBJECT** | You may write to the Court about why you do not like the class action settlement. |

## HOW YOU GET A PAYMENT

### 5.  How can I get my payment?

If you wish to receive a settlement payment from the settlement fund, you do not need to do anything at this time. If the settlement is finally approved by the Court, you will receive a check in the mail.

### 6.  When will I get my settlement payment?

The Court will hold a final approval/fairness hearing on _____ to decide whether to grant final approval of the settlement. If the Court approves the settlement and there are no appeals, then your payment will be mailed to you after the Settlement Effective Date.

**7.  Will I still get a payment if I have filed for bankruptcy while the lawsuit was pending?**

If you filed for bankruptcy while these Lawsuits were pending, contact your bankruptcy attorney to discuss whether the bankruptcy will have any impact on your ability to collect a settlement payment.  In consultation with your bankruptcy attorney, you must take the necessary steps to advise the bankruptcy trustee of your settlement payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**8.  How do I exclude myself from the settlement?**

If you want to keep the right to sue CVS on your own about the legal issues in this case, other than for relief under the PAGA, then you must exclude yourself from the class. The process for excluding yourself is sometimes referred to as "opting out."

To opt out, you must send by First Class U.S. mail a written, signed statement to the Settlement Administrator that includes your name, address, telephone numbers, signature, and last four digits of your social security number and states that you want to opt out of or be excluded from the settlement. To be effective, your opt-out statement must be postmarked no later than _____ and must be mailed to: _____.

If you opt out, you will not receive a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**9.  How do I tell the Court that I object to the settlement?**

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval of the settlement, then no settlement payments will be sent out and the Lawsuits will continue. If that is what you want to happen, you must object.

To object, you must first present your objections to the Settlement Administrator in writing. Such objections must be postmarked no later than _____ and received no later than _____ by: _____. You can also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

**10.  What's the difference between objecting to the settlement and opting out?**

Objecting is telling the Court that you do not like something about the settlement. To object, you must remain a Settlement Class Member. In contrast, opting out is telling the Court that you do not want to be part of the Lawsuits. If you opt out, you cannot object because the Lawsuits no longer affect you. Based on objections, the Court may require the parties to revise the settlement or refuse to approve it, in which case no payments will issue and the case will be rescheduled for trial. Also, if the settlement is not approved, many of the Settlement Class Members may be subject to individual arbitration clauses and thus unable to recover as part of any Class wide trial.

## THE LAWYERS REPRESENTING YOU

**11.  Do I have a lawyer in this case?**

Yes. Every Settlement Class Member in the Lawsuits is represented by the following attorneys, who the Court has appointed as Class Counsel. You may obtain information about Class Counsel, their practices, and their lawyers' experience by visiting their respective websites.

**Class Counsel:**

| | |
|---|---|
| **ALEXANDER KRAKOW + GLICK LLP**<br>Michael S. Morrison (State Bar No. 205320)<br>1900 Ave. of the Stars, Suite 900<br>Los Angeles, California 90067<br>T: 310.394.0888 \| F: 310.394.0811<br>E: mmorrison@akgllp.com | **LAW OFFICES OF THOMAS W. FALVEY**<br>Thomas W. Falvey, SBN 65744<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203<br>T: (818) 547-5200 \| F: (818) 500-9307<br>E-mail: thomaswfalvey@gmail.com |
| **BOYAMIAN LAW, INC.**<br>Michael H. Boyamian, SBN 256107<br>Armand R. Kizirian, SBN 293992<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203<br>T: (818) 547-5300 \| F: (818) 547-5678<br>E: michael@boyamianlaw.com,<br>     armand@boyamianlaw.com | **UNITED EMPLOYEES LAW GROUP**<br>Walter Haines, SBN 071075<br>5500 Bolsa Avenue, Suite 201<br>Huntington Beach, CA 92649<br>Telephone: (562) 256-1047<br>Facsimile: (562) 256-4554 |
| **CLARK LAW GROUP**<br>R. Craig Clark, SBN 129219<br>3258 4th Ave.<br>San Diego, CA 92103<br>T: (619) 239-1321 \| F: (888) 273-4554<br>cclark@clarklawyers.com<br>clgadmin@clarklawyers.com | |

## 12.  How will the lawyers be paid?

As noted above, the settlement agreement provides that Class Counsel will ask the Court to approve payment to them of attorneys' fees from the settlement fund in an amount not to exceed $2,925,000.00, or 30% of the Maximum Settlement Amount. In addition, Class Counsel will ask the Court to approve payment to them for reasonable litigation costs incurred by Class Counsel in the litigation and settlement of the Lawsuits.

### THE COURT'S FAIRNESS HEARING

## 13.  When and where will the Court decide whether to approve the settlement agreement?

The Court will hold a fairness hearing at TIME on DATE at the United States District Court for the Central District of California at 350 West First Street, Los Angeles, CA 90012, before Judge André Birotte Jr. in Courtroom 7B. You may attend and you may ask to speak, but you do not have to. At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them at that time. After the hearing, the Court will decide whether to grant final approval of the settlement.

**14. Do I have to come to the fairness hearing?**

Class Counsel will represent you at the hearing and you do not need to attend. Of course, you are welcome to attend (at your own expense) if you so desire. The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing. You may also pay a different lawyer of your own choosing to attend the fairness hearing and represent your interests.

**15. May I speak at the fairness hearing?**

If you send in your objection by the deadline, you may ask the Court for permission to speak at the fairness hearing. To be eligible to raise an objection at the fairness hearing, you must first present your objections to the Settlement Administrator in writing. Such objections must be postmarked no later than _____ and received no later than _____ by _____.

Again, you cannot speak at the hearing if you opt out.

**GETTING MORE INFORMATION**

**16. Are there more details about the settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please read the settlement agreement. You may obtain a copy by visiting [insert class administrator website link], contacting class counsel at their email addresses and phone numbers listed above, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, *[insert appropriate Court location here]*, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**VISIT [WEBSITE URL] FOR FURTHER INFORMATION AND ANNOUNCEMENTS REGARDING THE SETTLEMENT. NOTICE OF ANY RULINGS, INCLUDING ISSUANCE OF A FINAL JUDGMENT, WILL BE POSTED ON THE WEBSITE.**