James N. Boudreau (SBN PA 77891)
Christiana L. Signs (SBN PA 317851)
**GREENBERG TRAURIG, LLP**
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania 19103
Telephone: 215.988.7800
Facsimile: 215.988.7801
boudreauj@gtlaw.com
signsc@gtlaw.com

Tyler R. Andrews (SBN CA 250686)
**GREENBERG TRAURIG, LLP**
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
andrewst@gtlaw.com

Attorneys for Defendants CVS PHARMACY, INC.,
CVS RX SERVICES, INC., and GARFIELD
BEACH CVS, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br><br>Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br>*Related Case No.: 2:20-cv-02401-AB-AGR*<br><br>Assigned to Hon. Andre Birotte Jr.<br><br>**DEFENDANTS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>DATE:      TBD<br>TIME:      TBD<br>PLACE:    Courtroom 7B<br>350 West First Street<br>Los Angeles, California<br><br>Complaint Filed: July 20, 2016<br>Action Removed: December 5, 2016 |

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 65 and Local Rule 65-1, Defendants CVS PHARMACY, INC., CVS RX SERVICES, INC., and GARFIELD BEACH CVS, LLC, (collectively "CVS") hereby move the Court for an order granting the following relief:

1. A temporary restraining order against Ryan Hyams, Regine Duhon, their counsel Gunn Coble LLP and Jennifer Kramer Legal APC, and anyone acting on their behalf (collectively the "*Hyams* Plaintiffs") restraining/preventing them from, directly or indirectly, sending further communications to settlement class members and maintaining information about this case on their web site until such a time as the Court issues a further order.

2. CVS further requests the Court issue an Order to Show Cause directing the *Hyams* Plaintiffs to show why the Court should not issue a preliminary injunction ordering the following corrective actions:

    a. Directing the *Hyams* Plaintiffs to file a detailed declaration under penalty of perjury disclosing any and all communications with settlement class members since the date of the Court's preliminary approval of the settlement in this action;

    b. Requiring the *Hyams* Plaintiffs to bear the cost of a corrective letter in a form approved by the Court and to be disseminated by the approved settlement administrator identifying and correcting all false and misleading statements in their initial text and linked webpages and any additional settlement class members communications not yet known;

    c. Declaring ineffective any elections to opt out of the class certified in this case that are purportedly made by settlement class members using the form created and provided by the *Hyams* Plaintiffs; and

    d. Enjoining the *Hyams* Plaintiffs from sending any further

DEFENDANTS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

communications to settlement class members or publishing any information about the settlement in this case without first allowing the Court and the Parties to review said communications and correct any inaccuracies.

This Application is based on the following Memorandum of Points and Authorities; the Declaration of Christiana L. Signs; the [Proposed] Temporary Restraining Order and [Proposed] Order to Show Cause Why A Preliminary Injunction Should Not Issue, filed herewith; the other records and pleadings filed in this action; and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion. CVS requests that this matter be set for hearing at the Court's earliest convenience.

Dated: October 22, 2020          **GREENBERG TRAURIG, LLP**

*/s/ James N. Boudreau*
James N. Boudreau
Christiana L. Signs
Tyler R. Andrews

Attorneys for Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., Garfield Beach CVS, LLC, and Does 1 through 100

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.**     **The *Hyams* Plaintiffs Send Settlement Class Members Text Messages Communicating Numerous False And Misleading Statements.**

During the week of October 19, 2020, numerous settlement class members received a text message from an unidentified toll-free number warning them about the "danger" of the settlement this Court preliminarily approved.[1] Declaration of Christiana L. Signs ("Signs Decl."), Ex. A, ¶ 2. The text message tells recipients the settlement may release their claims "but not be in your best interest." *Id.* at Ex. 1. It provides a link and directs text message recipients to follow it to learn more about "the situation." *Id.*     The   linked   web   site, cvsemploymentclassaction.com, lays out the *Hyams* Plaintiffs' campaign against the Parties' settlement. *See id.* at Ex. 2. It includes numerous false, misleading, and confusing statements.

For example, the linked web site warns those who "have probably received a notice in the mail" (*i.e.*, the Rule 23 settlement notice reviewed and approved by this Court) that the Parties in this case are seeking final approval of their settlement, and it characterizes that settlement as "releasing claims that were taken from our case and inserted in to their case at the last minute so that CVS will not have to deal with us or our case." *Id.* The web site explains the *Hyams* Plaintiffs "strongly disagree" with the proposed settlement. *Id.* Although it couches the claim as opinion, it declares the settlement is not "fair or adequate." *Id.* But this Court held (albeit on a preliminary basis) "that the settlement is fair and reasonable." Dkt. 127, PageID 4261. It carefully weighed factors including the probable outcome of further litigation, liability and damages issues, and potential appeals, and it

---

[1] There is no doubt that the *Hyams* Plaintiffs are behind the text messages. The text messages link to a series of web sites maintained by their counsel and through which their counsel encourages settlement class members to contact counsel for the *Hyams* Plaintiffs. *See* Signs Decl. Exs. 1-3. CVS produced putative class contact information to the *Hyams* Plaintiffs in the *Hyams* case. That information, however, is notably subject to a protective order limiting its use to "prosecuting, defending, or attempting to settle" the *Hyams* litigation. *See* Case No. 4:18-cv-06278-HSG (N.D. Cal.), ECF 29.

ultimately preliminarily approved the Parties' settlement. *Id.* In short, the web site claims exactly the opposite of what this Court has already held. At a minimum, the web site fails to disclose the Court's finding regarding the preliminary fairness of the settlement.

The web site goes on to tell readers the *Hyams* Plaintiffs "have been trying to do better for the class members, including you, and the state of California." Signs Decl. at Ex. 2. A link to "Frequently Asked Questions" embedded on the main web page takes readers to another web site, which misleadingly proclaims the *Hyams* Plaintiffs and their attorneys "can do better" than the settlement in this case. *Id.* at Ex. 3. The web site states the *Hyams* Plaintiffs "are in a better position to judge what the right settlement might be than the other lawyers." *Id.* Although it later states there is no "guarantee" the *Hyams* Plaintiffs will obtain a better result, the message is clear: choose to opt out of the settlement and participate in the *Hyams* case, because the Chalian/Cabrera settlement is "not . . . fair or adequate." *Id.* at Exs. 2-3. The *Hyams* Plaintiffs' web site provides a telephone number and email address directing readers to contact Gunn and Coble LLP, the attorneys for the *Hyams* Plaintiffs. *Id.* at Ex. 3.

This Court, however, not only found the settlement fair and reasonable when it granted preliminary approval, it also found counsel for the Parties fully capable of reasonably evaluating their respective positions. ECF 127, PageID 4261. It noted the parties had conducted significant formal and information discovery, investigation, research, and litigation. *Id.* Once again, the *Hyams* Plaintiffs' statements are inaccurate and directly contradict the holdings of this Court.

By way of further example, the "Frequently Asked Questions" web page provides more information about the *Hyams* Plaintiffs' "problems with the *Chalian/Cabrera* proposed settlement." *Id.* at Ex. 3. It restates objections this Court has seen the *Hyams* Plaintiffs lodge before, such as that the settlement in this case undervalues the PAGA claim to the tune of nearly $100 million. *Id.* The web site incorrectly states, "We have raised these issues to the court, but the judge has decided that he will only consider them if they come from an objector." *Id.* In fact, however, this Court "considered the *Hyams* Plaintiffs'

DEFENDANTS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY
A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

opposition [to the proposed settlement]," but found "none of their arguments warrant denying preliminary approval." ECF 127, PageID 4260.

The *Hyams* Plaintiffs use false and misleading statements like these to encourage settlement class members to opt out. The web site linked to the text message from the *Hyams* Plaintiffs features a yellow highlighted box in the middle of the web page. Signs Decl. at Ex. 2. It tells settlement class members that the *Hyams* Plaintiffs will collect and mail settlement class members' opt-out forms through the web site. *Id.* The reader "CLICK[S] HERE" and is directed to a form and instructions to "complete and/or correct the contact information below." *Id.* at Ex. 4.  The form appears to be pre-populated with class member contact information. For example, opening the link in a separate tab revealed the first and last name, address, and telephone number of "Edwin Thomas." *Id.* at Ex. 4.

### B.   The Court Should Exercise Its Broad Authority Over the Settlement to Take Corrective Action Regarding The *Hyams* Text And Web Site.

"Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Under Rule 23(d), courts may regulate the notice and opt-out process and regulate communications with class members where those communications "threaten[] the fairness of the litigation." *Wang v. Chinese Daily News, Inc.,* 623 F.3d 743, 756 (9th Cir. 2010), *judgment vacated on other grounds*, 132 S. Ct. 74 (2011). "The prophylactic power accorded to the court presiding over a putative class action under Rule 23(d) is broad; the purpose of Rule 23(d)'s conferral of authority is not only to protect class members in particular but to safeguard generally the administering of justice and the integrity of the class certification process." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2014 WL 1760314, at *3 (N.D. Cal. May 2, 2014).

Limitations on communications with class members generally must be "based on a clear record and specific findings." *Gulf Oil*, 452 U.S. at 101 (1981). Under this standard, "[c]ourts may prohibit and correct communication that is misleading, coercive, or

discourage[s] participation in the lawsuit." *Talamantes v. PPG Indus., Inc.*, No. 13-CV-4062-WHO, 2014 WL 4145405, at *2 (N.D. Cal. Aug. 21, 2014) (citing *Billingsley v. Citi Trends, Inc.*, 560 Fed.Appx.. 914, 922 (11th Cir. 2014)); *see also Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 698 (S.D. Ala. 2003) ("Abusive practices that have been considered sufficient to warrant a protective order include communications that coerce prospective class members into excluding themselves from the litigation; communications that contain false, misleading or confusing statements; and communications that undermine cooperation with or confidence in class counsel.").

This is not the first time disgruntled would-be intervenors have improperly communicated with settlement class members. In *Retiree Support Grp. of Contra Costa Cty. v. Contra Costa Cty.*, No. 12-CV-00944-JST, 2016 WL 4080294, at *1 (N.D. Cal. July 29, 2016), the court had denied proposed intervenors' motion to intervene, conditionally certified a settlement class, and preliminarily approved of a settlement. The proposed intervenors then sent letters to settlement class members urging them not to participate in the class settlement. *Id.* The Court found "significant misstatements and omissions" in the letters and ultimately invalidated any and all opt-outs obtained as a result. It further directed the issuance of a curative notice to settlement class members at the expense of the would-be intervenors. *Id.* at *6, 10-11.[2] Although it stopped short of requiring the would-be

---

[2] It is well settled that courts overseeing settlement proceedings have the authority to address improper communications from non-parties and analyze appropriate limitations under the same standard set forth in *Gulf Oil*. *See, e.g.*, *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 311 (3d Cir. 2005); David F. Herr, Manual for Complex Litigation § 21.33 (4th ed.) ("Objectors to a class settlement or their attorneys may not communicate misleading or inaccurate statements to class members about the terms of a settlement to induce them to file objections or to opt out. If improper communications occur, curative action might be necessary, such as extending deadlines for opting out . . . or voiding improperly solicited opt outs and providing a new opportunity to opt out."). Improper communications from non-parties that attempt to do an end run around the court-approved notice of settlement are particularly concerning; the class notice is " 'crucial' to the entire scheme of Rule 23" in that it provides a neutral description that enables class members to conduct an "independent analysis of their own self-interest" in determining whether to object to or opt out of a settlement. *Georgine v. Amchem Products, Inc.*, 160 F.R.D. 478, 490 (E.D. Pa. 1995)

4

intervenors to run further communications with settlement class members by the Court and the parties before sending, this was only because the court found no reason to believe the would-be intervenors "would again attempt to mislead" settlement class members. *Id.* at *10. Were it otherwise, the court reasoned, a preliminary injunction restraining further communications would be warranted. *Id.*

As another example, in *Estakhrian v. Obenstine*, No. CV 11-3480 FMO (CWX), 2017 WL 2661616, at *6 (C.D. Cal. June 20, 2017), the court imposed sanctions for improper communications with already-represented settlement class members. The defendant in that case faced malpractice and related claims based on his prior representation of the plaintiffs in a separate lawsuit that had settled. *Id.* at *1. After the court certified the case as a class action, he reached out to class members by email and telephone to attempt to settle their claims with them individually. *Id.* at *1-3. He criticized the class members' attorneys and made misleading and coercive statements about the case. *Id.* at *5-7. The court found that, by contacting class members directly rather than through counsel, the defendant violated the ethical rule prohibiting communications with parties already represented. *Id.* at *4; *see also* CA ST RPC Rule 4.2 ("In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person* the lawyer knows* to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer."). It prohibited him from communicating with class members going forward without authorization from the Court, ordered him to file a declaration disclosing all communications with class members, and voided any settlement agreements entered into as a result of the improper communications. *Id.* at *7.

Just like the class communications in these cases, the *Hyams* Plaintiffs' text messages and linked web sites are misleading and abusive communications that disrupt the orderly conduct of settlement proceedings and put settlement class members at risk of making

---

(ordering new opt-out process for class members who had opted out because of misleading communications from attorneys opposed to the settlement).

DEFENDANTS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

decisions based on misinformation. As detailed above, the text messages and web pages contain numerous statements that are either misleading or simply untrue. These untruths are compounded by language encouraging settlement class members to opt out.

### C.    Proposed Corrective Actions.

In light of the *Hyams* Plaintiffs' serious and potentially unethical abuses of Rule 23 and the dangers of further misleading communications, CVS asks this Court to issue a temporary restraining order enjoining the *Hyams* Plaintiffs from sending any further communications to settlement class members regarding this action and taking down the hyper-linked website until such a time as the Court can hold a hearing and issue a more tailored order to prevent further improper communications. Absent such a restraining order, further misleading communications are likely to cause immediate and irreparable injury to settlement class members in that they will be subjected to still more false information at a time that they are trying to make an important decision about how best to protect their interests. *See* Fed. R. Civ. P. 65(b).

Further, CVS asks that the Court issue an order directing the *Hyams* Plaintiffs to show cause why the Court should not order the following corrective actions:

***First***, directing the *Hyams* Plaintiffs to file a detailed declaration under penalty of perjury disclosing any and all communications with settlement class members since this Court issued its order preliminarily approving the settlement, as the extent of communications are yet unknown. *See Estakhrian*, 2017 WL 2661616, at *7 (ordering declaration detailing direct communications with represented class members).

***Second***, requiring the *Hyams* Plaintiffs to bear the cost of a corrective letter in a form approved by the Court identifying and correcting all false and misleading statements in their initial text and linked webpages and any additional settlement class members communications not yet known. *See Retiree Support Grp.*, 2016 WL 4080294, at *10 (N.D. Cal. July 29, 2016) (ordering curative notice).

***Third***, declaring ineffective any elections to opt out of the class certified in this case that are purportedly made by settlement class members using the form created and provided

by the *Hyams* Plaintiffs. Settlement class members who have submitted such forms should be contacted and informed that these forms are deficient and ineffective. This communication should also provide instructions on the proper method for opting out or objecting, should the class member still wish to do so. *See id.* (ordering improperly obtained opt-out forms deficient and defective and notice of same through curative notice sent to class members).

  **Fourth**, enjoining the *Hyams* Plaintiffs from sending any further communications to settlement class members or publishing any information about the settlement in this case without first allowing the Court and the Parties to review said communications and correct any inaccuracies. *See Estakhrian*, 2017 WL 2661616, at *7 (enjoining further communications with class members without prior authorization from the Court).

Dated: October 22, 2020     **GREENBERG TRAURIG, LLP**

         */s/ James N. Boudreau*
         James N. Boudreau
         Christiana L. Signs
         Tyler R. Andrews

         Attorneys for Defendants CVS Pharmacy,
         Inc., CVS Rx Services, Inc., Garfield Beach
         CVS, LLC, and Does 1 through 100

DEFENDANTS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY
A PRELIMINARY INJUNCTION SHOULD NOT ISSUE