## Frequently Asked Questions

**Why do you think the settlement in the Chalian/Cabrera case is not good enough?**

Our biggest problems with the settlement are that:

1. The Chalian/Cabrera plaintiffs and attorneys are adding claims from the Hyams case that we think they have no legal authority to add to their case. For these claims, we have already asked the court in our case to rule in our favor for over $100 million in damages, about $25 million of which would go to class members (the rest would go to the state of California). While we cannot guarantee that we will win that amount, we believe that we can do better than the amount of about $25,000 that would be split among class members for the same claims in the Chalian/Cabrera settlement.

2. The Chalian/Cabrera plaintiffs and attorneys are adding claims from the Hyams case that they are valuing as worth zero dollars. For example, the settlement includes a release of rest break claims that they have valued as zero dollars. We understand, from over 130 people we talked to, that rest breaks were not regularly taken. We also know, from questioning CVS' witnesses and looking at documents, that CVS intentionally scheduled work so that there was only time for one 15-minute rest break in every 8-hour shift. The Chalian/Cabrera attorneys did not get this information and will not consider it in trying to achieve a higher settlement for the class.

3. The Chalian/Cabrera settlement includes a release of meal break claims valued as $2 million dollars, spread throughout about 20,000 people (roughly about $100 per person). We understand, from all the class members we have interviewed, that when pharmacists are working as the only pharmacist on duty they rarely were able to take uninterrupted meal breaks. Because of information we demanded from CVS, we have the ability to pinpoint who those individuals were and would like to increase the settlement amounts those employees would receive.

4. The Chalian/Cabrera attorneys have factored in a lot of risk to decrease the settlement amounts because of arbitration agreements. We believe CVS' arbitration agreement is subject to challenge and that potentially many more people would not be bound by it than those attorneys think. This is based on our investigation into how the arbitration agreements work. Another court (in Missouri) has already adopted part of our theory. There is also a chance that the court will not consider arbitration agreements in the Hyams case because of technical legal issues.

5. We believe the Chalian/Cabrera attorneys are acting in their own interests, and helping CVS to get a deal that is bad for the class because it will get more money for them. We believe the Chalian/Cabrera attorneys are using the threat of the claims they are trying to take from the Hyams case to increase the amounts they will receive, but are giving CVS a huge discount for this. For example, they are expecting to receive almost $3 million dollars ($2.925 million), compared to the amount listed on your notice form.

6. As an example, for our client who was a CVS Pharmacist, the proposed Chalian/Cabrera settlement amount is approximately $4.25 per week worked, for a total of $375. However, we believe that his claims are worth more than $60,000, before attorneys' fees and costs, given his hourly rate and the number of breaks he missed on a regular basis. This means that the other attorneys have evaluated his claims as worth about 0.59% (less than 1%) what we have. For our client who was a CVS Pharmacy Technician, the proposed Chalian/Cabrera settlement amount is about $1.08 per week she worked, when we have estimated her damages as over $15,000 (only 0.01% of our calculations). We suspect the same is true for other class members.

### Does the court already know about these problems?

We have raised these issues to the court, but the judge has decided that he will only consider them if they come from an objector. This is the way the law usually works. The court will consider any objections that are filed before it decides to finally approve the settlement.

### How could it hurt me to opt out of the proposed settlement? What am I giving up?

If you opt out of the proposed settlement, you will not receive any money from it. You will be giving up the amounts stated in your notice, with no guarantee that we will be able to do better for you. Opting out of the proposed settlement in the Chalian/Cabrera case will allow you to continue to pursue your claims in the Hyams case we are handling. However, we cannot guarantee that the Hyams case will result in an award of money to you equal to or greater than what you would get in the Chalian/Cabrera case if you did not opt out.

### Why do you think that you can do better?

We think we are in a better position to judge what the right settlement might be than the other lawyers. We have done a lot of work that they have not, including reviewing thousands of documents, questioning CVS' corporate witnesses under oath, interviewing over 130 class members like you, and using an expert to review and analyze the complete time and pay records of the class. The other lawyers did not make these same efforts, and accepted much less information from CVS before settling the claims.

In addition to our problems with the proposed settlement amounts listed above, we think that CVS is unwilling to come to a reasonable settlement agreement in our case – when we are

seeking a better deal for you – because it thinks it can get a cheaper deal from the Chalian/Cabrera plaintiffs. If the court does not approve that settlement, this option will be taken away from CVS.

**Can I talk to someone to get more information about this?**

Of course. You can call Cathy Coble at 818-900-0695. You can also email contact@gunncoble.com and someone will call you back.

**How long will it take?**

All opt-outs need to be received by November 6, 2020. If you **CLICK HERE** **and fill out the form and electronically sign it no later than November 5, 2020,** we will mail it on your behalf. It should not take very long to sign the form – probably less than 5 minutes.

**Do I need to appear in court?**

No. But if you want to, you will have an opportunity to appear. The hearing is scheduled for December 4, 2020. It's likely the court appearance will be telephonic or though video, because of the COVID-19 pandemic.

**Can I talk to the other lawyers in the Chalian/Cabrera case?**

The contact information for the other lawyers should be on the notice you received in the mail, if you want to talk to them as well.

Back To Top