BETH A. GUNN, CA Bar No. 218889
beth@gunncoble.com
CATHERINE J. COBLE, CA Bar No. 223461
cathy@gunncoble.com
GUNN COBLE LLP
101 S. 1st Street, Suite 407
Burbank, CA 91502
Telephone: 818.900.0695
Facsimile: 818.900.0723

JENNIFER KRAMER, CA Bar No. 203385
jennifer@laborlex.com
BARBARA DUVAN-CLARKE, CA Bar No. 259268
barbara@laborlex.com
ASHLEY H. CRUZ, CA Bar No. 306235
ashley@laborlex.com
JENNIFER KRAMER LEGAL, APC
5015 Eagle Rock Blvd., Suite 202
Los Angeles, CA 90041
Telephone: 213.955.0200
Facsimile: 213.226.4358

Attorneys for Plaintiffs-Intervenors
RYAN HYAMS and REGINE DUHON,
on behalf of themselves, and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>　　　　　Plaintiffs,<br>　　　v.<br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br>　　　　　Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br>Assigned to Hon. Andre Birotte Jr.<br>*Related Case No.:2:20-cv-02401-AB-AGR*<br><br>**DECLARATION OF BETH GUNN IN SUPPORT OF PROPOSED INTERVENORS' OPPOSITION PLAINTIFFS' EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**<br><br>Complaint Filed: July 20, 2016<br>Action Removed: December 5, 2016 |

1

# DECLARATION OF BETH GUNN

I, Beth Gunn, declare and state as follows:

1. I am an attorney duly licensed in the State of California, and admitted to practice before this court, and am counsel of record for the putative class and Plaintiffs-Proposed Intervenors Ryan Hyams and Regine Duhon ("Proposed Intervenors") in the separately pending action styled R*yan Hyams, et al. v. CVS Health Corporation, et al.*, Northern District of California Case No. 4:18-cv-06278-HSG (the "*Hyams* action"). I have firsthand and personal knowledge of the facts set forth in this declaration, as well as information obtained from my law firm's documents, and publicly available court documents, and if called to testify regarding the facts set forth herein, I could and would do so competently and under oath.

2. As part of the *Hyams* action, my office retained reputable third party administrator Simpluris to create a website to inform putative class members regarding the case. That website, www.cvsemploymentclassaction.com ("*Hyams* website") contains information regarding the status of the case, and the claims that Proposed Intervenors were litigating, including several for which they were seeking class certification. The website went live on or about May 18, 2020 and has been live since that time. This was before the proposed settlement in the *Chalian/Cabrera* case was disclosed to either my firm or the Court.

3. In addition, on or about May 18, 2020, Simpluris issued text messages to putative class members in the *Hyams* action to inform them about the lawsuit and direct them to the *Hyams* website if they wanted additional information or to be contacted about it. These are the **same** individuals who received text messages on October 21, 2020. If three declarants (Sigfredo Cabrera, Enko Telahun, and Joy Hwang, ECF 156-2-4) objected to receiving these messages on May 18, 2020, that was never communicated to us.

4. Defendants in the *Hyams* action never objected to the *Hyams* website or text messages sent to putative class members on May 18, 2020. Plaintiffs in the

2

DECLARATION OF BETH GUNN IN SUPPORT OF PROPOSED INTERVENORS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR OSC AND TRO

*Chalian* action never objected to the *Hyams* website or text messages sent to putative class members on May 18, 2020.

5. As a result of the text messages and contacts from the *Hyams* website, my office interviewed over 130 putative class members and secured 79 current and former CVS employee declarations in support of Proposed Intervenor's motion for class certification in the *Hyams* action filed in the Northern District of California on August 27, 2020.

6. Following this Court's August 5, 2020 order granting preliminary approval of the proposed settlement in this matter and the September 3, 2020 filing of a Joint Stipulation Regarding Revised Class Notice outside the preliminary approval process, my co-counsel and I investigated our duties as putative class counsel in the *Hyams* action to absent class members in the *Hyams* action. In particular, we examined the language in the late-filed Class Notice in this action referring to the *Hyams* action and the release of claims in that case.

7. As part of their investigation, I consulted an ethics expert, William Balin, to determine the scope of our fiduciary duties to the absent putative class members in the *Hyams* action and to explore permissible courses of action for fulfilling them.

8. Subsequently, with the assistance of Mr. Balin, my office directed the same third party administrator who issued the May 18, 2020 text messages to putative class members to issue a new communication to the absent putative class members via text, which directed them to the *Hyams* website, which was updated with information regarding the proposed settlement in this matter.

9. My co-counsel and I in the *Hyams* action were careful to craft the language of the update on the *Hyams* website to accurately reflect the status of the putative class claims in the *Hyams* case, as well as our opinions that were already part of the proceedings to date in this action, including as reflected in public filings

in support of Proposed Intervenors' Motion to Intervene, and Opposition to Plaintiffs' Motion for Preliminary Approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 26, 2020, at Sherman Oaks, California.

/s/ Beth Gunn
Beth Gunn