UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-08979 AB (AGRx) | Date: | October 29, 2020 |

Title:   *Sevag Chalian, et al. v. CVS Pharmacy, Inc., et al.*

Present: The Honorable   **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER <u>AMENDING</u> ORDER GRANTING PRELIMINARY APPROVAL

    It has come to the Court's attention that its ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, SETTING OF A FINAL APPROVAL HEARING, AND APPROVAL OF NOTICE TO THE CLASS ("Order," Dkt. No. 127) omitted an express discussion of whether the Court also conditionally certified the proposed Classes, appointed class representatives, and appointed Class Counsel and the Settlement Administrator. Such orders were sought in the Motion, and were uncontested, but discussion was inadvertently omitted from the Order. As the Motion was granted in its entirety and these components were not disputed and the standards were clearly satisfied, it should be apparent that the Court was also granting these aspects of the Motion. Any interpretation of the Order to the contrary strikes the Court as disingenuous.

    Nevertheless, out of an abundance of caution and to make the record perfectly clear, the Court hereby **SUA SPONTE AMENDS** its Order Granting Preliminary Approval (Dkt No. 127) to include the following:

1.    The Court **PRELIMINARILY CERTIFIES** for settlement purposes only classes consisting of persons who do not opt-out of this Settlement and who are members of the Pharmacist Settlement Class and/or the Retail Pharmacy Settlement Class, defined as follows:

> *Pharmacist Settlement Class:* All hourly, non-exempt retail pharmacists who worked in Regions 65 or 72 in California between July 20, 2012 and the date of the Preliminary Approval Order, whose claims are not subject to arbitration and who have not previously released and/or adjudicated the Released Claims, and whose LEARNet and/or Site Minder data indicates activity when time punch records do not show he or she was clocked-in.

> *Retail Pharmacy Settlement Class:* Any person who is not a member of the Pharmacist Settlement Class who held an hourly, non-exempt position in a CVS retail pharmacy in the State of California between August 3, 2014 and the date of the Preliminary Approval Order who has not previously released and/or adjudicated the Released Claims.

The Court finds that the above proposed Settlement Classes satisfy Fed. R. Civ. P. 23(a)'s four requirements of numerosity (there are more than 20,000 members), typicality (the named Plaintiffs assert the same injury as other Class Members resulting from the same conduct of Defendant, and no unique defenses apply to the Plaintiffs), commonality (resolution of the claims turns on common issues of law and/or fact—CVS's alleged policy of not compensating class members for training done outside of their shifts or during breaks), and adequacy (there appear to be no conflicts between the named Plaintiffs and the class members, and in fact they have common if not identical interests in these claims). The Court also finds that the action is maintainable under Rule 23(b)(3) because questions of law or fact predominate over individual questions and that a class action is a superior means of resolving the dispute. Fed. R. Civ. P. 23(b)(3). In particular, many of Plaintiffs' claims arise from CVS's common policies and practices of failing to compensate its pharmacy employees for the time they are required to spend on training modules performed outside of their normal shifts or during meal periods, which would be proved by Defendants' records. The class action procedure is also a superior means of adjudicating the numerous plaintiffs' relatively small claims, as the alternative for many might be arbitration, and in any case, putative class members who prefer to adjudicate their claims individually are free to opt out.

2.      The Court hereby finds that Plaintiffs Sevag Chalian, Sigfredo Cabrera, Enko Telahun, Christine McNeely, and Patrick Brennan have fairly and adequately represented and protected the interests of the Settlement Classes and hereby **APPOINTS** them as the Class Representatives.

3.      The Court hereby finds that Plaintiffs' counsel Alexander, Krakow + Glick LLP, Boyamian Law, the Law Offices of Thomas W. Falvey, Clark Law Group, and United Employees Law Group, have also fairly and adequately represented and protected the interests of the Settlement Classes and hereby **APPOINTS** them as Class Counsel.

4.      The Court hereby **APPOINTS** Simpluris, Inc. as the Settlement Administrator.

    **IT IS SO ORDERED**.