BETH A. GUNN, CA Bar No. 218889
beth@gunncoble.com
CATHERINE J. COBLE, CA Bar No. 223461
cathy@gunncoble.com
GUNN COBLE LLP
101 S. 1st Street, Suite 407
Burbank, CA 91502
Telephone: 818.900.0695
Facsimile: 818.900.0723

JENNIFER KRAMER, CA Bar No. 203385
jennifer@laborlex.com
BARBARA DUVAN-CLARKE, CA Bar No. 259268
barbara@laborlex.com
ASHLEY H. CRUZ, CA Bar No. 306235
ashley@laborlex.com
JENNIFER KRAMER LEGAL, APC
5015 Eagle Rock Blvd., Suite 202
Los Angeles, CA 90041
Telephone: 213.955.0200
Facsimile: 213.226.4358

Attorneys for Plaintiffs-Intervenors
RYAN HYAMS and REGINE DUHON,
on behalf of themselves, and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>　　　　　　Plaintiffs,<br>　　　v.<br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br>　　　　　　Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br>Assigned to Hon. Andre Birotte Jr.<br>*Related Case No.:2:20-cv-02401-AB-AGR*<br><br>**DECLARATION OF BETH GUNN IN SUPPORT OF PROPOSED INTERVENORS' EX PARTE APPLICATION FOR CLARIFICATION AS TO EFFECT OF TEMPORARY RESTRAINING ORDER ON INDIVIDUALS REPRESENTED BY THEIR COUNSEL**<br><br>Complaint Filed: July 20, 2016<br>Action Removed: December 5, 2016 |

1

## **DECLARATION OF BETH GUNN**

I, Beth Gunn, declare and state as follows:

1. I am an attorney duly licensed in the State of California, and admitted to practice before this court, and am counsel of record for the putative class and Plaintiffs-Proposed Intervenors Ryan Hyams and Regine Duhon ("Proposed Intervenors") in the separately pending action styled R*yan Hyams, et al. v. CVS Health Corporation, et al.*, Northern District of California Case No. 4:18-cv-06278-HSG (the "*Hyams* action"). I have firsthand and personal knowledge of the facts set forth in this declaration, as well as information obtained from my law firm's documents, and publicly available court documents, and if called to testify regarding the facts set forth herein, I could and would do so competently and under oath.

2. On Thursday, October 29, 2020, my co-counsel and I received, through the Court's ECF web site, an Order that preliminarily certified for settlement purposes only classes of persons who do not opt-out of the settlement in this matter and appointed Plaintiffs' counsel as class counsel. (ECF 164). After reviewing the Order, we concluded that it changed the circumstances under which the web site was operating – namely, that a class had not been provisionally certified and class counsel had not been appointed. Immediately thereafter, we gave instructions to the web site administrator to disable the web site and received confirmation that the web site had been disabled. As a result, since Thursday, October 29, 2020, (1) the web site in question displays a message that it is currently not available; (2) proposed settlement class members are no longer able to submit opt-out forms via the web site; and (3) Proposed Intervenors are not sending any further communications to proposed settlement class members.

3. The next day, the Court issued an order granting the Parties' TRO. (ECF 166). The TRO presents significant challenges because, if taken literally, it restricts all communications with any proposed settlement class members, including

individuals who have retained my and co-counsel's firm to represent them or who we otherwise have obligations to as part of an attorney-client relationship. After considering our options, we determined that an irreconcilable conflict existed between complying with the TRO and complying with our fiduciary duties to clients and prospective clients. We further determined that we needed clarification from the Court, on an emergency basis, to understand what actions we could take on behalf of those whom we represent. We are aware of the deadline for opting out of or objecting to the proposed settlement by November 6, 2020, and had planned to spend the last several days actively engaged in representing such individuals and consulting with those who requested it.

4. In addition to Proposed Intervenors themselves, four individuals have executed retainer agreements with my firm and my co-counsel's firm to represent them in filing objections in this case. We cannot provide the promised representation without communicating with these individuals, who are relying on us.

5. On May 18, 2020, prior to the Parties' disclosure of the settlement agreement in the *Chalian/Cabrera* matter, Proposed Intervenors sent a text directing putative class members to the original web site in the *Hyams* matter for assistance in providing factual information to the Court to support their class certification motion. Thousands of individuals responded with interest. Over the course of the following months, attorneys at my firm and our staff engaged in lengthy interviews with 83 of those individuals who are also members of the proposed settlement class in the *Chalian/Cabrera* case. We obtained declarations from 50 of those individuals, which were filed in support of Proposed Intervenors' motion for class certification. We are aware, based on our prior interactions with these individuals, that they are interested in pursuing claims through the *Hyams* class action, and expect us to update them regarding any significant developments in that case. Potential settlement of the claims at issue in that case, in my opinion, constitutes a significant development that requires further communication with these individuals, including potential consultation with

them regarding their decision to object to or opt out of the proposed settlement. My partner Cathy Coble and I have spent two years litigating the *Hyams* matter, have taken substantial discovery, have reviewed and analyzed documents and testimony, and have fully briefed the issues both in a pending motion for partial summary judgment and a pending motion for class certification. We are fully aware of the available facts and law and risks that would affect the pursuit of the claims in the case. As a result, we are the only attorneys capable of providing sufficient information about the impact the proposed settlement in the *Chalian/Cabrera* matter may have on the *Hyams* case.

6. On October 23, 2020, we submitted to the Court the declaration of former CVS pharmacy technician Trent Andrews, (ECF 155-3), which describes his confusion regarding the Notice, what it meant for his continued participation in the *Hyams* class action, and also about how to get information from the *Hyams* attorneys about it. Mr. Andrews independently approached my firm after receiving the notice in the *Chalian/Cabrera* matter and before our *Hyams* class action web site was updated regarding the *Chalian* settlement, telling us he was confused by it and wanting more information from us since the Notice listed the *Hyams* action and said his legal rights with respect to the *Hyams* case will be impacted and/or waived if he participated in the settlement. In the course of other conversations with individuals who contacted us to consult about the *Chalian/Cabrera* settlement, our team learned that several individuals had not received the notice allegedly mailed as part of the *Chalian/Cabrera* proposed settlement, and therefore we understood a greater need to ensure that any individuals who relied on us to prosecute the *Hyams* matter understood that the proposed settlement existed and could affect their ability to proceed as previously discussed in the *Hyams* class action.

7. When Proposed Intervenors updated their web site in October 2020, it was structured so that its original content – asking individuals to contact them if they wished to assist in the prosecution of the *Hyams*' class action – was below the new content regarding the "update" involved in the TRO. Individuals could submit the

contact form at the bottom, after reading or scrolling through the content describing the *Hyams* matter, asking to be contacted by Counsel.  Approximately 200 individuals filled out this form, requesting consultation from Counsel.  It is unclear, from the contact form, whether the individual sought (1) representation as a potential objector, (2) independent legal advice for use in determining whether to be bound by the proposed settlement (including understanding the status and substance of the *Hyams* class action, which was not included in the Notice), or (3) was attempting to opt out.  Because such individuals reached out to us in the capacity of contacting us as to the *Hyams* matter, and no information is listed in the *Chalian/Cabrera* notice regarding the scope of the settlement on the *Hyams* class action, or how to contact us, we will be unable to provide information regarding the existing case to assist these individuals who may be seeking information related to the *Hyams* matter to inform their decision making regarding the *Chalian/Cabrera* settlement.  Further, we informed these proposed class members that we would mail their opt-out forms on their behalf, and cannot ascertain whether they intended for us to do so without further communication with them.

8.   On November 2, 2020 at 1:36 p.m., I sent an email to counsel for Plaintiffs and CVS in the *Chalian* action notifying them that Proposed Intervenors and their counsel intended to seek, on an *ex parte* basis, clarification from the Court regarding the extent to which the TRO issued on October 30, 2020 was intended to preclude communications between Proposed Intervenors' counsel with individuals whom they represent in an attorney-client relationship.  I explained that emergency relief was necessary because the represented individuals are relying on counsel to file objections on their behalf prior to the objection deadline of November 6, 2020, and otherwise are expecting counsel to communicate important case developments to them.  I stated that the grounds included, among others, counsel's fiduciary duties to (1) reasonably consult with their clients to accomplish the objectives of the representation; and (2) keep clients and/or prospective clients reasonably informed

about significant developments relating to the representation.  *See* California Rules of Professional Conduct 1.4(a).  I further noted that because the Court's order was silent as to this issue, and counsel must act immediately to effectively represent these individuals, urgent clarification as to the scope of the Court's Order was required.  I requested that counsel for Plaintiffs and CVS let me know by 5:00 pm today if they intended to oppose the application.  In response, I received email responses from counsel for CVS (James Boudreau) and Plaintiffs' counsel (Mike Morrison) stating that they needed additional information before they could determine their position on Proposed Intervenors' anticipated motion.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on November 2, 2020, at Sherman Oaks, California.

/s/ Beth Gunn
Beth Gunn