BETH A. GUNN, CA Bar No. 218889
beth@gunncoble.com
CATHERINE J. COBLE, CA Bar No. 223461
cathy@gunncoble.com
GUNN COBLE LLP
303 N. Glenoaks Blvd., Suite 200
Burbank, CA 91502
Telephone:  818.900.0695
Facsimile:   818.900.0723

JENNIFER KRAMER, CA Bar No. 203385
jennifer@laborlex.com
BARBARA DUVAN-CLARKE, CA Bar No. 259268
barbara@laborlex.com
ASHLEY H. CRUZ, CA Bar No. 306235
ashley@laborlex.com
JENNIFER KRAMER LEGAL, APC
5015 Eagle Rock Blvd., Suite 202
Los Angeles, CA 90041
Telephone:    213.955.0200
Facsimile:    213.226.4358

Attorneys for Plaintiffs-Intervenors
RYAN HYAMS and REGINE DUHON,
on behalf of themselves, and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>　　　　　　Plaintiffs,<br>　　　　　*v.*<br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br>　　　　　　Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br>Assigned to Hon. Andre Birotte Jr.<br>*Related Case No.:2:20-cv-02401-AB-AGR*<br><br>**DECLARATION OF KRISTINA BAILEY IN SUPPORT OF OPT-OUT TO CLASS ACTION SETTLEMENT**<br><br>Complaint Filed: July 20, 2016<br>Action Removed: December 5, 2016 |

1

DECLARATION OF KRISTINA BAILEY

DocuSign Envelope ID: A638FF2D-A5D0-4509-9C27-DC81B95EF00E
Case 2:16-cv-08979-AB-AGR Document 188 Filed 11/14/20 Page 2 of 18 Page ID #:6918

## DECLARATION OF KRISTINA BAILEY

I, Kristina Bailey, declare and state as follows:

1. The facts stated in this Declaration are based on my personal knowledge, and if called and sworn as a witness, I could and would testify competently and truthfully to the matters stated herein.

2. I am currently employed by CVS as a full-time Pharmacy Lead Technician at Store Number 9498, located in San Jose, California. Store number 9498 is a core location and is located in District 2, Region 68. As a Pharmacy Lead Technician my supervisor is Jennifer Unger. I started with CVS on March 20, 2009 as a Pharmacy Technician and have worked as a Pharmacy Technician and Pharmacy Lead Technician during my employment.

3. I submitted a declaration in support of Plaintiffs' Motion for Class Certification in the *Hyams* lawsuit based on my experience working for CVS, which is attached hereto as Exhibit A.

4. Until I was contacted by the law firm Gunn Coble earlier this week, I had no idea about the proposed settlement in *Sevag Chalian et al. v. CVS Pharmacy, Inc. et al.* and *Sigfredo Cabrera et al. v. CVS Pharmacy, Inc. et al.* cases ("the *Chalian* lawsuit").

5. I often throw away what looks like junk mail prior to even bringing it into my house and am not sure what happened to the *Chalian* settlement notice that was allegedly mailed to me. I do not think a mailed notice is an effective means of communicating a settlement notice in 2020, particularly given the other electronic methods available and difficulty with mail delivery and receipt during the ongoing COVID-19 pandemic.

6. Although I am current CVS employee, I have not received any communication from or through CVS about the *Chalian* settlement.

7. While I was contacted by Kelly Cook of Gunn Coble LLP to alert me about the *Chalian* settlement, I chose to opt-out of the *Chalian* lawsuit of my own free

2
DECLARATION OF KRISTINA BAILEY

will. No one coerced me or talked me into opting out. I chose to opt out because I do not think the settlement is fair or reasonable because it does not provide enough settlement money to employees in exchange for the many claims released. The low value settlement also will not encourage CVS to start complying with California employment laws.

8. My regular shifts for CVS are at least 8 hour long. At most, and on rare occasions, I am able to take one 10 minute break during an 8 hour shift. I am never able to take two 10 minute rest breaks per 8 hour shift.

9. Until I was contacted about the *Hyams* case and spoke with someone from Gunn Coble LLP, I was not aware that California law entitled me to be paid premium pay for missing rest breaks. At CVS there is no training regarding employees' entitlement to rest break premium pay and no procedure to ask for the pay. During orientation, I learned that CVS is a billion dollar company, but I did not learn that I am entitled to rest break premium pay. I asked my current manager how to get reimbursed for missed rest breaks, but she said she did not know employees were entitled to pay for missing rets breaks.

10. The small amounts being paid to former and current CVS employees in the *Chalian* lawsuit is not sufficient to compensate for them for their consistently missed breaks and CVS' failure to pay rest break premiums.

11. I use my personal cell phone for work-related purposed every day I work for CVS. My District Manager texts my personal cell phone asking me to cover shifts, including texting in the past few months to cover COVID testing shifts. I am also part of a group text for all the pharmacy employees at my location in which we exchange shift and work information. CVS management is aware that pharmacy employees use their personal cell phones to communication regarding work since this is how they communicate with us. It is unclear to me whether the cell phone reimbursement claim would be settled in the *Chalian* lawsuit, but it seems unfair that amounts for how often I used my cell phone for work is not taken into account as part of the settlement. My

cell phone bill is about $90/month, so there should be at least some amount for each month that I have not receive any reimbursement for using my cell phone for work.

12. Because the proposed *Chalian* settlement does not provide enough money to the current and former CVS pharmacy employees or deter CVS from continuing its illegal employment practices, I am opposed to it and do not think it should be approved.

13. Because the *Chalian* settlement does not provide enough settlement money in exchange for all of the claims released, I strongly believe that I and my co-workers should be given the clear option of pursuing their claims in the *Hyams* action, rather than accepting the small amount of money available in the proposed *Chalian* settlement. If CVS employees knew how bad the *Chalian* settlement was and that they might be able to do better and hold CVS accountable as part of the *Hyams* case, I think many of them would choose, like I have, to remain in the *Hyams* case rather than take the poor deal in the *Chalian* case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  11/12 , 2020 at  Santa Clara , California.

Kristina Bailey



## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: A638FF2DA5D045099C27DC81B95EE00F | | Status: Completed |
| Subject: Please DocuSign: Bailey Dec ISO Opt Out.docx | | |
| Source Envelope: | | |
| Document Pages: 4 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 4 | Initials: 0 | maggie duffy |
| AutoNav: Enabled | | 101 S. First Street |
| EnvelopeId Stamping: Enabled | | nil |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | Burbank, CA  91502 |
| | | maggie@gunncoble.com |
| | | IP Address: 172.249.185.150 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>             11/12/2020 9:14:17 PM | Holder: maggie duffy<br>             maggie@gunncoble.com | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Kristina Bailey<br>kristina.olivera@gmail.com<br>Security Level: Email, Account Authentication (None) | *K. Bailey*<br>—DocuSigned by:<br>74C9CFA096FB413...<br><br>Signature Adoption: Drawn on Device<br>Using IP Address: 73.170.37.98<br>Signed using mobile | Sent: 11/12/2020 9:15:09 PM<br>Viewed: 11/12/2020 9:18:03 PM<br>Signed: 11/12/2020 9:18:40 PM |
| **Electronic Record and Signature Disclosure:**<br>   Accepted: 11/12/2020 9:18:03 PM<br>   ID: 18f745c0-d445-42ea-82d6-d4d20bf00dc1 | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 11/12/2020 9:15:10 PM |
| Certified Delivered | Security Checked | 11/12/2020 9:18:03 PM |
| Signing Complete | Security Checked | 11/12/2020 9:18:40 PM |
| Completed | Security Checked | 11/12/2020 9:18:40 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 1/28/2020 3:17:13 PM
Parties agreed to: Kristina Bailey

# ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, Gunn Coble (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Gunn Coble:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: maggie@gunncoble.com

**To advise Gunn Coble of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at maggie@gunncoble.com and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Gunn Coble**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to maggie@gunncoble.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Gunn Coble**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to maggie@gunncoble.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Gunn Coble as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Gunn Coble during the course of your relationship with Gunn Coble.

# EXHIBIT A

1  BETH A. GUNN, CA Bar No. 218889
   beth@gunncoble.com
2  CATHERINE J. COBLE, CA Bar No. 223461
   cathy@gunncoble.com
3  GUNN COBLE LLP
   101 S. 1st Street, Suite 407
4  Burbank, CA 91502
   Telephone:   818.900.0695
5  Facsimile:   818.900.0723

6  Attorneys for Plaintiff
   RYAN HYAMS and REGINE DUHON,
7  on behalf of themselves, and all others similarly situated

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | RYAN HYAMS and REGINE DUHON, INDIVIDUALS, on behalf of themselves, and all others similarly situated, | Case No. 4:18-cv-06278-HSG |
   |---|---|
   | | CLASS ACTION |
   | Plaintiffs, | [Assigned for all purposes to Hon. Haywood S. Gilliam, Jr.] |
   | vs. | **DECLARATION OF KRISTINA BAILEY** |
   | CVS HEALTH CORPORATION, a Rhode Island Corporation, CVS PHARMACY, INC., a Rhode Island Corporation, GARFIELD BEACH CVS, LLC, a California Corporation, and CVS RX SERVICES, INC., a New York Corporation, DOES 1 through 25, inclusive, | Action Filed:   October 12, 2018
Trial Date:     None Set |
   | Defendants. | |

**1**
**DECLARATION OF KRISTINA BAILEY**

# DECLARATION OF KRISTINA BAILEY

I, Kristina Bailey, declare and state as follows:

1. The facts stated in this Declaration are based on my personal knowledge, and if called and sworn as a witness, I could and would testify competently and truthfully to the matters stated herein.

2. I am currently employed by CVS ("CVS or the "Company") as a Full time Pharmacy Lead Technician at Store Number 9498, located in San Jose, California. Store number 9498 is a Core location and is located in District 2, Region 68. As a Pharmacy Lead Technician with CVS, my supervisor is Jennifer Unger. I started with CVS on March 20, 2009 as a Pharmacy Technician, and have worked as a Pharmacy Technician and Pharmacy Lead Technician during my employment.

## JOB DUTIES

3. My primary job duties as a Pharmacy Technician are completing paperwork required to fill and sell prescriptions, preparing prescriptions for sale, reviewing information necessary to complete the sale of prescriptions, handling insurance issues required to sell prescriptions, greeting customers, and inputting and ringing up customer purchases. The entire purpose of my job is selling drugs and medicine to retail customers. I am supervised by the pharmacist on duty who is also selling drugs and medicine to retail customers, and understand there is an expected pharmacist to technician supervision ratio of 1:1 at all times for all tasks that are strictly non-clerical in nature.

4. I understand that CVS expects the pharmacy to meet certain ambitious metrics for the amount of work performed, including prescriptions filled, and that the compensation of my co-workers depend on meeting or exceeding those metrics.

## REST BREAKS AND MEAL BREAKS

5. During my regular shifts, which are six hours or more, I have not regularly taken an uninterrupted rest break of at least 10 minutes for every four hours that I have worked due to the number of tasks I have been expected to complete within my scheduled hours.

6. CVS has not made taking rest breaks a priority and even when I have tried to take a rest break, I have been regularly interrupted to perform necessary job duties. I have not been aware that California law entitled me to be paid premium pay for missing rest breaks. No one at CVS has

**2**
**DECLARATION OF KRISTINA BAILEY**

ever made this clear to me, and there has not been a procedure for alerting CVS of missed rest breaks. I also have never heard of anyone receiving premium pay for missed rest breaks.

7. CVS has emphasized that time records must show a clock-out for lunch breaks before the fifth hour of work. I understand CVS has a policy of disciplining employees who receive "too many" meal period penalties. But in my experience, pharmacists have difficulty taking duty-free lunch breaks for a full 30 minutes without interruption. It is also difficult for the pharmacist to leave the premises, particularly when there has been only one pharmacist on duty. I frequently needed to interrupt the pharmacist on duty during meal breaks to handle work-related issues. Similarly, I have observed that when there is only one pharmacist on duty, the pharmacist has not been able to take duty-free, uninterrupted rest breaks.

## PERSONAL CELL PHONE USAGE

8. During my employment with CVS, I regularly have been required to use my personal cell phone for work-related calls, texts, and emails to my personal email address, and I have not been reimbursed by CVS for any of my personal cell phone expenses. CVS has not provided me with a company-issued phone. CVS has not regularly attempted to contact me using any phone number besides my cell phone. Among other communications, CVS has regularly contacted me for scheduling purposes to ensure that all pharmacy technician shifts are covered. It would not have been possible to perform my work for CVS without using my cell phone. CVS has not informed me that my personal cell phone expenses, or any portion of them, may be reimbursed, and I have been unaware of any process for submitting reimbursement expenses for my personal cell phone usage.

## WAGE STATEMENTS

9. When working for CVS, I have received wage statements reflecting multiple different types of pay. I have often been confused by these wage statements because they have been missing information necessary for me to understand my pay.

/ / /

/ / /

/ / /

**3**
**DECLARATION OF KRISTINA BAILEY**

## ARBITRATION AGREEMENTS

10. I have no recollection of ever executing an arbitration agreement with CVS. I do not have a copy of any arbitration agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 24, 2020, at Santa Clara, California.

Kristina Bailey

**4**
**DECLARATION OF KRISTINA BAILEY**



## Certificate Of Completion

Envelope Id: 4DA47F9C754C453A951830952CBDCB84                                    Status: Completed
Subject: Document for CVS Class Action - Kristina Bailey
Source Envelope:
Document Pages: 4                          Signatures: 1                         Envelope Originator:
Certificate Pages: 5                       Initials: 0                           maggie duffy
AutoNav: Enabled                                                                 101 S. First Street
EnvelopeId Stamping: Enabled                                                     nil
Time Zone: (UTC-08:00) Pacific Time (US & Canada)                                Burbank, CA  91502
                                                                                 maggie@gunncoble.com
                                                                                 IP Address: 76.229.220.9

## Record Tracking

Status: Original                           Holder: maggie duffy                  Location: DocuSign
        7/24/2020 1:05:22 PM                       maggie@gunncoble.com

| Signer Events | Signature | Timestamp |
|---|---|---|
| Kristina Bailey<br>kristina.olivera@gmail.com<br>Security Level: Email, Account Authentication (None) | *DocuSigned by:*<br>K. Bailey<br>74C9CFA096FB413...<br><br>Signature Adoption: Drawn on Device<br>Using IP Address: 174.194.130.49<br>Signed using mobile | Sent: 7/24/2020 1:09:54 PM<br>Viewed: 7/24/2020 2:06:36 PM<br>Signed: 7/24/2020 2:06:45 PM |
| **Electronic Record and Signature Disclosure:**<br>    Accepted: 7/24/2020 2:06:36 PM<br>    ID: 4560b2e0-e358-4c14-962b-f51e907540bd | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Cathy Coble<br>cathy@gunncoble.com<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 7/24/2020 1:09:54 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |
| Juliana Vallier<br>juliana@gunncoble.com<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 7/24/2020 1:09:54 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |
| Kelly Cook<br>kc78620@gmail.com<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 7/24/2020 1:09:54 PM |

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| **Electronic Record and Signature Disclosure:**     Not Offered via DocuSign | | |
| Maggie Duffy<br>maggie@gunncoble.com<br>Gunn Coble<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 7/24/2020 1:09:55 PM<br>Resent: 7/24/2020 2:06:48 PM<br>Viewed: 7/24/2020 2:09:37 PM |
| **Electronic Record and Signature Disclosure:**     Not Offered via DocuSign | | |
| Teresa Magula<br>teresa@2flamesconsulting.com<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 7/24/2020 1:09:55 PM |
| **Electronic Record and Signature Disclosure:**     Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 7/24/2020 1:09:55 PM |
| Certified Delivered | Security Checked | 7/24/2020 2:06:37 PM |
| Signing Complete | Security Checked | 7/24/2020 2:06:45 PM |
| Completed | Security Checked | 7/24/2020 2:06:45 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 1/28/2020 3:17:13 PM
Parties agreed to: Kristina Bailey

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, Gunn Coble (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Gunn Coble:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: maggie@gunncoble.com

**To advise Gunn Coble of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at maggie@gunncoble.com and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Gunn Coble**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to maggie@gunncoble.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Gunn Coble**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to maggie@gunncoble.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Gunn Coble as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Gunn Coble during the course of your relationship with Gunn Coble.