**ALEXANDER MORRISON + FEHR LLP**
Michael S. Morrison (State Bar No. 205320)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310.394.0888 | F: 310.394.0811
E: mmorrison@amfllp.com

Attorneys for Plaintiffs
individually, on behalf of themselves,
all others similarly situated,
and the general public.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, et al., on behalf of themselves and all others similarly situated and the general public,<br><br>     Plaintiffs,<br><br> vs.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>     Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br><br>*Assigned to Hon. André Birotte Jr.*<br><br>State Case No.: BC 627757<br>State Action Filed: July 20, 2016<br>Removal Date: December 5, 2016<br><br>**PLAINTIFFS' REPLY TO THE OBJECTION TO SETTLEMENT UNDER PRIVATE ATTORNEY GENERAL ACT BY CLASS MEMBERS TRENT ANDREWS, VICTORIAS COSIO, ELIZABETH GARCIA, AND CYNTHIA CARDENAS AND PROPOSED INTERVENORS**<br><br>Date: December 4, 2020<br>Time: 10:00 am<br>Location: Crtm. 7B, 350 West First St.,<br>     Los Angeles, CA |

# TABLE OF CONTENTS

I.   Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  Legal Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.   It Is Improper to Evaluate the Fairness of The PAGA Portion of The Settlement Separate and Apart from The Class Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.   Hyams Lack Standing to Object to the PAGA Portion of The Settlement Alone. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C.   This Court Has Jurisdiction over All of The PAGA Claims. . . . . . . . . . . . . . . . . 6

    D.   The Settlement Achieves The Policies Underlying The PAGA. . . . . . . . . . . . . . . 8

    E.   There Are Sufficient Facts to Determine The Fairness of The Settlement. . . . . . . 9

    F.   The Release Is Not Overly Broad. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    G.   There Is No Collusion or Reverse Auction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

III. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## CASES

*Amaral v. Cintas Corp. No. 2*, 163 Cal. App.4th 115 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Avina v. Mariott Vacations Worldwide Corporation*, 2019 WL 8163642 (C.D. Cal. October 25, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Castro v. Paragon Indus., Inc.*, 2020 WL 1984240 (E.D. Cal. April 27, 2020). . . . . . . . . . . . . . 4

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . 6

*De Leon v. Ricoh USA, Inc.*, 2020 WL 1531331 (N.D. Cal. March 31, 2020) . . . . . . . . . . . . . . 10

*Harvey v. Morgan Stanley Smith Barney LLC*, 2020 WL 1031801 (N.D. Cal. March 3, 2020). 5, 7

*In re Chicken Antitrust Litg.*, 669 F.2d 228 (5th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Kim v. Reins International California, Inc.*, 9 Cal.5th 73 (2020). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kullar v. Foot Locker Retail, Inc.*, 168 Cal.App.4th 116 (2008). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lane v. Facebook*, 696 F.3d 811 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . 11

*Marshall v. Northrop Grumman Corp.*, 2020 WL 3630052 (June 30, 2020). . . . . . . . . . . 3, 13, 14

*Moody v. Charming Shoppes of Del., Inc.*, 2009 WL 10699672 (N.D. Cal. Dec. 18, 2009). . . . . . 6

*O'Connor v. Uber Technologies, Inc.*, 201 F.Supp.3d 1110 (N.D. Cal. 2016). . . . . . . . . . . . . . . 9

*Ochoa-Hernandez v. Cjaders Foods*, 2010 WL 1340777 (N.D. Cal. April 2, 2010). . . . . . . . . . . 5

*Officers for Justice v. Civil Service Comm'n of San Francisco,* 688 F.2d 615 (9th Cir. 1982). . 2, 4

*Patel v. Nike Retail Servs., Inc.*, 58 F.Supp.3d 1032 (N.D. Cal. 2014). . . . . . . . . . . . . . . . . . . . 15

*Sakkab v. Luxottica Retail N. Am. Inc.*, 803 F.3d 425 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . 5

*Smith v. CRST Van Expedited, Inc*, 2012 WL 5873701 (C.D. Cal. November 20, 2012). . . . . . . . 6

*Starks v. Vortex Indus., Inc.*, 53 Cal.App. 5th 1113 (2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Stoddart v. Express Services*, 2019 WL 414489 (E.D. Cal. February 1, 2019). . . . . . . . . . . . . . . 7

*Sutphin v Speik*, 15Cal.3d 195 (1940). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488 (1985). . . . . . . . . . . . . . . . . . . 12

*Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal.4th 557 (1996). . . . . . . . . . . . . . . . . . . . . . 6

REPLY TO OBJECTION TO SETTLEMENT UNDER PRIVATE ATTORNEY GENERAL ACT

*Trang v. Turbine Engine Components Technologies Corp.*, 2012 WL 6618854
(C.D. Cal. 2012)............................................................... 15

*Viceral v. Mistras Group, Inc.*, 2016 WL 5907869 (N.D. Cal. October 11, 2016)........ Passim

*Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562 (2010)........................... 6, 7

*Waisbein v. UBS Fin. Servs. Inc.*, 2007 WL 4287334 (N.D. Cal. Dec. 5, 2007)............... 6

*Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224 (2001).......................... 11

**STATUTES & REGULATIONS**

California Labor Code
     § 246(i).................................................................. 12
     § 550.................................................................... 14
     § 551.................................................................... 14
     § 850............................................................... 14, 16
     § 851............................................................... 14, 16

Federal Rules of Court
     § 23, et seq................................................................ 5

P.A.G.A 2004................................................................. 14

REPLY TO OBJECTION TO SETTLEMENT UNDER PRIVATE ATTORNEY GENERAL ACT

## MEMORNADUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This is a case where the Parties have agreed to a $10 million + Settlement, $75,000 of which has been allocated to PAGA penalties.  This fact, however, would be lost on someone reviewing the *Hyams* objectors' over 55 pages of objections.  By splitting their objections into two briefs – one dedicated to the class claims and one to the PAGA claims – *Hyams* invites this Court and any reader to view the claims comprising this Settlement in isolation and not as part of one complete settlement package. Of course, *Hyams* frames the settlement analysis in this fashion so it can argue that $75,000 is simply not enough to settle the PAGA claims. But such an approach ignores long standing Ninth Circuit authority that it is the package as a whole which determines its fairness.  *See e.g. Officers for Justice v. Civil Service Comm'n of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982).  To that end, courts tasked with evaluating the fairness of hybrid class/PAGA settlements have eschewed *Hyams'* approach in favor of a more wholistic view – one that looks at the entire settlement and decides whether it fairly compensates class members and achieves the public policy behind the PAGA.

When viewed through this prism, there is no doubt the Settlement is fair reasonable, and adequate.  As detailed in the motion for final approval (ECF No. 180), despite numerous factual and legal hurdles which could have resulted in a recovery of zero dollars, Plaintiffs have achieved an eight-figure settlement. And while it is true the Parties chose to give most of this Settlement to the Class over the state of California, there is nothing nefarious or improper about this.  Courts have routinely approved similar or more lopsided PAGA allocations, including past settlements involving *Hyams* counsel, provided the Settlement as a whole serves PAGA's deterrence objectives.  *See, e.g., Viceral v. Mistras Group, Inc.*, 2016 WL 5907869 at *9 (N.D. Cal. October 11, 2016). This Settlement clearly meets PAGA's deterrence goals and any statement to the contrary ignores the difficulty of achieving

an eight figure settlement even when a large corporate employer is involved.  These high-value settlements simply do not grow on trees – especially where arbitration looms in the background.

*Hyams'* PAGA objection renews familiar arguments - Class Counsel colluded with CVS, engaged in a reverse auction, did not properly investigate the claims, and agreed to an overbroad Release. Because these arguments have been briefed several times now, including in the companion Reply to Objection to Class Action Settlement, Plaintiffs do not address each and every argument presented by the *Hyams* objectors below.  Where appropriate, Plaintiffs refer the Court to previous briefing where the argument is addressed.[1]

Concerning the Release, it is not overbroad. Indeed, unlike *Hyams'* counsel's past class action settlements, the Release does not use the expansive terms "connected with" or "arising out of" that this Court recently disapproved of in a release in a class action case. *See Marshall v. Northrop Grumman Corp.*, 2020 WL 3630052, *6 (June 30, 2020). Instead, the scope as it pertains to PAGA is tethered to the allegations in the complaint and claims which were or could be asserted based on those allegations.  That is consistent with the law and *Hyams'* assertion that it is a violation of due process rights to refer to claims "which could have been asserted" is simply against the clear weight of authority in this area and their own past settlements.

There is also no collusion here. No reverse auction took place.  Plaintiffs investigated and analyzed the derivative PAGA claims being released and believe, based on the that analysis, the Settlement is fair and reasonable. Accordingly, Class Counsel and the Class Representatives respectfully request that the Settlement be

---

[1]*Hyams* have made a number of false statements about Class Counsels' investigation, time records, and other events relevant to this case.  While Plaintiffs directly respond to the most serious misstatements, not all have been addressed due to the sheer number of them.  Plaintiffs respectfully request that the Court not take *Hyams'* representations at face value without giving Class Counsel a chance to respond.

approved in in its entirety.

## II.   **LEGAL ARGUMENT**

### A.   **It Is Improper to Evaluate the Fairness of The PAGA Portion of The Settlement Separate and Apart from The Class Claims.**

*Hyams* objectors urge this Court to judge the fairness of the PAGA portion of the Settlement separate and apart from the Settlement of the underlying class action claims upon which they are based.  They have filed two objections as if there are two different settlements here and not one complete package.  *Hyams* provides no authority demonstrating that such a division is permissible when it comes to approval of a hybrid class and PAGA action.  Plaintiffs are unaware of any such authority.  In fact, the converse is true.

Long ago, this Circuit recognized that when it comes to approval of class action lawsuits, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness."  *Officers for Justice v. Civil Service Comm'n of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982).  While California has no authority identifying the standard a trial court applies to "review and approve any settlement of any civil action filed pursuant to [PAGA]" (*Starks v. Vortex Indus., Inc.*, 53 Cal. App. 5th 1113, 1136 (2020) *reh'g denied* (Sept. 14, 2020), *review filed* (Oct. 5, 2020)), when a PAGA claim is combined with class claims, the Court must determine if the settlement agreement is "fundamentally fair, adequate and reasonable" with reference to the public policies underlying the PAGA.  *Castro v. Paragon Indus., Inc.*, 2020 WL 1984240, at *5 (E.D. Cal. April 27, 2020).  Where a settlement for a Rule 23 class is robust, the statutory purposes of PAGA may be fulfilled even with a relatively small award on the PAGA claim itself, because such "a settlement not only vindicates the rights of the class members as employees, but may have a deterrent effect upon the defendant employer and other employers, an objective of PAGA."  *See Viceral v. Mistras Group, Inc.*, 2016 WL 5907869 at *9 (N.D. Cal. October 11, 2016) (citations omitted).

By splitting their voluminous objection briefing along PAGA and class claims' line, *Hyams* seeks to segregate the information necessary to assess the fairness of the Settlement as a whole, including whether it satisfies the public policies of the PAGA. Splitting the Settlement in this manner also allows them to attack the PAGA portion of the Settlement as if it was settled in a vacuum and represents the full extent of money going to Settlement Class Members.  Ultimately, if the Court thinks the entire Settlement package achieves the goals of the PAGA and is fair as a whole, then the Settlement should be approved.

**B.**   ___*Hyams* Lack Standing to Object to the PAGA Portion of The Settlement Alone.___

There is another reason to avoid splitting the Settlement into two separate and distinct components to be considered independently – standing issues.  Neither the PAGA statute nor case law recognize the right of other aggrieved employees to object to PAGA portion of the Settlement alone.  *See Harvey v. Morgan Stanley Smith Barney LLC*, 2020 WL 1031801 at *11 (N.D. Cal. March 3, 2020) (citing to earlier order, court finds that PAGA aggrieved employees have no ability to exclude themselves or object to a PAGA settlement); *Sakkab v. Luxottica Retail N. Am. Inc.*, 803 F.3d 425, 436 (9th Cir. 2015) ("Unlike Rule 23(c)(2), PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt-out of a PAGA action."); *Ochoa-Hernandez v. Cjaders Foods*, 2010 WL 1340777 at *5 (N.D. Cal. April 2, 2010) ("Unnamed employees need not be given notice of the PAGA claim, nor do they have the ability to opt-out of the representative PAGA claim.  There is no indication that the unnamed plaintiffs can contest a settlement, if any, reached between the parties.").

*Hyams* attaches a letter from the LWDA where a staff attorney opines the LWDA does not have the resources to comment on settlements and relies on "PAGA agents in overlapping cases" to identify settlement defects. ECF No. 185, p. 3 (and Exhibit "E" to Kramer Decl.). The problem with reliance on this letter is that it does

not have the force of law and would be an invalid, underground regulation because it does not comply with California Administrative Procedure Act rulemaking procedures. *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal. 4th 557, 571 (1996). Thus, if *Hyams* are correct that a hybrid class action/PAGA settlement can be neatly cleaved into separate parts, then doing so would preclude them from objecting to the PAGA portion, rendering this objection moot.

### C.   This Court Has Jurisdiction over All of The PAGA Claims.

*Hyams* renews their argument that the Parties cannot settle PAGA claims not previously exhausted with the LWDA. *Hyams* does not present any new arguments in support of this argument. Instead, they rehash inapposite case law where the <u>defendant-employer</u> objects to the litigation of PAGA claims not previously exhausted in the notice sent to the LWDA. ECF No. 185, pp. 4-5.

As previously argued, the law in this Circuit is absolutely clear that derivative PAGA claims can be settled even though not properly exhausted beforehand. *See Waisbein v. UBS Fin. Servs. Inc.*, No. C-07-2328 MMC, 2007 WL 4287334, at *3, 9 (N.D. Cal. Dec. 5, 2007) (release of Labor Code and PAGA claims in earlier settlement agreement barred later PAGA action even though original plaintiffs never exhausted administrative remedies); *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 587 (2010) (release of "all claims" included PAGA claims even though plaintiffs did not exhaust administrative remedies or allege PAGA in their complaint); *Moody v. Charming Shoppes of Del., Inc.*, No. C 07-6073 MHP (JL), 2009 WL 10699672, at *42 (N.D. Cal. Dec. 18, 2009)("[A]lthough PAGA was not [pleaded] in the operative complaint, nor were the administrative remedies exhausted, PAGA penalties can still be properly and validly included in the release."); *see also Smith v. CRST Van Expedited, Inc*, 2012 WL 5873701 at *3 (C.D. Cal. November 20, 2012) (finding it is "well within this court's authority to release derivative claims, even if they are not expressly asserted in the complaint"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992) ("[A] federal court may release not only those claims

alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.' ") (italic emphasis omitted).  Indeed, contrary to what *Hyams* imply, "PAGA's administrative exhaustion requirement is designed to <u>protect the interests of the LWDA and Defendants</u>, not PAGA plaintiffs."  *See Harvey v. Morgan Stanley Smith Barney LLC*, 2020 WL 1031801 at *47 (N.D. Cal. March 3, 2020) (underlined emphasis added).

Ignoring most of the above case law, *Hyams* objectors focus in on the *Villacres* decision and argue that it is dubious law following *Kim v. Reins International California, Inc.*, 9 Cal.5th 73 (2020).  *Kim* does not undermine the validity of *Villacres*.  It actually affirms the legal principle which is the underpinning of the decision.  Indeed, in the same paragraph relied on by *Hyams*, the California Supreme Court states, "Generally speaking, a prior judgment between the same parties 'is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable.'" *Id.* at 92-93 (emphasis in original), *quoting Sutphin v Speik*, 15Cal.3d 195, 202 (1940).  This is exactly the holding of *Villacres* with respect to unexhausted but derivative PAGA claims.  In the next sentence, *Kim* merely states, "But, even assuming *Villacres* was correctly decided, the situation here is obviously distinguishable." This sentence, when read in context with the previous sentence, hardly signals that *Villacres* will been disapproved of, especially given the distinct principle of law at issue in *Kim*.

With respect to the LWDA's amicus brief (ECF No. 185, p. 6), again, this does not have the force of law and contradicts the Ninth Circuit and California appellate decisions cited above.  The same is true of the District Court opinion in *Stoddart v. Express Services,* 2019 WL 414489, *7 (E.D. Cal. February 1, 2019).

/ / /

/ / /

### D.     The Settlement Achieves The Policies Underlying The PAGA.

*Hyams* argue the Settlement does not serve the statutory purposes of the PAGA.  In making this argument, however, *Hyams*' analysis focuses solely on the $75,000 allocated to PAGA as if this is the total amount being distributed to the Settlement Class.  As stated repeatedly, this is not a $75,000 PAGA settlement. This is an over ten-million dollar class action and PAGA settlement where $75,000 has been designated as civil penalties, which allows much of the rest of the Settlement fund to flow into Settlement Class Members' hands.  Significantly, *Hyams* ignores the case law cited above demonstrating the PAGA and class claims must be evaluated together to determine if the public policy goals of the PAGA have been met.

The Motion for Final Approval lists more than 17 cases where similar amounts were allocated to PAGA civil penalties in hybrid PAGA/class action settlements that were approved.  ECF No. 180, pp.43-44 and fn. 17.  A quick Westlaw/LexisNexis search will reveal hundreds more settlements with similar allocations.  This is not something which has been lost on *Hyams* counsel.  Instead, as mentioned in Plaintiffs' final approval papers, *Hyams* counsel has participated in settlements with similar PAGA allocations relative to the class claims as this case. ECF No. 180, p. 43. In reviewing the dockets of those past settlements, what is conspicuously absent is any objection on *Hyams* counsel's part to such an allocation.  It appears *Hyams* counsel, like Class Counsel here, thought before this Settlement it is preferable to allocate more money to class members than the state of California.

The case *Viceral v. Mistras Group, Inc.*, 2016 WL 5907869 at *9 (N.D. Cal. October 11, 2016) is particularly instructive and extremely analogous to this case.  In *Visceral*, the parties reached a $12,952,000 settlement primarily involving off-the-clock (including unpaid training time) and meal and rest period claims.  Only $20,000 was allocated to the PAGA, or 0.15% of the total settlement.  In support of this allocation, the parties proffered two justifications – the PAGA claims were subject to the same risks as the class claims (where there was a real risk of recovering nothing)

and the court has the discretion to lower the PAGA penalty amounts. *Id.* at 8. While the court was "mindful of the need to safeguard the statutory purposes of PAGA and to ensure that the parties do not use a PAGA claim as a mere bargaining chip," it nonetheless approved the settlement in light of the substantial risks of recovering nothing. *Id.* at 9. As stated by the court, "[W]hile the Court would ordinarily be highly skeptical of a settlement that amounts to a tiny fraction of the value of the PAGA claim … where Plaintiffs face a substantial risk of recovering nothing on either the PAGA or class claims, the Court concludes that the settlement of the PAGA claim is reasonable in the context of the settlement as a whole." *Id.*[2]

Plaintiffs have explained in detail the risks associated with prevailing on the class claims and PAGA claims.  ECF No. 180, pp. 25-45; Reply to Objection to Class Action Settlement, section II(C) (concurrently filed).  These risks were more than theoretical – they posed real challenges that could result in a recovery of zero.  Like *Viceral*, this Settlement – in light of the risks of moving ahead with litigation – achieves the purposes of the PAGA.

**E.    There Are Sufficient Facts to Determine The Fairness of The Settlement.**

*Hyams* objectors argue the record does not contain enough evidence for this Court to make an informed decision about the fairness of the Settlement because Class Counsel: (1) has not disclosed sufficient information to assess the extent of their investigation; and (2) has not demonstrated that their damages analysis conforms to the statistical reliability required for a trial.  Both of these arguments should be rejected.

The Reply to the Objection to the Class Action Settlement and Supplemental Declarations of Michael Morrison and Thomas W. Falvey (filed concurrently herewith) provide additional details about the extent of the investigation into the

---

[2] This is the same judge who presided over the *O'Connor v. Uber Technologies, Inc.*, 201 F.Supp.3d 1110, 1134 (N.D. Cal. 2016) case on which *Hyams* heavily rely.

claims at issue in this Settlement.  *See* Reply to the Objection to Class Action settlement, section II(A) [including chart of investigation relevant to the claims]; Declaration of Thomas W. Falvey In Support of Plaintiffs' Reply to Objections to Class Action Settlement from Hyams Objectors, ¶¶ 6-16, Supplemental Declaration of Michael Morrison ("Morrison Decl."), ¶¶ 2-12.  This is in addition to what was already extensively discussed in the Motion for Final Approval and Motion for Attorneys fees.

Collectively, this briefing makes clear that Class Counsel's investigation was more than sufficient to make an informed decision about the Settlement. To summarize, Class Counsel relied on a mix of formal and informal discovery [relevant policies, excel spreadsheets showing Settlement Class Members' pay information, time punches, duration of employment, etc.], dozens of witness interviews, past experience litigating similar cases involving the same Defendants and same employees, and expert analysis.  This type of investigation has been deemed to be more than adequate by courts.[3]

Further, as argued in the Motion for Final Approval, this Court is not required to determine a specific monetary value associated with each claim.  *See Lane v. Facebook*, 696 F.3d 811, 823 (9th Cir. 2012)("[W]e reject Objectors' argument insofar as it stands for the proposition that the district court was required to find a specific monetary value corresponding to each of the plaintiff class's statutory claims

---

[3] *See De Leon v. Ricoh USA, Inc.,* 2020 WL 1531331 (N.D. Cal. March 31, 2020) ("[A] court's focus is on whether 'the parties carefully investigated the claims before reaching a resolution.' [citation omitted] The Court's Preliminary Approval Order discussed Class Counsel's investigation of Plaintiff's claims, including witness interviews, exchanging formal discovery with Defendants and reviewing hundreds of pages of documents, exchanging additional documents in preparation for private mediation, engaging in private mediation with an experienced mediator, negotiating with Defendants, and considering Defendants' asserted defenses and the value of Plaintiff's claims … The Court determined that 'there is no indication that Plaintiff rushed into settlement or was otherwise ill-informed about the case and could not 'reasonably assess its strengths and value.' " [citation omitted].)

and compare the value of those claims to the proffered settlement award."). <u>This is a settlement – not a trial.</u>  "In the context of a settlement … the test is not the maximum amount plaintiffs might have obtained at trial on the complaint, but rather whether the settlement is reasonable under all of the circumstances." *Avina v. Mariott Vacations Worldwide Corporation*, 2019 WL 8163642, at *7 (C.D. Cal. October 25, 2019) (*quoting Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 250 (2001));  *see also City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (1974) (court "must stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case," but nonetheless it "must eschew any rubber stamp approval in favor of an independent evaluation.") Much of the information *Hyams* demands – the level of statistical reliability, confidence bands, how sample sizes were selected – are not necessary in order for this Court (and the Parties for that matter) to determine a reasonable settlement value.

Class counsel is also not required to prove damages and penalties with trial-level certainty when settling a class action and PAGA case. If this was the law, then settlements could never be approved where informal or a mix of formal and informal discovery was relied on to value the claims. *See Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998) ("In the context of class action settlement, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement.") (*quoting In re Chicken Antitrust Litg.*, 669 F.2d 228, 241 (5th Cir. 1982)).  All Plaintiffs in this case were required to do is to provide enough information for the Court to make an informed decision whether the Settlement is within the "ballpark" of reasonableness.  *See Kullar v. Foot Locker Retail, Inc.*, 168 Cal.App.4th 116, 133 (2008) ("We do not suggest that the court should attempt to decide the merits of the case or to substitute its evaluation of the most appropriate settlement for that of the attorneys. However, as the court does when it approves a settlement  … the court must at least satisfy itself that the class settlement is within

the "ballpark" of reasonableness), *quoting Tech–Bilt, Inc. v. Woodward–Clyde & Associates* (1985) 38 Cal.3d 488, 499–500; *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-463 (2nd Cir. 1974) ("The question becomes whether or not the District Court had before it sufficient facts intelligently to approve the settlement offer.")

Plaintiffs have provided dozens of pages of analysis explaining the risks of litigating <u>each</u> of the claims in this case. Plaintiffs have analyzed the relevant case law, discussed the relevant policies, identified factual and legal problems to liability as well as presented damages projections arrived at with the assistance of an expert.[4] This type of analysis is totally lacking from *Hyams*' nearly 60 pages of objections. Like their improper communications to Settlement Class Members on their website, *Hyams* paints the rosiest picture with respect to the value of their claims but fail to discuss any of the risks of litigation.  They do not analyze contrary case law.  They do not address CVS's counter arguments. They pretend as if they cannot lose, which is not grounded in reality.  While the Court has more than enough to determine the fairness of this Settlement, it does not have the information to assess the reasonableness of *Hyams'* damages projections about their own case.  However, it is not necessary for this Court to do so as *Hyams* case is not before this Court.

One must also keep in mind that the PAGA claims in this case are largely derivative of the class claims and will succeed or fail for the same reasons. Plaintiffs are not required to detail their investigation of the PAGA claims separate and apart from the class claims from which they derive when they are derivative.  Again, by

---

[4] For example, *Hyams* complains Plaintiffs do not detail their investigation into the Labor Code 246(i) claims, but Plaintiffs presented statutory and case authority which holds that civil penalties are not available for this type of notice violation.  ECF No. 180, p. 42.  What more would be needed to investigate a claim than the fact that the statutory and case law do not permit the recovery of civil plaintiffs by a PAGA plaintiff?  This is emblematic of the types of baseless criticism lobbed by *Hyams* and their counsel at Class Counsel.

splitting their objections into PAGA and class claims, *Hyams* is inviting the Court to view the settlement and investigation disjunctively.  But they are two sides of the same coin and when evaluated together, demonstrate the fairness of the result achieved here.

### F.    The Release Is Not Overly Broad.

Plaintiffs' final approval papers (ECF No. 180, pp. 17-20) and the concurrently filed Reply to Objection to Class Action Settlement from *Hyams* Objectors (section II(B)) demonstrates how the Release is proper and conforms to the law.  As demonstrated in that briefing, the language adopted by the Parties in this Settlement is standard release language in this Circuit and state. If invalidated, hundreds if not thousands of class action settlements would never have been approved and many pending ones would be in jeopardy.  But *Hyams*' counsel knows this.  Indeed, while *Hyams* objectors argue that a release of "all claims under the PAGA that were or could have been asserted" violates the due process rights of Settlement Class Members, it neglects to mention that its counsel has agreed to much more expansive release language in its past class action settlements.  For example, Jennifer Kramer (one of *Hyams* counsel) agreed to a release in a class action settlement which releases:

> [A]ll claims, demands, rights, liabilities, and causes of action **that were or could have been asserted in the lawsuit**, whether in tort, contract, statute, rule, ordinance, order, regulation **or otherwise**, including state and federal wage and hour laws … including … **the PAGA**… *relating to, on the basis of, in connection with, or arising out of*, **in whole or in part, the alleged facts and claims at issue, including but not limited to…**

Exhibit "3" to Morrison Decl, section 18(a) (emphasis added).  Despite its breadth, Ms. Kramer did not object to this release on behalf of the class on due process or overbreadth grounds.  Recently in *Marshall v. Northrop Grumman*, 2020 WL

3630052, *6 (June 30, 2020), this Court disapproved of a release as being overbroad with the identical language as the one to which *Hyams* counsel previously agreed. This Court's discussion in that case supports the lawfulness of the *Chalian* Release. In *Marhsall*, the release covered "any cause of action, demand, or claim on the basis of, connected with, or arising out of any Released Claims." This Court was concerned with "connected with" or "arising out of" language, which it noted has been given "expansive interpretations" by courts. *Id.* In contrast to *Marhsall* and the past settlement involving *Hyams* counsel, the *Chalian* Release as it pertains to PAGA releases: "(i) all claims under the Private Attorneys General Act of 2004 ("PAGA") that were or could have been asserted **based on** the facts, claims, causes of action or legal theories … pleaded in the Wage and Hour Actions." (emphasis added). By using the phrase "based on" as opposed to "connected to" or "arising out of", the Parties in this case have properly tethered the scope of the Release to claims that were or could have been asserted based on the allegations in the action.

*Hyams* next criticizes Plaintiffs' investigation and valuation of the Labor Code section 850-851 claims, arguing they were deficient.[5]  Neither was deficient. Plaintiffs provide two damages analysis in their motion for final approval.  One analysis - conducted with Plaintiffs' expert's assistance - tracks the allegations in the complaint and the theory asserted that off-the-clock work caused violations of sections 850-851.  In support of this analysis, Plaintiffs provide: (1) the violation rate per pay period (27% of pay periods affected); (2) total number of affected employees (11,998 pharmacy employees [not just pharmacists as *Hyams* falsely claims]), (3) total number of affected pay periods (42,921), and potential exposure ($4,292,100).[6]

---

[5] Significantly, *Hyams* does not dispute Plaintiffs' evaluation of the Labor Code 246(i) and 550-551 claims.  As such, they have implicitly conceded that Plaintiffs' assessment of these claims is fair and reasonable.

[6] *Hyams* fault Plaintiffs for using $100 as the penalty amount per pay period – not the "subsequent violation level" of $250. California law is clear that a "subsequent violation" level applies only to violations <u>after</u> the employer is on notice that its

Plaintiffs then argue that this amount could be reduced if a court determines additional civil penalties are unwarranted due to being excessive (i.e. penalty stacking for the same violation), or if CVS is able to demonstrate it meets one of the statutory enumerated defenses (accidental death, sickness, epidemic). ECF No. 180, pp. 41 and fn. 16.

Next, Plaintiffs present CVS's arguments and damages projections for the 850-851 violations (regardless of reason) for pharmacists and provide that information to the Court ($2.6 million for affected pharmacists based on CVS's review of records and case law limiting violations to pharmacists only). *See* ECF No. 180, pp. 40-42. As the above makes clear, by presenting Plaintiffs' and Defendants' assessment and valuation of these claims, Plaintiffs have certainly provided the Court with enough information to assess their strength and relative settlement value.

Ultimately, it appears *Hyams*' primary criticism is Plaintiffs have not properly evaluated <u>their case</u>. This Court should resist the temptation to analyze and value another case's claims which are the subject of pending law and motion practice (partial motion for summary judgment), especially before the *Hyams* court has made any ruling about the degree of overlap between this case and theirs (which is also before the *Hyams* judge).[7]

---

continued conduct is unlawful. Until "notified that it is violating a Labor Code provision (whether or not the Commissioner or court chooses to impose penalties), the employer cannot be presumed to be aware that its continuing underpayment of employees is a "violation" subject to penalties." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1209, 78 Cal.Rptr.3d 572 (2008); *see Trang v. Turbine Engine Components Technologies Corp.,* 2012 WL 6618854, at *5 (C.D. Cal. 2012) (" 'subsequent' violations in the PAGA context means not just later in time but following notice to the employer that it is in violation of the Labor Code," citing *Amaral* ); *Patel v. Nike Retail Servs., Inc.*, 58 F.Supp.3d 1032, 1042 (N.D. Cal. 2014) (same).

[7] *Hyams* also protest that it is unfair for pharmacists and pharmacy techs to share the PAGA portion of the Settlement. ECF No. 185, p. 19. However, this position is based on the erroneous statement that Plaintiffs only believe pharmacists can recover

### G.   There Is No Collusion or Reverse Auction.

Repeating arguments already made in their companion class action objection and opposition to the motion for preliminary approval, *Hyams* objectors argue Plaintiffs have colluded with CVS and engaged in a reverse auction by including derivative claims such as sections 850-851 in the Release.  Plaintiffs respond generally to the collusion and reverse auction allegations in the motion for final approval (ECF No. 180, pp. 17-20, 23-24) and concurrently filed Reply to Objection to the Class Action Settlement (Section II(B)).  It is not necessary to repeat those arguments here.

One argument not addressed in the final approval motion or the companion Reply to Objection to Class Action Settlement is *Hyams'* assertion that by including language identifying potential overlapping litigation in the Court approved Notice, Plaintiffs were agreeing "with CVS … to wrap the *Hyams* claims into the settlement." ECF No. 185, p. 22.  *Hyams* counsel know full well this is not true.  Indeed, in a recorded meet and confer video call, Class Counsel denied *Hyams'* accusation the Notice language was intended to expand the scope of the Release or to express an opinion about the extent of overlap between the cases. Class Counsel explained the new Notice was meant to be informative and avoid the argument at final approval that Settlement Class Members' due process rights were violated because potential overlapping litigation was not properly identified.  Morrison Decl., ¶ 17.

*Hyams* also accuse the Parties of hiding this Settlement from the Court because they did not file a joint report within ten days of the second mediation concluding. This is again false. The failure to provide a joint report within ten days of the conclusion of the second mediation session was simply an oversight.  There would be

on the section 850-851 claims.  Plaintiffs' $4+million dollar evaluation, however, includes both pharmacists and pharmacy techs, as shown above. Given the similar claims shared between pharmacists and pharmacy techs, Class Counsel do not believe separate allocations of the PAGA amounts are necessary.

no reason to hide this Settlement from the Court or public because: (1) Class Counsel was not aware of the *Hyams* case at the time of Settlement (or any other potential objectors for that matter); and (2) the report to the Court would only have informed the Court if a settlement was reached; it would not have identified the terms of the Settlement (so there was nothing to hide).  Morrison Decl., ¶18. This type of baseless supposition is at the heart of most *Hyams'* collusion arguments.  They should not be given credence by this Court.

## III.   **CONCLUSION**

Plaintiffs have achieved a robust Settlement which achieves the deterrent purposes of the PAGA.  As such, it should be approved by this Court in its entirety.

Dated: November 25, 2020          Respectfully submitted,

                                            ALEXANDER MORRISON + FEHR LLP


                                            By:  /s/ Michael Morrison
                                               Michael S. Morrison
                                                 Attorneys for Plaintiffs and the proposed
                                               Classes

## CERTIFICATE OF SERVICE

I, Michael Morrison, an employee in the City of Los Angeles, certify that on November 25, 2020, caused a true and correct copies of the foregoing be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this matter:

**PLAINTIFFS' REPLY TO THE OBJECTION TO CLASS ACTION SETTLEMENT FROM HYAMS OBJECTORS ;**

**PLAINTIFFS' REPLY TO THE OBJECTION TO SETTLEMENT UNDER PRIVATE ATTORNEY GENERAL ACT BY CLASS MEMBERS TRENT ANDREWS, VICTORIAS COSIO, ELIZABETH GARCIA, AND CYNTHIA CARDENAS AND PROPOSED INTERVENORS ;**

**SUPPLEMENTAL DECLARATION OF MICHAEL MORRISON IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND IN RESPONSE TO THE HYAMS OBJECTION TO SETTLEMENT UNDER PRIVATE ATTORNEY GENERAL ACT AND OBJECTION TO CLASS ACTION SETTLEMENT**

*[SEE SERVICE LIST]*

November 25, 2020                    ALEXANDER MORRISON + FEHR LLP

                              By:    s/ Michael Morrison
                                     MICHAEL MORRISON
                                     1900 Avenue of the Stars, Suite 900
                                     Los Angeles, CA 90067
                                     Attorneys for Plaintiff, Sevag Chalian

**[SERVICE LIST]**

| | |
|---|---|
| Counsel for Defendant: <br> Tyler R. Andrews, Esq. <br> Roger L. Scott, Esq. <br> Christina Signs, Esq. <br> James N. Boudreau, Esq. <br> **GREENBERG TRAURIG, LLP** <br> 3161 Michelson Drive, Suite 1000 <br> Irvine, California 92162 <br> T:    949 732 6500 <br> F:    949 732 6501 <br> E:    andrewst@gtlaw.com <br> E:    scottro@gtlaw.com <br> E:    signsc@gtlaw.com <br> E:    boudreauj@gtlaw.com | *Counsel for Defendant:* <br> R. Craig Clark, Esq. <br> Alicja A. Urtnowski <br> **The Clark Law Group** <br> 3258 Fourth Avenue <br> San Diego, California 92103 <br> T:    619.239.1321 <br> F:    888.273.4554 <br> E:    cclark@clarklawyers.com <br> E:    aurtnowski@clarklawyers.com <br> E:    mrodriguez@clarklawyers.com |
| *Counsel for Plaintiffs-Intervenors:* <br> Jennifer Kramer <br> Ashley H. Cruz, Esq. <br> Barbara Du-Van-Clarke, Esq. <br> **Jennifer Kramer Legal, APC** <br> 5015 Eagle Rock Blvd., Suite 202 <br> Los Angeles, California 90041 <br> T:    213.955.0200 <br> F:    213.226.4358 <br> E:    jennifer@laborlex.com <br> E:    ashleyhcruz@laborlex.com <br> E:    barbara@laborlex.com | *Counsel for Plaintiffs-Intervenors:* <br> Michael H. Boyamian, Esq. <br> Armand R. Kizirian, Esq. <br> **BOYAMIAN LAW, INC.** <br> 550 N. Brand Blvd., Suite 1500 <br> Glendale, California 91203 <br> T:    818.547.52300 <br> F:    818.547.5678 <br> E:    michael@boyamianlaw.com <br> E:    armand@boyamianlaw.com |
| *Counsel for Plaintiffs-Intervenors:* <br> Beth A. Gunn, Esq. <br> Catherine J. Coble, Esq. <br> **GUNN COBLE LLP** <br> 303 North Glenoaks Blvd., Suite 200 <br> Burbank, CA 91502 <br> T:    818.900.0695 <br> F:    818.900.0723 <br> E:    beth@gunncoble.com <br> E:    cathy@gunncoble.com | *Co-Counsel for Plaintiff:* <br> Elizabeth Gill, Esq. <br> AMERICAN CIVIL LIBERTIES UNION <br> FOUNDATION OF NORTHERN <br> CALIFORNIA <br> 39 Drumm St. <br> San Francisco, CA 94111 <br> T:    (415) 621-2493 <br> F:    (415) 225-8437 <br> E:    egill@aclunc.org |
| *Co-Counsel for Plaintiff:* <br> Thomas W. Falvey, Esq. <br> **Law Offices of Thomas W. Falvey** <br> 550 N. Brand Blvd., Suite 1500 <br> Glendale, California 91203 <br> T:    818.547.5200 <br> F:    818.500.9307 <br> E:    thomaswfalvey@gmail.com | *Co-Counsel for Plaintiff:* <br> R. Craig Clark, Esq. <br> **CLARK LAW GROUP** <br> 3258 Fourth Avenue <br> San Diego, California 92103 <br> T:    619.239.1321 <br> F:    888.273.4554 <br> E:    cclark@clarklawyers.com |