THOMAS W. FALVEY, SBN 65744
thomaswfalvey@gmail.com
LAW OFFICES OF THOMAS W. FALVEY
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Telephone:  (818) 547-5200
Facsimile:  (818) 500-9307

Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK BRENNAN,
and the Putative Class
(*Additional Counsel for Plaintiffs Listed On Following Page*)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, et al., on behalf of themselves and all others similarly situated and the general public,<br><br>                              Plaintiffs,<br><br>       vs.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br><br>*Assigned to Hon. André Birotte Jr.*<br><br>State Case No.: BC 627757<br>State Action Filed: July 20, 2016<br>Removal Date: December 5, 2016<br><br>**DECLARATION OF THOMAS W. FALVEY IN SUPPORT OF PLAINTIFFS' REPLY TO THE OBJECTION TO CLASS ACTION SETTLEMENT FROM *HYAMS* OBJECTORS**<br><br>[FILED CONCURRENTLY WITH PLAINTIFFS' REPLY TO THE OBJECTION TO CLASS ACTION SETTLEMENT FROM HYAMS OBJECTORS ]<br><br>Date:        December 4, 2020<br>Time:        10:00 am<br>Location: Crtm. 7B, 350 West First<br>               St., Los Angeles, CA |

1  Michael H. Boyamian, SBN 256107
   Armand R. Kizirian, SBN 293992
2  BOYAMIAN LAW, INC.
   550 N. Brand Blvd., Suite 1500
3  Glendale, CA 91203
   Telephone:  (818) 547-5300
4  Facsimile:   (818) 547-5678
   E-mail: michael@boyamianlaw.com
5          armand@boyamianlaw.com

6  Michael S. Morrison, SBN 205320
   ALEXANDER MORRISON + FEHR LLP
7  1900 Avenue of the Stars, Suite 900
   Los Angeles, California 90067
8  Telephone:  (310) 394-0888
   Facsimile:   (310) 394-0811
9  E-mail: mmorrison@amfllp.com

10 R. Craig Clark (SBN 129219)
   cclark@clarklawyers.com
11 Alicja A. Urtnowski (SBN 321215)
   aurtnowski@clarklawyers.com
12 CLARK LAW GROUP
   3258 Fourth Avenue
13 San Diego, CA 92103
   Telephone: (619) 239-1321
14 Facsimile:  (888) 273-4554

15 Walter Haines, SBN 071075
   UNITED EMPLOYEES LAW GROUP
16 5500 Bolsa Avenue, Suite 201
   Huntington Beach, CA 92649
17 Telephone: (562) 256-1047
   Facsimile: (562) 256-4554

18
19 Attorneys for Plaintiffs SEVAG CHALIAN,
   SIGFREDO CABRERA, ENKO TELAHUN,
   CHRISTINE MCNEELY, PATRICK BRENNAN,
20 and the Putative Class

21
22
23
24
25
26
27
28

**DECLARATION OF THOMAS W. FALVEY IN SUPPORT OF PLAINTIFFS' REPLY TO THE
OBJECTION TO CLASS ACTION SETTLEMENT FROM *HYAMS* OBJECTORS**

## DECLARATION OF THOMAS W. FALVEY

I, Thomas W. Falvey declare and state as follows:

1.      I am an attorney duly licensed to practice law in the State of California.  I am a member in good standing of the State Bar of California, and the Northern District of California.  I am one of the attorneys of record in the instant litigation, and I make this declaration in support of Plaintiffs' Reply to the Objection from Class Action Settlement from *Hyams* Objectors in the matter of *Chalian, et al. v. CVS Pharmacy, Inc., et al*.

2.      I founded my law firm in 1981.  Prior to that I was an attorney with the firm of Bodkin, McCarthy, Sargent & Smith (previously known as Bodkin, Breslin & Luddy), working primarily as a defense attorney.  I have been practicing in the field of employment law since 1979, and have, since then, continuously represented employee-plaintiffs (and, on very rare occasions, defendant-employers).  In the past several years, my practice has been exclusively devoted to the field of employment law.  I have represented plaintiffs at all levels including the federal and state trial courts, the California Court of Appeal, and the Ninth Circuit Court of Appeals.

3.      I received my Juris Doctor degree in December 1975 from U.C.L.A. School of Law and became licensed to practice law in California at that time.  I have an extensive background in both employment and plaintiff-oriented civil litigation.  The litigation of wage and hour cases, including class action matters under both state and federal law, is a significant part of my day-to-day practice.  I have been lead counsel in numerous employment cases filed under various statutes, including The Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the California Labor Code, California Fair Employment and Housing Act, and other analogous statutes.  I currently have many cases pending, and have filed numerous cases which have resulted in positive results for literally thousands of individuals, involving Plaintiffs' employment law, in both federal and state court.

////

**DECLARATION OF THOMAS W. FALVEY IN SUPPORT OF PLAINTIFFS' REPLY TO THE OBJECTION TO CLASS ACTION SETTLEMENT FROM *HYAMS* OBJECTORS**

4.      While this case was filed in 2016, your declarant became involved in and settled several, previous actions on behalf of CVS employees.  In fact, immediately before filing the instant action in July of 2016, my office was counsel of record in eleven (11) class actions for unpaid wages filed against CVS.  These eleven (11) class actions were filed to encompass the six (6) regions which CVS utilizes as it organization of stores in California. These eleven (11) cases targeted, in essence, types of cases, one on behalf of pharmacists who "float," i.e., travel among stores, and the second on behalf of pharmacists who have worked seven (7) days in a row.  All in all, my office has previously litigated fourteen wage and hour class action lawsuits against CVS.  The instant suit of *Chalian v. CVS* is the 15th wage and hour action my office has pursued against CVS on a class basis.

5.      The Law Offices of Thomas W. Falvey previously consisted of your declarant, and two associates, Michael H. Boyamian and Armand R. Kizirian.  It specializes in employment matters, including class-action litigation in federal and state court.  A substantial portion of our class action cases consisted of wage and hour cases in California state and federal court.

6.      Your declarant has been involved in representing CVS pharmacists since 2006 (*Tong/Chau v. CVS RX Services, Inc.*, supra).  Since that time, throughout more than fourteen years, your declarant has spoken with hundreds of pharmacists, and visited them throughout the state in regard to protecting their rights.  Moreover, our firm, together with our co-counsel, has conducted significant investigation of this case, and constantly engaged in substantial discovery and legal analysis during the prosecution of this action, and in preparation for the two rounds of mediation.

7.      In particular, at the outset of this case and during the pendency of this matter, your declarant and his office contacted and was contacted by numerous former and current CVS employees and spoke with them in order to assess their grievances.  As with any law firm, the discussion centered on the full panoply of

**DECLARATION OF THOMAS W. FALVEY IN SUPPORT OF PLAINTIFFS' REPLY TO THE OBJECTION TO CLASS ACTION SETTLEMENT FROM *HYAMS* OBJECTORS**

1   any and all viable legal claims alleged, to be alleged, and the potential trial of this

2   matter.

3       8.   Of the discussions your declarant and my office has had with CVS

4   pharmacists and the like concerned, among other items, meal and rest break

5   violations.  Your declarant's office personally corresponded with over 75 CVS

6   employees in connection with their employment at CVS, which also encompassed

7   relevant discussions about their ability or inability to take meal and rest periods.

8   After Mr. Morrison and his firm were brought in as co-counsel to this case, we

9   tried to identify another class representative for the meal and rest break violations

10  since Mr. Chalian expressed his ability to take meal and rest breaks.  Ultimately,

11  your declarant in discussions and agreement with co-counsel, determined that meal

12  and rest break violations would not be amenable to class treatment, primarily, for

13  two reasons.

14      9.   The first has to do with the decision in *Dukes v. Wal-Mart*, 131 S.Ct.

15  2541 (2011).   The essence of that case, at least from attorneys who practiced class

16  action law, was that one suddenly might have a difficult time bringing an action

17  against a company which included employees who worked throughout the state of

18  California.  In fact, the *Chau/Tong v. CVS* case cited above was for all of CVS'

19  pharmacies located in California at that time, which, in effect only covered

20  Southern California, going up to roughly as far north as Ventura or so.  Plaintiffs'

21  counsel later filed a case entitled *Hadjavi, et al v. CVS Pharmacy, Inc., et al*, Case

22  No. CV 10-4886-SJO (RCx) (C.D. Cal.), in 2010.  However, that case, upon being

23  removed, was deemed too large to have commonality, such that it became obvious

24  to Your Declarant and plaintiffs' counsel that individual cases would have to be

25  filed for each of the regions in order to even attempt to prevail.

26      10.   CVS has two regions covering northern California.  Region 73 for all

27  intents and purposes, covers CVS pharmacies along the coast, centering in San

28  Francisco, and going north and south perhaps 50 miles or so.  Region 74 covers

**DECLARATION OF THOMAS W. FALVEY IN SUPPORT OF PLAINTIFFS' REPLY TO THE OBJECTION TO CLASS ACTION SETTLEMENT FROM *HYAMS* OBJECTORS**

Northern California, going as far north as Redding and Eureka, all the way down to Bakersfield, in what is often called the Central Valley of California.

11.    Within these regions, CVS has "Districts" which cover, roughly, about 18 stores each.  Sometimes pharmacists only work within one district in that region.  For other pharmacists, they might work in as many as 20 or 30 or 40 or up to 100 different pharmacies.  And, in fact, the pharmacists in the northern part of California can work in either region.  The pharmacists, surprisingly, perhaps, often didn't know in which particular region (CVS has regions numbered 54, 60, 65, 72, 73 and 74 in California) they worked.  Moreover, it was only through constant cross-checking and analyzing this data that we were able to determine the extent of pharmacists who worked in more than one region.

12.    CVS has four regions in Southern California.  Region 54 covers, for all intents and purposes, the area of San Diego County.  Region 60 covers Orange county heading along up the coast toward Los Angeles.  Region 65 cover the northwest part of Los Angeles County, north to San Luis Obispo.  Region 72 covers what might be considered the Inland Empire, and going south toward Palms Springs and east on the 10 Freeway.  Your declarant has attached a map, (Exhibit 1 hereto) of these various regions, so the court can see how and why it becomes difficult for counsel to track class members, given their mobility and the different store assignments given them by CVS.

13.    Why does this unique geography of regions, districts, and stores matter?  Because in discussions with CVS pharmacists and pharmacy employees, it began to seem to your declarant that meal and rest break policies and practices differed from Region to Region, District to District, and from store to store.

14.    The second reason is that we learned of disparate experiences among CVS employees when it came to meal and rest periods. For example, one pharmacist would say that he or she received her meal and rest breaks when she worked in Store X, but then we he or she worked or floated to another CVS store,

**DECLARATION OF THOMAS W. FALVEY IN SUPPORT OF PLAINTIFFS' REPLY TO THE OBJECTION TO CLASS ACTION SETTLEMENT FROM *HYAMS* OBJECTORS**

1   the manager was apathetic about breaks, or there was no schedule for breaks.  We

2   came to learn of other CVS employees who had no issues with meal or rest breaks.

3   We also understood from others that they may have worked in a high volume

4   pharmacy which made meal and rest breaks difficult to achieve.  It therefore

5   became readily apparent that in contrast to the unpaid training time, or the

6   previously 7-day or Floater cases, the meal and rest break claims could become

7   more difficult to identify an overarching common policy and procedure that would

8   be amenable to class treatment.  CVS' meal and rest break policies were also

9   facially complaint so the argument in a contested, class certification motion would

10  naturally pivot to the direction of a *de facto* policy where CVS employees were

11  overworked and did not have enough time for statutory breaks.  In your declarant's

12  experience in handling dozens of class action cases, those types of arguments can

13  prove difficult to achieve class certification on in a contested motion.

14       15.    Shortly before the filing of the Chalian complaint, my office also came

15  to learn of the *Howard v. CVS Caremark Corp.* No. 15-55465 (9th Cir. 2016)

16  decision, where the Ninth Circuit affirmed the district court's order denying class

17  certification.  Although that decision focused on "off-the-clock" work, the central

18  argument by plaintiff's counsel in *Howard* was that the Rx Connect Data could be

19  used as common proof to determine whether CVS pharmacists were working off-

20  the-clock.  That approach appealed to my office as a basis to determine the

21  legitimacy of meal and rest breaks.  However, the Ninth Circuit unfortunately

22  agreed with the district court that such data from CVS was ultimately unreliable.

23       16.    We therefore proceeded to prosecute this action on a legal theory

24  which we reasonably believed through our extensive investigation and our prior

25  experience in handling CVS cases would allow us the best opportunity to obtain

26  relief for CVS employees.  We worked diligently and hard to get a maximum

27  benefit for as many class members as possible.  The results speak for themselves.

28  As explained in Plaintiffs' Motion for Final Approval, an eight figure settlement in

**DECLARATION OF THOMAS W. FALVEY IN SUPPORT OF PLAINTIFFS' REPLY TO THE OBJECTION TO CLASS ACTION SETTLEMENT FROM *HYAMS* OBJECTORS**

1  excess of $10,000,000.00 was achieved for over 20,000 class members, a

2  substantial number greater than the average for wage and hour class actions.

3       I declare under penalty of perjury under the laws of the State of California

4  and the United States that the foregoing is true and correct and based on my

5  personal knowledge.

6       Executed on November 25, 2020, at Moorpark, California.

7

8                        /s/ Thomas W. Falvey

9                        Thomas W. Falvey

10

11

12  **ATTESTATION**

13       I hereby attest that the concurrence in the filing of this document has been

14  obtained from Thomas W. Falvey of the Law Offices of Thomas W. Falvey,

15  Attorneys for Plaintiffs.

16

17  Dated: November 25, 2020        By:  /s/ Armand R. Kizirian
                                  Armand R. Kizirian

18
19                           Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO

20  TELAHUN, CHRISTINE MCNEELY,
PATRICK BRENNAN, and the Settlement

21  Class

22

23

24

25

26

27

28

**DECLARATION OF THOMAS W. FALVEY IN SUPPORT OF PLAINTIFFS' REPLY TO THE OBJECTION TO CLASS ACTION SETTLEMENT FROM *HYAMS* OBJECTORS**

Exhibit "1"

# California CVS Stores by Region



CVS Stores
by region

- ● Region 54   (82)
- ● Region 60   (151)
- ● Region 65   (130)
- ● Region 72   (160)
- ● Region 73   (181)
- ● Region 74   (149)

CVS 01036