1    ROB HENNIG (STATE BAR NO. 174646)
     rob@employmentattorneyla.com
2    DAT TOMMY PHAN (STATE BAR NO. 316813)
     dat@employmentattorneyla.com
3    HENNIG RUIZ & SINGH, P.C.
     3600 Wilshire Blvd., Suite 1908
4    Los Angeles, CA 90010
     Telephone: (213) 310-8301
5    Fax: (213) 310-8302

6    Attorneys for Class Member-Objector-Proposed Intervenor
     PARVIN GHASSEMIAN

7

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br>Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br>Assigned to Hon. Andre Birotte Jr.<br>*Related Case No.:2:20-cv-02401-AB-AGR*<br><br>**PROPOSED INTERVENOR PARVIN GHASSEMIAN'S *EX PARTE* APPLICATION: (1) TO INTERVENE, (2) TO CONTINUE THE DECEMBER 4, 2020 HEARING ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT, (3) FOR DISCOVERY AS TO PLAINTIFFS' COUNSEL'S DUE DILIGENCE, AND (4) FOR LEAVE TO FILE A SUR-REPLY; DECLARATION OF ROB HENNIG IN SUPPORT THEREOF.**<br><br>DATE:     December 4, 2020<br>TIME:     10:00 a.m.<br>PLACE:   Courtroom 7B<br>              350 West First Street,<br>              Los Angeles, California |

i

HENNIG
RUIZ,
SINGH

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Class Member-Objector-Proposed Intervenor PARVIN GHASSEMIAN (hereinafter "GHASSEMIAN") hereby moves *ex parte* for an order from the Honorable Andre Birotte Jr. of the United States District Court for the Central District of California, located at 350 West First Street Courtroom 7B, Los Angeles, CA 90012:

    (1) to intervene in this case pursuant to Fed. R. Civ. P. 24(a) and (b);

    (2) to continue the December 4, 2020 hearing on final approval of class action settlement by forty-five (45) days;

    (3) for discovery as to Plaintiffs' counsel's due diligence in prosecuting this action, specifically a PMQ deposition; and

    (4) for leave to file a sur-reply to Plaintiffs' response to the objections of GHASSEMIAN to the proposed class actions settlement (ECF No. 204)

The *ex parte* application is made on the grounds that Plaintiffs Sevag Chalian' ("Plaintiff" or "Chalian") and related plaintiffs Sigfredo Cabrera ("Cabrera"), Enko Telahun ("Telahun"), and Christine McNeely ("McNeely") (collectively, "Plaintiffs"), working in conjunction with Defendants and Simpluris, Inc., the claims administrator in the above-entitled action, have failed to represent GHASSEMIAN's interest in the action by failing to provide the Court with the entirety of GHASSEMIAN's Objections to the Court. GHASSEMIAN had prepared Objections, with two supporting declarations from herself and her counsel Rob Hennig, Esq., detailing why she believed that the proposed class action settlement was vastly inadequate and unfair to her and all other silent class members. Neither declarations were provided to the Court in any of the Reply filings. The failure to present the entirety of GHASSEMIAN's objection – the conspicuous failure to include two lengthy and detailed declarations – substantially impairs her interest in the action and demonstrate the inability of Class Counsel to represent GHASSEMIAN's interests as to the Motion for Final Approval.

ii

HENNIG
RUIZ,
SINGH

GHASSEMIAN further seeks a brief 45-day continuance of the upcoming hearing to conduct specific targeted discovery as to Plaintiff's counsels' due diligence in prosecuting this action vis-à-vis a person most qualified deposition.

Finally, GHASSEMIAN seeks leave from the Court to file a brief sur-reply to respond to new arguments raised in Plaintiffs' response to GHASSEMIAN's objections, due five court days after the close of GHASSEMIAN's period for discovery.

On November 30, 2020, counsel for Proposed Intervenor GHASSEMIAN emailed counsel for Plaintiffs and Defendants to inform them that GHASSEMIAN would be seeking the aforementioned *ex parte* relief from the Court. *See* Declaration of Rob Hennig ¶ 7, Ex A. On December 1, 2020, shortly before 5:00 p.m., counsel for Plaintiffs and CVS both stated they would oppose GHASSEMIAN's *ex parte* motion. *See Id*.

Dated: December 2, 2020          HENNIG RUIZ & SINGH, P.C.

　　　/s/ Rob Hennig　　　　　　
Rob Hennig
Dat Tommy Phan
Attorneys for Class Member-Objector-
Proposed Intervenor
PARVIN GHASSEMIAN

HENNIG
RUIZ,
SINGH

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................. 1

II.     RELEVANT BACKGROUND INFORMATION ........................................ 2

III.    ARGUMENT ........................................................................................ 5

        A.. Fed. R. Civ. P. 24(a) and 24(b) Provides Proposed Intervenor Ghassemian
        a Right to Intervene in this Case. ...................................................... 5

        B. Under Fed. R. Civ. P. 24(a), Ghassemian's Interest in the Matter Would Be
        Irreparably Impaired if She is Unable to Intervene in this Action to Protect
        Her Interest. ....................................................................................... 6

        C. Under Fed. R. Civ. P. 24(b), Ghassemian Should Be Permitted to Intervene
        in the Action. ..................................................................................... 8

        D. Ghassemian Seeks a Brief 45-Day Continuance of the Hearing on Final
        Approval of Class Action Settlement to Conduct Specific Discovery as to
        Plaintiffs' Counsel Due Diligence in Prosecuting this Action. ........................ 9

        E. Ghassemian Seeks Leave from the Court to File a Sur-Reply Given That
        Plaintiff's Raised New Arguments in Their Response to Ghassemian's
        Objections to the Proposed Class Action Settlement. ................................... 10

IV.     CONCLUSION. ................................................................................. 11

HENNIG
RUIZ,
SINGH

# TABLE OF AUTHORITIES

**CASES**

*Baxter Bailey & Assocs. v. Ready Pac Foods*, 2020 U.S. Dist. LEXIS
104496, *1 (C.D.Cal) ........................................................ 10

*Blake v. Pallan*, 554 F.2d 947 (9th Cir. 1977) ........................................ 5

*Chamness v. Bowen*,
722 F.3d 1110 (9th Cir. 2013) ........................................ 5

*Greene v United States*, 996 F2d 973 (9th Cir 1993) ........................... 8

*Hill v. England*, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005) .................. 10

*Munoz v. PHH Corp.*,
2013 WL 3935054 (E.D. Cal. Jul. 29, 2013) ......................... 6

*Parvin Ghassemian v. CVS Pharmacy et al.*, Case No. 30-2019-
01088926-CU-OE-CJC ............................................... 3

*Schmidt v. Shah*, 696 F. Supp. 2d 44, 59 (D.D.C. 2010) ..................... 10

*Sevag Chalian et al. v. CVS Pharmacy, Inc. et al*, Case No. 2:16-cv-
08979 (C.D. Cal.) ................................................... 3

*Sigfredo-Cabrera et al. v. CVS Pharmacy., Inc. et al.*, Case No. 2:20-
cv-02401 (C.D. Cal.) ................................................ 3

*Southwest Ctr. For Biological Diversity v. Berg*,
268 F.3d 810 (9th Cir. 2001) ...................................... 5

*Ubaldi v. SLM Corp.*,
2014 WL 12639952 (N.D. Cal. June 13, 2014) ...................... 6

*United States v. Board of Education*, 605 F.2d 573 (2d Cir. 1979) ............ 5

*Viet Bui v. Spring Corp.*,
2015 WL 3828424 (E.D. Cal. June 19, 2015) ...................... 5

**STATUTES**

Cal. Lab. Code § 1194 ............................................................... 3

HENNIG
RUIZ,
SINGH

v

Cal. Lab. Code § 226 ................................................................................................. 3

Cal. Lab. Code § 226.7 .............................................................................................. 3

Cal. Lab. Code § 2698 ............................................................................................... 3

Cal. Lab. Code § 510 ................................................................................................. 3

Cal. Lab. Code § 512 ................................................................................................. 3

Cal. Lab. Code § 98.6 ................................................................................................ 3

Cal. Lab. Code §1102.5 ............................................................................................. 3

Fed. R. Civ. P. 24 ..............................................................................................ii, 1, 2, 5, 6, 8, 9

HENNIG
RUIZ,
SINGH

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    INTRODUCTION

3

Class Member, Objector, and Proposed Intervenor PARVIN GHASSEMIAN

4

("hereinafter "GHASSEMIAN") seeks an *ex parte* order from the Court to: (1) to

5

intervene in this case pursuant to Fed. R. Civ. P. 24(a) and (b)(1); (2) to continue

6

the December 4, 2020 hearing on final approval of class action settlement by forty-

7

five (45) days; (3) for discovery as to the due diligence of counsel for Plaintiffs

8

Sevag Chalian ("Plaintiff" or "Chalian") and related plaintiffs Sigfredo Cabrera

9

("Cabrera"), Enko Telahun ("Telahun"), and Christine McNeely ("McNeely")

10

(collectively, "Plaintiffs") in prosecuting this action, and (4) for leave to file a sur-

11

reply to Plaintiffs' response to the Objections of GHASSEMIAN to the proposed

12

class actions settlement (ECF No. 204), due five court days after the close of

13

GHASSEMIAN's period for discovery.

14

On or about October 5, 2020, GHASSEMIAN received a "Notice of Class

15

Action Settlement and Release of Claims" in the mail. *See* Intervenor-Complaint,

16

Ex. B (Ghassemian Decl., ¶ 3, Ex. B.) After reviewing the notice, GHASSEMIAN

17

learned that she was part of the putative class and that as a part of the proposed

18

class action settlement, she was expected to receive approximately $894.64 based

19

on 219.00 weeks worked for CVS during the class period, less applicable

20

withholdings. See *Id*.  The proposed settlement is vastly inadequate and unfair to

21

GHASSEMIAN representing a recovery of less than 1 percent of her provable

22

damages.  Furthermore, because GHASSEMIAN is representative of many other

23

class members, the proposed settlement is vastly inadequate and unfair to all other

24

silent class members.

25

As a result of GHASSEMIAN's evidentiary findings as to the inadequate and

26

unfair settlement, she submitted objections to the proposed class action settlement.

27

Central to her objections were two supporting declarations from herself and her

28

counsel, Rob Hennig, Esq., detailing why she believed that the proposed class

HENNIG
RUIZ,
SINGH

1

action settlement was grossly inadequate and unfair.

First, GHASSEMIAN seeks to intervene under both Fed. R. Civ. P. 24(a) and (b) because her wage and hour claims under the California Labor Code are the subject of this action, and adjudicating those claims in accordance with the proposed class action settlement would irreparably impair and impede GHASSEMIAN's ability to protect her interest. Plaintiffs' counsel has not only failed to adequately represent GHASSEMIAN's interest, but has actively thwarted GHASSEMIAN's efforts to represent her own interest. GHASSEMIAN's own declaration and the declaration of her counsel Rob Hennig, Esq., were inexplicably excluded from the documents filed with and provided to the Court in advance of the hearing on approval of class action settlement scheduled for December 4, 2020 at 10:00 a.m.

Second, GHASSEMIAN seeks a 45-day continuance of the December 4, 2020 hearing on final approval of class action settlement to allow time to conduct specific discovery as to Class Counsel's due diligence in determining that the proposed settlement is indeed fair and adequate. Specifically, GHASSEMIAN seeks a person most qualified ("PMQ") deposition on the due diligence done by Plaintiffs' prior to settlement being signed, including any due diligence during the negotiations with CVS.

Finally, GHASSEMIAN seeks leave from the court to file a sur-reply to Plaintiff's response to GHASSEMIAN's Objections to the proposed class action settlement. (ECF No. 204). GHASSEMIAN believes that *ex parte* relief is proper here because of the urgency of ensuring that the Court has the requisite information before the December 4, 2020 final approval hearing and see why the parties' proposed class action settlement should be denied.

## II.     RELEVANT BACKGROUND INFORMATION

Class Member, Objector, and Proposed Intervenor PARVIN GHASSEMIAN

is currently pursuing an action against Defendants CVS Pharmacy, Inc. and CVS Rx Services, Inc. (collectively, "Defendants" or "CVS"), in Orange County Superior Court. The matter is titled *Parvin Ghassemian v. CVS Pharmacy et al.*, Case No. 30-2019-01088926-CU-OE-CJC, which was filed on August 8, 2019. *See* Intervenor-Complaint, Ex. B (Ghassemian Decl., ¶ 1, Ex. A ("State Court Complaint")). In her state court action, GHASSEMIAN alleges a number of claims against Defendants for discrimination, retaliation, failure to engage in a timely good-faith interactive process, among other causes of action under Fair Employment and Housing Act (hereinafter "FEHA"), and retaliation in violation of Cal. Lab. Code §§ 1102.5 and 98.6. *See* Intervenor-Complaint, Ex. B (Ex. A, State Complaint at ¶ 2).

GHASSEMIAN further alleges that Defendants violated numerous wage and hour laws under the California Labor Code, including by: (1) failing to provide meal periods and rest breaks (Cal. Lab. Code §§ 226.7 and 512); (2) failing to pay a minimum wage and overtime (Cal. Lab. Code §§ 510 and 1194); (3) failing to provide accurate itemized wage statements (Cal. Lab. Code § 226(a); and (4) failing to pay waiting time penalties (Cal. Lab. Code §§ 2698, *et seq.*) *See* Intervenor-Complaint, Ex. B (Ex. A, State Complaint at ¶ 2). Jury trial in the matter is currently scheduled for July 30, 2021 at 9:00 a.m. in Department C-19, the Hon. Walter P Schwarm presiding.

On or about October 5, 2020, GHASSEMIAN received a "Notice of Class Action Settlement and Release of Claims" in the mail. *See* Intervenor-Complaint, Ex. B (Ghassemian Decl., ¶ 3, Ex. B). GHASSEMIAN learned that there were two pending class actions in the U.S. District Court for the Central District of California: *Sevag Chalian et al. v. CVS Pharmacy, Inc. et al*, Case No. 2:16-cv-08979 (C.D. Cal.) and *Sigfredo-Cabrera et al. v. CVS Pharmacy., Inc. et al*., Case No. 2:20-cv-02401 (C.D. Cal.).

After reviewing the notice, Ghassemian learned that she part of the putative

3

class. Although not included in any notice of the class action settlement, GHASSEMIAN was able to calculate that as a part of the proposed class action settlement, she was expected to receive approximately $894.64 based on 219.00 weeks worked for CVS during the class period, less applicable withholdings. *See Id*. **The recovery by GHASSEMIAN as part of this class action settlement represents less than one percent of her provable damages.**

GHASSEMIAN's objection is based upon the enormously inadequate monetary payment in the proposed class action settlement.  Furthermore, because GHASSEMIAN's claims are typical of other class members, GHASSEMIAN reasonably concludes that the proposed class action settlement is vastly inadequate and unfair to not just her but all other silent class members. As a result, she submitted objections, with two supporting declarations from herself and her counsel Rob Hennig, Esq., detailing why she believed that the proposed class action settlement was grossly inadequate and unfair. *See* Declaration of Rob Hennig ("Hennig Decl."), ¶ 4.

However, GHASSEMIAN later learned that while Plaintiffs provided her Objections, buried as the final exhibit in the declaration of Christiana L. Signs (ECF Nos. 203, 203-1, Ex. 6), counsel for Defendants, GHASSEMIAN's own declaration and the declaration of her counsel, Rob Hennig, Esq., were inexplicably excluded from the documents filed with and provided to the Court in advance of the hearing on final approval of class action settlement scheduled for December 4, 2020 at 10:00 a.m. *See* Hennig Decl., ¶ 5.

Class Counsel have a clear obligation to provide the *entirety* of GHASSEMMIAN's objection to this Court. The failure of Class Counsel to provide the entirety of GHASSEMIAN's objection demonstrates that they are unable to represent GHASSEMIAN's interest in this action.

The failure of Class Counsel to provide the entirety of GHASSEMIAN's objection has made it necessary for GHASSEMIAN to seek intervention in this

4

HENNIG
RUIZ,
SINGH

action to safeguard her own interests in advance of the critical upcoming hearing for final approval of class action settlement.

## III. ARGUMENT

### A. Fed. R. Civ. P. 24(a) and 24(b) Provides Proposed Intervenor Ghassemian a Right to Intervene in this Case.

Under FRCP 24(a), a court must permit an applicant to intervene when: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Viet Bui v. Spring Corp.*, 2015 WL 3828424, at *1 (E.D. Cal. June 19, 2015) (citing *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013)). Although the applicant bears the burden of establishing each criterion for intervention, "the rule is construed 'broadly, in favor of the applicant for intervention.'" *Yorkshire v. United States IRS*, 26 F.3d 942, 944 (9th Cir. 1994). To that end, when evaluating a motion to intervene, the Court must accept as true nonconclusory allegations of the motion and proposed complaint in intervention. *See Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

The court may further permit the applicant to intervene under Fed. R. Civ. P. 24(b) if the applicant satisfies three threshold criteria: (1) its motion is timely; (2) it has independent grounds for federal jurisdiction; and (3) its claim or defense and the main action share a common question of law or fact. *See Greene v United States*, 996 F2d 973, 978 (9th Cir 1993). However, the requirement of independent grounds for jurisdiction is not required in a class action. *See Blake v. Pallan*, 554 F.2d 947, 955 (9th Cir. 1977). The purpose of intervention, whether of right or permissive, is to enable those satisfying requirements of Rule 24 to assert their interests in all pending aspects of law suit, within limitations of purpose imposed at time of intervention. *See United States v. Board of Education*, 605 F.2d 573, 576 (2d Cir. 1979). Under both Fed. R. Civ. P. 24(a) and (b)(1), GHASSEMIAN has satisfied the standard for

5

intervention.

### B. Under Fed. R. Civ. P. 24(a), Ghassemian's Interest in the Matter Would Be Irreparably Impaired if She is Unable to Intervene in this Action to Protect Her Interest.

GHASSEMIAN has established the four factors for intervention in this case as a right under Fed. R. Civ. P. 24(a). First, as a class member and objector, GHASSEMIAN has significant protectable interest in the relief sought in the proposed class action settlement. The proposed settlement seeks to settle out GHASSEMIAN's wage and hour claims under the California Labor Code for meal and rest break violations; minimum wage and overtime violations; inaccurate itemized wage statements, and waiting time penalties. *See* Intervenor-Complaint, Ex. B (State Complaint at ¶ 2); *see also Munoz v. PHH Corp.*, 2013 WL 3935054, at *12 (E.D. Cal. Jul. 29, 2013) (finding intervenor "has significant protectable interests at issue," as plaintiffs' "FAC alleges claims that span a class period encompassing [intervenor's] claims."); *Ubaldi v. SLM Corp.*, 2014 WL 12639952, at *5 (N.D. Cal. June 13, 2014) (intervenors' interests were impaired because operative complaint still alleged claims in which they had a direct interest).

Here, the objections that GHASSEMIAN submitted, supported by two declarations, had articulated her belief that the arbitrary and paltry amount allocated to GHASSEMIAN and other class members were clearly inadequate. GHASSEMIAN conservatively estimated that based on her regular rate of pay of $73.02, that her economic damages from wage and hour violations were about $133,573.47; compared to the $894.64 offered to Ghassemian based on the class action settlement, ***this represents a mere 0.67 percent of the total value of her claims***. (ECF No. 201-1, Ex. 6, 17:1-19:1). The disposition of this class action based on the proposed settlement would irreparably impair and impede GHASSEMIAN's ability to protect her own interest.

Third, GHASSEMIAN's *ex parte* application to intervene is timely. GHASSEMIAN adhered to the Simpluris, Inc. class action notice requirements for

HENNIG
RUIZ,
SINGH

6

submitting objections by November 6, 2020. *See* Hennig Decl., ¶ 4. Over the Thanksgiving weekend, Defendants filed a declaration that only included the memorandum of points and authorities for GHASSEMIAN's objections to the proposed class action settlement, and excluded GHASSEMIAN's own declaration and that of her counsel Rob Hennig, Esq. (ECF Nos. 203, 203-1). *See* Hennig Decl., ¶ 5.

On November 30, 2020, Mary Butler, the Case Manager for Simpluris, Inc. submitted a supplemental declaration that similarly failed to include GHASSEMIAN's two supporting declarations. *See* Hennig Decl., ¶ 6. Later that day, GHASSEMIAN gave *ex parte* notice to counsel for Plaintiffs and Defendants of her intention to intervene *See* Hennig Decl., ¶ 6, Ex. A. On December 1, 2020, shortly before 5:00 p.m., Counsel for Plaintiffs and CVS both stated they would oppose Ms. Ghassemian's *ex parte* motion. GHASSMIAN filed this *ex parte* motion shortly thereafter. Thus, this motion is timely.

Finally, Plaintiffs in the action have demonstrated that they are unable to adequately represent GHASSEMIAN's interests in the action. The requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests "may be" inadequate and that the burden of making this showing is minimal. *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983); *see also Legal Aid Society v. Dunlop*, 618 F.2d 48, 50 (9th Cir. 1980).

Here, GHASSEMIAN is able to satisfy this minimal burden. GHASSEMIAN has explained at lengths in her Objections to the proposed class action settlement that: (1) the procedural posture leading up to the consolidation of the complaints for *Sevag Chalian et al. v. CVS Pharmacy, Inc. et al*., Case No. 2:16-cv-08979 (C.D. Cal.) and *Sigfredo-Cabrera et al. v. CVS Pharmacy., Inc. et al.*, Case No. 2:20-cv-02401 (C.D. Cal.) and expansion of the claims in this litigation *after* settlement suggest collusion; (2) the proposed settlement is not fair or adequate as to either non-exempt, hourly pharmacists in Regions 65 and 72, or to all non-exempt, hourly

7

1   employees of CVS in California, for which GHASSEMIAN is a class member; (3)

2   the amount allocated to GHASSEMIAN and absent class members is clearly

3   inadequate; and (4) the proposed attorneys fee award is an unearned windfall. *See*

4   Intervenor Complaint, Ex. A, 3:24-4:10 (ECF Nos. 203, 203-1, Ex. 6).

5       The circumstance makes it clear that proposed intervenor GHASSEMIAN

6   must be allowed to intervene in this action to protect her own interest in the litigation

7   set to be adjudicated at the upcoming hearing on final approval of class actions

8   settlement on December 4, 2020.

9       **C.    Under Fed. R. Civ. P. 24(b), Ghassemian Should Be Permitted to Intervene in the Action.**

10      Even if GHASSEMIAN is not granted the opportunity to intervene as a matter

11  of right, the Court should still permit GHASSEMIAN to permissively intervene in

12  this action under Fed. R. Civ. P. 24(b). The applicant must typically satisfy three

13  threshold criteria: (1) its motion is timely; (2) it has independent grounds for federal

14  jurisdiction; and (3) its claim or defense and the main action share a common question

15  of law or fact. *Greene v United States*, 996 F2d 973, 978 (9th Cir 1993). In exercising

16  its discretion, the court must consider whether the intervention will unduly delay or

17  prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P 24(b)(3).

18      As a class member and objection, GHASSEMIAN's California Labor Code

19  claims involve common questions of law and fact sought to be adjudicated by the

20  proposed class action settlement. As explained above, GHASSEMIAN's motion is

21  timely, as she gave notice to the parties at the first opportunity after confirming on

22  November 30, 2020, that Simpluris, Inc. failed to supplement the parties' deficient

23  production of the entirety of GHASSEMIAN's objections to the class action

24  settlement, by excluding the two supporting declarations.

25      Further, GHASSEMIAN specifically requests a brief 45-day continuance of

26  the hearing on final approval for a specific purpose, to conduct a PMQ deposition on

27  Plaintiff's counsel's due diligence in prosecuting the action. This will not delay or

28  prejudice the adjudication of the original parties' rights. Rather, it directly protects

HENNIG
RUIZ,
SINGH

8

the interest of silent class members by seeking to ensure that Plaintiffs' counsel had conducted adequate discovery prior to agreeing to settlement, and verify whether collusion may have occurred among counsels, given the settlement represent pennies on the dollar of the estimated liabilities. Thus, the Court should permissively grant GHASSEMIAN's motion to intervene under Fed. R. Civ. P. 24(b).

**D.  Ghassemian Seeks a Brief 45-Day Continuance of the Hearing on Final Approval of Class Action Settlement to Conduct Specific Discovery as to Plaintiffs' Counsel Due Diligence in Prosecuting this Action.**

In GHASSEMIAN's objections to the proposed class actions settlement, she highlights four primary deficiencies: (1) (a) the procedural posture re consolidation of the complaints for *Sevag Chalian et al. v. CVS Pharmacy, Inc. et al*., Case No. 2:16-cv-08979 (C.D. Cal.) and *Sigfredo-Cabrera et al. v. CVS Pharmacy., Inc. et al.*, Case No. 2:20-cv-02401 (C.D. Cal.) and expansion of the claims in this litigation *after* settlement suggest collusion; (b) the settlement was not fair or adequate to Class A (hourly, non-exempt CVS pharmacists located in Region 65 or 72), and Class B (hourly, non-exempt CVS employees); (c) the amount allocated to Class A and B is arbitrary and grossly inadequate; and (d) the proposed attorneys' fee award is an unearned windfall. *See* Intervenor Complaint, Ex. A, 3:24-4:10 (ECF Nos. 203, 203-1, Ex. 6)

Given that these major deficiencies threaten GHASSEMIAN's interest, as well as the interest of other class members, GHASSEMIAN reasonably requests a 45-day continuance of the December 4, 2020 hearing on final approval. Specifically, GHASSEMIAN seeks to conduct specific discovery, a PMQ deposition on the due diligence done prior to settlement being in negotiations with CVS, and any due diligence during mediation as to the *added claims under Cal. Lab. Code §§ 850 to 852 that were added mediations and the settlement was signed.*

Such discovery is targeted and limited to evaluating whether Plaintiff's counsel conducted proper discovery in advance of agreeing to overly broad settlement with Defendant CVS. Such a PMQ deposition can be accomplished in a

9

day, and ensure that Plaintiff's counsel adhered to their fiduciary duty to the protect the interest of all class members.

**E.      Ghassemian Seeks Leave from the Court to File a Sur-Reply Given That Plaintiff's Raised New Arguments in Their Response to Ghassemian's Objections to the Proposed Class Action Settlement.**

"The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Baxter Bailey & Assocs. v. Ready Pac Foods*, 2020 U.S. Dist. LEXIS 104496, *1 (C.D.Cal), *2 (*quoting Schmidt v. Shah*, 696 F. Supp. 2d. 44, 59 (D.D.C. 2010) A district court may allow a sur-reply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

GHASSEMIAN submitted objections to the proposed class action settlement, which were not provided in its entirety to the Court by Plaintiffs and/or Defendants. *See* Hennig Decl., ¶¶ 5-6. Not only was GHASSEMIAN's objection buried in Defendants' declaration, the parties did not even provide GHASSEMIAN's own declaration and the declaration of her counsel, Rob Hennig, Esq. to the court in advance of the final approval hearing. *See Id*.

Moreover, in Plaintiff's response to GHASSEMIAN's objections, they raise a number of new arguments. (*See* ECF No. 204). Plaintiffs' argues that: (1) GHASSEMIAN, **a class member that would be bound by the proposed class settlement**, is not representative of the settlement class and that her damages are grossly inflated, because she is but one employee; (2) GHASSEMIAN did not address prevailing case law that there is a relaxed class certification standard for settlement classes; (3) GHASSEMIAN attacked the character and professional reputation of Class Counsel making unfounded accusations of mudslinging and misinterpreting the law, and (4) mockingly belittles GHASSEMIAN's counsel prior experience as "miniscule," and, contending that he lacks "credibility and trustworthiness" (*See* ECF No. 204, 1:16-3:22) A sur-reply here is necessary given

10

new arguments raised by Plaintiffs for which GHASSEMIAN has not had an opportunity to respond, including the need to correct the record as to Plaintiffs' deeply personal attacks.

Most importantly, after three declarations containing differing accounts and justifications for this settlement, it is still unclear what specific actions were undertaken by the lead Class Counsel, Michael Morrison, Esq., or any of the other attorneys for Plaintiffs to determine that the class action settlement was fair and equitable and when were those actions undertaken. GHASSEMIAN seeks leave of this Court to file a Sur-Reply explaining in detail why Morrison's shifting explanations of due diligence are inadequate and fail to meet the standard required for Class Counsel.

## IV.   CONCLUSION.

For all of the foregoing reasons, GHASSEMIAN respectfully requests that the Court grant an *ex parte* order to allow GHASSEMIAN to intervene in this case, continue the final approval hearing by 45 days, for discovery as to Class Counsel's due diligence in prosecuting this action, and for leave to file a sur-reply to Plaintiff's response to GHASSEMIAN's Objections to the proposed class action settlement.

Dated: December 2, 2020         HENNIG RUIZ & SINGH, P.C.


     /s/ Rob Hennig
Rob Hennig
Dat Tommy Phan
Attorneys for Class Member and Objector
PARVIN GHASSEMIAN