ROB HENNIG (STATE BAR NO. 174646)
rob@employmentattorneyla.com
DAT TOMMY PHAN (STATE BAR NO. 316813)
dat@employmentattorneyla.com
HENNIG RUIZ & SINGH, P.C.
3600 Wilshire Blvd., Suite 1908
Los Angeles, CA 90010
Telephone: (213) 310-8301
Fax: (213) 310-8302

Attorneys for Class Member-Objector-Proposed Intervenor
PARVIN GHASSEMIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>    Plaintiffs,<br><br>    v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br><br>    Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br>Assigned to Hon. Andre Birotte Jr.<br>*Related Case No.:2:20-cv-02401-AB-AGR*<br><br>**DECLARATION OF ROB HENNIG IN SUPPORT OF PARVIN GHASSEMIAN'S *EX PARTE* APPLICATION: (1) TO INTERVENE, (2) TO CONTINUE THE DECEMBER 4, 2020 HEARING ON APPROVAL OF CLASS ACTION SETTLEMENT, (3) FOR DISCOVERY AS TO PLAINTIFFS' COUNSEL'S DUE DILIGENCE, AND (4) FOR LEAVE TO FILE A SUR-REPLY**<br><br>DATE:    December 4, 2020<br>TIME:    10:00 a.m.<br>PLACE:    Courtroom 7B<br>            350 West First Street,<br>            Los Angeles, California |

1

DECLARATION OF ROB HENNIG ISO GHASSEMIAN'S *EX PARTE* APPLICATION

I, ROB HENNIG, declare as follows:

1. I am the managing partner of Hennig Ruiz & Singh p.c. I am a licensed, active member of the State Bar of California. I am also a member of the bar of the United Stated District Courts for the Central District of California, the Northern District of California, the Eastern District of California, the Second Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the Supreme Court of The United States.

2. I have personal knowledge of the facts i am hereafter attesting to. This personal knowledge has been attained by my own actions and experiences and also observations as to this litigation.

3. I write this declaration as one of the attorneys of record for Parvin Ghassemian. Ms. Ghassemian currently has wage and hour claims pending in *Ghassemian v. CVS Pharmacy, Inc., et al.*, Orange County Superior Court Case No. 30-2019-01088926-CU-OE-CJC.

4. I prepared Ms. Ghassemian's Objections, along with my own and Ms. Ghassemian's supporting declaration, to the proposed class action settlement in the matter of *Sevag Chalian et al. v. CVS Pharmacy, Inc. et al.*, Case No. 2:16-cv-08979 (C.D. Cal.) and *Sigfredo-Cabrera et al. v. CVS Pharmacy.*, Inc. et al., Case No. 2:20-cv-02401 (C.D. Cal), which I submitted to Simpluris, Inc. on November 6, 2020 in adherence of the class action notice's requirements. I personally prepared all of these documents and ensured that these documents were sent, as required, by first class mail to Simpluris' Post Office Box.

5. Over the Thanksgiving weekend, I learned that Defendants' counsel Christiana L. Signs e-filed with the Court a declaration that buried the Ms. Ghassemian's the Memorandum of Points and Authorities for Objections as the final referenced exhibit in the declaration. (ECF Nos. 203, 203-1, Ex. 6). However, both my and Ms. Ghassemian's declaration were inexplicably excluded from the

documents e-filed with and provided to the Court in advance of the hearing on approval of class action settlement scheduled for December 4, 2020 at 10:00 a.m.

6. On November 30, 2020, Mary Bulter, the Case Manager for Simpluis, Inc. submitted a supplemental declaration that summarized statistics around objections and opt-outs, but similarly failed to include either of the declarations in support of Ms. Ghassemian's Objections.

7. On November 30, 2020, my associate Dat Tommy Phan, Esq., gave *ex parte* notice that Ms. Ghassemian sought: (1) to intervene in this case pursuant to Fed. R. Civ. P 24; (2) to continue the December 4, 2020 hearing on final approval of class action settlement by 45 days; (3) for discovery as to Plaintiffs' counsel's due diligence in prosecuting this action, and (4) for leave to file a sur-reply to Plaintiffs' response to Ms. Ghassemian's objections to the proposed class actions settlement. On December 1, 2020, shortly before 5:00 p.m., Counsel for Plaintiffs and CVS both communicated that they would oppose Ms. Ghassemian's *ex parte* motion. A true and correct copy of the correspondences is attached hereto and incorporated herein as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and, if called to testify, I could and would competently testify to the above facts.

Executed this 2nd day of December, 2020, at Los Angeles, California.

/s/
_____
ROB HENNIG

# Exhibit A

## dat@employmentattorneyla.com

| | |
|---|---|
| **From:** | dat@employmentattorneyla.com |
| **Sent:** | Monday, November 30, 2020 6:38 PM |
| **To:** | 'mmorrison@amfllp.com'; 'signsc@gtlaw.com'; 'boudreauj@gtlaw.com' |
| **Cc:** | Rob Hennig |
| **Subject:** | RE: [Chalian v. CVS Pharmacy et al.] - Ex Parte Notice |

Counsel:

A slight modification of the *ex parte* notice is required:

On behalf of proposed intervenor Parvin Ghassemian, we are giving *ex parte* notice that Ms. Ghassemian intends to move for an order from the Court as to the following:
- (1) to intervene in this case pursuant to Fed. R. Civ. P. 24;
- (2) to continue the December 4, 2020 hearing on approval of class action settlement by 45 days;
- (3) for discovery as to Plaintiffs' counsel's due diligence in prosecuting this action, and
- (4) for leave to file a sur-reply to Plaintiffs' response to Ms. Ghassemian's objections to the proposed class actions settlement.

Please let us know if counsel for Plaintiffs and Defendants will be opposing the *ex parte* application by the **close of business day tomorrow, December 1, 2020**.

Regards,

-Dat

---

**From:** dat@employmentattorneyla.com <dat@employmentattorneyla.com>
**Sent:** Monday, November 30, 2020 5:59 PM
**To:** 'mmorrison@amfllp.com' <mmorrison@amfllp.com>; 'signsc@gtlaw.com' <signsc@gtlaw.com>; 'boudreauj@gtlaw.com' <boudreauj@gtlaw.com>
**Cc:** Rob Hennig <rob@employmentattorneyla.com>
**Subject:** [Chalian v. CVS Pharmacy et al.] - Ex Parte Notice

Counsel:

On behalf of proposed intervenor Parvin Ghassemian, we are giving *ex parte* notice that Ms. Ghassemian intends to move for an order from the Court as to the following:
- (1) to intervene in this case pursuant to Cal. Code of Civ. Proc. § 387;
- (2) to continue the December 4, 2020 hearing on approval of class action settlement by 45 days;
- (3) for discovery as to Plaintiffs' counsel's due diligence in prosecuting this action, and
- (4) for leave to file a sur-reply to Plaintiffs' response to Ms. Ghassemian's objections to the proposed class actions settlement.

Please let us know if counsel for Plaintiffs and Defendants will be opposing the *ex parte* application by the **close of business day tomorrow, December 1, 2020**.

Regards,

-Dat

---

Dat Tommy Phan, Esq.
Hennig Ruiz & Singh, p.c.
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
(213) 310-8301 phone
(213) 310-8302 fax
dat@employmentattorneyla.com
www.employmentattorneyla.com



---

*Please note:  This message is being sent by a law firm.  The information contained in this message is personal and confidential information intended only for the use of the individual or entity named herein.  This message may also contain work-product information protected by law.  In accordance with IRS Circular 230 Disclosure, this law firm does not provide tax advice.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the above listed sender.*

**dat@employmentattorneyla.com**

| | |
|---|---|
| **From:** | boudreauj@gtlaw.com |
| **Sent:** | Tuesday, December 1, 2020 4:01 PM |
| **To:** | dat@employmentattorneyla.com |
| **Cc:** | mmorrison@amfllp.com; signsc@gtlaw.com; rob@employmentattorneyla.com |
| **Subject:** | Re: [Chalian v. CVS Pharmacy et al.] - Ex Parte Notice |

Dat - CVS will oppose, largely because: (1) you have unduly delayed in seeking this relief; (2) yiu have cited no evidence or proof that would warrant discovery; and (3) Judge Birotte has already denied intervention to a similarly situated party (which we presume you are aware of). If you would like to discuss at all, let me know.

Sent from my iPhone

On Nov 30, 2020, at 8:58 PM, dat@employmentattorneyla.com wrote:

**\*EXTERNAL TO GT\***

Counsel:

On behalf of proposed intervenor Parvin Ghassemian, we are giving *ex parte* notice that Ms. Ghassemian intends to move for an order from the Court as to the following:
  (1)   to intervene in this case pursuant to Cal. Code of Civ. Proc. § 387;
  (2)   to continue the December 4, 2020 hearing on approval of class action settlement by 45 days;
  (3)   for discovery as to Plaintiffs' counsel's due diligence in prosecuting this action, and
  (4)   for leave to file a sur-reply to Plaintiffs' response to Ms. Ghassemian's objections to the proposed class actions settlement.

Please let us know if counsel for Plaintiffs and Defendants will be opposing the *ex parte* application by the **close of business day tomorrow, December 1, 2020**.

Regards,

-Dat

Dat Tommy Phan, Esq.
Hennig Ruiz & Singh, p.c.
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
(213) 310-8301 phone
(213) 310-8302 fax
dat@employmentattorneyla.com
www.employmentattorneyla.com
  <image001.jpg>

*Please note:  This message is being sent by a law firm.  The information contained in this message is personal and confidential information intended only for the use of the individual or entity named*

1

*herein.  This message may also contain work-product information protected by law.  In accordance with IRS Circular 230 Disclosure, this law firm does not provide tax advice.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the above listed sender.*

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**dat@employmentattorneyla.com**

| | |
|---|---|
| **From:** | Alicja A. Urtnowski <aurtnowski@clarklawyers.com> |
| **Sent:** | Tuesday, December 1, 2020 4:50 PM |
| **To:** | dat@employmentattorneyla.com |
| **Cc:** | Michael Morrison; 'Tom Falvey'; Michael Boyamian; Armand Kizirian; Clark Law Group Administrative Assistant; R Craig Clark; Signsc; Boudreauj; rob@employmentattorneyla.com |
| **Subject:** | Re: [Chalian v. CVS Pharmacy et al.] - Ex Parte Notice |

Mr. Phan,

It is apparent that you are coordinating with counsel in Hyams v. CVS Health Corporation, et.al., Gunn-Coble and Jennifer Kramer to obstruct, and disrupt the Class Action Settlement for pharmacy department employees in Chalian v. CVS Pharmacy, *et. al*. I believe you have been (or will be) copied on our response to Hyams' counsel's notice of intent to file an *ex parte* application to delay the final approval hearing set for December 4, 2020. You may incorporate that response into this response to your request to "let us know if counsel for Plaintiffs … will be opposing the *ex parte* application."

Your email additionally adds that you will be seeking to intervene into the Chalian's case and will seek to file a sur-reply to Plaintiffs' response to Ms. Ghassamian's objections.

We do not believe your client meets the requirements to intervene in the Chalian case. Case law is clear that class action opt out and objection procedure is more than sufficient to protect your client's interests and that intervention is unwarranted. Additionally, you could have filed a motion to intervene at or before the time you filed the objection on behalf of your client via regular noticed motion. To wait until 4 days before the hearing on final approval to attempt to intervene as well as to continue the hearing in order to conduct discovery is, at the least, untimely and legally insufficient. Indeed, the piecemeal manner in which you have chosen to present your arguments seems calculated to achieve one purpose – to delay the final approval hearing. You have also not made a factual showing that supports discovery into Plaintiffs counsels' diligence. You have not shown any impropriety on Plaintiffs counsels' part. Instead, you have lobbed one baseless allegation after another against us without regard to the truth or facts. Shame on you.

Your request for a sur-reply is equally untimely and not legally well founded. Between you and your co-objectors, over 80 pages of briefing and hundreds of pages of exhibits have been filed against this settlement. This is in addition to prior briefing from your co-objectors on many of the same topics you plan to raise in the ex parte application. More briefing is not needed to assist the Court. Moreover, the objection procedure approved by the court does not contemplate a sur reply, nor would one be proper as Plaintiffs are the moving party and entitled to the last word in support of their motion.

We will be opposing your *ex parte* application if you choose to go forward with it. Though we have not sought sanctions for any of the more than questionable filings and actions that have taken place in this settlement process, we believe, given the ongoing nature of these actions, we may, in addition to opposing your application, seek sanctions given the incredible abuse of the judicial process that has occurred and is ongoing.

Finally, we assume you have discussed with your client that by not opting out of the settlement and instead choosing to remain a class member and object she may be impacting her rights to an individual recovery for her in her individual case (to the extent she is asserting wage and hour claims embraced by the settlement) if the settlement is approved.

Sincerely,

--

**Alicja A. Urtnowski**
*Attorney*

3258 Fourth Avenue
San Diego, CA 92103
**Tel:**   (619) 239 - 1321
**Fax:** (888) 273 - 4554



**PRIVILEGED AND CONFIDENTIAL:** The information contained in this e-mail message and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited.  If you received this e-mail message in error, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

**From:** dat@employmentattorneyla.com <dat@employmentattorneyla.com>
**Sent:** Monday, November 30, 2020 5:58:36 PM
**To:** Michael Morrison <mmorrison@amfllp.com>; signsc@gtlaw.com <signsc@gtlaw.com>; boudreauj@gtlaw.com <boudreauj@gtlaw.com>
**Cc:** Rob Hennig <rob@employmentattorneyla.com>
**Subject:** [Chalian v. CVS Pharmacy et al.] - Ex Parte Notice


Counsel:


On behalf of proposed intervenor Parvin Ghassemian, we are giving *ex parte* notice that Ms. Ghassemian intends to move for an order from the Court as to the following:

   (1)      to intervene in this case pursuant to Cal. Code of Civ. Proc. § 387;

   (2)      to continue the December 4, 2020 hearing on approval of class action settlement by 45 days;

   (3)      for discovery as to Plaintiffs' counsel's due diligence in prosecuting this action, and

   (4)      for leave to file a sur-reply to Plaintiffs' response to Ms. Ghassemian's objections to the proposed class actions settlement.


Please let us know if counsel for Plaintiffs and Defendants will be opposing the *ex parte* application by the **close of business day tomorrow, December 1, 2020**.


Regards,

-Dat

---

Dat Tommy Phan, Esq.

Hennig Ruiz & Singh, p.c.

3600 Wilshire Blvd, Suite 1908

Los Angeles, CA 90010

(213) 310-8301 phone

(213) 310-8302 fax

dat@employmentattorneyla.com

www.employmentattorneyla.com

---

*Please note:  This message is being sent by a law firm.  The information contained in this message is personal and confidential information intended only for the use of the individual or entity named herein.  This message may also contain work-product information protected by law.  In accordance with IRS Circular 230 Disclosure, this law firm does not provide tax advice.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the above listed sender.*

**From:** Michael Morrison <mmorrison@amfllp.com>
**Date:** December 1, 2020 at 4:08:58 PM PST
**To:** Jennifer Kramer <jennifer@laborlex.com>, barbara@laborlex.com, aurtnowski@clarklawyers.com, cclark@clarklawyers.com, Tom Falvey <thomaswfalvey@gmail.com>, Armand Kizirian <Armand@boyamianlaw.com>, "rob robhennig.com" <rob@robhennig.com>, Michael Boyamian <michael@boyamianlaw.com>
**Subject: Chalian v. CVS - Plaintiffs' position on Hyams ex parte application**

Ms. Kramer -

We have reviewed your email below.  We believe your
threatened *ex parte* application (and that of your proxy co-objector Mr. Hennig) represents a serious abuse of the *ex parte* procedure.  You previously tried to intervene in this case (e.g. filed a motion to intervene) including a request to conduct discovery regarding the settlement and Plaintiffs' counsel's diligence.  The Court has already considered your arguments and denied them.  You have appealed that order to the Ninth Circuit.  Asking for the same relief again without meeting the requirements for a motion for reconsideration is improper.

1

With respect to the corrective notice, it was mailed via first class mail on November 23, 2020.  A follow up email with the corrective notice was also sent on the November 30th by the administrator.  These recipient class members have an adequate opportunity to opt out by December 4.   I would also remind you that the reason for the extended opt out period is because of your side's court recognized malfeasance.  It was your ill advised and improper communications to the putative class which necessitated the corrective notice and additional time to opt out.  To try to use this self-created situation as a basis to delay the final approval hearing (which has been your goal all along) demonstrates bad faith that won't be lost on the court.

With respect to the hearing, it should go forward as scheduled and noticed (now multiple times) to the class.  If opt outs are received after December 4, postmarked on or before that date, then they will have validly opted out action. And, the court may make whatever rulings it deems necessary regarding late opt outs.   We don't believe the additional opt outs, however, will make a material difference with respect to the merits of the settlement given the objections and opt outs already filed.

Finally, we note the irony of your side sending to the Court the California Employment Lawyers Association' s policy on reverse auctions.  First, of course, that document has no evedentiary or judicial value. But even if it did, in reviewing the policy (of which Ms. Kramer seems to have been involved in drafting), it urges counsel to identify themselves if they have cases with overlapping claims. Your side did the opposite of that.  It also stresses cooperation once overlapping claims are discovered.  You failed to do that too when  - within 24 hours of learning of our settlement – and, without trying to resolve any issues with counsel for the settling class, filed a motion to intervene and accused Class Counsel of colluding with CVS and engaging in a reverse auction even though we did not even know of your case since you actively kept that information from us.  At no point have you sought cooperation with us.   Instead, you have engaged in the type of mud-slinging that the CELA's reverse auction policy condems.  Two courts now have recognized your improper tactics.  You may want to consider a different approach.

We will oppose your ex parte motion and are seriously contemplating initiating Rule 11 procedures or other appropriate sanctions requests.  We urge you, Ms. Kramer, Gunn-Cobble, and Hennig-Ruiz to reconsider your strategy and threatened filings.

Sincerely,
Michael Morrison. Partner.

Mmorrison@amfllp.com
T: 310.394.0888

F: 310.394.0811
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
www.amfllp.com
https://spaces.hightail.com/uplink/AKG
https://www.facebook.com/amfllp


Alexander Morrison + Fehr LLP


The contents of this e-mail are confidential and may contain attorney-client privileged information
and/or work product. If you have received this e-mail in error, please respond to the sender immediately
to so indicate, delete this email from your computer, and destroy any copies of this e-mail. Thank you.