James N. Boudreau (SBN PA 77891)
Christiana L. Signs (SBN PA 317851)
**GREENBERG TRAURIG, LLP**
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania 19103
Telephone: 215.988.7800
Facsimile: 215.988.7801
boudreauj@gtlaw.com
signsc@gtlaw.com

Tyler R. Andrews (SBN CA 250686)
**GREENBERG TRAURIG, LLP**
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
andrewst@gtlaw.com

Attorneys for Defendants CVS PHARMACY, INC.,
CVS RX SERVICES, INC., and GARFIELD
BEACH CVS, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,

Plaintiffs,

v.

CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,

Defendants.

CASE NO.: 2:16-cv-08979-AB-AGR
*Related Case No.: 2:20-cv-02401-AB-AGR*
The Honorable André Birotte Jr., presiding

**DEFENDANTS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S *EX PARTE* APPLICATION: (1) TO INTERVENE, (2) TO CONTINUE THE DECEMBER 4, 2020 HEARING ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT, (3) FOR DISCOVERY AS TO PLAINTIFFS' COUNSEL'S DUE DILIGENCE, AND (4) FOR LEAVE TO FILE A SUR-REPLY**

Date:      December 4, 2020
Time:      10:00 a.m.
Place:     Courtroom 7B

Action Filed       July 20, 2016
Action Removed:  December 5, 2016

---

# **TABLE OF CONTENTS**

I. INTRODUCTION...................................**ERROR! BOOKMARK NOT DEFINED.**

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND...........**ERROR! BOOKMARK NOT DEFINED.**

III THE COURT SHOULD DENY THE EX PARTE APPLICATION TO INTERVENE.............................................**ERROR! BOOKMARK NOT DEFINED.**

    A.   Rule 24(a) Does Not Authorize Intervention Here.....**Error! Bookmark not defined.**

        1.  Disposition Of This Action Will Not Impair Or Impede Ms. Ghassemian's Ability To Protect Her Interests....**Error! Bookmark not defined.**

        2.  The Request to Intervene Is Not Timely.............**Error! Bookmark not defined.**

        3.  Ms. Ghassemian's Interests Are Adequately Represented...........**Error! Bookmark not defined.**

    B.   The Court Should Not Permit Intervention Under Rule 24(b)............**Error! Bookmark not defined.**

IV. THE COURT SHOULD DENY THE DERIVATIVE REQUESTS FOR A CONTINUANCE, DISCOVERY AND FURTHER BRIEFING. ...................**ERROR! BOOKMARK NOT DEFINED.**

V. CONCLUSION.....................................**ERROR! BOOKMARK NOT DEFINED.**

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Arakaki*, 324 F.3d at 1083 ..................................................................................6

5

*Bergman v. Thelen LLP*,
6
   No. C-08-05322 EDL, 2009 WL 1308019 (N.D. Cal. May 11, 2009) ......................7

7

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
   712 F.3d 1349 (9th Cir. 2013) ..............................................................13
8

*Bond v. Ferguson Enterprises, Inc.*,
9
   No. 1:09–cv–01662–OWW–MJS, Docket No. 59, 2011 WL 2648879 (E.D. Cal. June 30,
10
   2011) ..............................................................................................12

11

*Cody v. SoulCycle, Inc.*,
   No. CV1506457MWFJEMX, 2017 WL 8811114 (C.D. Cal. Sept. 20, 2017) ........................7
12

*Cotter v. Lyft, Inc.*,
13
   2016 WL 3654454 (N.D. Cal. June 28, 2016) ..................................................7

14

*Edenborough v. ADT, LLC*,
15
   2017 WL 4641988 (N.D. Cal. Oct. 16, 2017)..................................................10

16

*Feller v. Transamerica Life Ins. Co.*,
   No. 16CV01378CASGJSX, 2018 WL 6025839 (C.D. Cal. Nov. 16, 2018)..........................6
17

*Garcia v. Gordon Trucking, Inc.*,
18
   No. 1:10–CV–0324 AWI SKO, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) ....................12

19

*Gatdula v. CRST Int'l Inc.*,
20
   No. CV1101285VAPOPX, 2015 WL 12778350 (C.D. Cal. July 21, 2015) .........................7

21

*Hofstetter v. Chase Home Fin.*,
   LLC, No. C 10-01313 WHA, 2011 WL 5415073 (N.D. Cal. Nov. 8, 2011) .........................7
22

*In re Linkedin User Privacy Litig.*,
23
   309 F.R.D. 573 (N.D. Cal. 2015).............................................................11

24

*McCabe v. Six Continents Hotels, Inc.*,
   2015 WL 3990915 (N.D. Cal. June 30, 2015)..................................................10
25

*Miller v. Ghirardelli Chocolate Co.*,
26
   2014 WL 4978433 (N.D. Cal. Oct. 2, 2014)....................................................10

27

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
28
   883 F. Supp. 488 (C.D. Cal. 1995) ............................................................9

*Orange Cty. v. Air Cal.*,
    799 F.2d 535 (9th Cir. 1986) .................................................................8

*Painter v. Atwood*,
    2014 WL 6871750 (D. Nev. Nov. 25, 2014) .........................................9

*Pate v. Wells Fargo Bank Home Mortg., Inc.*,
    2011 WL 2682646 (C.D. Cal. July 7, 2011) ..........................................9

*Perry v. Proposition 8 Official Proponents*,
    587 F.3d 947 (9th Cir. 2009) .................................................................6

*Peruta v. Cty. of San Diego*,
    771 F.3d 570 (9th Cir. 2014) .................................................................8

*Schneider v. Chipotle Mexican Grill, Inc.*,
    2020 WL 511953 (N.D. Cal. Jan. 31, 2020) .........................................10

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004) .............................................................6, 8

*United States v. Oregon*,
    745 F.2d 550 (9th Cir. 1984) .................................................................8

*Vasquez v. Coast Valley Roofing*,
    266 F.R.D. 482 (E.D. Cal.2010) ..........................................................12

**State Statutes**

Labor Code §§ 550-51 .............................................................................10

Labor Code §§ 850-51 .............................................................................10

**Rules**

Fed. R. Civ. P. § 23 ..................................................................................5

Fed. R. Civ. P. § 24 ..................................................................................6

Fed. R. Civ. P. § 24(a)(2) .........................................................................6

Fed. R. Civ. P. § 24(b) ............................................................................13

Fed. R. Civ. P. § 24(b)(3) ........................................................................13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S OPPOSITION TO *EX PARTE* APPLICATION TO INTERVENE

## OPPOSITION TO *EX PARTE* APPLICATION

## I.   INTRODUCTION

Class member, objector, and proposed intervenor Parvin Ghassemian's *Ex Parte* Application to intervene, continue the final approval hearing, conduct discovery, and file further briefing (the "Application") is a non-event. Ms. Ghassemian claims she filed the Application because the Settlement Administrator failed to include two declarations she submitted with her settlement objection. The Administrator, however, mailed the objection on November 19, 2020 and the declarations on November 20, 2020. And the Administrator received notification that the Court received the objections and declarations, respectively, on November 20 and November 23, 2020. ECF 216, PageID 8265, ¶¶ 9-10. Accordingly, Ms. Ghassemian's *Ex Parte* Application is grounded in a misunderstanding, which alone warrants this Court denying it.[1]

Regardless, the Court should deny Ms. Ghassemian's Application because it lacks merit for several reasons. First, it is undisputed Ms. Ghassemian is a class member and objector who has submitted all her arguments to the Court. Given this, case law unequivocally provides she has no right to intervene. Her interests are adequately protected.

Second, Ms. Ghassemian's Application is untimely, at least to the extent her request to intervene is based on anything other than her misunderstanding of the facts. She admits she received notice of this class action settlement on or about October 5, 2020. There is absolutely no justification for waiting until December 2, two days before the final approval hearing, to seek to intervene.

Third, Ms. Ghassemian submits no valid reason why this Court should grant her derivative requests to push off the final approval hearing, conduct discovery, and file

---

[1] By email at 7:38 am PST on December 3, 2020, CVS's Counsel informed Ms. Ghassemian's counsel that the Administrator did in fact deliver the declarations supporting her objections to the Court, requesting Ms. Ghassemian to withdraw her ex part Application as a result. As of the time of filing, Ms. Ghassemian's counsel has not indicated the Application will be withdrawn.

further briefing. Indeed, each of these requests depends on being a valid intervenor, which, as noted above and explained below, is a non-starter.

The reality is Ms. Ghassemian, has her own separate wage and hour (and discrimination) action against CVS. She claims *she* is representative of settlement class members, and Class Counsel has not adequately represented them or her in this case. She very much wants to take discovery on Class Counsel's "due diligence" and file a sur-reply to Class Counsel's response to her objection to the class settlement, in part because she claims the response "mockingly belittles [the experience of Ms. Ghassemian's counsel] as 'miniscule,' . . . contending he lacks 'credibility and trustworthiness.'" ECF 215, PageID 8146. These arguments are reminiscent of a schoolyard fight. The Court should not entertain them.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[2]

On August 5, 2020, this Court preliminarily approved the settlement of this consolidated class action and set a final approval hearing for December 4, 2020. ECF 127. On September 22, 2020, the settlement administrator mailed the Court-approved notice (required under Fed. R. Civ. P. 23) to settlement class members. ECF 180-2, PageID 5977, ¶ 7. Ms. Ghassemian, a settlement class member, received her copy of the notice on or about October 5, 2020. ECF 215-2, PageID 8196, ¶ 3.

Ms. Ghassemian has her own separate wage and hour and discrimination lawsuit against CVS, currently pending in Orange County Superior Court. *Id.* at ¶ 1. On November 6, 2020, through her counsel in that case, Ms. Ghassemian submitted a timely objection to the class settlement to the Settlement Administrator (the "Objection"). ECF 203-1, PageID 7804-29. The Objection argues the proposed settlement in this case is not fair and adequate, the amount allocated to class members is inadequate, and the proposed attorneys' fee award is a windfall. *Id.* In support, Ms. Ghassemian submitted two

---

[2] The Court, Parties, and Counsel are by now well aware of the facts. CVS presents them in abbreviated form here. For a more complete discussion, see ECF 180, PageID 5470-79.

DEFENDANT'S OPPOSITION TO *EX PARTE* APPLICATION TO INTERVENE

declarations, one from herself and one from her counsel. ECF 215, PageID 8138.

The Settlement Administrator mailed the Objection on November 19, 2020 and the declarations submitted with it on November 20, 2020. ECF 216, PageID 8265, ¶ 9. (The controlling Settlement Agreement provides that the Administrator must file any objections with the Court no later than seven days after the close of the Notice Period. ECF 180-1, PageID 5517.) Delivery confirmation shows the packages were delivered on November 20 and November 23, 2020, respectively. ECF 216, PageID 8265, ¶ 10.

On December 2, Ms. Ghassemian filed her Application, purportedly because her declaration and the declaration of her counsel "were inexplicably excluded from the documents filed with and provided to the Court in advance of the hearing on approval of class action settlement." ECF 215, PageID 8138.

## III. THE COURT SHOULD DENY THE *EX PARTE* APPLICATION TO INTERVENE

### A. Rule 24(a) Does Not Authorize Intervention Here.

To start, Ms. Ghassemian insists she can intervene in this case as of right under Fed. R. Civ. P. 24(a)(2). ECF 215, PageID 8141-44. Not true. Rule 24(a)(2) entitles a non-party to intervene in a case if she can establish her rights are *purportedly*—but not *adequately*—represented. 1966 Amendment, Fed. R. Civ. P. 24. A party like Ms. Ghassemian seeking to intervene as of right can only do so if she establishes four conjunctive factors: (1) she timely moved to intervene; (2) she has a "significantly protectable interest relating to the property or transaction that is the subject of the action;" (3) disposition of the action may impair or impede her ability to protect that interest; and (4) her interest is not adequately protected by existing parties. *Arakaki*, 324 F.3d at 1083; *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (internal citations omitted). "Failure to satisfy any one of the requirements is fatal to the application;" a court "need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir.

2009).

## 1. *Disposition Of This Action Will Not Impair Or Impede Ms. Ghassemian's Ability To Protect Her Interests.*

Class members like Ms. Ghassemian have no right to intervene. The Federal Rules empower class members to protect their interests through the approval process by objecting to, or opting-out of, the settlement—not via intervention. *See, e.g.*, *Feller v. Transamerica Life Ins. Co.*, No. 16CV01378CASGJSX, 2018 WL 6025839, at *4 (C.D. Cal. Nov. 16, 2018) (stating proposed intervenor need not intervene to object to proposed class settlement); *Cody v. SoulCycle, Inc.*, No. CV1506457MWFJEMX, 2017 WL 8811114, at *4 (C.D. Cal. Sept. 20, 2017) (same, collecting cases); *Gatdula v. CRST Int'l Inc.*, No. CV1101285VAPOPX, 2015 WL 12778350, at *3 (C.D. Cal. July 21, 2015) ("a settlement class member's opportunity either to object to a class action settlement or opt out is sufficient to protect [his] interests").

*Cotter v. Lyft, Inc.*, 2016 WL 3654454 (N.D. Cal. June 28, 2016) illustrates the point. There, two class members moved to intervene as the action was settling. The court denied the motion. It found class members' "ability to protect their interest in the claims released by the *Cotter* action will not be impaired by the *Cotter* settlement, because the [class members] may file formal objections and appear at the final approval hearing, or opt out of the *Cotter* settlement and continue to pursue their claims against Lyft if they wish." *Id.*[3]

In short, the law is clear that class settlements do not impair or impede the ability

---

[3] *See also, e.g.*, *Hofstetter v. Chase Home Fin.*, LLC, No. C 10-01313 WHA, 2011 WL 5415073, at *2 (N.D. Cal. Nov. 8, 2011) (denying motion to intervene; finding intervenor "had an opportunity to opt out of the settlement" and "[t]his opportunity adequately safeguarded his rights and interests."); *Bergman v. Thelen LLP*, No. C-08-05322 EDL, 2009 WL 1308019, at *2 (N.D. Cal. May 11, 2009) ("Applicants have not demonstrated their right to intervene, as they failed to demonstrate that: 1) their ability to protect their interests is impaired; and 2) they are not adequately represented. The disposition of the action will not, as a practical matter, impede or impair applicants' ability to protect their interest. Class members Troup and Bennett may opt out of the class action and assert any claims they wish to pursue against Defendants.")

of class members like Ms. Ghassemian to protect their interests. Ms. Ghassemian is not only able to protect her interests, she is actively doing so: Class Counsel represents her, ECF 164; her own independent counsel has conducted his own evaluation of the value of her claims, *see* ECF 215 at PageID 8142 (claiming value of claims is $133,573.47); she has filed her own separate action in Orange County, *id.* at PageID 8139; and she not only has the right to object, she has exercised it, *see* ECF 203-1 at PageID 7805. In short, there is no question this action will not impair or impede her ability to protect her interests. Thus, the Court should summarily deny her request to intervene.

### 2.   *The Request to Intervene Is Not Timely.*

Ms. Ghassemian's Application notably does not address why she filed it so late, a conspicuous absence considering timeliness is an essential factor of any intervention motion. In determining whether an intervention motion is timely, courts consider: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Orange Cty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986). Prejudice to the existing party is the most important factor. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). And notably, the Ninth Circuit has repeatedly found motions to intervene filed four years into an action untimely. *See Peruta v. Cty. of San Diego*, 771 F.3d 570, 572 (9th Cir. 2014) (finding fact that movants sought to intervene more than four years after case began weighed against timeliness of intervention) (citing *United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004) (affirming denial of motion to intervene as untimely when it was filed four years into proceedings)).

Ms. Ghassemian's *ex parte* application to intervene is unquestionably late. This action has been pending since July 20, 2016. Ms. Ghassemian admits she received notice of the class action settlement on or about October 6, 2020. She submitted her objection by November 6, 2020. Yet she waited until December 2, two days before the final approval hearing, to seek to intervene. She claims this is because "over the Thanksgiving

weekend, Defendants filed a declaration that only included the memorandum of points and authorities for [her] objections . . ., and excluded [her] own declaration and that of her counsel." ECF 215, PageID 8143. But Defendants have no obligation to submit objections to the Court, and per the Settlement Agreement, the Settlement Administrator was to submit all objections within seven days of the close of the Notice Period. And the Settlement Administrator did just that, including the supporting declarations.

If not the byproduct of a simple mistake, then Ms. Ghassemian's request to intervene at this late stage is calculated to prejudice Plaintiffs, CVS, and settlement class members.[4] It expressly seeks to delay final approval—and notably, distribution of the settlement funds—all while her individual action against CVS goes forward uninterrupted. She seeks to push out the hearing date, conduct further discovery, and upend the agreement (based on specious claims), which exposes class members to the risk of the settlement being voided. Considering the current state of affairs and the value these settlement funds may have to class members during the pandemic, such is the epitome of prejudice.

### 3.   *Ms. Ghassemian's Interests Are Adequately Represented.*

The weaknesses of Ms. Ghassemian's arguments vis-à-vis the first two factors

---

[4] If the Application is anything other than a mistake, it patently does <u>not</u> warrant *ex parte* relief. As the Court's standing order provides, "[e]x parte applications are solely for extraordinary relief." *Standing Order* ¶ 14. To justify such relief, the moving party must establish, among other things, that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see also Pate v. Wells Fargo Bank Home Mortg., Inc.*, 2011 WL 2682646 *1 (C.D. Cal. July 7, 2011) (denying *ex parte* relief on ground counsel "fails to show that he is without fault in creating the situation that requires *ex parte* relief."); *Painter v. Atwood*, 2014 WL 6871750, *1 (D. Nev. Nov. 25, 2014) ("The failure of the movant to show it was without fault in creating the emergency situation alone justifies denial of the emergency relief sought."). Here, the supposed exigency is a crisis of Ms. Ghassemian's own making. She could have moved to intervene promptly after she received notice of the settlement on or about October 6, 2020, including when she submitted her objection on November 6, 2020. Any fallout for not doing so until two days before the final approval hearing lies exclusively with her, which is yet another reason to deny her Application.

DEFENDANT'S OPPOSITION TO *EX PARTE* APPLICATION TO INTERVENE

related to intervention (ability to protect her interests and timeliness of the request) suggest an ulterior motive for her Application. Ms. Ghassemian's Application gives her a convenient second medium for complaining that Class Counsel has not adequately protected class members here. (This argument comes despite the Court finding Class Counsel "fairly and adequately represented and protected the interests of the Settlement Classes" and appointing them Class Counsel. ECF 164, PageID 5326.) Ms. Ghassemian raises three arguments in this regard, each of which fails.

**First**, like the *Hyams* Plaintiffs before her, Ms. Ghassemian argues the "expansion of the claims in this litigation *after* settlement suggest [sic] collusion." ECF 215, PageID 8143. Although Ms. Ghassemian does not expand on this vague accusation, it appears she, like the *Hyams* Plaintiffs, believes that because the Parties stipulated to the filing of a Consolidated Complaint as part of the settlement, some untoward "expansion" occurred.

As previously explained, this is wrong. *See, e.g.*, ECF 202, PageID 7724-25. The claims at issue in the Consolidated Complaint, regarding Labor Code sections 850-51 and 550-51, were part of the settlement negotiations and signed agreement (and Ms. Ghassemian's argument utterly ignores that one of Class Counsel previously sued CVS citing 850-51). *Id.*; *see also, e.g.*, ECF199, PageID 7125; ECF 180-1 ¶ 21-24. So, the Consolidated Complaint did nothing more than conform the pleading to the Parties' negotiations—a common if not routine practice in class settlements. *See, e.g., Schneider v. Chipotle Mexican Grill, Inc.*, 2020 WL 511953, at *4 (N.D. Cal. Jan. 31, 2020) (granting preliminary approval and leave to amend; "as part of the settlement agreement, the parties agreed that Plaintiffs will file an amended complaint, redefining the class definition to be consistent with the Settlement Class").[5]

---

[5] *See also McCabe v. Six Continents Hotels, Inc.*, 2015 WL 3990915, at *4 (N.D. Cal. June 30, 2015) ("Where the parties have agreed to file an amended complaint as part of the class settlement, judges in this district have granted leave to amend, subject to the terms of settlement."); *Miller v. Ghirardelli Chocolate Co.*, 2014 WL 4978433, at *7

7

Moreover, this supposed concern, which simply parrots those of the *Hyams* Plaintiffs, is feigned. Ms. Ghassemian does not even allege violations of Sections 850-51 or 550-51 in her Complaint, so any "expansion" regarding those claims—which did not occur in any event—would have no impact on her action. *See* ECF 215-2, PageID 8201-31 (Ghassemian Complaint).

**Second**, Ms. Ghassemian contends the amount of the settlement and its allocation "is not fair or adequate." ECF 215, PageID 8143-44. She appears to base this claim on the disparity between the supposed "conservative" $133,573.47 valuation of her claims, and her projected class recovery of $894.64. *Id.* at 8142. The argument is nonsense.

Initially, the standard on approval is "whether it is fair, reasonable, adequate, and free from collusion—not whether the class members could have received a better deal in exchange for the release of their claims." *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 583 (N.D. Cal. 2015). This settlement is fair, as the Court has already preliminarily found. ECF 127, PageID 4261 ("settlement is fair and reasonable . . . the result of intensive, informed and non-collusive negotiations").

Moreover, as the Parties have explained, and as Ms. Ghassemian ignores, her "conservative estimate" is anything but. *See, e.g.*, ECF 201, PageID 7686-89; ECF 204, PageID 7846-55 (explaining defects in Ghassemian's estimate). At a high level, and among other things, her "conservative estimate":

- grossly overstates the amount recoverable for various claims [*see, e.g.*, *id.* at 7846 (noting Ms. Ghassemian uses a 100% violation rate for rest breaks, when even the *Hyams* Plaintiffs estimate a 6.6% violation rate)];

- ignores key evidence undermining her claims [*see, e.g.*, *id.* at 7847 (noting Ms. Ghassemian ignores declarations in the *Hyams* action undermining meal and rest break theory)];

---

(N.D. Cal. Oct. 2, 2014) (granting leave to amend for settlement purposes); *Edenborough v. ADT, LLC*, 2017 WL 4641988, at *9 (N.D. Cal. Oct. 16, 2017) (same).

8

- assumes violations without factual basis [*see, e.g.*, *id.* at 7846 (assuming meal violations when working alone, despite punch records that do not show a violation); *id.* at 7848 (assuming 2 hours of unpaid overtime without any supporting records)];

- ignores the difficulties associated with class certification of claims which lack common proof [*see, e.g.*, *id.* at 7848-49 (Ms. Ghassemian ignores the difficulty of certifying claim based on theory of *de facto* practice to violate the company's formal policy); *id.* at 7850 (Ms. Ghassemian ignores lack of proof of "injury" and "knowing and intentional" wage statement violations)];

- ignores the effect of arbitration agreements on the class claims [*see, e.g.*, *id.* at 7852-53]; and

- ignores the fact that, given the discrimination, harassment, and retaliation claims alleged in her action, Ms. Ghassemian may have had an atypical experience [*id.* at 7854-55].

Admittedly, Ms. Ghassemian's valuation is higher than her projected class settlement, but that is because it fails to consider facts, ignores key evidence, and fails to consider the risk of litigating on a class-wide basis. In short, comparing the projected settlement recovery to her pie-in-the-sky numbers does not prove the settlement—which is grounded in reality—is unfair or inadequate.

**Third**, she contends that the proposed attorney fee award is "an unearned windfall." ECF 215, PageID 8144. Apart from the accusation being entirely unsupported, the reality is that at 30% of the gross settlement fund, it is in line with other settlements approved in this Circuit. *See, e.g.*, *Garcia v. Gordon Trucking, Inc.*, No. 1:10–CV–0324 AWI SKO, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) (approving attorneys' fees in amount of 33 percent of common fund); *Bond v. Ferguson Enterprises, Inc.*, No. 1:09–cv–01662–OWW–MJS, Docket No. 59, 2011 WL 2648879 (E.D. Cal. June 30, 2011) (approving attorneys' fees in amount of 30 percent of common fund);

9

*Vasquez v. Coast Valley Roofing*, 266 F.R.D. 482 (E.D. Cal.2010) (approving attorneys' fees in wage-and-hour putative class-action settlement in amount of 33.3 percent of common fund). Further, it is less than the 33% attorney fee Ms. Ghassemian's counsel himself has sought in class litigation. ECF 204-2, PageID 7884.

In sum, none of Ms. Ghassemian's arguments withstand causal scrutiny, let alone prove that her interests are "inadequately represented." The Court should deny her request to intervene.

**B.    The Court Should Not Permit Intervention Under Rule 24(b).**

As a fallback, Ms. Ghassemian argues that the Court should allow her to intervene permissively per Fed. R. Civ. P. 24(b). Rule 24(b) gives courts discretion to allow intervention by a party with a claim or defense that shares a common question of law or fact with the main action. In addition to a common question of law or fact, however, "permissive intervention under Rule 24(b) requires "(1) an independent ground for jurisdiction; [and] (2) a timely motion." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013). Rule 24(b)(3) specifically directs courts, in exercising their discretion, to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

As discussed above, Ms. Ghassemian's application to intervene is not timely. This case has been pending for over four years, and Ms. Ghassemian knew of it since *at least* October 5, 2020, when she received notice of settlement. ECF 215-2, PageID 8196, ¶ 3.

And as explained above, intervention will significantly prejudice Plaintiffs and settlement class members by slowing a resolution that has been years in the making. What is more, as discussed, any interests she may have are adequately represented. Indeed, Ms. Ghassemian has already exercised her opportunity to object. There is simply no good reason to permit permissive intervention.

## IV. __THE COURT SHOULD DENY THE DERIVATIVE REQUESTS FOR A CONTINUANCE, DISCOVERY AND FURTHER BRIEFING.__

In addition to intervening, Ms. Ghassemian, seemingly parroting the *Hyams* Plaintiffs, insists the Court should continue the final approval hearing, allow her the opportunity to conduct discovery (because she claims to have identified "major deficiencies" that "threaten Ghassemian's interest"), and allow her to file a sur-reply, presumably in further support of her already briefed objections. ECF 215 PageID 8145. The Court should deny each request.

Initially, the Court should not permit Ms. Ghassemian to intervene for the reasons noted, so the Court should disregard her derivative requests to further disrupt the proceedings, engage in needless and expensive discovery, and further briefing. Moreover, the "major deficiencies" that supposedly justify this disruption are the same flimsy arguments already raised above—that there was collusion, the settlement is not fair or adequate, and the fee award is a windfall. As shown, these arguments are meritless; there are no grounds for further discovery or briefing, or the attendant delay and expense.

## V. __CONCLUSION__

For the foregoing reasons, the Court should deny the Ex Parte Application to Intervene and proceed with consideration, and final approval, of the Parties' settlement.

Dated: December 3, 2020       **GREENBERG TRAURIG, LLP**

*S/ James N. Boudreau*

James N. Boudreau
Christiana L. Signs
Tyler R. Andrews

Attorneys for Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC

DEFENDANT'S OPPOSITION TO *EX PARTE* APPLICATION TO INTERVENE