Michael H. Boyamian, SBN 256107
Armand R. Kizirian, SBN 293992
**BOYAMIAN LAW, INC.**
550 N. Brand Blvd., Suite 1500
Glendale, CA 91203
Telephone:   (818) 547-5300
Facsimile:   (818) 547-5678
E-mail: michael@boyamianlaw.com
          armand@boyamianlaw.com

Michael S. Morrison, SBN 205320
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:   (310) 394-0888
Facsimile:   (310) 394-0811
E-mail: mmorrison@amfllp.com

Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK BRENNAN,
and the Settlement Class

(*Additional Counsel Listed on Following Page*)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, Individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 thru 100, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-08979-AB-AGR<br><br>*Related Case No.: 2:20-cv-02401-AB-AGR*<br><br>*Assigned to Hon. Andre Birotte Jr.*<br><br>**PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S EX PARTE APPLICATION**<br><br>[Filed Concurrently with the Declaration of Armand R. Kizirian and Plaintiffs' Supplemental Request for Judicial Notice]<br><br>Date:        December 4, 2020<br>Time:        10:00 a.m.<br>Location:   Courtroom 7B<br><br>Complaint Filed: July 20, 2016<br>Action Removed: December 5, 2016 |

R. Craig Clark (SBN 129219)
cclark@clarklawyers.com
Alicja A. Urtnowski (SBN 321215)
aurtnowski@clarklawyers.com
**CLARK LAW GROUP**
3258 Fourth Avenue
San Diego, CA 92103
Telephone: (619) 239-1321
Facsimile:  (888) 273-4554

Thomas W. Falvey, SBN 65744
**LAW OFFICES OF THOMAS W. FALVEY**
550 N. Brand Blvd., Suite 1500
Glendale, CA 91203
Telephone:   (818) 547-5200
Facsimile:    (818) 500-9307
E-mail: thomaswfalvey@gmail.com

Walter Haines, SBN 071075
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Telephone: (562) 256-1047
Facsimile: (562) 256-4554

Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK BRENNAN,
and the Settlement Class

# **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................. 1

II.  ARGUMENT ..................................................................................... 2

   A.  Ghassemian Cannot Intervene As a Matter of Right Rendering
       Her Ex Parte Application Unmeritorious ....................................... 2

      1.   The Request to Intervene Is Untimely……………………………….. 3

      2.   Ghassemian Has No Protectable Interest……………………………..5

      3.   Ghassemian's Interests Are Not Impaired or Impeded if the Court Denies
           Her Motion To Intervene……………………………………………..5

      4.   Ghassemian's Interests Are Adequately Represented…………………. 8

   B.  Ghassemian Fails to Meet The Requirements for Permissive Intervention.... 8

   C.  Ghassemian Counsel's Conduct Calls Into Question the Propriety of ......... 11
       the Ex Parte Application ............................................................... 11

   D.  Ghassemian's Request to Conduct Discovery Should Be Denied................ 12

   E.  Ghassemian Does Not Meet the Requirements for Ex Parte Relief............. 14

III. CONCLUSION................................................................................. 17

## I.     INTRODUCTION

Plaintiffs Sevag Chalian, Sigfredo Cabrera, Enko Telahun, Christine McNeely, and Patrick Brennan ("Plaintiffs") hereby oppose the *ex parte* application submitted by Proposed Intervenor Parvin Ghassemian.

At the outset, Plaintiffs note that Ghassemian's application is a complete abuse of the ex parte procedure.  There is no exigent circumstance here. Ghassemian's *ex parte* application essentially seeks permission from this Court to intervene at this late stage – well after extensive briefing has taken place among the parties and Proposed Intervenors in *Hyams* and critically, following the deadline to object. Yet, Ghassemian waited over seven weeks and until the *eve* of the Final Approval Hearing to file this untimely and baseless ex parte application. The ex parte application is therefore unmeritorious since at or before the time Ghassemian filed her objection, she could have also filed her motion to intervene.  Ghassemian knew of this case on October 5, 2020 when she received the Class Action Notice.  Ghassemian was represented by counsel at all relevant times.  Indeed, Ghassemian's counsel opted to object to the settlement and now, again, in some strange and bizarre fashion has decided to elevate his efforts by seeking to fully immerse himself in this action.

That there was even a contested motion to intervene in which the Court summarily denied six weeks earlier (ECF No. ) based on *Hyams* competing class action, not an individual action in which Ghassemian presently maintains, has not deterred Ghassemian in the slightest form. That Ghassemian is seeking intervention to conduct supposed "due diligence" discovery on claims Ghassemian does not even presently maintain in her own individual suit also corroborates the suspicions that Ghassemian's counsel lacks credibility and trustworthiness.  It is obvious, therefore, that Ghassemian is clearly cooperating with failed intervenors Gunn Coble LLP and Kramer PLC in a last-ditch effort to stonewall the proceedings from coming to an end.  The Court should not indulge

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION

1   Ghassemian on these sharp practices.

2          But even putting that aside, the requested relief of continuing the

3   December 4, 2020 hearing, conducting due diligence discovery, and filing a sur-

4   reply, is likewise unwarranted.  Ghassemian's requested relief all stem from her

5   attempt to intervene into this action.  Her arguments in support thereof have

6   unequivocally failed.  Among other requirements, a proposed intervenor must

7   timely seek intervention. Ghassemian's application makes no effort to discuss her

8   timely intervention.  Ghassemian claims her interests are not adequately

9   represented because her individual wage and hour claims are worth so much

10  more than the amount she is slated to receive by participating in the settlement.

11  But that is not a sufficient basis to permit intervention because less disruptive

12  means exist that Ghassemian could take advantage of absent intervention.  For

13  example, while neither she or her counsel address these options, Ghassemian

14  could opt-out of the settlement and potentially maximize her claimed damages at

15  her upcoming trial.  Ghassemian's interests are also safeguarded by having

16  already objected at the settlement and being scheduled to participate at the

17  upcoming Fairness hearing on December 4, 2020.

18         Above all, the request to intervene is demonstrably prejudicial to Class

19  Members, Plaintiffs, and Defendants.  The case has been extensively litigated by

20  the Parties since July 2016.  This action has been pending for well over 4 years

21  and is in its final stages.  After rounds of dispositive motion practice and

22  completing discovery, the Parties reached a fair compromise.  This matter is

23  scheduled to be submitted to the Court for final approval in approximately 48

24  hours and this last-minute request should not be countenanced by the Court.

## II.   ARGUMENT

### A.   *Ghassemian Cannot Intervene As a Matter of Right Rendering Her Ex Parte Application Unmeritorious*

27         To intervene by right, Ghassemian must meet all the following four

28  criteria: (1) her motion to intervene must be timely; (2) she must have a

2

significantly protectable interest relating to the property or transaction that is the subject of the action; (3) she must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) her interest must not be adequately represented by the existing parties.  *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).  The Ninth Circuit has made clear that "[f]ailure to satisfy any one of the requirements is *fatal* to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied."  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citing *California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781 (9th Cir. 1986)) (emphasis added).

As described below, Ghassemian fails to meet not just one of the four criteria required to intervene as a matter of right but all of them. Specifically, Ghassemian's request to intervene is untimely; (2) the *Chalian* and *Cabrera* matters are class action cases which bear very little to no relation to Ghassemian's individual wrongful termination suit, and even if they did, Ghassemian could protect her interest through less intrusive means, (3) relatedly, the disposition of the *Chalian* and *Cabrera* matters would not impair or impede Ghassemian's interests as she can or should have opted-out and proceeded with her day in court, and (4) her interests are adequately represented by Plaintiffs.

### 1.    The Request to Intervene Is Untimely

In determining timeliness, courts consider three criteria: "the stage of the proceeding, prejudice to other parties, and the reason for and length of the delay." *United States v. State of Or.*, 913 F.2d 576, 588 (9th Cir. 1990).  Here, the request for intervention is untimely because (1) allowing intervention would greatly prejudice the parties as it would derail the undergoing settlement; and (2) it follows a previous denial of intervention by *Hyams*, is made at the eve of final approval well past the deadline to object, and could have been brought earlier by

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S EX PARTE APPLICATION

Ghassemian.  *See Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 51 (2008) (Objector to settlement and to the attorney fee award to class counsel was not entitled to intervene in putative class action; request to intervene was untimely, i.e., it was filed one day after class notice's deadline.)

Having already defeated a motion to intervene by the *Hyams* Plaintiffs, this is a renewed attempt by Ghassemian to interject in an action in which she and her counsel have not previously litigated any of her wage and hour claims on a class basis, where she maintains an individual suit primarily concerned with wrongful termination claims, and where she has had no involvement in this case's prior dealings or negotiations, or involvement in the strategy of this case and its filings. Final approval would not only get delayed, but likely derailed by this intervention, thereby prejudicing Plaintiffs and Defendants in this instant matter.

In determining the length of delay, "the focus is on the date the person attempting to intervene should have been aware his interests would no longer be protected adequately by the parties, rather than the date the person learned of the litigation."  *Officers for Justice v. Civil Service Comm'n of City & County of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991)

Here, Ghassemian makes no attempt whatsoever to address why she waited until two days before the Final Approval motion to file her ex parte application seeking, in essence, an opportunity to intervene in this matter.  *See e.g., Zepeda v. PayPal, Inc.*, 2014 WL 1653246, at *8 (N.D. Cal. Apr. 23, 2014) ("The Court notes that intervention at this stage--after extensive mediated settlement negotiations and when an amended motion for preliminary approval is to be filed soon--would delay the potential resolution of this case.")

The omission is critical as it dooms her ability to satisfy the required criteria for intervention.  The court in *Officers for Justice* explains that the date of importance is actually when Ghassemian's interests purportedly "diverged" from Plaintiff's interests.  *Id.* at 1095-6.  Ghassemian knew as soon as she received the

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S EX PARTE APPLICATION

class action settlement notice in early October that her interests "diverged" from Plaintiffs' interest. [Ex Parte at p. 3].  Yet, her counsel failed to immediately intervene.  Even worse, her counsel opted instead to object to the settlement, and now, strategically has filed this ex parte application seeking intervention.  Added together, the court should deny the motion because "any substantial lapse of time weighs heavily against intervention." *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

      2.    <u>Ghassemian Has No Protectable Interest</u>

Ghassemian presently has an individual wrongful termination action with wage and hour components pending in the Superior Court for the County of Orange. As it stands, none of Ghassemian's rights would be at stake if she properly opt-outs of the settlement.  This Court should not exercise in speculation or fill-in the blanks to enable Ghassemian to intervene, because the ex parte application is patently premature and requires several assumptions which Plaintiffs previously explained in their Response to the Objection is wholly unfounded [ECF No. 204].

      3.    <u>Ghassemian's Interests Are Not Impaired or Impeded if the Court Denies Her Motion to Intervene.</u>

Assuming arguendo that Ghassemian had an interest in property or transaction in this current case, intervention is unnecessary because Ghassemian can protect her own interests affected by the parties' settlement through less intrusive means, such as by objecting to the settlement, as she already has, or by opting out of it.  *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002); Fed. R. Civ. P. 23(c)(2)(B)(v), (e)(5).  "Courts have frequently denied intervention in the class action settlement context, citing concerns about prejudice, as well as putative interveners' ability to protect their interests by less disruptive means, such as opting out of the settlement class or participating in the fairness hearing process." *Zepeda.,* 2014 WL 1653246, at *4; *see also, e.g., In re Volkswagen*, 2016 WL 4376623 at *4 (holding that where proposed intervenor "may opt out of the

Settlement and litigate his claims independently, or . . . may instead object to it[, t]hese options adequately protect his interests"); *Gatdula v. Crst Int'l, Inc.*, No. 11-CV-01285-VAP (OPX), 2015 WL 12778350, at *3 (C.D. Cal. July 21, 2015) ("Though there may be overlapping claims, a settlement class member's opportunity either to object to a class action settlement or opt out is sufficient to protect the interests a class member may have.").[1]

The Court in *Raquedan v. Centerplate of Del., Inc.,* -- F.Supp.3d --, No. 17-CV-03828-LHK, 2019 WL 1894751, *2 (N.D. Cal. Apr. 3, 2019) is particularly instructive. The Honorable Judge Koh found Marquez's claims to be "plainly unmeritorious" and denied Marquez's motion to intervene. *Id*. at *6. She reasoned that Marquez could protect her interest by less disruptive means than intervention, as clearly provided in Rule 23, by opting out of the class or participating in a fairness hearing process. *Id*. at *4-5.

> While Marquez has a protectable interest in this case, given that she is a member of the Raquedan class, Marquez's interests will not be impaired absent intervention. As another court in this district has explained, "courts have frequently denied intervention in the class action settlement context, citing concerns about prejudice, as well as putative intervenors' ability to protect their interests by less disruptive means." *Zepeda v. PayPal, Inc.*, 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014). For example, putative intervenors may "opt[ ] out of the settlement class or participat[e] in the fairness hearing process." *Id.; see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liability Litig*., 2016 WL 4376623, at *4 (N.D. Cal. Aug. 17, 2016) (denying putative intervenor's motion because the putative intervenor could "opt of the Settlement and litigate his claims independently, or he may instead

---

[1] California trial courts are likewise in accord. *See e.g., Edwards v. Heartland Payment Systems, Inc.*, 29 Cal.App.5th 725, 733 (2018) ("The trial court found the Torres plaintiffs' ability to protect their interest would not be practically impaired or impeded by the settlement in Edwards because they could opt out of or object to the settlement. On this record, that conclusion was manifestly correct. Despite all of the Torres plaintiffs' various arguments, they truly only seek one goal—to challenge the adequacy of the settlement in Edwards. If they are unhappy with the settlement, they can opt out and fully preserve their causes of action.").

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S EX PARTE APPLICATION

object to it"), aff'd, 894 F.3d 1030 (9th Cir. 2018); *Hofstetter v. Chase Home Fin., LLC*, 2011 WL 5415073, at 2–3 (N.D. Cal. Nov. 8, 2011)(holding that the opportunity to opt out of a settlement adequately safeguarded a putative intervenor's interests).

Additionally, Judge Koh found that "allowing Marquez to intervene at this late stage in the case would prejudice Plaintiffs and Defendant" and "could derail the parties' settlement". *Raquedan*, 2019 WL 1894751 at *5-6. Of note, the court in *Raquedan* emphasized:

> At this late stage of the proceedings *and after the parties have settled*, it is simply not in the interests of the putative class to add more named plaintiffs and more counsel to this case. As the Court has explained, Marquez's motion to intervene was plainly unmeritorious . . . **The Court will not permit Marquez and her counsel to insert themselves in this case through such an unmeritorious motion.** Id. at *6-7 (emphasis added).

The *Raquedan* opinion also underscores numerous opinions which hold that the appropriate mechanism for dealing with Ghassemian's concerns is through Rule 23, not intervention under Rule 24:

> The Ninth Circuit recognizes in the class action settlement context, a putative intervenor's concerns may "largely be addressed through the normal objection process." *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *see also Devlin v. Scardelletti*, 536 U.S. 1, 14, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) (explaining that "class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening").

The present situation is no different. Ghassemian has already exercised a less drastic measure by objecting to the settlement but strangely, she is now also attempting to intervene in this matter. Plaintiffs are hard pressed to find any compelling need for Ghassemian to take this course of action when her interests are adequately safeguarded by her counsel's prior conduct.

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION

4.   <u>Ghassemian's Interests Are Adequately Represented</u>

Adequacy of representation is determined by considering whether (1) "the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments;" (2) "the present party is capable and willing to make such arguments; and" (3) "a proposed intervenor would [not] offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086. The "most important factor" in determining whether a proposed intervenor is adequately represented by a present party to the action is "how the [proposed intervenor's] interest compares with the interests of existing parties." *Id*. (citations omitted). Where the party and the proposed intervenor share the same "ultimate objective," a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a "compelling showing" to the contrary. *Id*. (citing *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997); *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011).

Ghassemian falls woefully short in making her compelling showing to demonstrate that Plaintiffs do not adequately represent her and the Settlement Class Members' interest. She therefore does not come close to meeting her burden under *Arakaki*. Instead, Ghassemian uses this second brief she has filed in this action, this time styled as an ex parte application, to do no more than take potshots at Class Counsel, accusing them of "collusion" because Plaintiffs in *Chalian* and *Cabrera* jointly prosecuted their claims against CVS. Ghassemian's second bite at this again reveals no case law support for such an attack. And again, Ghassemian ignores that such a unity demonstrates that both *Chalian* and *Cabrera* share the same interests and have adequately litigated the claims on behalf of the Settlement Class.

**B.   *Ghassemian Fails to Meet The Requirements for Permissive Intervention.***

Permissive intervention under Rule 24(b)(1) "'requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and

fact between the movant's claim or defense and the main action.'" *Geithner*, 644 F.3d at 843 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).  Even if a proposed intervenor meets these threshold requirements, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), and a court may exercise its discretion to deny his or her request for permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  Courts also consider other factors, including "'whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Perry v. Schwarzenegger*, 630 F.3d 898 (9th Cir. 2011) (quoting *Spangler v. Pasadena City Bd. Of Educ.*, 522 F.2d 1326, 1329 (9th Cir. 1977)).

Ghassemian has failed to meet the requirements for permissive intervention under Rule 24(b) because of three issues.

*First*, the motion is untimely as described above.  Just as with a motion to intervene as of right, a motion for permissive intervention must be timely.  *See* Fed. R. Civ. P. 24(b).  To determine the timeliness of a motion for permissive intervention, courts "consider precisely the same three factors--the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay"--as with a motion to intervene as of right.  *LULAC*, 131 F.3d at 1308.  "In the context of permissive intervention, however, [courts] analyze the timeliness element more strictly than [they] do with intervention as of right." *Id*.  Here, the fact still remains that this motion is untimely, just as it was untimely in considering intervention as a matter of right.

Indeed, in *Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015), the Ninth Circuit affirmed the district court's decision to deny as untimely a motion to intervene filed

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION

"on the eve of settlement" and after years of ongoing litigation. *Id*. at 1222.  The Ninth Circuit observed that the putative intervenor's intervention could "prejudice settling parties by potentially derailing settlement talks." *Id*.  The same holding applies here.

*Second*, intervention would prolong or unduly delay the litigation by causing unnecessary delays to this matter.  This matter has been extensively litigated by the Parties since July 2016.  This action has been pending for well over 4 years and is in its final stages.  After rounds of dispositive motion practice and completing discovery – both formal and informal – the parties reached a fair compromise after two rounds of mediation.  This matter is scheduled to be submitted to the Court for final approval in approximately 48 hours.  Even if timeliness and the other threshold requirements for permissive intervention were present, the Court must ensure intervention would not prejudice the parties. Fed. R. Civ. P. 24(b)(3).  Prejudice in this context is "harm arising from late intervention as opposed to early intervention." *Lee v. Pep Boys-Manny Moe & Jack of Calif.*, No. 12-CV-05064-JSC, 2016 WL 324015, at *6 (N.D. Cal. Jan. 27, 2016).  The fact remains that this case has been extensively litigated, whereas Ghassemian has not pursued any class claims whatsoever in her suit and only includes a proposed class action complaint against CVS for the first time in this litigation,  months before she is set to go to trial on similar wage and hour claims included in her suit.  There can be no value derived from Ghassemian's proposed actions as Plaintiffs' Counsel are in far superior position to assess the strengths and weaknesses of the class claims at issue.  This is especially true given Plaintiffs' Counsel significant history dealing with CVS in 15 other prior class action matters.

*Third*, the parties will be prejudiced by this late intervention as they have undergone extensive negotiations, multiple mediations, countless hours, and significant briefing, which could be derailed by such late intervention by a counsel that has not been involved in those discussions, has no competing class action case,

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION

regurgitates the same arguments previously advanced and struck down by the

*Hyams* Plaintiffs, and lacks any noteworthy class action experience.

**C.** **Ghassemian Counsel's Conduct Calls Into Question the Propriety of the Ex Parte Application**

Ghassemian makes a number of points in an effort to sway this Court into believing that ex parte relief is warranted.  A closer review of those points reveal that the contentions raised by Ghassemian are either hollow, or are inserted as a mere proxy to the arguments previously raised (and subsequently struck down) by the *Hyams'* Counsel.

First, Ghassemian argues that Plaintiffs' Counsel failed to provide the Court with the entirety of Ghassemian's Objections in that the Declarations of Rob Hennig and Ghassemian were conspicuously excluded. [Ex Parte at 1-2, 4] Nothing could be further from the truth.  Ghassemian does not take into account that the Third Party Administrator assigned to this case, Simpluris – and not Plaintiffs – is responsible for transmitting the Objection to the Court.  But more importantly, Ghassemian's Objection was, in fact, mailed to the Court on November 20, 2020, which included the two declarations at issue.  *See* Supplemental Declaration of Mary Butler at ¶ 2.  The FedEx tracking ID associated with the mailing demonstrates proof that the Court received the entirety of Ghassemian's Objection.  A simple call to Simpluris would have alleviated the supposed anguish Ghassemian spills ink over in her application. Ghassemian's argument, therefore, lacks credibility and the relief sought through the ex parte application is not warranted.[2]

Equally lacking in credibility is the supposed "targeted" discovery

_____
[2] Hennig also makes misleading remarks concerning his qualifications in the class action context. In Paragraph 31 of his Declaration Objecting to the Settlement, Hennig states: "I was also lead counsel or co-counsel in the representative or PAGA actions involving settlements approved by the Court in Santos v. Design Select (Contra Costa Superior Court case number C 08-01867); Espinoza v. Allstate Contract Floors (Contra Costa Superior Court case number C 08-01917);..." However, the Santos case was outright dismissed and in Espinoza, the class action allegations were struck. *See* Plaintiffs' Request for Judicial Notice; Decl. of Armand R. Kizirian.

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION

Ghassemian intends to embark on in conjunction with her request for a 45-day continuance of the Final Approval hearing.  However, the very first item of this "targeted" discovery surrounds Labor Code sections 850 and 851 claims. (Hennig Decl. ISO Ex Parte at p. 9.)  It is worth emphasizing that nowhere in Ghassemian's individual lawsuit does she maintain these Labor Code claims.  It is very apparent that Ghassemian's ex parte application is simply a renewed attempt to inject *Hyams*' previous arguments in their failed motion to intervene to be addressed yet again.  Mr. Hennig even went so far as to call the Mediator in Plaintiffs' case on the afternoon of December 2, 2020 and question him at length about Labor Code sections 850 and 851, whether those claims were ever raised during the course of mediation, and what impact they had in the parties' negotiations.[3]  Again, this raises a question as to why Ghassemian truly wishes to intervene in this specific case if she has no Labor Code section 850 and 851 claims in the first place.  As Judge Koh observed in a similar context, Ghassemian's conduct in this case "may indicate that her counsel's central concern is whether *he* is involved in the case, not whether [the intervenor] ….is adequately served."  *Raquedan*, 2019 WL 1894751 at *2 (emphasis in original).

**D.**   ***Ghassemian's Request to Conduct Discovery Should Be Denied***

While Ghassemian complains that the lack of formal discovery between Plaintiffs and CVS necessitates they interject to conduct such, it is notable that "formal discovery is *not* a necessary ticket to the bargaining table" and is never a prerequisite to approval of a class action settlement.  *Tadepalli v. Uber Technologies, Inc.* (N.D. Cal. 2016) 2016 U.S. Dist. LEXIS 55014 at pp. 20 (emphasis added), citing *Mego Fin. Securities Lit.*, 213 F.3d 454, 459 (9th Cir. 2000).  The inquiry is only whether the parties have exchanged sufficient

---

[3] Plaintiffs' Counsel finds this conduct to be reprehensible and appalling.  As an officer of the Court, Mr. Hennig should refrain from such unethical conduct as he is not a party to this action and such communications taking place between Plaintiffs' Counsel and the mediator during the course of mediation are protected by the mediation and settlement communications privileges.  The Court should admonish Mr. Hennig for his brazen conduct.

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S EX PARTE APPLICATION

information in order for Class Counsel and the Court to be in a position to act intelligently.  *Kullar v. Foot Locker Retail, Inc.,* 168 Cal.App.4th 116, 128 (2008).  There is no general "right" of an objector to seek discovery related to the fairness, adequacy, and reasonableness of a proposed settlement.  *Lane v. Facebook, Inc.*, 2009 U.S. Dist. LEXIS 103668 at p. 21 (C.D. Cal. 2009); *Hemphill v. San Diego Ass'n of Realtors*, 225 F.R.D. 616, 619 (S.D. Cal. 2004).

But even more fundamentally, a request for discovery concerning settlement negotiations cannot even be entertained unless there has been an independent showing of collusion between the settling parties that leads the Court to conclude that additional information regarding the settlement negotiations is relevant to the Court's evaluation of the settlement's fairness.  *Manual for Complex Litigation (Fourth)* § 21.643 (2004) ("A court should not allow discovery into the settlement-negotiation process unless the objector makes a preliminary showing of collusion or other improper behavior."); *see Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987) (holding that discovery of settlement negotiations "is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive"); *see also Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000) (following *Mars, supra*, and denying discovery requested); *Hemphill*, 225 F.R.D. at 620 (S.D. Cal. 2005) (same).

As Ghassemian has failed to adequately demonstrate that intervention is warranted – either by right or permissively – her generalized claim for unfettered discovery into the due diligence of Plaintiffs' Counsel is likewise deficient and should be denied.  Ghassemian also fails to identify what exactly she hopes to achieve by such targeted discovery or how the PMQ deposition will somehow or someway reveal the collusion or undervaluing of claims that Plaintiffs' Counsel is supposedly guilty of.  On the contrary, Plaintiffs have set forth very detailed

13

explanations of the information they harnessed during the course of the litigation, how they assessed the claims at issue, and how they arrived at a settlement that strikes a balance between the strengths and weaknesses of the case. Ghassemian simply is not entitled to discovery "to question and debate every provision of the proposed compromise." *See e.g.*, *Hemphill*, 225 F.R.D. at 619 (citing cases) (denying objectors' request for discovery).

### E.      *Ghassemian Does Not Meet the Requirements for Ex Parte Relief*

Ghassemian's ex parte application should be denied for the additional reason that she has made absolutely no showing as to why the relief she requests should be heard on an ex parte basis. Under *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995), in order to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.* at 492. In addition, the moving party must also show that they are "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

Here, Ghassemian has four demands upon the Court: (1) to permit her to intervene, (2) to delay the final approval hearing, (3) to allow for "due diligence" discovery, and (4) for leave to file a sur-reply to Plaintiffs' response to her objections. For the Court, in considering whether Ghassemian will suffer irreparable prejudice if her relief is not granted on an emergency basis, "[a] sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits." *Id.* Here, Ghassemian does not have a high likelihood of success on any of the four items that she moves on.

First, it is very unlikely that this Court would have permitted Ghassemian to intervene if she had brought a regularly noticed motion. As noted above, this issue has been briefed extensively with the *Hyams* Plaintiffs and they were not

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION

permitted to intervene.  Ghassemian is in an even weaker spot, not having her own prior class claims against CVS, and adding claims to her proposed complaint in intervention that her absent from her pending wage and hour suit, e.g., claims under Labor Code Section 850 and 851.  Second, it is also highly unlikely that the Court would have permitted Ghassemian to delay the final approval hearing on a regularly noticed motion.  Here again, the *Hyams* Plaintiffs previously tried to delay this hearing and the Court denied their request.  Over 24,000 class members have been given notice of this hearing date.  The class, including Ghassemian, were notified months ago about this hearing date, and should have made any filings they deemed necessary with the Court to accommodate this important date.

Third, as noted above, an objector is not entitled to discovery from the Parties to a settlement as of right.  Ghassemian has made a wholly insufficient showing in this regard and her request would have almost certainly been denied by the Court if she brought a regularly noticed motion.  Fourth, Ghassemian would also not be entitled to file a sur-reply if she made a request to do so on a non-ex parte basis.  She claims Plaintiffs raised new arguments in their response to her Objection, but then goes on to list how all of Plaintiffs' 'new arguments' were directly in response to claims she raised in her Objection.  This does not justify a sur-reply, Plaintiffs' Response to her Objection is, in fact, a textbook example of what a reply should be – not raising new arguments but refuting the opposition document point by point.

Thus, on the sliding scale of irreparable prejudice, Ghassemian does not have a high likelihood of success.  On the flip side, she also is not at risk of much, if any, irreparable injury if her ex parte application is denied.  As discussed above, her primary issue is with the terms of the settlement.  She does not need to intervene to have her objections heard instead, she only needed to file an objection to the settlement, as she has done so.

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION

She also will not suffer any irreparable injury if she is not permitted to take "due diligence" discovery as she is not entitled to it.  Perhaps more importantly, for almost six months now, the *Hyams* Plaintiffs have pulled out all the stops to try and derail this settlement.  They have made allegations of collusion and a lack of diligence since their very first filing almost six months ago in June 2020.  Absolutely nothing has been uncovered by any objector to this settlement because, as Plaintiffs and Defendants have been stating and showing for months now, there was absolutely no collusion and Plaintiffs' efforts in litigating this case, investigating the claims, and reaching a settlement were always done with the utmost diligence and rigor.

Lastly, Ghassemian will not suffer any irreparable prejudice if she is not permitted to file a sur-reply.  She is not entitled to do so by right and, in any case, Plaintiffs' Response to her Objection stayed close to refuting the points she raised.  Put differently, there is no new argument in support of final approval that was not previously raised over the prior months or, specifically, in the Motion for Final Approval.

As such, Ghassemian cannot satisfy the first required element of *Mission Power Eng'g Co*.  She also cannot meet the second requirement in showing that she is not without fault in creating a 'crisis', if that term can be appropriately applied to the total lack of prejudice Ghassemian faces, that would justify ex parte relief.  *Id.* at 492.  Specifically, as to the request to intervene, delay to the final approval hearing, and request to take "due diligence" discovery, these are all things that Ghassemian could have asked for on a regularly noticed motion.  The settlement notice went out months ago and Ghassemian's comprehensive objection was dated November 6, 2020.  These three requests can hardly be characterized as administrative in nature.  If these three requests were granted, Ghassemian would significantly alter the direction of this litigation.  These are precisely the sort of things that should *not* be brought before the Court on an ex

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION

parte basis.  Ghassemian does not say at all in her ex parte application *why* the Court should consider these significant requests on an ex parte basis.  Simply put, she has no good reason for having failed to act sooner.  Nothing in Plaintiffs' Response to her Objection put her on notice that she should ask for intervention, a delay in the final approval hearing, and a request to take "due diligence" discovery.  In the fact of such failure, this Court should deny Ghassemian's ex parte application outright.

Finally, as to the request for the sur-reply, it should be of no surprise that when Ghassemian filed an objection to the settlement and leveled serious and wholly baseless charges of collusion against Plaintiffs and their counsel, they would file a vigorous Response to her Objection.  It should have been clear to her from before she even filed her Objection that her Objection would be deemed an opposition document and that Plaintiffs would get the last word in support of their Motion for Final Approval through their Response.  If Ghassemian believed it was important for her to get the last word, she should have ideally first reached out to counsel before filing her Objection to try and agree on a briefing schedule that provided for a sur-reply (which she did not do).  But failing that, she should have requested relief from the Court to file a sur-reply at some earlier date than three days before the hearing.  Simply put, it is too late for Ghassemian to ask the Court to kick off the final approval hearing, set months ago and after notice has gone out to over 24,000 class members, on an ex parte basis because she now wants permission to file an extraordinary brief, as if this Court needed more briefing on the fairness of the proposed settlement.

As such, for all of these reasons, the Court could and should also deny Ghassemian's ex parte application for wholly failing to meet the requirements for moving on an ex parte basis as set forth in *Mission Power Eng'g Co*

## III.  CONCLUSION

The Court should deny Ghassemian's Motion to Intervene (styled as an Ex

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION

Parte Application) when Ghassemian has less intrusive means available to her, such as to opt out of the class and pursue her own action or remain in the class and raise any objections to the settlement at the time of the final approval hearing. *Raquedan*, 2019 WL 1894751 at *3-*4. Apparently, Ghassemian – through her counsel - has accomplished both options making intervention unwarranted and similarly, rendering her ex parte application moot and unmeritorious.

Dated: December 3, 2020

BOYAMIAN LAW, INC.
ALEXANDER MORRISON + FEHR LLP
LAW OFFICES OF THOMAS W. FALVEY
CLARK LAW GROUP
UNITED EMPLOYEES LAW GROUP


By: /s/ Michael H. Boyamian
Michael H. Boyamian
Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK
BRENNAN, and the Settlement Class

### **ATTESTATION**

I hereby attest that the concurrence in the filing of this document has been obtained from Michael H. Boyamian of Boyamian Law, Inc., Attorneys for Plaintiffs.

Dated: December 3, 2020

By: /s/ Armand R. Kizirian
Armand R. Kizirian
Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO
TELAHUN, CHRISTINE MCNEELY,
PATRICK BRENNAN, and the Settlement
Class

PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR PARVIN GHASSEMIAN'S
EX PARTE APPLICATION