UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-08979 AB (AGRx) | Date: | December 7, 2020 |
|---|---|---|---|

| Title: | *Sevag Chalian, et al. v. CVS Pharmacy, Inc et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER DENYING EX PARTE APPLICATIONS (Dkt. Nos. 208, 215) MOTION TO INTERVENE**

    The Court hereby **DENIES** the Andrews Objectors' Ex Parte Application to Continue the December 4, 2020, Final Approval Hearing, etc. (Dkt. No. 208) filed near midnight on Tuesday, December 1, 2020, and **DENIES** Objector Parvin Ghassemian's Ex Parte Application to Intervene, etc. (Dkt. No. 215) filed on December 2, 2020.

    Both applicants seek leave to conduct discovery on Plaintiffs' counsel to determine the adequacy of their representation of the class, including to ascertain whether the parties' counsel colluded to the detriment of the class and to the advantage of class counsel. Neither applicant has presented evidence supporting their suspicions sufficient to warrant granting them discovery and continuing the final approval hearing. The discovery requests are **DENIED**.

    Insofar as the applicants seek to file a sur-replies or other briefing on the merits of the settlement or on the attorneys' fee request, no such filing is warranted, necessary, or useful here. The Court has before it extraordinarily

voluminous briefing and a robust record. The record is more than sufficient to enable to the Court to determine whether the settlement should be finally approved and if so, what amount of fees to award. The Court will grant or deny the motion for final approval, and the fee motion, based on the current record. The request to file additional briefing is **DENIED**.

Objector Ghassemian seeks to intervene. Ghassemian believes that class counsel have not been diligent in representing the class, and that the compensation she stands to receive from the settlement is insufficient, including because it would be only 0.67% of what she calculates she is entitled to on her individual wage and hour claims. *See* Application (Dkt. No. 215) 6:17-26. But Ghassemian became aware of this action no later than October 5, 2020, when she received the Court-ordered Notice of Settlement. *See* Ghassemian Decl. (Dkt. No. 215-2) ¶ 3. Yet Ghassemian's ex parte application to intervene comes nearly 2 months later, on December 2 – just 2 days before the final approval hearing. This renders the ex parte application untimely. This also renders intervention untimely on its merits, and warrants denial of intervention as of right and permissive intervention. Insofar as Ghassemian argues she decided to intervene at this time because the parties failed to file her objection in its entirety (it was missing her declaration and declaration of counsel), the Court did in fact receive the complete document for its review via FedEx. The entire document should have been filed by counsel, but the Court has received it and will have it docketed to ensure the record is complete. Furthermore, Ghassemian is pursuing her own individual action for wage and hour violations, and for discrimination, harassment, retaliation, and related claims against Defendants in State Court. *See* Ghassemian State Court Complaint (Dkt. No. 215-2). Insofar as Ghassemian wants a recovery that better approximates what she believes she is due individually, then she should have opted out of this class action in favor of her already-pending individual case. Class members in wage and hour actions seldom recover the full amount they claim they are are owed, and here the Notice informed Ghassemian of the amount she stood to recover. Ghassemian is the rare class member who actually has an individual action of her own pending—the sort of plaintiff for whom opting out could serve a practical purpose. But she didn't exercise her right to opt out. That dissatisfied class members can opt out doesn't cure an otherwise inadequate settlement. But as opting out in favor of her own pending action was the most effective way for Ghassemian to protect her specific interests, her failure to do so counsels against allowing her to intervene at the eleventh hour. Ghassemian's request to intervene is **DENIED**.

The Andrews Objectors also seek a continuance on the ground that the Court continued the opt out period for a small number of class members to December 4,

and ordered Plaintiffs to file the complete list of opt outs by December 14. The Court rejects the Andrews Objectors' unsupported argument that Due Process requires that the Court have a complete list of opt outs before the final approval hearing. The total number of additional opt-outs that could result is fewer than 200 – less than 1% of the class. This number is not likely to impact the Court's analysis of whether the settlement should be finally approved. Furthermore, given the volume of paper filed, the Court is not expecting to resolve the Motions before December 14, so it can give the additional opt outs whatever weight they are due. Finally, the Court notes that it extended the opt out period for these members to account for the *Hyams* Plaintiffs' counsel—the same counsel now representing the Andrews Objectors—prior interference in the notice process. The Andrews Objectors fail to take into account their/*Hyams* counsel's hand in creating the circumstances the caused the Court to extend the opt out period, and regardless, none of their complaints about the extended opt out period has merit.

For at least all of the foregoing reasons, the Ex Parte Applications are **DENIED**.

**IT IS SO ORDERED**.