**ALEXANDER MORRISON + FEHR LLP**
Michael S. Morrison (State Bar No. 205320)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310.394.0888 | F: 310.394.0811
E: mmorrison@amfllp.com

Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK BRENNAN,
and the Settlement Class

James N. Boudreau (SBN PA 77891)
Christiana L. Signs (SBN PA 317851)
**GREENBERG TRAURIG, LLP**
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania 19103
Telephone: 215.988.7800
Facsimile: 215.988.7801
boudreauj@gtlaw.com
signsc@gtlaw.com

Attorneys for Defendants CVS PHARMACY, INC.,
CVS RX SERVICES, INC., and GARFIELD
BEACH CVS, LLC

(*Additional Counsel Listed on Following Page*)

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAG CHALIAN, an Individual, et al., on behalf of themselves and all others similarly situated and the general public,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS RX SERVICES, INC., a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>                              Defendants. | CASE NO.: 2:16-cv-08979-AB-AGR<br><br>*Related Case No.: 2:20-cv-02401-AB-AGR*<br><br>*Assigned to Hon. Andre Birotte Jr.*<br><br>**PLAINTIFFS' AND DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed: July 20, 2016<br>Action Removed: December 5, 2016<br>Date: December 4, 2020 |

1

---

2

R. Craig Clark (SBN 129219)
cclark@clarklawyers.com
Alicja A. Urtnowski (SBN 321215)
aurtnowski@clarklawyers.com
**CLARK LAW GROUP**
3258 Fourth Avenue
San Diego, CA 92103
Telephone: (619) 239-1321
Facsimile:  (888) 273-4554

Walter Haines (SBN 071075)
admin@uelglaw.com
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Telephone: (562) 256-1047
Facsimile:  (562) 256-1006

Michael H. Boyamian, SBN 256107
Armand R. Kizirian, SBN 293992
**BOYAMIAN LAW, INC.**
550 N. Brand Blvd., Suite 1500
Glendale, CA 91203
Telephone:  (818) 547-5300
Facsimile:    (818) 547-5678
E-mail: michael@boyamianlaw.com
         armand@boyamianlaw.com

Thomas W. Falvey, SBN 65744
**LAW OFFICES OF THOMAS W. FALVEY**
550 N. Brand Blvd., Suite 1500
Glendale, CA 91203
Telephone:  (818) 547-5200
Facsimile:    (818) 500-9307
E-mail: thomaswfalvey@gmail.com

Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO TELAHUN,
CHRISTINE MCNEELY, PATRICK BRENNAN,
and the Settlement Class

---

SUPPLEMENTAL BRIEFING RE: MOTION FOR FINAL APPROVAL

# TABLE OF CONTENTS

Valuation of Claims- Plaintiffs' Submission. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Allocation of Settlement Amount – Joint Submission. . . . . . . . . . . . . . . . . . . . . 6

Limiting Recovery of Persons Who Are Members of Both Classes – Joint

Submission.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

The Release Language – Joint Submission.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Requests for Exclusion / Opt-Outs – Joint Submission. . . . . . . . . . . . . . . . . . . 11

1

**TABLE OF AUTHORITIES**

2

**<u>CASES</u>**

3

*Augustus v. ABM Sec. Servs., Inc.*,
2 Cal. 5th 257 (2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4

5

*Benitez v. Western Milling, LLC*,
2020 WL 309200 (E.D. Cal. January 21, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6

*Benitez v. Western Milling, LLC*,
2020 WL 3412725 (E.D. Cal. June 22, 2020).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

7

8

*Ferrell v. Buckingham Property Management*,
2021 WL 488314 (E.D. Cal. February 2, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

9

*Johnson v. Quantum Learning Network, Inc.*,
2017 WL 747462 (N.D. Cal. February 27, 2017). . . . . . . . . . . . . . . . . . . . . . . . . . 7

10

11

*Lee v. JPMorgan Chase & Co.*,
2015 WL 12711659 (C.D. Cal. April 28, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

12

*Norman v. Movado Retail Grp., Inc.*, No. CV08-06691 SVW (PLA), 2010 WL
11519254 (C.D. Cal. Jan. 14, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

13

14

*Ontiveros v. Zamora*,
303 F.R.D. 356 (E.D. Cal. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15

*Saenz v. Lowe's Home Centers, LLC*,
2019 WL 3456810 (C.D. Cal. July 31, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16

17

*Wilson v. Tesla, Inc.*,
2019 WL 2929988 (N.D. Cal. July 8, 2019).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18

19

20

21

22

23

24

25

26

27

28

ii

TO THE HONORABLE COURT:

In accordance with this Court's February 18, 2021 minute order, the Parties to the above-captioned action submit the following Supplemental Briefing in furtherance of Plaintiffs' motion for an order granting final approval of the class action and PAGA settlement. Per the Court's direction, where Plaintiffs submit parts of this Supplemental Briefing jointly with Defendants, they indicate the joint sections explicitly with the notation "JOINT SUBMISSION." ECF 231, PageID 8674.

**Valuation of Claims – PLAINTIFFS' SUBMISSION**

The Court's first question is: **"Did Counsel value the claims of the nearly 24,000 who signed arbitration agreements?"**

<u>Answer</u>:   Yes. Before the November 2019 mediation at which the Parties reached an agreement in principle to resolve the cases, Plaintiffs' counsel had their experts – Bennett and Sean Berger of Berger Consulting – prepare a detailed damages analysis which included valuation of the claims for all Class Members in the available data – *i.e.*, the analysis included those employees who did and those who did not sign an arbitration agreement.[1] Plaintiffs' counsel did not present their starting-point valuation for the class claims in the final approval papers because, given the law (as discussed in detail in Plaintiffs' final approval papers), attaining these maximum-under-any-scenario damages is not just unrealistic, it is impossible. Plaintiffs' counsel were attempting to provide the Court in the final approval papers with the most plausible litigation outcomes given the barriers to recovery imposed by arbitration agreements with class action waivers and class certification issues.

---

[1]   As of the November 2019 mediation, available data showed the size of the putative Retail Pharmacy Settlement Class at approximately 19,000 members. By the date of preliminary approval (August 5, 2020), the Retail Pharmacy Settlement Class included approximately 5,000 additional individuals. As a result, Plaintiffs' counsel invoked the escalator clause in the Settlement Agreement and the Parties negotiated a proportional increase in the Settlement based on the number of workweeks represented by the new hires and value of each workweek. Again, the proportional increase negotiated included those employees who did and those who did not sign an arbitration agreement.  Morrison Decl., ¶ 3.

Nevertheless, at the time of mediation, Plaintiffs' counsel was well aware of the potential range of unpaid wages and penalties for the 19,000+ Class Members. Declaration of Michael Morrison ("Morrison Decl."), ¶¶ 9-10.

With respect to the valuation itself, Plaintiffs refer the Court to the declaration submitted by Bennett Berger. *See* Declaration of Bennett Berger ("Berger Decl."), ¶¶ 2-15. Concerning the wages owed due to off-the-clock ("OTC") work, the expert determined the violation rate from CVS records and extrapolated that violation rate to all Class Members through mediation. Berger Decl., ¶ 10. He since updated that analysis to run through preliminary approval. Berger Decl., ¶ 10; *see also* Morrison Decl., ¶ 4.

Regarding meal periods, the expert reviewed records to determine the violation rate caused by OTC work and projected damages for all Class Members (again, both arbitration and non-arbitration Class Members). The expert determined the violation rate for meal periods ranged from 4.8% to 16%, depending on the assumptions used (*i.e.,* whether to include violations occurring during meal waiver eligible shifts). Prior to mediation, therefore, Plaintiffs had the expert determine damages using a 10% violation rate, which approximates the spread of potential violation rates between 4.8% and 16%. By using this 10% figure, Plaintiffs' counsel at mediation could readily change its damages projections to account for higher or lower violation rates. Berger Decl., ¶¶ 11-12; Morrison Decl., ¶ 5.

Turning to rest period violations, the Court's February 18, 2021 order mistakes Plaintiffs' rest period violation rate estimate for a discrete group of Class Members (those who did not execute arbitration agreements, at a rate of 10-25%) for Plaintiffs' overall evaluation of the likelihood of success on Plaintiffs' meal period claims. As stated above, the estimated violation rate Plaintiffs' counsel used for meal period claims was 10%. Regarding rest period claims, because no records of rest periods exist (because rest periods are on the clock so not reflected in time records and the law does not require employers to otherwise track them), Plaintiffs used the meal

period damages calculations (including the estimated violation rate of 10%) as a proxy to project maximum possible rest period damages for all Class Members. Morrison Decl., ¶ 6; Bergr Decl., ¶ 13.

Using the 10% violation rate for rest periods reflects a generous and optimistic valuation. During a portion of the relevant timeframe, CVS's rest period policy was silent on whether Class Members could leave the premises during rest periods. Appellate courts have not definitively ruled on whether a rest period violation occurs where an employer requires an employee to remain on premises (but is otherwise free from the direction and control of his or her employer). But the California Supreme Court has suggested this fact alone does not state a violation of rest period laws. *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 270 (2016). **("[b]ecause rest periods are 10 minutes in length . . . one would expect that employees will ordinarily have to remain on site or nearby,"** and that this constraint alone **"is not sufficient to establish employer control."**) (emphasis added).[2] Plaintiffs' counsel believe the most likely outcome is that being forced to remain on premises during rest periods by itself does not state a rest period violation and that the rest period claims therefore have little to no value. Moreover, Plaintiffs' counsel's interviews revealed that in at least certain stores, employees were free to leave for rest breaks even though the policy was silent on this issue. Finally, practice aside, the ambiguity in the law helps establish a good faith defense for CVS on this issue, which could preclude the awarding of civil penalties or substantially reduced civil penalties based on a rest period policy requiring employees to remain on premises. In short, given the individualized and other issues present in the rest period claims, Plaintiffs believed valuing the rest break claims by using a violation rate similar to the meal period rate was appropriate and defensible for negotiation purposes. Morrison Decl., ¶ 7.

---

[2]  Plaintiffs' counsel believes the likelihood of certifying and prevailing on a rest period claim for persons who did not execute arbitration agreements is probably lower than 10% given the strong statements from the California Supreme Court quoted here. The chances of certifying a rest period claim which includes persons who signed arbitration agreements is zero. Morrison Decl., ¶ 8.

Finally, it bears noting Plaintiffs' expert also evaluated potential civil penalties for all applicable Class Members regardless of whether they signed arbitration agreements. Berger Decl., ¶ 9.

In sum, although Plaintiffs did not focus their arguments in support of final approval on these valuations, Plaintiffs' counsel did value all putative Class Members' claims—including those who signed arbitration agreements—when negotiating the Settlement. Morrison Decl., ¶ 10.

### **Allocation of Settlement Amount – JOINT SUBMISSION**

The Court next asks whether treating Settlement Class Members who signed arbitration agreements the same as those who did not under the settlement allocation formula adequately reflects "(1) any difference in the value of each groups' claims, and, relatedly, (2) any differences in the risks each group faces?" The Court relatedly asks the Parties to address whether treating these two groups the same creates a conflict amongst Class Members.

Answer:  As an initial matter, regarding the Court's inquiry, it bears noting that regardless of the procedural avenue for relief, there is no difference in the value of each groups' claims. That is, the overall potential value of a claim is the same regardless of whether the person asserting the claim signed an arbitration agreement. Arbitration merely changes the forum in which claims will be decided, but not the amount of money potentially recoverable by the employee against CVS.

With respect to the second inquiry (differences in the risks each group faces), arguably, Class Members could recover more individually in arbitration than through a class action. This is equally true if a Class Member brought his or her claim individually in court. This is because in either instance class certification is not a prerequisite to recovery. In some respects, therefore, Class Members subject to arbitration face a lower risk of being unable to find representation. In other respects, however, Class Members subject to arbitration face a higher risk of not being able to find representation. This is because aggregating claims is not possible in individual

arbitration, so Class Members who have smaller claims (*e.g.*, those who worked for CVS for a shorter time period) face a risk that attorneys will not be willing to take on their claims individually.

With respect to whether treating the two groups the same for settlement allocation purposes creates a conflict, it does not. Counsel are unaware of any court rejecting a class action settlement because the settlement allocation formula treats class members who signed arbitration agreements the same as those who did not. To the contrary, numerous courts have approved settlements with similar allocation formulas despite the presence of arbitration agreements. *See Lee v. JPMorgan Chase & Co.*, 2015 WL 12711659 (C.D. Cal. April 28, 2015) (approving final settlement based on allocation formula tied to length of tenure regardless of whether class member signed an arbitration agreement); *Ontiveros v. Zamora*, 303 F.R.D. 356, 363 (E.D. Cal. 2014) (same); *Benitez v. Western Milling, LLC*, 2020 WL 309200 at *3, 9 (E.D. Cal. January 21, 2020) and *Benitez v. Western Milling, LLC*, 2020 WL 3412725 at *13 (E.D. Cal. June 22, 2020) (granting preliminary and final approval of settlement where length of tenure determined distribution despite presence of arbitration agreements signed by Class Members);  *Ferrell v. Buckingham Property Management*, 2021 WL 488314 at *1 (E.D. Cal. February 2, 2021) (recommending final approval of settlement which distributed funds based on workweeks with no discount for Class Members who signed arbitration agreements); *Saenz v. Lowe's Home Centers, LLC*, 2019 WL 3456810 at *4 (C.D. Cal. July 31, 2019) (approving *pro rata* distribution plan despite recognizing if litigation continued, defendant would enforce its arbitration agreement and eliminate recovery to unnamed Class Members); *Wilson v. Tesla, Inc.*, 2019 WL 2929988 at *7 (N.D. Cal. July 8, 2019); *Johnson v. Quantum Learning Network, Inc.*, 2017 WL 747462 at *1, 3, 7 (N.D. Cal. February 27, 2017) (approving distribution plan which did not distinguish amongst Class Members who signed arbitration agreements). In fact, although Class Counsel collectively have had hundreds of class action settlements approved in the past, not

even one settlement allocation formula distinguished amongst Class Members based on who signed or did not sign an arbitration agreement. Morrison Decl., ¶¶ 11-12; Declaration of Craig Clark ("Clark Decl."), ¶¶ 5-7.

In any event, the Settlement gave all Class Members the right to opt-out of it and pursue their claims individually. Accordingly, if a Class Member believed he or she could get a better recovery individually (regardless of forum), he or she could have opted-out. This choice effectively eliminates any potential conflict between Settlement Class Members, because employees who are unhappy with their class action recovery – which the notice informed them of in approximate terms – could choose to pursue an individual action.

There is also no evidence that inclusion of Class Members who signed arbitration agreements diminished the overall value of the Settlement. In fact, the opposite is likely true.[3] Thus, treating the two groups the same benefits both groups collectively as opposed to creating a conflict.

## **Limiting Recovery of Persons Who Are Members of Both Classes – JOINT SUBMISSION**

The Court raises several questions about the precise scope of the respective Settlement Classes and the impact of belonging to one sub-class versus another:

---

[3]  From CVS's perspective, absent extenuating circumstances, an employer is unlikely to agree to an allocation formula that treats class members subject to arbitration agreements differently from those who are not. Indeed, CVS has yet to settle a California wage and hour action on a class basis that includes a settlement formula distinguishing between the two groups. And for good reason. A settlement that values claims of class members who agreed to arbitrate less than those who did not conflicts with an employer's interest in encouraging employees to agree voluntarily to arbitrate any disputes in the first place (and recall, CVS's arbitration program permits employees to opt-out of it). Moreover, settling only the claims of putative class members not subject to arbitration leaves employers vulnerable to potentially thousands of individual arbitrations at great potential cost. *See, e.g.*, https://www.law360.com/articles/1293864/postmates-can-t-shake-11m-mass-arbitration-tab. Such a settlement is far less appealing than one that brings global peace.

i.   "Are there persons who are members of both classes?  If so, how many?"

ii.  "Does the Settlement Agreement limit members of both classes to payment based on their membership in one class only?"

iii. "Please explain the reasoning for limiting Class Members who are members of both classes to a recovery based only on their membership in one class?"

Answer: Although the class definitions literally overlap, no Settlement Class Member is a member of both the Pharmacist Settlement Class and the Retail Pharmacy Settlement Class. Furthermore, class membership has no impact on the distribution of settlement funds unless an individual was not party to an arbitration agreement and worked as a pharmacist in region 65 or 72 _before_ August 3, 2014, the commencement of the Retail Pharmacy Settlement Class period. _After_ August 3, 2014, Class Membership is irrelevant due to the Settlement distribution formula. The Settlement allocation formula for the class action portion of the Settlement is as follows:

Net Settlement Amount x (Individual Weekly Pay Rate x Individual Workweeks)

Total of all Settlement Class Members' Weekly Pay Rates x Total Workweeks for all Settlement Class Members

After August 3, 2014, this formula accounts for all workweeks worked and the share of the Settlement proceeds is the same regardless of sub-class. The allocation formula determines a Class Member's settlement share based on the total weeks worked by all Settlement Class Members and the total rates of pay for all Settlement Class Members, regardless of the sub-class into which he or she may fall. Because no class member will have qualifying workweeks discounted based on the particular sub-class

SUPPLEMENTAL BRIEFING RE: MOTION FOR FINAL APPROVAL

9

to which they are assigned, or have workweeks double counted, the Parties believe the Settlement allocation formula is reasonable and just.

As for the relatively small number of pharmacists who fall within the Pharmacist Settlement Class definition, they recover more because the Pharmacist Settlement Class period extends back further than the Retail Pharmacy Settlement Class, to July 20, 2012. Accordingly, only Pharmacist Settlement Class members recover under the Settlement for the period July 20, 2012 to August 3, 2014. Thus, if a Class Member was eligible to be in the Pharmacist Settlement Class, the Parties considered him or her part of the Pharmacist Settlement Class to maximize that Member's recovery.

With respect to the portion of the Class Notice which states, "To the extent an individual is a Class Member in both classes, he or she shall be eligible to receive whichever class settlement payment is larger," the Parties simply tried to convey that the settlement places pharmacists who worked in Regions 65 and 72 in the Pharmacist Settlement Class to ensure they recover under the longer statute of limitations period.

## The Release Language – JOINT SUBMISSION

The Court asks the Parties to address whether the release in the Settlement Agreement conflicts with governing law and/or to revise the release language to conform to case law. Setting aside their positions on the merits of the Court's apparent concern, the Parties have agreed to amend the portion of the release highlighted by the Court (§ 4.3) to read as follows:

> other amounts recoverable under said claims or causes of action as to the facts and/or legal theories alleged or which could have been alleged in the operative complaint. **This Release applies only to claims, whether asserted or unasserted, based on the same factual predicate underlying the claims asserted in the Wage and Hour Actions.**

The Parties agree this amendment properly clarifies (as opposed to changes) the scope of the previously agreed-upon release.

**Requests for Exclusion / Opt-Outs – JOINT SUBMISSION**

The Parties agree requests for exclusion submitted on behalf of the following 102 individuals are valid and that the Court should honor them:

| SIMID | FirstName | LastName |
|-------|-----------|----------|
| 5748 | Neil | Patel |
| 6269 | Felicia | Ivy |
| 6315 | Daisy | Tavares |
| 13684 | Kazim | Cevik |
| 14595 | Yousef | Trabouly |
| 19651 | Pauline | Mikhail |
| 12570 | Marlcos | Abayhon |
| 19341 | Mehrnaz | Akhavan |
| 8294 | Isabel | Alexander |
| 4173 | Behnam | Amir-Behboudi |
| 6538 | Samantha | Andrews |
| 15149 | Jaweed | Assar |
| 20088 | Marisol | Baez |
| 17671 | Kristina | Bailey |
| 13016 | Johni | Ballout |
| 11486 | Brianna | Bertrand |
| 272 | Carmen | Blanco |
| 16870 | Dayna | Bowles |
| 7181 | Anne | Cabrera |
| 2340 | Abel | Cachola |
| 8946 | Deisy | Campbell |
| 2352 | Heather | Cano |
| 828 | Celia | Carlton |
| 5157 | Steven | Chalker |
| 9424 | Maisha | Cherry |
| 2267 | Robyn | Corry |
| 16088 | Margee Mae | Dela Cruz |
| 9972 | Jose | Delgado |
| 17656 | Hardeep | Dhillon |
| 19069 | Michelle | Dias |
| 10940 | Meredieth | Dorado |
| 18907 | Regine Angela | Duhon |
| 2871 | Lamise | Elsayed |
| 2026 | Masoumeh | Esfandiari |
| 16671 | Consuelo | Estrada- Rodriguez |

SUPPLEMENTAL BRIEFING RE: MOTION FOR FINAL APPROVAL

| 17291 | Mary | Fatouh Albana |
|---|---|---|
| 17259 | Brittany | Francisco |
| 10054 | Diane | Gailey |
| 7533 | Candice | Gamez |
| 13048 | Elizabeth | Gardner |
| 12988 | Beshoy | Gerges |
| 2794 | Randall | Gibbs |
| 13626 | Devonna | Gilmore |
| 153 | Rachel | Goff |
| 8421 | Roxanna | Gonzalez |
| 1447 | Mehrnaz | Hakimi |
| 3166 | Stephanie | Han |
| 4997 | Tatiana | Hartz |
| 18078 | Jasmine | Hashemieh-Estes |
| 17146 | Deborah | Haycox |
| 3253 | Lisa | Helgerson |
| 10376 | Joanna | Hernandez |
| 17789 | Maribel | Hernandez |
| 16630 | Kaitlyn | Holdren |
| 5596 | Heng | Hsu |
| 22165 | Ryan | Hyams |
| 2439 | Mahran | Izoli |
| 23025 | Nikkolae | Jacinto |
| 23411 | Melanie | Jipp |
| 16937 | Jeanny | Keota |
| 8450 | Harleen | Khaira |
| 9308 | Myoungja | Kim |
| 23150 | Diane | Kim |
| 20697 | Tiffany | King |
| 8620 | Philip | Kitchen |
| 4404 | Amaris | Lane |
| 19661 | Shaina | Larmore |
| 18278 | Lyna | Le |
| 13859 | Michelle | Masshar |
| 2924 | Kelly | Matsuura |
| 13251 | Nora | Meincke |
| 8236 | Kyrollos | Mekail |
| 18263 | Shirin | Moghtanei |
| 19186 | Patricia | Moore |
| 5123 | Betty | Nabizadeh |
| 18384 | Maikel | Nagib |

SUPPLEMENTAL BRIEFING RE: MOTION FOR FINAL APPROVAL

| | | |
|---|---|---|
| 22403 | Trent | Nelson |
| 12127 | Nikkie | Nguyen |
| 1718 | Marlon | Ordenana |
| 19930 | Shivjot | Pabla |
| 13117 | Elisha | Pennington |
| 23700 | Silva | Petrosyan |
| 3275 | Lieu | Pham |
| 23101 | Sarah | Pollard |
| 19579 | Steve | Quan |
| 24118 | Aryan | Rabbani |
| 23179 | Randall | Radtke |
| 23811 | Mariam | Rafiqi |
| 15683 | Tiffany | Samouha |
| 15855 | Michael | Schmidt |
| 4561 | Debbie | Schultz |
| 1178 | Daniel | Setiawan |
| 18681 | Pontea | Shabkhiz |
| 23120 | Azaria | Shahbazian |
| 19351 | David | Stillman |
| 7464 | Jay | Surati |
| 600 | Amaar | Taha |
| 16850 | Alani | Tong |
| 923 | Robert | Wilson |
| 20569 | Mitchell | Woothen |
| 5031 | Jessica | Xe |
| 17989 | Amir | Zand |

The Parties agree requests for exclusion submitted on behalf of the following 44 individuals are not valid and request the Court not honor them because the Court invalidated them (*see* Order, ECF 196, invalidating opt-out forms submitted by Jennifer Kramer and Gunn Coble LLP), and these individuals did not submit any additional requests for exclusion despite receiving a corrective notice and an opportunity to again opt out of the case. *See* Supplemental Butler Decl. ¶¶ 4-7.

| SIMID | FirstName | LastName |
|---|---|---|
| 3284 | Victoria | Adewole |

| | | |
|---|---|---|
| 2 4659 | Edden | Aivazi |
| 2 2988 | Adam | Arzadon |
| 2 4636 | Brian | Austin |
| 2 1193 | Francine | Bastida |
| 1 7847 | Eric | Brimer |
| 1 669 | Linda | Cheng |
| 2 4460 | Hanna | El Chemmas |
| 9 668 | Robert | Engmark |
| 8 013 | Elizabeth | Garcia |
| 1 4997 | Jennifer | Glassman |
| 5 859 | Regina | Hernandez |
| 5 970 | Diana | Herrera |
| 4 65 | Jazmine | Hinojos |
| 4 745 | Myhuong | Ho |
| 2 976 | Linda | Huot |
| 2 2856 | Katie | Jeko |
| 1 5808 | Navneet | Kaur |
| 1 3325 | Judy Wan Ho | Lau |
| 1 31 | Peter | Linse |
| 2 0281 | Lara | Lipskey |
| 1 0728 | Jessy | Maciel |

SUPPLEMENTAL BRIEFING RE: MOTION FOR FINAL APPROVAL

14

| | | |
|---|---|---|
| 13001 | Debborah | Mashian |
| 22287 | Daisy | Mcgarr |
| 7363 | Hoang | Nguyen |
| 11260 | Bao | Nguyen |
| 12786 | Cynthia | Ochs |
| 20689 | Elda | Perez |
| 18162 | Elisa | Pimentel |
| 8285 | Lisa | Ruh |
| 3505 | Leonardo Alexander | Sanchez Espinoza |
| 6615 | Refujio | Santana |
| 7254 | Travis | Schimmer |
| 14165 | Ashley | Simpson |
| 22923 | Tran | Singh |
| 18283 | Christina | Snively |
| 6526 | Oscar | Suarez Ayala |
| 23918 | Jose | Tirado |
| 6720 | Vanessa | Toscano |
| 17741 | Alexis | Tran |
| 4400 | Dalanna | Turner |
| 4541 | Tabitha | Valdivia |
| 18336 | Aisha | Waller |

| 1 8709 | Sai | Xiong |
|---|---|---|

The Parties agree requests for exclusion submitted on behalf of the following 11 individuals are not valid and request the Court not honor them because they do not include class member signatures, as the Parties' Settlement Agreement requires. *See* Butler Decl. ¶ 10; Class Notice Approved by Court, ECF 133, PageID 4328 ("To opt out, you must send . . . a written, signed statement to the Settlement Administrator that includes your name, address, telephone numbers, signature, and last four digits of your social security number and that states you want to opt out of or be excluded from the settlement."); *cf. Norman v. Movado Retail Grp., Inc.*, No. CV08-06691 SVW (PLA), 2010 WL 11519254, at *2 (C.D. Cal. Jan. 14, 2010) ("To be valid, the written request for exclusion must include . . . the Class Member's signature.").

| SIMID | FirstName | LastName |
|---|---|---|
| 13015 | John | Hadi |
| 20765 | Ahmed | Hegazy |
| 20829 | Yvonne | Martinez |
| 17812 | Breanne | Michaels |
| 8115 | Gladys | Murray |
| 9778 | Stefanie | Pendergrass |
| 745 | Lorna | Ruse |
| 16277 | Sonal | Sehgal |
| 23293 | Leila | Vanderwerff |
| 12435 | Sharika | Williams |
| 3235 | Saravie | You |

Dated: March 19, 2021

Respectfully submitted,

ALEXANDER MORRISON + FEHR LLP
CLARK LAW GROUP
UNITED EMPLOYEES LAW GROUP
BOYAMIAN LAW, INC.
LAW OFFICES OF THOMAS W. FALVEY

By: /s/ Michael Morrison
    Michael Morrison
    R. Craig Clark
    Alicja A. Urtnowski
    Michael Boyamian
    Armand Kizirian
    Thomas Falvey
Attorneys for Plaintiffs SEVAG CHALIAN,
SIGFREDO CABRERA, ENKO
TELAHUN, CHRISTINE MCNEELY,
PATRICK BRENNAN, and the Settlement
Class

Dated: March 19, 2021

GREENBERG TRAURIG, LLP

By: James N. Boudreau
James N. Boudreau
Christiana L. Signs
Tyler R. Andrews
Attorneys for Defendants CVS PHARMACY,
INC., CVS RX SERVICES, INC., and
GARFIELD
BEACH CVS, LLC

## CERTIFICATE OF SERVICE

I, Michael Morrison, an employee in the City of Los Angeles, certify that on March 19, 2021, caused a true and correct copies of the foregoing be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this matter:

**PLAINTIFFS' AND DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**

**DECLARATION OF MICHAEL MORRISON IN SUPPORT OF PLAINTIFFS' AND DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**

**DECLARATION OF R. CRAIG CLARK IN SUPPORT OF PLAINTIFFS' AND DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**

**DECLARATION OF BENNETT S. BERGER IN SUPPORT OF PLAINTIFFS' AND DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**

**SUPPLEMENTAL DECLARATION OF MARY BUTLER REGARDING NOTICE AND SETTLEMENT ADMINISTRATION**

*[SEE SERVICE LIST]*

March 19, 2021                    ALEXANDER MORRISON + FEHR LLP

                                                 By:     s/ Michael Morrison
                                                         MICHAEL MORRISON
                                                         1900 Avenue of the Stars, Suite 900
                                                         Los Angeles, CA 90067
                                                         Attorneys for Plaintiff, Sevag Chalian

**[SERVICE LIST]**

| | |
|---|---|
| Counsel for Defendant:<br>Tyler R. Andrews, Esq.<br>Roger L. Scott, Esq.<br>Christina Signs, Esq.<br>James N. Boudreau, Esq.<br>**GREENBERG TRAURIG, LLP**<br>3161 Michelson Drive, Suite 1000<br>Irvine, California 92162<br>T:    949 732 6500<br>F:    949 732 6501<br>E:    andrewst@gtlaw.com<br>E:    scottro@gtlaw.com<br>E:    signsc@gtlaw.com<br>E:    boudreauj@gtlaw.com | *Counsel for Defendant:*<br>R. Craig Clark, Esq.<br>Alicja A. Urtnowski<br>**The Clark Law Group**<br>3258 Fourth Avenue<br>San Diego, California 92103<br>T:    619.239.1321<br>F:    888.273.4554<br>E:    cclark@clarklawyers.com<br>E:    aurtnowski@clarklawyers.com<br>E:    mrodriguez@clarklawyers.com |
| *Counsel for Plaintiffs-Intervenors:*<br>Jennifer Kramer<br>Ashley H. Cruz, Esq.<br>Barbara Du-Van-Clarke, Esq.<br>**Jennifer Kramer Legal, APC**<br>5015 Eagle Rock Blvd., Suite 202<br>Los Angeles, California 90041<br>T:    213.955.0200<br>F:    213.226.4358<br>E:    jennifer@laborlex.com<br>E:    ashleyhcruz@laborlex.com<br>E:    barbara@laborlex.com | *Counsel for Plaintiffs-Intervenors:*<br>Michael H. Boyamian, Esq.<br>Armand R. Kizirian, Esq.<br>**BOYAMIAN LAW, INC.**<br>550 N. Brand Blvd., Suite 1500<br>Glendale, California 91203<br>T:    818.547.52300<br>F:    818.547.5678<br>E:    michael@boyamianlaw.com<br>E:    armand@boyamianlaw.com |
| *Counsel for Plaintiffs-Intervenors:*<br>Beth A. Gunn, Esq.<br>Catherine J. Coble, Esq.<br>**GUNN COBLE LLP**<br>303 North Glenoaks Blvd., Suite 200<br>Burbank, CA 91502<br>T:    818.900.0695<br>F:    818.900.0723<br>E:    beth@gunncoble.com<br>E:    cathy@gunncoble.com | *Co-Counsel for Plaintiff:*<br>Elizabeth Gill, Esq.<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN<br>CALIFORNIA<br>39 Drumm St.<br>San Francisco, CA 94111<br>T:    (415) 621-2493<br>F:    (415) 225-8437<br>E:    egill@aclunc.org |
| *Co-Counsel for Plaintiff:*<br>Thomas W. Falvey, Esq.<br>**Law Offices of Thomas W. Falvey**<br>550 N. Brand Blvd., Suite 1500<br>Glendale, California 91203<br>T:    818.547.5200<br>F:    818.500.9307<br>E:    thomaswfalvey@gmail.com | *Co-Counsel for Plaintiff:*<br>R. Craig Clark, Esq.<br>**CLARK LAW GROUP**<br>3258 Fourth Avenue<br>San Diego, California 92103<br>T:    619.239.1321<br>F:    888.273.4554<br>E:    cclark@clarklawyers.com |