

HENNIG KRAMER RUIZ & SINGH, LLP
3600 WILSHIRE BLVD., SUITE 1908
LOS ANGELES, CA 90010

July 15, 2021

**SENT BY CM/ECF ELECTRONIC FILING**

Hon. Andre Birotte Jr.
Courtroom 7B
350 W First St
Los Angeles, CA 90012-4565

      RE:    Case No. CV 16-08979, *Sevag Chalian, et al. v. CVS Pharmacy, Inc., et al*

Your Honor:

The consideration of final approval of any class action settlement requires the notification to the entire class of the essential terms of any proposed class settlement, a period for the class members to consider the terms, and the opportunity to opt out or object to the class settlement. *See* Fed R. Civ. Proc. 23(c)(2) ("The court shall direct to the members of the class the best notice practicable under the circumstances"); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (notice should present essentials of the proposed settlement). The Court should then consider the results of this notice and comment period as to any final approval of the class action settlement.

Here the notice of essential terms of the class action settlement occurred approximately a year ago and each point has been fundamentally changed.

First, the amount of money to be received has changed. The original settlement provided for a settlement payment of $9,750,000 for approximately 19,000 class members [Dkt 238-1 at 15]. The final class size ballooned to over 24,000 member (24,309) with a not proportionate increase in the settlement

3600 WILSHIRE BLVD. SUITE 1908            PHONE: (213) 310-8301
LOS ANGELES, CA 90010            FAX: (213) 310-8302
WWW.EMPLOYMENTATTORNEYLA.COM

Letter to Hon. Andre Birotte
Case No. CV 16-08979, *Chalian, et al. v. CVS Pharmacy, Inc., et al.*
July 15, 2021
Page 2 of 4

amount to $10,371,346.60 [Dkt 160 at 22] after an award of 30 % of the total for attorney's fees totaling $3,111,403.98, and litigation costs $32,385.77 and payments to the class representatives of $43,000 [Dkt 238-1 at 8]. Given the substantial increase in the proposed class from the original settlement analysis, the average settlement actually went down even with the increased payment. Class counsel is proposing each class members will each receive, on average, to $295.55 down from $355.24. Thus, the original notice as to potential recovery has changed in two materials ways – the aggregate amount of the settlement and the number of determined class members. *See also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993) ("[T]he aggregate amount of the proposed settlement and the formula for computing recoveries was all that was required.")

Like all other class members presumably, Ms. Ghassemian was provided a settlement amount in her notice – but that number has now materially changed. It is also not possible, from the any of the information supplied in any of the voluminous briefing, for Ms. Ghassemian or for that matter any other class member to determine the exact amount of that change or what the current recovery would be.

Second, the released claims have also been altered. That means the rights of each class member has been altered. The language of the release has been changed to state, "This Release applies only to claims, whether asserted or unasserted, based on the same factual predicate underlying the claims asserted in the Wage and Hour Actions" [Dkt 238-1 at 51]. Each class member may be releasing or not releasing claims different from the original notice and that person is almost certainly not aware of this material change. This vague language is neither explained nor justified. If claims are not being released, each class member has no way of knowing this language of the altered settlement and whether a specific claim is no longer released.

Class members may seek to protect their rights by filing an individual claim given the amended language if class member had a free and full understanding of their rights. But the vague language has never been provided to the class members much less explained. The opportunity to opt out of a settlement is only protective of the rights of individual class members where class members *"know[ ] the terms of a proposed settlement." Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177 (9th Cir. 1977) This Court specifically applied such logic to objector Parvin Ghassemian [Dkt 223 at 2]. Yet, because of the material changes to the terms of

the settlement, Ms. Ghassemian and all other class members have not been given adequate notice of the terms of this settlement as modified.

Third, it has been almost a full year since the Court granted preliminary approval of the class action settlement [Dkt 127]. Notice was then provided to the class within 28 days -- effectively August, 2020 [Dkt 127 at 5].

This value of the settlement is now discounted to present value and this represents a further diminution in the value of the settlement to each class member. Unlike in other cases, there has been no provision for interest to accrue during this time. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1379 (9th Cir. 1993)

But the lengthy consideration of the final approval motion by this Court has also occurred during a tumultuous time. This Court has had the Final Motion for Class Certification pending since the hearing on December 4, 2020. With the Covid pandemic, every class member was presented with an unusually uncertain future when provided notice a year ago. While that is still true today, circumstances have also materially changed for many class members.

It is also the case that notice, given by first class mail in the middle of a pandemic that significantly impacted mail delivery, was inadequate on its face. *See Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1046 (9th Cir. 2019)

Employers relying heavily upon low wage workers like CVS has had difficulty filling positions such that wages have substantially increased for many companies. Employees may also be more willing to consider either filing their own claims -- instead of relying upon the class action to pay out -- or to object to the minimal payment. Given the opening up of the economy, individual class members may wish to file individual claims rather than accept a settlement for many less than a couple of hundred dollars.

Such is the case with Ms. Ghassemian. Her circumstances have changed as to her representation and in her individual litigation against CVS. Thus, it should be noted, Ms. Ghassemian would have a different perspective and a different answer to the settlement today.

Given the totality of the circumstances, the notice provided to the class in

Letter to Hon. Andre Birotte
Case No. CV 16-08979, *Chalian, et al. v. CVS Pharmacy, Inc., et al.*
July 15, 2021
Page 4 of 4

2020 is no longer accurate and, therefore, no longer valid. Federal procedure requires that the best reasonably practice notice be provided to the class be provided to ensure that each class member may carefully consider her rights as to the actual essential terms of this now twice modified settlement after lengthy delay such that objectors then may have an opportunity to come forward. *See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950).* If this Court were to approve the class action settlement now, it would be without adequate notice to the class given the changes to each of the three essential terms of the settlement: The potential recovery as to each class member; the release of claims as to each class member; and the time of the payment. Ms. Ghassemian contends that it would be an abuse of this Court's discretion to not require a new notice period. *See, e.g., Petrone v. Veritas Software Corp. (In re Veritas Software Corp. Sec. Litig.)*, 496 F.3d 962, 972 (9th Cir. 2007)

Ms. Ghassemian also renews her request to be able to comment upon the supplemental materials provided by the parties supporting their Motion for Final Approval. This Court has prevented Ms. Ghassemian from filing any materials with this Court as to the supplemental materials [Dkt 231 at 4 "This Order DOES NOT invite briefing from any other persons on these issues or any other issues, as the record is already extensive."] While Ms. Ghassemian will respect that direction in this letter, she reiterates that she has much to say as to these materials. Ms. Ghassemian contends that it is an abuse of this Court's discretion to order that Ms. Ghassemian, as an objector, is forbidden to comment upon the entirety of the Motion for Final Approval -- including the supplemental evidence and materials provided by the parties.

Finally, objector Ghassemian requests her attorneys' fees and costs be paid by the parties or from the settlement as, given the Court's request for supplemental briefing directly on issues she raised, she added value to the consideration by this Court for final settlement approval. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009)

Respectfully submitted,

/ s /

Rob Hennig